**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) RESTATING AND ENFORCING PROTECTIONS OF 11 U.S.C.
§§ 362, 365, 525, AND 541(c), (II) APPROVING NOTICE RELATED TO
NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of title 11 of the United States Code (the "Bankruptcy Code"), (ii) approving the form of notice to customers, vendors, and other stakeholders of the Debtors' non-Debtor global affiliates, and (iii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of John Faieta in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 362, 365, 525, and 541(c) of the Bankruptcy Code.

**BACKGROUND**

4. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee has been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

7. Due to the global nature of the Debtors' business, the Debtors have regular dealings with foreign customers and contract counterparties that may be unfamiliar with the protections afforded to a chapter 11 debtor under the Bankruptcy Code. Accordingly, the Debtors are requesting, out of an abundance of caution, that the Court enter the Proposed Order confirming certain protections afforded under the Bankruptcy Code.

**RELIEF REQUESTED**

8. By this Motion, the Debtors respectfully request entry of the Proposed Order: (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code, (ii) approving the form of notice to customers, vendors, and other stakeholders of the Debtors' non-Debtor global affiliates, and (iii) granting related relief.

**BASIS FOR RELIEF REQUESTED**

**I.    Enforcing the Protections of Sections 362, 365, 525 and 541 of the Bankruptcy Code**

9. As a result of the commencement of the Chapter 11 Cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things, (a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors that was or could have been initiated before the Petition Date, (b) recovering a claim against the Debtors that arose before the Petition Date, (c) enforcing a judgment against the Debtors or property of their estates that was obtained before the Petition Date, or (d) taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date. See 11 U.S.C. § 362(a).

10. The injunction contained in section 362 is a core protection for chapter 11 debtors, providing them with a "breathing spell" from their creditors, which, in combination with other

provisions of the Bankruptcy Code, is essential to a debtor's ability to reorganize. See, e.g., McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 509 (3d Cir. 1997) (citing Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991)); Cuffee v. Atl. Bus. & Cmty. Dev. Corp., 901 F.2d 325, 327 (3d Cir. 1990) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors.").

11. Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions. See, e.g., In re Fannie Askew, 312 B.R. 274, 280 (Bankr. D.N.J. 2004). As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts. See, e.g., Broadstripe, LLC v. Nat'l Cable Tel. Coop., Inc. (In re Broadstripe, LLC), 402 B.R. 646, 657 (Bankr. D. Del. 2009) (holding that debtor's interest in executory contracts and leases was property of the estate, "protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of" the automatic stay); Univ. Med. Ctr. v. Sullivan, 973 F.2d 1065, 1075 (3d Cir. 1992) (holding that nondebtor party to executory contract could not enforce contractual rights against debtor without seeking relief from automatic stay); see also ACandS, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 259 (3d Cir. 2006) ("Section 362(a)(3) . . . applies to actions against third parties as well as actions against the debtor.").

12. Furthermore, section 362 of the Bankruptcy Code applies worldwide. See, e.g., In re Nortel Networks, Inc., 669 F.3d 128, 138 (3d Cir. 2011) (upholding bankruptcy court's decision to enforce automatic stay extraterritorially); SIPC v. Bernard L. Madoff Secs. LLC (In re Bernard Madoff Inv. Sec. LLC), 474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of

automatic stay and injunction barring foreign creditor's lawsuit); Hong Kong & Shanghai Banking Corp. v. Simon, 153 F.3d 991, 996 (9th Cir. 1998). The Court also has authority to fashion appropriate remedies for violations of the automatic stay. See 11 U.S.C. § 105(a); see also In re Odom, 570 B.R. 718, 722 (Bankr. E.D. Pa. 2017) (holding that bankruptcy court has considerable discretion in fashioning remedy in connection with violations of automatic stay once a finding of civil contempt has been made).

