IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX AND OTHER FILINGS CONTAINING CERTAIN PERSONAL IDENTIFICATION INFORMATION**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to (i) file a single, consolidated list of creditors (the "Creditor Matrix") in lieu of submitting an individual mailing matrix for each Debtor, (ii) file a single, consolidated list of the Debtors' 30 largest unsecured creditors that are not insiders (the "Consolidated Top 30 Creditor List") in lieu of submitting a separate list of the 30 largest creditors for each Debtor, and (iii) file under seal and redact certain personal identification information. In support of the Motion, the Debtors rely upon and fully incorporate by reference the *Declaration of John Faieta in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously with this Motion. In further support of the Motion, the Debtors respectfully submit as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1 and 1007-2.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee has been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

7. By this Motion, the Debtors respectfully request entry of the Proposed Order, pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1007-1 and 1007-2, authorizing the Debtors to (i) file a consolidated Creditor Matrix and Top 30 Creditor List, and (ii) file under seal and redact certain personal identification information.

## BASIS FOR RELIEF

### I. Ample Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for each Debtor.

8. Local Rule 1007-2(a) provides that, in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures." Local Rule 2002-1(f)(v) further requires "a separate claims register and separate creditor mailing matrix for each debtor in jointly administered cases." However, Local Rule 1001-1(c) permits the modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that modifying the requirements of Local Rule 2002-1(f)(v) and authorizing the Debtors to file and maintain a consolidated Creditor Matrix, in lieu of individual matrices for each Debtor, is warranted in the interest of justice.

9. The Debtors have identified a large number of entities and individuals to which numerous notices of certain matters in these Chapter 11 Cases must be provided. The Debtors anticipate that such notices will include the notice of the commencement of these cases, the hearings on the motions requesting first and second day relief, the hearings on the bidding

procedures and sale motion, the joint hearing on the adequacy of the disclosure statement and confirmation of the chapter 11 plan, to name a few.

10. Although the Debtors maintain computerized records, the Debtors do not presently maintain lists of the names and addresses of their separate creditors on a Debtor-specific basis. Segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task and, because certain of the creditors are or may be creditors of more than one Debtor, failure to maintain a single, consolidated Creditor Matrix would result in duplicate mailings. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose. Accordingly, the Debtors submit that filing a consolidated Creditor Matrix in lieu of separate mailing matrices for each Debtor is appropriate under the facts and circumstances and consistent with the applicable Local Rules.

II. **Ample Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors in Lieu of Submitting Separate Lists of the 30 Largest Creditors for Each Debtor.**

11. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). This list primarily is used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case under section 1102 of the Bankruptcy Code. See, e.g., In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the [U.S. Trustee] to identify members and . . . to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(l)."); 9

4

COLLIER ON BANKRUPTCY ¶ 1007.04 (16th ed. 2018) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

12. The Debtors request authority to file the Consolidated Top 30 Creditor List in lieu of filing a separate list for each Debtor. Notably, one of the primary purposes of filing a list of a debtor's largest unsecured creditors is to facilitate the U.S. Trustee's evaluation of the types and amounts of unsecured claims asserted against a debtor so that the U.S. Trustee can make an informed decision when identifying potential candidates to serve on an official committee of unsecured creditors. Because the Debtors' significant unsecured creditors are captured on the Consolidated Top 30 Creditors List, it will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency and, in fact, will aid the U.S. Trustee in its efforts to communicate with these creditors.

13. In addition, the Consolidated Top 30 Creditors List will help alleviate administrative burdens, costs and the possibility of duplicative service because the exercise of compiling separate lists for each individual Debtor would unnecessarily consume the Debtors' and their advisors' limited time and resources. Accordingly, the Debtors submit that filing the Consolidated Top 30 Creditor List is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, consistent with the applicable provisions of the Local Rules and in the best interests of the Debtors' estates.

**III.    Ample Cause Exists to Authorize the Debtors to File Certain Portions of the Creditor Matrix and Other Filings Under Seal.**

14. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including

5

Creditor Matrix, Consolidated Top 30 Creditors List, the list of equity holders attached to the Debtors' chapter 11 petitions (the "Equity Holders List") and the schedules of assets and liabilities and statements of financial affairs, (a) the home addresses of individuals — including the Debtors' employees, former employees, customers, and equity holders — and (b) the names and home addresses of European Union member countries' citizens (together with (a), the "Personal Identification Information") because (x) such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (y) disclosure risks violating European General Data Protection Regulation (the "GDPR"), exposing the Debtors to potential civil liability and significant financial penalties.

15. Section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)  Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B)  Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

16. Therefore, if a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information. Id.

17. Here, the Debtors submit that the personal mailing addresses of their individual creditors, customers and equity holders fit squarely within section 1028(d)(7)(A) of Title 18 of the United States Code and that disclosure of such information would create an undue risk of identity

theft contemplated by section 107(c) and (ii) would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtors' creditors.

18.    Moreover, as noted above, section 1028(d)(7)(A) contemplates as a "means of identification" any "name or number . . . used alone or in conjunction with any other information" to identify a specific individual. 18 U.S.C. § 1028(d)(7). A personal address is precisely that: a combination of names and numbers used to identify a specific individual. Therefore, although not specifically enumerated, a personal address fits squarely within the types of "means of identification" set forth by section 1028(d)(7)(A).

