**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS**
**ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN,**
**OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO,**
**EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

The debtors and debtors in possession in the above-captioned cases (the "Debtors")

hereby file this motion (this "Motion") for entry of interim and final orders, substantially in the

forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order,"  and

together with the Interim Order, the "Proposed Orders"), establishing notice and hearing

procedures that must be followed before certain transfers of, or certain claims of worthlessness

for federal or state tax purposes with respect to, equity securities in Near Intelligence, Inc.

("Near"), or of any beneficial interest therein, are deemed effective.  In support of this Motion,

the Debtors rely upon and incorporate by reference the *Declaration of John Faieta in Support of*

*Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed

contemporaneously herewith.  In further support of this Motion, the Debtors respectfully

represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and legal predicates for the relief sought herein are sections 105(a), 362(a)(3), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 3001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.     On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

## **RELIEF REQUESTED**

7.      By this Motion, the Debtors seek entry of an order establishing, pursuant to sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code, notification and hearing procedures for certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Near Intelligence, Inc. ("Near") or of any beneficial interest therein, including Options (as defined below) to acquire such equity securities, that must be complied with before such transfers of equity securities or claims of worthlessness are deemed effective.  The procedures for trading in, or claiming a worthless stock deduction with respect to, equity securities in Near are necessary to protect and preserve the value of the Debtors' U.S. federal and state tax attributes, including, but not limited to, significant net operating loss carryforwards ("NOLs" and, collectively with any capital losses, unrealized built-in losses, and certain tax credits and other tax attributes, the "Tax Attributes").

8.      If no restrictions on trading or claiming worthless stock deductions are imposed by the Court, such trading or deductions could severely limit or even eliminate the Debtors' ability to utilize their Tax Attributes, which could lead to significant negative consequences for the Debtors, their estates, creditors, and other stakeholders.  To preserve, to the fullest extent possible, the Tax Attributes, the Debtors seek immediate procedural relief that will enable the Debtors to closely monitor certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, Near equity securities so as to be in a position to act

expeditiously if necessary to preserve their Tax Attributes.  Thus, the Debtors request that the Court enter an Interim Order preserving the status quo in this regard.

9.      In addition, the Debtors request that the Court schedule a final hearing within approximately thirty (30) days of the Petition Date to consider approval of this Motion on a final basis.

## THE DEBTORS' TAX ATTRIBUTES

10.     The Debtors have generated, and are currently generating, a significant amount of Tax Attributes for U.S. federal income tax purposes.  As of the Petition Date, the Debtors believe they have approximately $54 million of NOLs (some of which are subject to certain limitations set forth in the IRC (defined below)), as well as other valuable Tax Attributes, such as certain tax credits.  By this Motion, the Debtors seek authority to protect and preserve the value of their Tax Attributes, including, without limitation, their NOLs.  While the value of the Debtors' Tax Attributes is contingent upon the amount of the Debtors' taxable income that may be offset by the Tax Attributes before they expire, the Tax Attributes could translate into potential future tax savings for the Debtors.

11.     The Tax Attributes are a valuable asset because the Debtors generally can carry forward their Tax Attributes to reduce or eliminate their income tax liability.  In particular, the Tax Attributes may be available to the Debtors to offset taxable income generated by ordinary course activity and other transactions completed during the course of the Chapter 11 Cases.  Additionally, the Debtors can carry forward the NOLs and credits to reduce their future tax liability.  See 26 U.S.C. §§ 39, 172.

**POTENTIAL LIMITATIONS ON THE USE OF THE TAX ATTRIBUTES**

12.     As a general matter, if a corporation undergoes an "ownership change," section 382 of title 26 of the United States Code ("Section 382"), the Internal Revenue Code of 1986, as amended (the "IRC"), this could severely limit or eliminate the corporation's ability to use its NOLs and certain other tax attributes to offset future taxable income.  Under Section 382, an ownership change occurs when the percentage, by value, of a company's equity held by one or more persons holding five percent or more of the stock (in certain cases, taking into account Options to acquire such stock) (the "5% Shareholders") has increased by more than 50 percentage points over the lowest percentage of equity owned by such shareholders at any time during the preceding three-year period or since the last ownership change, as applicable (the "Testing Period").[3]

