## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ANY ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (the "Debtors") hereby file this motion (the "Motion") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order," and, together with the Interim Order, the "Proposed Orders"), (i) prohibiting the Utility Companies (as defined below) from altering, refusing, or discontinuing Utility Services (as defined below) on account of the commencement of these Chapter 11 Cases (as defined below) and/or non-payment for any prepetition services, (ii) deeming the Debtors' Utility Companies adequately assured of future payment, (iii) establishing procedures for resolving objections by Utility Companies and determining any additional adequate assurance of future payment, and (iv) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*John Faieta in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    No official committee has been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

7.    By this Motion, the Debtors respectfully request the entry of the Proposed Orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Debtors have provided each of the Utility Companies with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, based on the Debtors' establishment of a Utility Deposit Account (as defined below) in the amount of $1,145.00, which equals 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date; (ii) approving the Debtors' proposed procedures whereby the Utility Companies may request additional or different adequate assurance; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of non-payment for any prepetition services or on account of any perceived inadequacy of the Debtors' proposed adequate assurance, including, but not limited to, demanding security deposits or accelerated payment terms; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is provided by this Motion; and (v) granting related relief, including scheduling a Final Hearing (as defined below) for approval of the proposed adequate assurance and Adequate Assurance Procedures (as defined below) related thereto.

## THE UTILITY COMPANIES AND UTILITY SERVICES

8.      In connection with the operation of their business, the Debtors historically obtain communication, internet and data, and other similar services (collectively, the "Utility Services") from a number of utility companies (each a "Utility Company" and collectively, the "Utility Companies").  A nonexclusive list of the Utility Companies and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "Utility Service List") is attached hereto as **Exhibit C**.[3]

9.      Uninterrupted Utility Services are essential to the Debtors' ongoing business operations and the overall success of these Chapter 11 Cases.  As of the Petition Date, the Debtors' operations take place primarily at their corporate office in Pasadena, California.  This location requires the Utility Services to function.  Section 366(a) of the Bankruptcy Code prevents utility companies from discounting, altering, or refusing service to a debtor during the first twenty (20) days of a bankruptcy case.  However, a utility company has the option of terminating its services thirty (30) days from the petition date pursuant to section 366(c)(2) of the Bankruptcy Code if the debtor has not furnished adequate assurance of payment.[4]  Should any Utility Company refuse or

---

[3]     The Debtors have endeavored to identify all of the Utility Companies and list them on **Exhibit C** hereto. However, inadvertent omissions may have occurred, and the omission from **Exhibit C** hereto of any entity providing Utility Services to the Debtors shall not be construed as an admission, waiver, acknowledgement, or consent that section 366 of the Bankruptcy Code does not apply to such entity, and the Debtors reserve the right to assert that any such entity is required to continue to furnish services to the Debtors notwithstanding the filing of these Chapter 11 Cases.  In addition, the Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

[4]     There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service. Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse, or discontinue service "if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in "a case filed under chapter 11 . . . to alter, refuse or discontinue service" to a chapter 11 debtor "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service…." (emphasis added).

discontinue its service, even for a brief period, the Debtors' business operations would be severely disrupted and such disruption would jeopardize the Debtors' ability to administer these Chapter 11 Cases.  For instance, the Utility Companies provide internet and data services that are vital to the Debtors' ability to operate, maintain, and manage their digital software products.  In other words, the disruption of such Utility Services would severely impact the Debtors' ability to operate their business and service customers in the ordinary course of business.  Accordingly, it is essential that the Utility Services continue uninterrupted during these Chapter 11 Cases.

10.     In general, the Debtors have a long and established history of consistent payments to their Utility Companies.  On average, the Debtors pay approximately $2,289.00 each month for Utility Services.  Based on historical averages, the Debtors estimate that their cost for Utility Services during the next thirty (30) days will be approximately $2,289.00.

11.     Further, pursuant to the Debtors' lease agreements, the remainder of the Debtors' Utility Services not covered by this Motion are billed directly to the Debtors' landlords and passed through to the Debtors as part of the Debtors' lease payments.  The Debtors do not seek relief with respect to such Utility Services.

