**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Joint Administration Requested)<br><br>Ref. Docket No. 9 |

**CERTIFICATION OF COUNSEL SUBMITTING REVISED *PROPOSED*
INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE THEIR
INSURANCE POLICIES AND PAY ALL OBLIGATIONS IN RESPECT THEREOF, (II)
AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO, AND
(III) GRANTING RELATED RELIEF**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Their Insurance Policies and Pay All Obligations in Respect Thereof, (II) Authorizing the Debtors' Banks and Other Financial Institutions to Honor and Process Checks and Transfers Related Thereto, and (III) Granting Related Relief* [Docket No. 9] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed form of order approving the motion on an interim basis (the "Proposed Interim Order") was attached to the Motion as Exhibit A.

Subsequent to filing the Motion, the Debtors received informal comments to the Proposed Interim Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). Following discussions between the Debtors and the U.S. Trustee, the U.S. Trustee's comments have been resolved through certain revisions to the Proposed Interim Order as reflected

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Interim Order"). For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Interim Order to the Proposed Interim Order is attached hereto as **Exhibit B**.

The Debtors submit that the Revised Proposed Interim Order is appropriate and consistent with the relief requested in the Motion and their discussions with the U.S. Trustee, and that the U.S. Trustee does not object to entry of the Revised Proposed Interim Order.

[*Remainder of page left blank intentionally*]

Dated: December 11, 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

# Exhibit A

**Revised Proposed Interim Order**

Case 23-11962-TMH    Doc 39    Filed 12/11/23    Page 4 of 16

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 9 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE THEIR INSURANCE POLICIES AND PAY ALL OBLIGATIONS IN RESPECT THEREOF, (II) AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 case (the "Debtors") for the entry of interim and final orders, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to continue and, to the extent necessary, renew the Insurance Policies and pay the Insurance Obligations arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

31041662.2

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on [_____], 2023 at [_____] (ET) (the "<u>Final Hearing</u>").** Any party-in-interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lenders, (a) King & Spalding LLP, 1185 Sixth Avenue, Floor 34, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq.

(bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov), in each case no later than [_____], 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier listed on **Exhibit A** to the Motion within five business days after the date this Interim Order is entered.

4. The Debtors are authorized, but not directed, in their discretion, to pay all Insurance Obligations that were or are due and payable, whether relating to the period prior to or following the Petition Date, in an amount not to exceed $150,000 pending entry of the Final Order.

5. The Debtors are hereby authorized, but not directed, to maintain their Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in the ordinary course of business and in their business judgment and at their sole discretion, without further application to this Court.

6. The Debtors are hereby authorized, but not directed, to renew their Insurance Policies, and to obtain replacement coverage, as needed, in the ordinary course of business without further application to this Court.

7. The Debtors are hereby authorized, but not directed, to honor any prepetition or postpetition obligations under the Premium Financing Agreement, as needed, in the ordinary course of business without further application to this Court.

8. The Banks are hereby authorized to receive, process, honor, and pay any checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the Insurance Obligations approved herein, and the costs and expenses incident thereto, whether such checks were presented or such electronic transfer requests were submitted before or after the Petition Date, to the extent funds are available in the Debtors' accounts; *provided*, *however*, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the payment of the Insurance Obligations, or the costs and expenses incident thereto, approved herein.

9. The Banks are further authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Interim Order. In no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors, (ii) in the good faith belief that the Court has authorized such action consistent with the implementation of reasonable item handling procedures or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling procedures, be deemed in violation of this Interim Order or have liability in connection therewith.

10. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

11. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

12. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Policies and Insurance Obligations.

13. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

17. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# Exhibit B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. ~~23-~~____23-11962 (~~——~~TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 9** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE THEIR INSURANCE POLICIES AND PAY ALL OBLIGATIONS IN RESPECT THEREOF, (II) AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 case (the "Debtors") for the entry of interim and final orders, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to continue and, to the extent necessary, renew the Insurance Policies and pay the Insurance Obligations arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.


~~31041662.1~~
31041662.2

Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on [_____], 2023 at [_____] (ET) (the "Final Hearing").** Any party-in-interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lenders, (a) King & Spalding LLP, 1185 Sixth Avenue, Floor 34, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq.

(gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov), in each case no later than [_____], 2023 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier listed on **Exhibit A** to the Motion within five business days after the date this Interim Order is entered.

4. The Debtors are authorized, but not directed, in their discretion, to pay all Insurance Obligations that were or are due and payable, whether relating to the period prior to or following the Petition Date, in an amount not to exceed $150,000 pending entry of the Final Order.

5. The Debtors are hereby authorized, but not directed, to maintain their Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in the ordinary course of business and in their business judgment and at their sole discretion, without further application to this Court.

3

31041662.2

6. The Debtors are hereby authorized, but not directed, to renew their Insurance Policies, and to obtain replacement coverage, as needed, in the ordinary course of business without further application to this Court.

7. The Debtors are hereby authorized, but not directed, to honor any prepetition or postpetition obligations under the Premium Financing Agreement, as needed, in the ordinary ~~courts~~course of business without further application to this Court.

8. The Banks are hereby authorized to receive, process, honor, and pay any checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the Insurance Obligations approved herein, and the costs and expenses incident thereto, whether such checks were presented or such electronic transfer requests were submitted before or after the Petition Date, to the extent funds are available in the Debtors' accounts; <u>provided</u>, <u>however</u>, that such checks or electronic funds transfers are identified by the Debtors as relating directly to the payment of the Insurance Obligations, or the costs and expenses incident thereto, approved herein.

9. The Banks are further authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Interim Order. In no event shall any such bank or other financial institution that takes any such action either (i) at the direction of the Debtors, (ii) in the good faith belief that the Court has authorized such action consistent with the implementation of reasonable item handling procedures or (iii) as a result of an innocent mistake made despite the implementation of reasonable item handling

procedures, be deemed in violation of this Interim Order or have liability in connection therewith.

10. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

11. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

12. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Policies and Insurance Obligations.

13. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as

31041662.2

5

defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

17. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. This Court shall retain ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.