**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Joint Administration Requested) |
| | **Ref. Docket No. 5** |

**CERTIFICATION OF COUNSEL SUBMITTING REVISED *PROPOSED*
ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL PORTIONS OF
THE CREDITOR MATRIX AND OTHER FILINGS CONTAINING CERTAIN
PERSONAL IDENTIFICATION INFORMATION**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion For Entry of an Order Authorizing the Debtors to (I) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (III) File under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information* [Docket No. 5] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). A proposed form of order approving the Motion (the "Proposed Order") was attached to the Motion as Exhibit A.

Subsequent to filing the Motion, the Debtors received informal comments to the Proposed Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). Following discussions between the Debtors and the U.S. Trustee, the U.S. Trustee's

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

comments have been resolved through certain revisions to the Proposed Order as reflected in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order").  For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.

The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Motion and their discussions with the U.S. Trustee, and that the U.S. Trustee does not object to entry of the Revised Proposed Order.

*[Remainder of page left blank intentionally]*

Dated: December 11, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **Exhibit A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 5** |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL
PORTIONS OF THE CREDITOR MATRIX AND OTHER FILINGS
<u>CONTAINING CERTAIN PERSONAL IDENTIFICATION INFORMATION</u>**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>")

authorizing the Debtors to (i) file a single, consolidated Creditor Matrix in lieu of submitting a

mailing matrix for each Debtor, (ii) file a single Consolidated Top 30 Creditor List, and (iii) file

under seal portions of the Creditor Matrix and all other filings containing certain individual

creditor information, all as further described in the Motion; and upon consideration of the First

Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors,

their estates, property of their estates and to consider the Motion and the relief requested therein

under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United*

*States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]     Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      The Debtors are authorized to file a consolidated list of creditors in such a format as directed by the Clerk's Office Procedures; provided, however if any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      The Debtors are authorized to file the Consolidated Top 30 Creditor List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      The Debtors or their noticing and claims agent, Kroll, are hereby authorized to complete all mailing in these Chapter 11 Cases which are required under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

5.      The Debtors are authorized to seal portions, but only those portions, of (a) the consolidated creditor matrix, (b) the list of equity holders, (c) the schedules of assets and liabilities, (d) the statements of financial affairs, and (e) all other filings that the Debtors make (each a "Sealed

Filing") that contain the address information (physical and email) of the Debtors' individual creditors, including customers, employees, and equity holders, provided, however, that the Debtors are not authorized to redact any filings made by non-debtor parties. Subject to the entry of a final order approving such relief, the Debtors shall further be permitted to redact the names of the Debtors' employees, equity holders, and creditors who are individual persons from European Union member countries from any Sealed Filing; provided, that, for the avoidance of doubt, all rights of the U.S. Trustee to object to the sealing of the names of individual persons from European Union member countries are preserved.

6.    The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' equity and (ii) all banks, brokers, intermediaries, other nominees or their mailing agents; (b) publish notice of commencement on the Debtors' Chapter 11 Cases website located at https://cases.ra.kroll.com/near; and (c) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements; and (d) include the notice of commencement in the Debtors' proposed noticing program. All registered holders of the Debtors' stock served with any notices in the Debtors' cases shall be required to serve such notices on any holder for whose benefit such registered holder holds down the chain of ownership for all such holders of the Debtors' stock.

7.    The Sealed Filings shall remain under seal and not be made available to anyone, except that copies shall be provided to (i) this Court, the Office of the United States Trustee for the District of Delaware, and counsel to any statutory committee appointed in these Chapter 11

Cases, and (ii) any party in interest upon a request to the Debtors (email is sufficient) or to this Court that is reasonably related to these Chapter 11 Cases, or as otherwise ordered by this Court; provided that each party receiving an unredacted copy of the Sealed Filings shall keep such information confidential unless otherwise required to be disclosed by law or court order.   The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

8.    Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's home address or email address is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose home addresses and/or email addresses are sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The claims and noticing agent in these Chapter 11 Cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees and clients at their respective residences for the benefit of all parties in interest seeking to serve the Debtors' current and former employees and clients with pleadings or notices in these Chapter 11 Cases.