13. In addition, provisions in agreements, transfer instruments, or applicable non-bankruptcy law are unenforceable if such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

> is conditioned on the insolvency or financial condition of the debtor, or the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

14. Section 365(e)(1) of the Bankruptcy Code renders insolvency-based termination or modification provisions in contracts unenforceable against a chapter 11 debtor. Specifically, section 365(e)(1) of the Bankruptcy Code provides that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> (A)    the insolvency or financial condition of the debtor at any time before the closing of the case;
>
> (B)    the commencement of a case under this title; or
>
> (C)    the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

5

11 U.S.C. § 365(e)(1).

15. Bankruptcy courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." See In re Broadstripe, LLC, 402 B.R. at 659; Univ. Med. Ctr., 973 F.2d at 1075.

16. In addition, section 525 of the Bankruptcy Code prohibits and enjoins all governmental units from, among other things, denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against the Debtors solely because of the Chapter 11 Cases, because they may have been insolvent before the commencement of the Chapter 11 Cases, or because they are insolvent during the pendency of the Chapter 11 Cases. See 11 U.S.C. § 525(a); see also Exquisito Servs., Inc. v. United States, 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the Bankruptcy Code by discriminating against persons seeking relief under that Code.").

17. Sections 362, 365, 525, and 541(c) of the Bankruptcy Code are self-executing. These provisions constitute fundamental protections for debtors in possession which, in combination with other provisions of the Bankruptcy Code, provide chapter 11 debtors with a "breathing spell" that is essential to such debtors' chapter 11 process. See, e.g., Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 945 F. Supp. 603, 608 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and] . . . permit [ ] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy'."); Browning v. Navarro, 743 F.2d 1069, 1083 (5th Cir. 1984) (same).

18.     Notwithstanding the self-executing and global nature of these protections, not all parties affected or potentially affected by the commencement of the Chapter 11 Cases may be aware of these statutes and their significance and impact. Indeed, foreign customers and contract parties or other parties unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States, or take other actions against the property of the Debtors or property in the Debtors' possession, even after the Debtors filed voluntary petitions triggering the automatic relief provided under the Bankruptcy Code. Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' ordinary course operations, thereby jeopardizing the success of these Chapter 11 Cases and resulting in irreparable harm to the Debtors' estates and stakeholders. Therefore, it is prudent and necessary to advise third parties of the existence and effect of sections 362, 365, 525, and 541(c) of the Bankruptcy Code through a separate order which the Debtors will be able to transmit to affected parties.

19.     The requested relief is particularly appropriate here because the Debtors and their non-Debtor subsidiaries operate in numerous countries with different legal systems. Moreover, the Debtors and their non-Debtor subsidiaries regularly engage with foreign customers, and other vendors, as well as foreign regulators and other foreign governmental units. Absent the relief requested, the Debtors' ability to operate seamlessly in multiple jurisdictions may be impaired, all to the detriment of their estates, creditors, and parties-in-interest.

**II.     Approving Notice to Customers, Vendors, and Other Stakeholders of the Non-Debtor Global Affiliates**

20.     In addition, to alleviate the confusion that likely will arise concerning the non-Debtor global affiliates, the Debtors seek approval from this Court of a notice (the "Notice"), substantially in the form annexed hereto as **Exhibit B**, that the Debtors may, in their discretion, send to the customers, vendors, and other stakeholders of the non-Debtor global affiliates

confirming that such entities are not included in these Chapter 11 Cases and are not subject to (a) the supervision of this Court, or (b) the provisions of the Bankruptcy Code.

21. Because non-U.S. stakeholders may not be familiar with the Bankruptcy Code, it is imperative to communicate to the Debtors' non-U.S. customers and vendors that the non-Debtor global affiliates are not included in these Chapter 11 Cases and thus, are not subject to this Court's supervision or the chapter 11 process. Accordingly, to sustain customer confidence and to minimize the risk of an interruption to the global enterprise, the Debtors believe that they need a court-approved notice communicating this message. As explained above and in the First Day Declaration, the Debtors operate a highly competitive, global business. Given that the Debtors are a company with several foreign affiliates, word of these Chapter 11 Cases will quickly spread internationally to various third parties that deal with the Debtors and their non-Debtor affiliates, likely creating confusion as to which affiliates are, and which affiliates are not, subject to these Chapter 11 Cases.