19.    Courts in this district agree that section 1028(d)(7) is not exhaustive and that personal mailing addresses are a means of identification. Most recently, the Court overruled the objection of the U.S. Trustee to a similar sealing motion, holding that "the combination of the names and addresses is a means of identification under 28 U.S.C. 1028(d)(7)(a)" and that "[t]he enumerating list in [1028(d)](7)(a) is not exclusive." May 6, 2020 Hr'g Tr. 28:10–12, In re Quorum Health Corp., No. 20-10766 (KBO) (Bankr. D. Del.) [D.I. 296]; see also In re Clovis Oncology, Inc., No. 22-11292 (JKS) (Bankr. D. Del. July 31, 2023) [D.I. 982]; Jan. 22, 2020 Hr'g Tr. 24:15–20, In re Clover Techs. Grp., LLC, No. 19-12680 (KBO) (Bankr. D. Del.) [D.I. 146] ("As I have held before[,] I do find that names and/or addresses are a means of identification. The combination of a name and address to me is a means of identification under . . . 28 U.S.C. § 1028(d)(7)."); Aug. 22, 2019 Hr'g Tr. 37:25–38:4, In re THG Holdings LLC, No. 19-11689 (JTD) (Bankr. D. Del.) [D.I. 180] ("And in terms of 1028(d) not including address[es], I agree. I think that's an inclusive list. It wouldn't seem to make much sense that I could order the names not to be disclosed, but the addresses had to be; that wouldn't make any sense to me."); Apr. 9, 2019 Hr'g Tr. 17:15–16, In re L.K. Bennett U.S.A., Inc., No. 19-10760 (KG) (Bankr. D. Del.) [D.I. 58] ("[I] do think that the list

of matters to be considered personally identifiable is not exclusive . . ."); June 24, 2019 Hr;g Tr. 47:20–22, In re Hexion Holdings LLC, No. 19-10684 (KG) (Bankr. D. Del.) [D.I. 922] (noting that section 1028(d) specifically mentions a driver's license, which lists the person's home address, concluding that "[it] strikes me that section 107(c) does indeed protect this type of information").

20. In addition, the European General Data Protection Regulation (the "GDPR"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals). Violators of the GDPR risk severe penalties. If an organization is found to be in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year. See General Data Protection Regulation (EU) 2016/679, art. 83(5). Given that certain of the Debtors' non-debtor affiliates are located in Europe, certain individuals impacted by the Debtors' disclosures in this Chapter 11 Case will be European Union citizens protected by the personally identifiable information disclosure regulations governed by GDPR.

21. Accordingly, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the Personal Identification Information of individuals, including the Debtors' customers, equity holders and employees, because such information could (a) be used to perpetrate identity theft or stalking or (b) could cause the Debtors to incur liability under the GDPR, exposing the Debtors to severe monetary penalties which could threaten the Debtors' operations during this sensitive stage of their restructuring. Indeed, the risk to individuals themselves is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the

employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[2] With potentially hundreds of individual creditors, the Debtors cannot reasonably know with sufficient certainty whether a release of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

22. Under the circumstances and given the nature of the relief requested in this Motion, the Debtors are unable to confer with the individuals whose information is requested to be sealed, and that attempting to confer with all such individuals would be futile due to the significant number of such individuals. Accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

### NOTICE

23. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (vi) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

---

[2] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [D.I. 4].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 8, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX AND OTHER FILINGS CONTAINING CERTAIN PERSONAL IDENTIFICATION INFORMATION**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to (i) file a single, consolidated Creditor Matrix in lieu of submitting a mailing matrix for each Debtor, (ii) file a single Consolidated Top 30 Creditor List, and (iii) file under seal portions of the Creditor Matrix and all other filings containing certain individual creditor information, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Debtors are authorized to file a consolidated list of creditors in such a format as directed by the Clerk's Office Procedures; provided, however if any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3. The Debtors are authorized to file the Consolidated Top 30 Creditor List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4. The Debtors or their noticing and claims agent, Kroll, are hereby authorized to complete all mailing in these chapter 11 cases which are required under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

5. The Debtors are authorized to seal portions of (a) the consolidated creditor matrix, (b) the list of equity holders, (c) the schedules of assets and liabilities, (d) the statements of financial affairs, and (e) all other filings (each a "Sealed Filing") containing (i) the names and address information of all individuals located in European Union member countries and (ii) the

address information (physical and email) of the Debtors' individual creditors, including customers, employees, and equity holders.

6. The Debtors and Kroll are authorized to redact the Personal Identification Information from the claims register.

7. The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' equity and (ii) all banks, brokers, intermediaries, other nominees or their mailing agents; and (b) publish notice of commencement on the Debtors' Chapter 11 Cases website located at https://cases.ra.kroll.com/near.

8. The Sealed Filings shall remain under seal and not be made available to anyone, except that copies shall be provided to this Court, the Office of the United States Trustee for the District of Delaware and others upon further Court order. Each party receiving an unredacted copy of the Sealed Filings shall keep such information confidential.

9. The claims and noticing agent in these Chapter 11 Cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees and clients at their respective residences for the benefit of all parties in interest seeking to serve the Debtors' current and former employees and clients with pleadings or notices in these Chapter 11 Cases.

10. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

4

12. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.