13.     An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  A 50-percent shareholder is any person that owned 50% or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" in which the worthless stock deduction is claimed.  See I.R.C. § 382(g)(4)(D).  If the 50-percent shareholder still owns the corporation's stock at the end of the year, Section 382 of the IRC essentially treats the person as if they purchased new stock on the first day of the next taxable year.  That deemed purchase would cause an ownership change,

---

[3]     For example, assume (i) an individual ("A") owns 50.1% of the stock of corporation XYZ ("XYZ") and (ii) A sells her 50.1% interest in XYZ to another individual ("B"), who currently owns 5% of XYZ's stock. Under Section 382, an ownership change has occurred upon B's acquisition of A's 50.1% interest in XYZ because the percentage of XYZ stock held by B has increased more than fifty (50) percentage points (from 5% to 55.1%) during the Testing Period. The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a "5-percent shareholder" and increases the percentage of XYZ stock B holds by more than fifty (50) percentage points during the Testing Period. To be clear, a "5-percent shareholder" increasing its holding by 50 percent (i.e., from 5% to 7.5%) as opposed to 50 percentage points would not, in and of itself, result in an "ownership change" under Section 382. Any subsequent ownership change with respect to XYZ would be determined based only on equity transfers that occur subsequent to the ownership change resulting from the transaction between A and B described immediately above.

because the 50-percent shareholder would be deemed to have a 50 percentage point increase in its stock ownership.  Notably, in the seminal case of In re Prudential Lines, Inc., 928 F.2d 565 (2d Cir. 1991), which is generally relied upon to support equity trading motions, the specific issue in the case was a worthless stock deduction.

14.     If there has been a prior ownership change, the Testing Period for determining whether another ownership change has occurred begins on the first day following the date of the prior ownership change.  Section 383 of the IRC imposes a similar limitation on certain tax credits of a corporation.  For clarity, this discussion refers only to Section 382 but the rules, principles, and policies discussed therein are generally applicable to Section 383's limitation on a corporation's use of credits after an ownership change and are incorporated by reference into Section 383 by the IRC and the Treasury Regulations promulgated thereunder.  See I.R.C. § 383(e); 26 C.F.R. § 1.383-1(g).

15.     The general purpose of Section 382 is to prevent a company with taxable income from reducing its tax obligations by acquiring control of another corporation with NOLs, unrealized built-in losses ("Built-in Losses") or certain other tax attributes.  To achieve this objective, Section 382 limits the amount of taxable income that can be offset by a pre-change loss to an amount equal to the product of the long-term tax-exempt rate (as published monthly by the U.S. Department of the Treasury) as of the ownership change date and the value of the equity of the loss corporation immediately before the ownership change (a "Section 382 Limitation").[4]

---

[4]     For ownership changes occurring in December 2023, the applicable long-term tax-exempt rate will be 3.81 percent (3.81%). If a corporation has a "net unrealized built-in gain" ("NUBIG") in its assets as of the time of the ownership change, the Section 382 Limitation may be increased in certain circumstances. If a corporation has a "net unrealized built-in loss" ("NUBIL") in assets as of the time of the ownership change, any recognized built-in losses during the five-year period beginning on the date of the ownership change will be subject to the Section 382 Limitation. The Debtors are in the process of analyzing whether they currently have a NUBIL or a NUBIG in their assets.

Built-in Losses recognized during the five-year period after the ownership change may be subject to similar limitations.

<b><u>PROPOSED PROCEDURES FOR TRADING IN EQUITY SECURITIES</u></b>

16.     By establishing procedures for continuously monitoring the trading of Near equity securities, the Debtors can preserve their ability to seek substantive relief at the appropriate time, particularly if it appears that additional trading may jeopardize the use of their Tax Attributes. Accordingly, the Debtors request that the Court enter the Proposed Orders establishing the below procedures for trading in equity securities (including Options to acquire such securities, as defined below) of Near:[5]

(a)     Any purchase, sale, or other transfer of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (f) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(c)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-2**, of the

---

[5]     The Debtors request that the Court permit the Debtors to waive, in writing, and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Motion or in any order entered with respect hereto should the Debtors conclude in their sole discretion that any such restriction, stay or notification procedure is not necessary to protect their Tax Attributes; provided, however, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three business days thereafter.