## I.     The Proposed Adequate Assurance

12.     The Debtors intend to pay undisputed postpetition charges for the Utility Services when due in the ordinary course of business.  Nonetheless, to provide adequate assurance of payment for future services to the Utility Companies as required under section 366 of the Bankruptcy Code, the Debtors propose to deposit a sum of $1,145.00 (the "Utility Deposit") into

---

Under the statutory construction canon *lex specialis derogut legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtors filed a petition under chapter 11 of the Bankruptcy Code. *See* 3 Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY ¶ 366.03 (16th ed.) ("It is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal 20-day period in section 366(b). The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the 20-day period in section 366(b), should apply.").

a newly created segregated account (the "Utility Deposit Account") within twenty (20) days of the Petition Date, to be maintained during the pendency of these Chapter 11 Cases in the manner provided for herein and in the Proposed Orders. The Utility Deposit represents approximately 50% of the Debtors' estimated monthly cost of the Utility Services during these Chapter 11 Cases (the "Adequate Assurance Deposit"). The amount allocated for, and payable to, each Utility Company shall be equal to the amount set forth on the Utility Service List or as otherwise agreed upon.

13.     The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors upon the earlier of: (i) reconciliation and payment by the Debtors of the relevant Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of the Utility Services from such Utility Company, (ii) the closing of the sale of substantially all of the Debtors' assets, (iii) the effective date of a chapter 11 plan for the Debtors, or (iv) such other time as these Chapter 11 Cases may be closed.

14.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies in satisfaction of section 366 of the Bankruptcy Code. If any Utility Company believes additional assurance is required, it may request such additional assurance pursuant to the below.

## II.     The Proposed Adequate Assurance Procedures

15.     The Debtors submit that the Proposed Adequate Assurance constitutes sufficient adequate assurance to the Utility Companies. However, the Debtors recognize that the Utility Companies have the right to evaluate the Proposed Adequate Assurance on a case-by-case basis. As a result, the Debtors propose to establish the procedures below (the "Adequate Assurance

Procedures"), pursuant to which a Utility Company may request additional adequate assurance of payment (an "Additional Assurance Request") if it believes additional assurance is required:

a.  The Debtors will serve copies of the Interim Order and the Final Order as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on the Utility Service List. For the avoidance of doubt, the Motion will be served with the Interim Order. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Company upon learning of such omission.

b.  Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, NY 10019 (Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., and Joseph R. Brandt, Esq.) (rstrickland@willkie.com, amordkoff@willkie.com, jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shane M. Reil, Esq. and Carol E. Cox, Esq.) (sreil@ycst.com and ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq., and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

c.  Any Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the numerical amount that that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (a) why such proposal is reasonable and (b) the basis of the Utility Company's proposed adequate assurance

requirement under section 366(c)(2) of the Bankruptcy Code.   Any Additional Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

d.      Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

e.      The Debtors may, in their discretion (and in consultation with the DIP Agent), resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in their discretion (and in consultation with the DIP Agent), provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f.      If the Debtors determine (in consultation with the DIP Agent) that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "<u>Determination Hearing</u>") for the next omnibus hearing date, unless the Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g.      Any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under section 366(c)(3) of the Bankruptcy Code, unless otherwise ordered by the Court.

h.      Pending resolution of an Additional Assurance Request, at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminating against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance.   Any Utility Company that fails to comply

with the Adequate Assurance Procedures shall be deemed to have received adequate assurance and shall be bound by any order entered by this Court granting the Motion.

16.     The Debtors also request authorization to adjust periodically the amount in the Utility Deposit Account to reflect the following factors: (i) the termination of Utility Services by the Debtors; and (ii) the entry into any agreements between the Debtors and the applicable Utility Companies.

**III.     The Final Hearing and Subsequent Modifications to the Utility Service List**

17.     In addition to the establishment of the aforementioned Adequate Assurance Procedures, the Debtors request a final hearing (the "Final Hearing") on this Motion to be held within thirty (30) days following the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtors on the thirty-first (31st) day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Adequate Assurance Procedures in time to avoid any potential termination of the Utility Services.