9.    Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10.    The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31042195.2

4

# Exhibit B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. ~~23~~ 23-11962 ( TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 5** |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR
EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL
PORTIONS OF THE CREDITOR MATRIX AND OTHER FILINGS
CONTAINING CERTAIN PERSONAL IDENTIFICATION INFORMATION**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the debtors and debtors in
possession in the above-captioned cases (collectively, the "<u>Debtors</u>") for entry of an order (this
"<u>Order</u>") authorizing the Debtors to (i) file a single, consolidated Creditor Matrix in lieu of
submitting a mailing matrix for each Debtor, (ii) file a single Consolidated Top 30 Creditor List,
and (iii) file under seal portions of the Creditor Matrix and all other filings containing certain
individual creditor information, all as further described in the Motion; and upon consideration of
the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the
Debtors, their estates, property of their estates and to consider the Motion and the relief
requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of
Reference from the United States District Court for the District of Delaware*, dated February 29,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America,
Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite
A-4, Pasadena, CA 91124.

[2]    Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      The Debtors are authorized to file a consolidated list of creditors in such a format as directed by the Clerk's Office Procedures; provided, however if any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      The Debtors are authorized to file the Consolidated Top 30 Creditor List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      The Debtors or their noticing and claims agent, Kroll, are hereby authorized to complete all mailing in these ~~chapter~~Chapter 11 ~~cases~~Cases which are required under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

5.      The Debtors are authorized to seal portions, but only those portions, of (a) the consolidated creditor matrix, (b) the list of equity holders, (c) the schedules of assets and

liabilities, (d) the statements of financial affairs, and (e) all other filings that the Debtors make (each a "Sealed Filing") containing (i) the names and address information of all individuals located in European Union member countries and (ii)that contain the address information (physical and email) of the Debtors' individual creditors, including customers, employees, and equity holders., provided, however, that the Debtors are not authorized to redact any filings made by non-debtor parties.  Subject to the entry of a final order approving such relief, the Debtors shall further be permitted to redact the names of the Debtors' employees, equity holders, and creditors who are individual persons from European Union member countries from any Sealed Filing; provided, that, for the avoidance of doubt, all rights of the U.S. Trustee to object to the sealing of the names of individual persons from European Union member countries are preserved.

6. The Debtors and Kroll are authorized to redact the Personal Identification Information from the claims register.

6.    7. The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' equity and (ii) all banks, brokers, intermediaries, other nominees or their mailing agents; and (b) publish notice of commencement on the Debtors' Chapter 11 Cases website located at https://cases.ra.kroll.com/near.; and (c) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements; and (d) include the notice of commencement in the Debtors' proposed noticing program.  All registered holders of the Debtors' stock served with any notices in the Debtors'

cases shall be required to serve such notices on any holder for whose benefit such registered holder holds down the chain of ownership for all such holders of the Debtors' stock.

7.    8.  The Sealed Filings shall remain under seal and not be made available to anyone, except that copies shall be provided to (i) this Court, the Office of the United States Trustee for the District of Delaware, and others upon further Court order. Eachcounsel to any statutory committee appointed in these Chapter 11 Cases, and (ii) any party in interest upon a request to the Debtors (email is sufficient) or to this Court that is reasonably related to these Chapter 11 Cases, or as otherwise ordered by this Court; provided that each party receiving an unredacted copy of the Sealed Filings shall keep such information confidential. unless otherwise required to be disclosed by law or court order.   The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

8.    9.  Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's home address or email address is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose home addresses and/or email addresses are sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.   The claims and noticing agent in these Chapter 11 Cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees and clients at their respective residences for the benefit of all parties in interest seeking to serve the Debtors' current and former employees and clients with pleadings or notices in these Chapter 11 Cases.

9.    10.  Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10. 11. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

11. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.