22. As a result of this confusion, the Debtors believe that some third parties may be hesitant or, worse yet, refuse to deal with non-Debtor global affiliates under the mistaken assumption that such affiliates are part of these Chapter 11 Cases. Such a result would impair the operations of the non-Debtor global affiliates, which would ultimately prejudice the Debtors' chapter 11 efforts. The Debtors believe that the Notice will help in educating the stakeholders of the Debtors and their non-Debtor affiliates, which in turn will assist the Debtors in achieving a successful Chapter 11 process.

## RESERVATION OF RIGHTS

23. Nothing in the Proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an

admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## **NOTICE**

24.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (vi) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and appropriate.

Dated: December 8, 2023
     Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shane M. Reil
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**ORDER (I) RESTATING AND ENFORCING PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541(c), (II) APPROVING NOTICE RELATED TO NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of title 11 of the United States Code (the "Bankruptcy Code"), (ii) approving the form of notice to customers, vendors, and other stakeholders of the Debtors' non-Debtor global affiliates, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases operates as a stay, applicable to all entities of:

   a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 Cases, or an act to recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

   b. The enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of these Chapter 11 Cases;

   c. Any act to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

   d. Any act to create, perfect, or enforce any lien against property of the Debtors' estates;

   e. Any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

   f. Any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

   g. The setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases, except as allowed under section 553 of the Bankruptcy Code; and

   h. The commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

3. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are a party or signatory, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on the: (a) insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases; or (b) commencement of these Chapter 11 Cases.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

5. Pursuant to section 525(a) of the Bankruptcy Code, all foreign and domestic governmental units (and all those acting on their behalf) are prohibited and enjoined from denying, revoking, suspending or refusing to renew a license, permit, charter, franchise or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against the Debtors solely because the Debtors: (a) are a debtor under the Bankruptcy Code; (b) may have been insolvent before the commencement of these Chapter 11 Cases; or (c) may be insolvent during the pendency of these Chapter 11 Cases.

6. Pursuant to section 541(c) of the Bankruptcy Code, any interest of the Debtors in property is property of their estates, notwithstanding any provision in any agreement, transfer instrument or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtor or on the commencement of these Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the applicable Debtors' interest in property.

7.      This Order is declarative and is intended to be coterminous with sections 362, 363, 541, 1107, and 1108 of the Bankruptcy Code.  Nothing herein shall abridge, enlarge, nor modify the rights and obligations of any party.  For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code, and all such rights are fully preserved.

8.      The form of notice, substantially in the form annexed to the Motion as **Exhibit B**, is approved.

9.      The Debtors are authorized to cause this Order or the notice annexed as **Exhibit B** to the Motion to be translated into as many languages as may be deemed necessary and to distribute such Order and notice as the Debtors deem appropriate.

10.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

11.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **EXHIBIT B**

**Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**NOTICE OF ENTRY OF AN ORDER
(I) RESTATING AND ENFORCING PROTECTIONS OF
11 U.S.C. §§ 362, 365, 525, AND 541(c), (II) APPROVING NOTICE RELATED
TO NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on December 8, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). Near Intelligence Pte. Ltd. is the only non-U.S. affiliate who joins this proceeding. The rest of the Debtors' non-U.S. affiliates have not filed for chapter 11 protection. The Debtors and their non-Debtor affiliates are listed on **Exhibit 1** annexed hereto. As confirmed in the *Order (I) Restating and Enforcing Protections of 11 U.S.C. §§ 362, 365, 525, and 541(c), (II) Approving Notice Related to Non-Debtor Affiliates, and (III) Granting Related Relief*, entered by the Bankruptcy Court on [ ], 2023, certain of the Debtors' non-U.S. affiliates are not subject to the chapter 11 process.

Dated: [_____, 2023]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**EXHIBIT 1**

A. <u>Chapter 11 Debtors</u>

1. Near Intelligence, Inc. (United States)
2. Near Intelligence LLC (United States)
3. Near North America, Inc. (United States)
4. Near Intelligence Pte. Ltd. (Singapore)

B. <u>Entities That Are Not Chapter 11 Debtors</u>

1. Near Intelligence SAS (France)
2. Near Intelligence Pvt. Ltd. (India)
3. Near Intelligence Pty. Ltd. (Australia)