7

intended transfer of equity securities (including Options to acquire such securities, as defined below).

(d)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(e)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (e) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(f)     For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares)[6] of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by

---

[6]     According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## PROPOSED PROCEDURES FOR CLAIMING A WORTHLESS STOCK DEDUCTION

17.     The Debtors also request that the Court enter an order restricting the ability of shareholders that own or have owned 50% or more, by value, of the Debtors' equity securities to claim a deduction for the worthlessness of those securities on their federal or state tax returns for a tax year ending before the Debtors emerge from chapter 11.  Under Section 382(g)(4)(D) of the IRC, any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthlessness deduction with respect to such securities.  Therefore, it is essential that shareholders that own or have owned 50% or more of the Debtors' equity securities defer claiming such worthlessness deductions until after the Debtors have emerged from bankruptcy.

18.     By restricting 50% shareholders from claiming a worthlessness deduction prior to the Debtors' emergence from chapter 11, the Debtors can preserve their ability to seek substantive relief to use the Tax Attributes.  Accordingly, the Debtors request that the Court enter an order establishing the following procedures:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this subparagraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without

limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## NOTICE PROCEDURES FOR INTERIM ORDER AND FINAL ORDER

19.    To ensure parties in interest receive appropriate notice, the Debtors request that the Court approve the following notice provisions for the procedures for trading in equity securities and claiming worthless stock deductions.

## I.    Notice of Interim Order

20.    As soon as reasonably practicable following entry of the Interim Order, the Debtors propose to send a notice in substantially the form attached hereto as **Exhibit A-6** (the "Notice of Interim Order") to: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York,  NY 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com) and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com**)** and Austin Park, Esq. (apark@morrisnichols.com)); (vi) the Banks; (vii) the holders of the thirty (30)

largest unsecured claims on a consolidated basis against the Debtors; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all banks, brokers, intermediaries, other nominees or their mailing agents (collectively, the "Nominees") that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) the transfer agent(s) for the Near Stock, as applicable; and (x) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Equity Trading Notice Parties"). All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall be required to serve the Notice of Interim Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock. To accomplish the aforementioned noticing, the Debtors request that the Court order and authorize the Debtors' transfer agent for the Near Stock to provide Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent, with the list of registered holders of Near Stock within one (1) business day of entry of the Interim Order.

21.     Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders of the Near Stock by no later than five (5) business days after being served with the Notice of Interim Order. Additionally, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order (unless the Court has entered the Final Order) to such purchaser of such Near Stock, or any broker or agent acting on their behalf, to the extent reasonably feasible. The Notice of Interim Order will provide information as to the procedures

to be followed in trading, or claiming a worthless stock deduction with respect to, the Near Stock and include notice of a final hearing and an opportunity to object before entry of the Final Order. If, at the time of the purchase, the Court has entered the Final Order, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the instructions in paragraph 22 below.

## II.     Notice of Final Order

22.     As soon as reasonably practicable following entry of the Final Order, the Debtors propose to send a notice in substantially the form attached hereto as **Exhibit A-7** (the "Notice of Final Order") to the Equity Trading Notice Parties.  All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall be required to serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.  To accomplish the aforementioned noticing, the Debtors request that the Court order and authorize the Debtors' transfer agent for the Near Stock to provide Kroll with the list of registered equity securities holders within one (1) business day of entry of the Final Order.

23.     Upon receipt of the Notice of Final Order, the Nominees shall serve the Notice of Final Order to any beneficial holders of the Near Stock by no later than five (5) business days after being served with the Notice of Final Order.  Additionally, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Final Order to such purchaser of such Near Stock, or any broker or agent acting on their behalf, to the extent reasonably feasible.  The Notice of Final Order will provide

information as to the procedures to be followed in trading, or claiming a worthless stock deduction with respect to, the Near Stock.

## BASIS FOR RELIEF

### I.      The Significance of Tax Attributes

24.      As a result of past and current operations, the Debtors presently have significant Tax Attributes.  These Tax Attributes may increase as the Chapter 11 Cases proceed, and could translate into potential future income tax savings for the Debtors.