18.     Moreover, it is possible that, despite the Debtors' efforts, certain Utility Companies have not yet been identified by the Debtors or included on the Utility Service List (each, an "Additional Utility Company," and collectively, the "Additional Utility Companies").  To the extent that the Debtors identify Additional Utility Companies, the Debtors seek authority to amend or supplement the Utility Service List.  Thus, promptly upon the discovery of an Additional Utility Company, the Debtors will increase the Utility Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility expense for each Additional Utility Company identified subsequent to the Petition Date.  In addition, the Debtors request that the Additional Utility Companies be subject to the terms of the Proposed Orders (including the Adequate Assurance

Procedures) once entered by the Court, regardless of when such Utility Company is added to the Utility Service List.

19.     The Debtors submit that their proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of any Utility Company and is in the best interest of the Debtors' estates and creditors because uninterrupted Utility Services are vital to the success of these Chapter 11 Cases.  Such relief provides the Utility Companies and the Debtors with an orderly and fair procedure for determining adequate assurance of payment.

20.     For the foregoing reasons, the relief requested herein is appropriate and in the best interests of the Debtors' estates and their creditors.

## BASIS FOR RELIEF

21.     Section 366(a) of the Bankruptcy Code protects a debtor against the immediate termination of utility services after it files for bankruptcy.  11 U.S.C. § 366(a).  Section 366(c) of the Bankruptcy Code (a) defines the forms of adequate assurance of payment that a debtor may employ in providing adequate assurance of payment to include cash deposits, letters of credit, certificates of deposit, surety bonds, prepayments of utility consumption, or another form of security that is mutually agreed on between the utility company and the debtor; (b) excludes from the definition of adequate assurance the availability of an administrative expense claim; and (c) provides that a court may not consider certain facts in determining the amount of assurance that is adequate.  11 U.S.C. §§ 366(c)(1)(A)–(B), (c)(3)(B).

22.     Although section 366 of the Bankruptcy Code does clarify what forms adequate assurance of payment may take and what factors the court should consider when determining whether such assurance is adequate, the Bankruptcy Code still requires courts to determine what

amount, if any, is necessary to provide adequate assurance of payment.  Congress did not set a minimum adequate assurance amount, but rather vested discretion in the courts to determine the appropriate level of adequate assurance required in each case.  Accordingly, section 366 of the Bankruptcy Code does not give utility companies a blank check or the right to extract from debtors an unlimited amount of adequate assurance.  Under section 366(c) of the Bankruptcy Code, there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of a debtor to adequately assure payment to utility companies is zero or nominal.

23.    In addition, section 366(b) of the Bankruptcy Code requires only that a utility's assurance of payment be "adequate."  Courts have long recognized that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay.  See, e.g., In re Caldor, Inc.-NY, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'"), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc.- NY, 117 F.3d 646 (2d Cir. 1997); In re New Rochelle Tel. Corp., 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008); In re Steinebach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . . [A]ll § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment."); In re Adelphia Bus. Sols., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment."); In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987), abrogated on other grounds in In re Lease-A-Fleet, Inc., 131 B.R. 945, 950 n.1 (Bankr. E.D. Pa. 1991) (stating that section 366(b) of the Bankruptcy Code "contemplates that a utility receive only such assurance of

payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

24.    Furthermore, in this analysis, courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" Virginia Elec. & Power Co., 117 F.3d at 650 (quoting In re Penn Jersey Corp., 72 B.R. at 985); In re Adelphia Bus. Sols., 280 B.R. at 80 ("The requirement is for 'adequate assurance' of payment, which, at least in this Circuit, need not necessarily be provided by deposit."); see also In re Penn Cent. Transp. Co., 467 F.2d 100, 103–04 (3d Cir. 1972) (upholding lower court's decision that no utility deposits were necessary where such deposits "would jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected"); New Rochelle Tel. Corp., 397 B.R. at 639 ("[D]eciding what constitutes adequate assurance, a bankruptcy court must focus on the utility's need for assurance with the debtor's scarce financial resources.").