25.      As discussed above, Section 172(b) of the IRC permits corporations to carry forward certain Tax Attributes to offset future taxable income, thereby significantly improving such corporations' cash position in the future.  Thus, the Tax Attributes are a valuable asset of the Debtors' estates, and their availability could improve creditor recoveries.  However, absent the relief requested herein, trading and accumulation of Near Stock, or certain claims of worthlessness with respect thereto, during the pendency of the Chapter 11 Cases, could severely limit the Debtors' ability to utilize the value of their Tax Attributes.

### II.      The Provisions of Section 382

26.      As described above, Section 382 limits the amount of taxable income that can be offset by a corporation's Tax Attributes in taxable years (or portions thereof) following an ownership change.  If an ownership change were to occur during the course of the Chapter 11 Cases, Section 382 would limit the amount of taxable income that the Debtors could offset by their pre-change losses in taxable years (or portions thereof) to an annual amount equal to the value of the equity of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate.  See 26 U.S.C. § 382(b).  Pre-change losses would include the Debtors' Tax Attributes.  This formulaic limitation under Section 382 can severely restrict the ability to use pre-change losses because the value of the equity of a distressed company may be quite low.

14

27.     The problem facing the Debtors, and the reason for this Motion, is that if certain equity holders transfer Near Stock, or certain worthless stock deductions are claimed with respect thereto, such transfers or deductions may trigger an ownership change that would not fall within the ambit of special relief provisions applicable to an ownership change resulting from a confirmed chapter 11 plan, because such an ownership change would not occur pursuant to such a plan.  An ownership change occurring during the pendency of the Chapter 11 Cases is of particular concern because it could likely result in a Section 382 Limitation of zero or a nominal amount.  Subsequent to such an ownership change, the Debtors' ability to utilize their Tax Attributes both during and after the Chapter 11 Cases could be limited.

28.     The Debtors, through this Motion, seek the ability to monitor and object to changes in ownership of, or certain claims of worthlessness with respect to, Near Stock so that they may prevent an ownership change during the pendency of the Chapter 11 Cases, and to preserve (1) the ability to utilize their Tax Attributes during the pendency of the Chapter 11 Cases to offset taxable income and any potential prepetition tax claims that may be asserted; and (2) the flexibility in crafting a possible plan, depending on facts and circumstances as they develop.  In short, the Debtors seek to maximize their ability to reduce federal income taxes by offsetting their income earned during the Chapter 11 Cases and thereafter with current Tax Attributes.

### III.     Special Section 382 Bankruptcy Rules

29.     To qualify for the Section 382 bankruptcy relief provisions, Section 382(l)(5) and (l)(6), any ownership change must occur pursuant to the consummation of a plan of reorganization.  Under Section 382(l)(5), a Section 382 Limitation will not apply to an ownership change resulting from consummation of a chapter 11 plan, provided that under the plan, the debtor's pre-change shareholders (i.e., persons or entities who owned the debtor's stock

immediately before such ownership change) and/or certain qualified creditors emerge from the reorganization owning at least 50% of the total value and voting power of the debtor's stock immediately after the ownership change as a result of being shareholders or qualified creditors immediately before such change.  Section 382(l)(6) provides that if a corporation undergoes an ownership change pursuant to a plan of reorganization in chapter 11 and Section 382(l)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then under Section 382(l)(6), the value of the equity of the corporation for purposes of calculating the Section 382 Limitation shall reflect the increase (if any) in value of the old loss corporation resulting from any surrender or cancellation of creditors' claims in the transaction.   Thus, assuming the value of the equity of Near increases as a result of a reorganization, Section 382(l)(6) will provide for a higher annual limitation than would result under the general rules of Section 382 and could allow the Debtors to use a greater portion of their Tax Attributes to offset any post-change income.   The Debtors do not expect that an ownership change during the pendency of the Chapter 11 Cases would qualify for either of these exceptions.   Thus, in all circumstances, it is in the best interests of the Debtors and their estates to grant the requested relief so as to prevent an ownership change prior to consummation of a plan of reorganization.