25.    Based upon the foregoing, the Debtors believe the Utility Companies have adequate assurance of payment even without recourse to the Adequate Assurance Deposit.  The Debtors anticipate having sufficient resources to pay, and intend to pay, all valid postpetition obligations for Utility Services in a timely manner.  In addition, the Debtors' reliance on such Utility Services for not only the operation of their business, but also the preservation of the value of their assets, provides the Debtors with a powerful incentive to stay current on their utility obligations.  These factors, which the Court may consider when determining the amount of any adequate assurance payments, justify finding that the Debtors are not required to make any additional adequate assurance payments in these Chapter 11 Cases.  In light of the foregoing, the Debtors respectfully

submit that the Proposed Adequate Assurance is more than sufficient to assure the Utility Companies of future payment. By offering the Proposed Adequate Assurance and the additional Adequate Assurance Procedures, the Debtors seek to implement an organized process that facilitates the determination of the amount of assurance of payment that is adequate.

26.     Absent the approval of the proposed procedures, the Utility Companies could discontinue service, without warning, thirty-one (31) days after the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment. The Debtors could then be forced to address numerous requests by the Utility Companies in an unorganized manner at a critical period in these Chapter 11 Cases when their efforts should be focused elsewhere, such as on maximizing value for all of their stakeholders. The orderly process contemplated by the additional Adequate Assurance Procedures is necessary for a smooth transition by the Debtors into chapter 11. Moreover, the proposed procedures will ensure that all parties act in good faith by establishing a fair process. Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.

27.     Further, the Debtors submit that the Proposed Adequate Assurance is sufficient to provide adequate assurance to the Utility Companies of the Debtors' future performance. Additionally, the Debtors propose to further protect the Utility Companies through the Adequate Assurance Procedures outlined above. The Debtors submit that granting the requested relief will not prejudice the rights of the Utility Companies to seek additional adequate assurance of payment under section 366 of the Bankruptcy Code should the Proposed Adequate Assurance fail to provide the relevant Utility Companies with such adequate assurance.

28.     In addition, this Court has the authority to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code, which provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

29.     As underscored above, the Debtors cannot continue their operations without the continued services of the Utility Companies.  If any of the Utility Companies alter, refuse, or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted and the value of their estates would be negatively impacted.  In contrast, if the Court grants the relief requested herein, the Utility Companies will not be prejudiced by the continuation of their services.

## SATISFACTION OF BANKRUPTCY RULE 6003

30.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm. Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  See In re Ames Dep't Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

31.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without authorization for the relief requested herein.  Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

32.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

33.     To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed to apply.

## RESERVATION OF RIGHTS

34.     Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## NOTICE

35.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange

Commission; (v) the Utility Companies; (vi) counsel to the Stalking Horse Bidder, the prepetition lenders and DIP lenders; (vii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Orders, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: December 8, 2023
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (____) |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING,**
**REFUSING, OR DISCONTINUING UTILITY SERVICES,**
**(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF**
**FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING**
**OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL**
**ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession

in the above-captioned cases (the "Debtors") for the entry of interim and final orders, pursuant to

sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Utility Companies have

been provided with adequate assurance of payment within the meaning of section 366 of the

Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance

Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing

services on account of the commencement of these Chapter 11 Cases and/or non-payment for any

prepetition services or on account of any perceived inadequacy of the Proposed Adequate

Assurance; (iv) determining that the Debtors are not required to provide any additional adequate

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

assurance beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon

consideration of the Motion and all pleadings related thereto, including the First Day Declaration;

and due and proper notice of the Motion having been given; and having determined that no other

or further notice of the Motion is required; and having determined that this Court has jurisdiction

to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated as of

February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and having determined that venue of this proceeding and the Motion is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      **A final hearing on the relief sought in the Motion shall be conducted on**

**[_____], 2023 at [_____] (ET) (the "<u>Final Hearing</u>")**.  Any party-in-interest

objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written

objection, which objection shall be served upon (i) proposed co-counsel to the Debtors, (a) Willkie

Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland,

Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and

Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP,

Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton,

Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq.

(sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee

appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185

Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq.,

and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE  19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case no later than [_____], 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3.      The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

4.      The Proposed Adequate Assurance is hereby approved on an interim basis and until such time as the Final Order is entered by the Court, the Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by depositing cash in an amount equal to $1,145.00, which represents the sum of 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within twenty (20) days after the date of entry of this Interim Order; provided, however, that the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account; provided,

3

<u>further</u>, that the Debtors either (a) obtain the affected Utility Company's consent to reduce the Utility Deposit; or (b) file a notice with the Court and serve upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall attempt to resolve the objection with the Utility Company. If the objection is not resolved by the parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. Upon the earlier of the closing of the sale of substantially all of the Debtors' assets, the effective date of any chapter 11 plan of the Debtors, or such other time as these Chapter 11 Cases may be closed, unless otherwise provided in a chapter 11 plan or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Deposit Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

5.      Subject to the Adequate Assurance Procedures, until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from (a) discontinuing, altering, or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors, or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or non-payment for any prepetition services, other than as provided in the Motion.

6.      The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

      a.      The Debtors will serve copies of this Interim Order, as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on

---

[3]    In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

the Utility Service List.  For the avoidance of doubt, the Motion will be served with this Interim Order.  In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, this Interim Order, and the Final Order, as applicable, on such Utility Company upon learning of such omission.

b. Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, NY 10019 (Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., and Joseph R. Brandt, Esq.) (rstrickland@willkie.com, amordkoff@willkie.com, jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shane M. Reil, Esq. and Carol E. Cox, Esq.,) (sreil@ycst.com, ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; and (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq., and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman (Benjamin.a.hackman@usdoj.gov).

c. Any Adequate Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the numerical amount that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (a) why such proposal is reasonable and (b) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.  Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

d.     Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Adequate Assurance Request.

e.     The Debtors may, in their discretion (and in consultation with the DIP Agent), resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in their discretion (and in consultation with the DIP Agent), provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f.     If the Debtors (in consultation with the DIP Agent) determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "Determination Hearing") for the next omnibus hearing date, unless the Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g.     Any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from (i) altering, refusing, or discontinuing Utility Services to the Debtors solely on the basis of the commencement of these cases or that a debt owed by the Debtors to such utility for service rendered before the order for relief was not paid when due, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.     Pending resolution of an Adequate Assurance Request at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance. Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be deemed to have received adequate assurance.

6

7.      The Debtors may, in their discretion, remove a Utility Company from the Utility Service List after providing fourteen (14) days' notice to the Utility Company.  If a Utility Company objects to its removal from the Utility Service List, the Debtors shall request that the Court consider the objection at the next scheduled omnibus hearing date or such other date as agreed to by the Debtors and the Utility Company.

8.      To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Company, (ii) serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company.  The newly added Utility Companies shall be subject to the terms of the Interim Order, and the Final Order, as applicable, as of the date of service of the notice of addition of such newly added Utility Company to the Utility Service List.  The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company.  A Utility Company added to the Utility Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

9.      Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition deposit held by a Utility Company when determining the amount of post-petition deposit to be made on behalf of such Utility Company.

10.     Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Companies; or (iv) shall be construed as a promise to pay a claim.

11.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List.  The Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

12.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

14.     The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**EXHIBIT B**

**Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (___) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING,**
**REFUSING, OR DISCONTINUING UTILITY SERVICES,**
**(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF**
**FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING**
**OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL**
**ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of the commencement of these Chapter 11 Cases and/or non-payment for any prepetition services or on account of any perceived inadequacy of the Proposed Adequate Assurance; and (iv) determining that the Debtors are not required to provide any additional

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

adequate assurance, beyond the Proposed Adequate Assurance; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.        The Motion is GRANTED on a final basis as set forth herein.