## IV.    Tax Attributes are Property of the Debtors' Estates and are Entitled to Court Protection

30.     Courts have uniformly held that a debtor's tax attributes constitute property of the estate under section 541 of the Bankruptcy Code and, as such, courts have the authority to implement certain protective measures to preserve the Tax Attributes.   The seminal case articulating this rule is In re Prudential Lines, Inc., in which the United States Bankruptcy Court for the Southern District of New York held that a "debtor's potential ability to utilize NOLs is

property of an estate" and that the taking of a worthless stock deduction is an exercise of control over a debtor's NOLs, and thus was properly subject to the automatic stay. 107 B.R. 832, 838, 842–43 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991);  see also In re White Metal Rolling & Stamping Corp., 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("it is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them"); In re Delta Air Lines, Inc., Case No. 05- 17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding net operating losses are property of debtors' estate); In re Forman Enters., Inc., 273 B.R. 408, 415 (Bankr. W.D. Pa. 2002) (same).  Because the Debtors' NOLs are property of their estates, the Court has the authority under section 362 of the Bankruptcy Code to enforce the automatic stay by restricting the transfer of equity securities in the Debtors that could jeopardize the existence or value of this asset.  See In re Phar-Mor, Inc., 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) (holding that section 362 prohibited the sale of stock in the debtors as an exercise of control of the debtors' NOLs, which were property of the debtors' estates); In re Grossman's, Inc., Case No. 97-695 (PJW), 1997 WL 33446314, at *1 (Bankr. D. Del. Oct. 9, 1997) (holding that net operating losses were property of debtors' estates and protected by automatic stay).

31.     Unrestricted trading in the Debtors' equity securities or deductions for worthless stock with no advance warning jeopardize the Tax Attributes and could impair the value of the Debtors' estates.  The Debtors respectfully submit that the Proposed Orders will play an integral role in the Debtors' success both during and after the Chapter 11 Cases, and there is an immediate need to establish the notice and hearing provisions regarding trading in equity securities in the Debtors and parties claiming that such equity securities are worthless. Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

**V.      The Motion is Narrowly Tailored to Avoid Irreparable Harm to the Debtors**

32.      The requested relief does not bar all trading of, or claims for worthlessness with respect to, equity securities in the Debtors.  At this early juncture, the Debtors will seek to establish procedures enabling them only to monitor those types of trading in equity securities and the taking of worthless stock deductions which pose a serious risk under the Section 382 ownership change test, so as to preserve the Debtors' ability to seek substantive relief if it appears that a proposed trade of equity securities or worthless stock deduction will jeopardize the use of its Tax Attributes. The procedures requested by the Debtors in this Motion would permit most trading in equity securities to continue subject only to Bankruptcy Rules 3001(e) and 3002 and applicable securities, corporate, and other laws.  The restrictions on claiming deductions for worthless stock would apply only to 50% shareholders, and even then would not prohibit such deductions entirely, but would merely require them to be postponed to taxable years ending after the Debtors emerge from chapter 11 protection.  Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties in interest, implementation of the requested relief outweighs subjecting a limited number of transfers and/or worthless stock deductions to the procedures described above.

33.      Moreover, the Debtors submit that the foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and attend a hearing. See, e.g., In re Colorado Mountain Cellars, Inc., 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014). Furthermore, the proposed notice procedures protect the due process rights of parties in interest without unnecessarily exposing the Debtors' estates to unwanted administrative expenses.

34.     Once a Tax Attribute is limited under Section 382, its use may be limited forever. The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm that could be caused by unrestricted trading in Near's equity securities and the Debtors' resulting inability to offset taxable income freely with their Tax Attributes.

## SATISFACTION OF BANKRUPTCY RULE 6003

35.     Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."  As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without the Court's authorization to establish procedures for the purchase, sale, or other transfer of the Near Stock. If the relief is not granted, the Debtors' ability to use their Tax Attributes may be eliminated or severely limited, which could have negative consequences for the Debtors, their estates, creditors, stakeholders and other parties in interest.

36.     For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied to the extent applicable and that the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

## WAIVER OF REQUIREMENTS OF BANKRUPTCY RULE 6004

37.     To successfully implement the relief the Debtors request in this Motion, the Debtors also request that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the stay imposed by Bankruptcy Rule 6004(h).  As discussed above, the relief requested herein must be granted without delay in order for the Debtors to preserve assets of their estates

with potentially substantial value.  Therefore, the Debtors respectfully request that the notice and stay requirements imposed by Bankruptcy Rules 6004(a) and 6004(h) be waived.