2.        The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

3.        The Proposed Adequate Assurance is hereby approved and the Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by having deposited cash in an amount equal to $1,145.00, which represents the sum of approximately 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within twenty (20) days after the date of entry of the Interim Order; provided, however, that the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account; provided, further, that the Debtors either (a) obtain the affected Utility Company's

consent to reduce the Utility Deposit; or (b) file a notice with the Court and serve upon the affected

Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14)

days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall

attempt to resolve the objection with the Utility Company.  If the objection is not resolved by the

parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or

such other date that the Debtors and the Utility Company may agree.  Upon the earlier of the

closing of the sale of substantially all of the Debtors' assets, the effective date of any chapter 11

plan of the Debtors or such other time as these Chapter 11 Cases may be closed, unless otherwise

provided in a chapter 11 plan or other order of the Court, the Debtors, in their sole discretion and

without further application to or order of the Court, may close the Utility Deposit Account and

return all remaining funds to their operational and deposit accounts maintained in the ordinary

course of business.

4.      Absent further order of the Court, all Utility Companies are prohibited from

(a) discontinuing, altering, or refusing service to the Debtors on account of any prepetition

amounts outstanding, (b) discriminating against the Debtors, or (c) requiring payment of a deposit

or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings

or any outstanding prepetition invoices, other than as provided in the Motion and this Final Order.

5.      The Adequate Assurance Procedures for determining requests for additional

adequate assurance are approved on a final basis as follows:

> a.      The Debtors will serve copies of this Final Order as required by the
> Bankruptcy Rules and Local Rules on all Utility Companies identified on
> the Utility Service List.  In the event that any Utility Company has been
> omitted from the Utility Service List, the Debtors shall supplement this list

---

[3]      In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

and shall promptly serve copies of the Motion and this Final Order on such Utility Company upon learning of such omission.

b.   Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, NY 10019 (Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., and Joseph R. Brandt, Esq.) (rstrickland@willkie.com, amordkoff@willkie.com, jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shane M. Reil, Esq. and Carol E. Cox, Esq.,) (sreil@ycst.com, ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; and (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq., and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman (Benjamin.a.hackman@usdoj.gov).

c.   Any Adequate Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the numerical amount that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (a) why such proposal is reasonable and (b) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

d.   Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Adequate Assurance Request.

e.     The Debtors may, in their discretion (and in consultation with the DIP Agent), resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in their discretion (and in consultation with the DIP Agent), provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f.     If the Debtors (in consultation with the DIP Agent) determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "Determination Hearing") for the next omnibus hearing date, unless the Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g.     Any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from (i) altering, refusing, or discontinuing Utility Services to the Debtors solely on the basis of the commencement of these cases or that a debt owed by the Debtors to such utility for service rendered before the order for relief was not paid when due, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.     Pending resolution of an Adequate Assurance Request at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance. Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be deemed to have received adequate assurance.

6.     The Debtors may, in their discretion, remove a Utility Company from the Utility Service List after providing fourteen (14) days' notice to the Utility Company. If a Utility Company objects to its removal from the Utility Service List, the Debtors shall request that the

Court consider the objection at the next scheduled omnibus hearing date or such other date as agreed to by the Debtors and the Utility Company.

7.      To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Companies, (ii) serve copies of the Motion and this Final Order on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company subsequent to the Petition Date.  The newly added Utility Companies shall be subject to the terms of this Final Order as of the date of service of the notice of addition of such newly added Utility Company to the Utility Service List.  The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company.  A Utility Company added to the Utility Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

8.      Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition deposit held by a Utility Company when determining the amount of post-petition deposit to be made on behalf of such Utility Company.

9.      Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive,

or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Companies; or (iv) shall be construed as a promise to pay a claim.

10.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List.  The Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

11.     Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

12.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>EXHIBIT C</u>**

**Utility Service List**

| Name of Utility Company | Address | Service Location | Utility Service | Utility Account Number | Approximate Monthly Amount |
|---|---|---|---|---|---|
| ACC Business | PO Box 5077 Carol Stream IL 60197-5077 | 100 W Walnut St, 4th Floor Pasadena, CA 91124 | Internet and Data | 50000003752 | $145.00 |
| Zayo Group, LLC | 1821 30th St a, Boulder, CO 80301 | 100 W Walnut St, 4th Floor Pasadena, CA 91124 | Communications | 036299 | $1,300.00 |
| 8x8 Inc. | 675 Creekside Way, Campbell, CA 95008 | 100 W Walnut St, 4th Floor Pasadena, CA 91124 | Communications | QB2032417010522 | $844.00 |