## **NOTICE**

38.     Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtor; (vii) the Banks; (viii) the transfer agent(s) for the Near Stock, as applicable; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 8, 2023
          Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Shane M. Reil
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **EXHIBIT A**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. __** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT
TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above-captioned case (collectively, the "<u>Debtors</u>") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor Near Intelligence, Inc. ("<u>Near</u>"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any purchase, sale, or other transfer of, or claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code, and the holder of such equity securities shall be required to take any remedial action specified by the Debtors to appropriately reflect that such transfer or claim of worthlessness is null and void ab initio.

3.      The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) in Near:

> (a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on the counsel to the Debtors, a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

> (b)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such

securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)      The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)      For purposes of this Interim Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date,

3

approximately 2,552,741 shares[3]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.      The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)      Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)      At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (or Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the

---

[3]      According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6.      As soon as reasonably practicable following entry of this Interim Order, the Debtors shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form attached to the Motion as **Exhibit A-6** ("Notice of Interim Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Banks; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (vii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all Nominees that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) all Substantial Shareholders, if any; (x) the transfer agent(s) for the Near Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7.      All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall serve the Notice of Interim Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.

8.     The transfer agent for the Near Stock is ordered and authorized to provide directly to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent, the list of registered holders of Near Stock within one (1) business day of entry of this Interim Order.

9.     The Debtors shall post the Notice of Interim Order to the website established by Kroll for these chapter 11 cases (https://cases.ra.kroll.com/near), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10.    Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Interim Order.  Additionally, any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order to such purchaser or any broker or agent acting on their behalf of such Near Stock (or an Option with respect to), to the extent reasonably feasible (unless the Court has entered the Final Order).  If at the time of purchase, the Court has entered the Final Order, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the terms of the Final Order.

11.    For the avoidance of doubt, any holder of Near Stock that holds Near Stock (or an Option with respect thereto) in an amount in excess of 4.5% of all the issued and

outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Interim Order to such person or entity with instructions to forward the Notice of Interim Order down the chain of ownership to the ultimate beneficial holders of the Near Stock (or an Option with respect thereto) holding an amount in excess of 4.5% of all issued and outstanding shares.

12.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13.     To the extent confidential information is required in any declaration described in the procedures, such confidential information may be filed and served in redacted form pending a motion seeking to file such information in redacted form; provided, however, that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; provided, however, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in a redacted form pending a motion seeking to file such information under seal or in redacted form.

14.    **A final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "Final Hearing").**    Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

15.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

17.     The requirements of Bankruptcy Rule 6004(a) are waived.

18.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

19.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>EXHIBIT A-1</u>**

**Notice of Status as Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a

Substantial Shareholder with respect to Near Stock or of any Beneficial Ownership therein

(as defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541*

*of the Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing*

*Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity*

*Securities in Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc.

("Near"), a debtor and debtor in possession in Case No. 23-_____ pending in the United

States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of, [_____] shares of Near Stock (including any Options with respect to Near Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |
| | |
| | |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
| | |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By:        _____

Name:    _____

Title:     _____

Address: _____

             _____

             _____

Telephone: _____

Facsimile:  _____

Date:     _____

## **EXHIBIT A-2**

**Notice of Intent to Acquire Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR**
**OTHERWISE ACCUMULATE AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate one or more shares of Near Stock

or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant*

*to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [____], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying

---

acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:      _____
Name:    _____
Title:   _____
Address: _____
         _____
         _____
Telephone: _____
Facsimile: _____
Date:    _____

3

**EXHIBIT A-3**

**Notice of Intent to Transfer Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE, OR
## OTHERWISE TRANSFER AN EQUITY INTEREST

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer one or more shares of Near Stock or of any

Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to*

*Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [      ], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock).  The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of [_____ ] shares of Near Stock or an Option with respect to [_____] shares of Near Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying

---

acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____
Name:        _____
Title:       _____
Address:     _____
             _____
             _____
Telephone:   _____
Facsimile:   _____
Date:        _____

## **EXHIBIT A-4**

**Notice of Status as a 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a 50%
Shareholder with respect to Near Stock or of any Beneficial Ownership therein (as defined
herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the
Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures
for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in
Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc. ("Near"), a
debtor and debtor in possession in Case No. 23-_____ pending in the United States
Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America,
Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-
4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three-
year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities
in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder),
and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall
be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated
thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from
time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would
be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the
holder's family members and persons acting in concert with the holder to make a coordinated acquisition of
stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as
exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests
described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant,
convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless
of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock (including any Options with respect to Near Stock):

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

2

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Facsimile: _____
Date:      _____

## EXHIBIT A-5

**Notice of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**<u>NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>**

    **PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>")

with respect to Near Stock or of any Beneficial Ownership therein (as defined herein and in

the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code,

and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or

Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near

Intelligence, Inc.* (the "<u>Interim Order</u>") of Near Intelligence, Inc. ("<u>Near</u>"), a debtor and

debtor in possession in Case No. 23-[_____] pending in the United States Bankruptcy

Court for the District of Delaware (the "<u>Court</u>").

    **PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [_____], the

undersigned party filed a Notice of Status as a 50% Shareholder[2] with the Court and served

copies thereof on counsel to the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Proposed Worthlessness Claim, the undersigned proposes to declare for [federal/state] tax purposes that [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a worthless stock deduction with respect to its shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____
            _____
            _____
Telephone:  _____
Facsimile:  _____
Date:       _____

**<u>EXHIBIT A-6</u>**

**Notice of Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "Petition Date"), the above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

2

(b) At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c) At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d) The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e) For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date,

approximately 2,552,741 shares[2]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.      The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder

_____

[2]      Based on the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Interim Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

**PLEASE TAKE FURTHER NOTICE THAT** a final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

*[Remainder of Page Left Intentionally Blank]*

Dated:    December [_], 2023
          Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A-7</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3),
AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO,
EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR
INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "Petition Date"), the above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Final Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Final Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Final Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1.       Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and

void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.    The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)    The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the

3

grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[2]) of the common stock of Near ("<u>Near Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.    The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after

---

[2]    According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c) At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d) The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e) For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated

thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Final Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:    December [_], 2023
          Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vic*e pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT B</u>**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket Nos. __ & __** |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT
TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

Upon consideration of the motion (the "Motion")[2] of the above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor Near Intelligence, Inc. ("Near") or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and this Court having previously entered an order granting the relief requested in the Motion on an interim basis [Docket No. _____] (the "Interim Order"); and due and sufficient notice of the Motion and the Interim Order having been given under the particular circumstances; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Any purchase, sale, or other transfer of, or claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near, or of any Beneficial Ownership therein, on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code, and the holder of such equity securities shall be required to take any remedial action specified by the Debtors to appropriately reflect that such transfer or claim of worthlessness is null and *void ab initio*.

3.      The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) of Near:

> (a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on the counsel to the Debtors, a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days of the Notice of Final Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

2

(b)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)    The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of this Final Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date,

approximately 2,552,741 shares[3]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.    The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)    At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder

---

[3]    According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)    The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6.      As soon as reasonably practicable following entry of this Final Order, the Debtors shall serve the Notice of Final Order setting forth the procedures authorized herein substantially in the form attached to the Motion as **Exhibit A-7** ("Notice of Final Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Banks; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (vii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all Nominees that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) all Substantial Shareholders, if any; (x) the transfer agent(s) for the Near Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7.      All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.

8.      The transfer agent for the Near Stock is ordered and authorized to provide directly to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and

noticing agent, the list of registered holders of Near Stock within one (1) business day of entry of this Final Order.

9.      The Debtors shall post the Notice of Final Order to the website established by Kroll for these chapter 11 cases (https://cases.ra.kroll.com/near), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10.     Upon receipt of the Notice of Final Order, the Nominees shall serve the Notice of Final Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Final Order.  Additionally, any person (or entity or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Final Order to such purchaser (or its agent), to the extent reasonably feasible.

11.     For the avoidance of doubt, any holder of Near Stock that holds Near Stock in an amount in excess of 4.5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Final Order to such person or entity with instructions to forward the Notice of Final Order down the chain of ownership to the ultimate beneficial holder of Near Stock holding an amount in excess of 4.5% of all issued and outstanding shares.

12.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13.     To the extent confidential information is required in any declaration described in the procedures, such confidential information may be filed and served in redacted form pending a motion seeking to file such information in redacted form; _provided_, _however_, that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; _provided_, _however_, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in a redacted form pending a motion seeking to file such information under seal or in redacted form.

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

15.     The requirements of Bankruptcy Rule 6004(a) are waived.

16.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

17.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.