**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Joint Administration Requested) |
| | **Ref. Docket No. 6** |

**CERTIFICATION OF COUNSEL SUBMITTING REVISED *PROPOSED*
INTERIM ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY
SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors") filed the *Debtors' Motion for Interim and Final Orders Establishing*

*Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with Respect*

*to, Equity Securities in Debtor Near Intelligence, Inc.* [Docket No. 9] (the "Motion") with the

United States Bankruptcy Court for the District of Delaware (the "Court").  A proposed form of

order approving the motion on an interim basis (the "Proposed Interim Order") was attached to the

Motion as Exhibit A.

Subsequent to filing the Motion, the Debtors received informal comments to the Proposed

Interim Order from the Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee").  Following discussions between the Debtors and the U.S. Trustee, the U.S. Trustee's

comments have been resolved through certain revisions to the Proposed Interim Order as reflected

in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Interim

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
        to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America,
        Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-
        4, Pasadena, CA 91124.

Order"").  For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Interim Order to the Proposed Interim Order is attached hereto as **Exhibit B**.

The Debtors submit that the Revised Proposed Interim Order is appropriate and consistent with the relief requested in the Motion and their discussions with the U.S. Trustee, and that the U.S. Trustee does not object to entry of the Revised Proposed Interim Order.

[*Remainder of page left blank intentionally*]

Dated: December 11, 2023
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

# Exhibit A

**Revised Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 6** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,**
**ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING**
**IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT**
**TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor Near Intelligence, Inc. ("Near"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that

this Court may enter a final order consistent with Article III of the U.S. Constitution; and it

appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and after due deliberation

thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any purchase, sale, or other transfer of, or claims of worthlessness with

respect to, equity securities (including Options to acquire such securities, as defined below)

in Near on or after the Petition Date in violation of the procedures set forth herein

(including the notice requirements set forth in paragraph 3(a) below) shall be null and void

ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy

Code, and the holder of such equity securities shall be required to take any remedial action

specified by the Debtors to appropriately reflect that such transfer or claim of worthlessness

is null and void ab initio.

3.      The following procedures shall apply to trading in equity securities (including

Options to acquire such securities, as defined below) in Near:

      (a)      Any person or entity (as defined in Treasury Regulations Section
1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder
(as defined in subparagraph (e) below) shall file with this Court, and
serve on the counsel to the Debtors, a notice of such status, in the form
attached to the Motion as **Exhibit A-1**, on or before the later of (i)
twenty (20) calendar days of the Notice of Interim Order (as defined in
paragraph 6 below) and (ii) ten (10) calendar days after becoming a
Substantial Shareholder.

      (b)      At least twenty-one (21) calendar days prior to effectuating any
transfer of equity securities (including Options to acquire such

securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of this Interim Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date,

approximately 2,552,741 shares[3]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.    The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)    At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (or Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the

---

[3]    According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

31041698.2

5

5.      The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6.      As soon as reasonably practicable following entry of this Interim Order, the Debtors shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form attached to the Motion as **Exhibit A-6** ("Notice of Interim Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Banks; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (vii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all Nominees that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) all Substantial Shareholders, if any; (x) the transfer agent(s) for the Near Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7.      All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall serve the Notice of Interim Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.

8.      The transfer agent for the Near Stock is ordered and authorized to provide directly to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent, the list of registered holders of Near Stock within one (1) business day of entry of this Interim Order.

9.      The Debtors shall post the Notice of Interim Order to the website established by Kroll for these chapter 11 cases (https://cases.ra.kroll.com/near), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10.     Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Interim Order.  Additionally, any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order to such purchaser or any broker or agent acting on their behalf of such Near Stock (or an Option with respect to), to the extent reasonably feasible (unless the Court has entered the Final Order).  If at the time of purchase, the Court has entered the Final Order, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the terms of the Final Order.

11.     For the avoidance of doubt, any holder of Near Stock that holds Near Stock (or an Option with respect thereto) in an amount in excess of 4.5% of all the issued and

outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Interim Order to such person or entity with instructions to forward the Notice of Interim Order down the chain of ownership to the ultimate beneficial holders of the Near Stock (or an Option with respect thereto) holding an amount in excess of 4.5% of all issued and outstanding shares.

12.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13.    For the avoidance of doubt, nothing in this Interim Order is authorizing the sealing or redaction of any information requested in Exhibits A-1 through A-4 hereto.

14.    **A final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "<u>Final Hearing</u>").**    Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols,

Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

15.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

17.     The requirements of Bankruptcy Rule 6004(a) are waived.

18.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **EXHIBIT A-1**

**Notice of Status as Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER [2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a Substantial Shareholder with respect to Near Stock or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc. ("Near"), a debtor and debtor in possession in Case No. 23-_____ pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

31041698.2

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of, [_____] shares of Near Stock (including any Options with respect to Near Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____
(Name of Shareholder)

By:       _____
Name:     _____
Title:    _____
Address:  _____
          _____
          _____
Telephone: _____
Facsimile: _____
Date:     _____

## **EXHIBIT A-2**

**Notice of Intent to Acquire Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
OTHERWISE ACCUMULATE AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate one or more shares of Near Stock

or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant*

*to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [_____], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying

---

acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

31041698.2

attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____
Name:       _____
Title:        _____
Address:    _____
             _____
             _____
Telephone:  _____
Facsimile:  _____
Date:        _____

## EXHIBIT A-3

**Notice of Intent to Transfer Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (__) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENT TO SELL, TRADE, OR**
**OTHERWISE TRANSFER AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer one or more shares of Near Stock or of any

Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to*

*Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [     ], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock).  The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying

---

acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____

# **EXHIBIT A-4**

## **Notice of Status as a 50% Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a 50%

Shareholder with respect to Near Stock or of any Beneficial Ownership therein (as defined

herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the*

*Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures*

*for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in*

*Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc. ("Near"), a

debtor and debtor in possession in Case No. 23-_____ pending in the United States

Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock).  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock (including any Options with respect to Near Stock):

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

31041698.2

Respectfully Submitted,

_____

(Name of Shareholder)

By:            _____
Name:          _____
Title:         _____
Address:       _____
               _____
               _____
Telephone:     _____
Facsimile:     _____
Date:          _____

**EXHIBIT A-5**

**Notice of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## <u>NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>")

with respect to Near Stock or of any Beneficial Ownership therein (as defined herein and in

the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code,*

*and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or*

*Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near*

*Intelligence, Inc.* (the "<u>Interim Order</u>") of Near Intelligence, Inc. ("<u>Near</u>"), a debtor and

debtor in possession in Case No. 23-[_____] pending in the United States Bankruptcy

Court for the District of Delaware (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [_____], the

undersigned party filed a Notice of Status as a 50% Shareholder[2] with the Court and served

copies thereof on counsel to the Debtors.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   For purposes of this Notice, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from

**PLEASE TAKE FURTHER NOTICE THAT,** as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
| | |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the Proposed Worthlessness Claim, the undersigned proposes to declare for [federal/state] tax purposes that [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT,** under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

31041698.2

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a worthless stock deduction with respect to its shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

           _____

           _____

Telephone: _____

Facsimile: _____

Date:      _____

**EXHIBIT A-6**

**Notice of Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "Petition Date"), the above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

31041698.2

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder (or such Substantial Shareholder or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)    The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date,

approximately 2,552,741 shares[2]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.      The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder

---

[2]      Based on the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)    The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Interim Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

**PLEASE TAKE FURTHER NOTICE THAT** a final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

*[Remainder of Page Left Intentionally Blank]*

Dated:    December [_], 2023        **YOUNG CONAWAY STARGATT & TAYLOR,**
          Wilmington, Delaware       **LLP**

*/s/ DRAFT*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A-7**

**Notice of Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "Petition Date"), the above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Final Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Final Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Final Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and

void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.    The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)    At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)    The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the

grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[2]) of the common stock of Near ("<u>Near Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.      The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after

---

[2]   According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated

thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Final Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

31041698.2

Dated:   December [_], 2023
         Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vic*e pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

31041698.2

## **Exhibit B**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NEAR INTELLIGENCE, INC., *et al.*, [1]

Debtors.

Chapter 11

Case No. 23~~——~~23-11962 (~~——~~TMH)

(Jointly Administered)

**Ref. Docket No. ~~——~~6**

## INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.



Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor Near Intelligence, Inc. ("Near"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.



2.      Any purchase, sale, or other transfer of, or claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code, and the holder of such equity securities shall be required to take any remedial action specified by the Debtors to appropriately reflect that such transfer or claim of worthlessness is null and void ab initio.

3.      The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, serve on the counsel to the Debtors, a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).



(c)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "<u>Notice of Proposed Transfer</u>").

(d)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.



(e)     For purposes of this Interim Order, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[3]) of the common stock of Near ("<u>Near Stock</u>"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.     The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

---

[3]     According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.



(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (or Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible



debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.     The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6.     As soon as reasonably practicable following entry of this Interim Order, the Debtors shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form attached to the Motion as **Exhibit A-6** ("Notice of Interim Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Banks; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (vii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all Nominees that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) all Substantial Shareholders, if any; (x) the transfer agent(s) for the Near Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7.     All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall serve the Notice of Interim Order, as applicable, on any holder for whose



benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.

8. The transfer agent for the Near Stock is ordered and authorized to provide directly to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent, the list of registered holders of Near Stock within one (1) business day of entry of this Interim Order.

9. The Debtors shall post the Notice of Interim Order to the website established by Kroll for these chapter 11 cases (https://cases.ra.kroll.com/near), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10. Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Interim Order. Additionally, any person or entity (or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order to such purchaser or any broker or agent acting on their behalf of such Near Stock (or an Option with respect to), to the extent reasonably feasible (unless the Court has entered the Final Order). If at the time of purchase, the Court has entered the Final Order, any person or entity, or broker or agent acting on their behalf, who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the terms of the Final Order.



11.    For the avoidance of doubt, any holder of Near Stock that holds Near Stock (or an Option with respect thereto) in an amount in excess of 4.5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Interim Order to such person or entity with instructions to forward the Notice of Interim Order down the chain of ownership to the ultimate beneficial holders of the Near Stock (or an Option with respect thereto) holding an amount in excess of 4.5% of all issued and outstanding shares.

12.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13. To the extent confidential information is required in any declaration described in the procedures, such confidential information may be filed and served in redacted form pending a motion seeking to file such information in redacted form; provided, however, that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; provided, however, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be



~~filed under seal or in a redacted form pending a motion seeking to file such information~~

~~under seal or in redacted form.~~

13.    For the avoidance of doubt, nothing in this Interim Order is authorizing the sealing or redaction of any information requested in Exhibits A-1 through A-4 hereto.

14.    **A final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "Final Hearing").**    Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the



Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

15.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

17.     The requirements of Bankruptcy Rule 6004(a) are waived.

18.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

19.     This Court shall retain ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.



## EXHIBIT A-1

**Notice of Status as Substantial Shareholder**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a

Substantial Shareholder with respect to Near Stock or of any Beneficial Ownership therein

(as defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541*

*of the Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing*

*Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity*

*Securities in Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc.

("Near"), a debtor and debtor in possession in Case No. 23-_____ pending in the United

States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.



**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of, [_____] shares of Near Stock (including any Options with respect to Near Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock:

| Number of Shares | Date Acquired |
|---|---|
| | |
| | |
| | |
| | |
| | |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
| | |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.



**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this

Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By: _____

Name: _____

Title: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____


31041698.1
31041698.2

3

## EXHIBIT A-2

**Notice of Intent to Acquire Equity Interest**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (____) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE AN EQUITY INTEREST

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate one or more shares of Near Stock

or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant*

*to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [_____], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated


31041698.1
31041698.2

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

---

acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.



**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:  _____

Name:  _____

Title:  _____

Address:  _____

_____

Telephone:  _____



Facsimile: _____

Date: _____


31041698.1
31041698.2

## EXHIBIT A-3

### Notice of Intent to Transfer Equity Interest



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO SELL, TRADE, OR
## OTHERWISE TRANSFER AN EQUITY INTEREST

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer one or more shares of Near Stock or of any

Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to*

*Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001*

*Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* (the

"Interim Order")) of Near Intelligence, Inc. ("Near"), or an Option with respect thereto (as

defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [      ], the

undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of Petition Date, approximately 2,552,741 shares**)** of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii)

31041698.1
31041698.2

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to Near Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

---

ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.



**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
Telephone: _____



Facsimile: _____

Date: _____



**<u>EXHIBIT A-4</u>**

**Notice of Status as a 50% Shareholder**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a 50%

Shareholder with respect to Near Stock or of any Beneficial Ownership therein (as defined

herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the*

*Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures*

*for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in*

*Debtor Near Intelligence, Inc.* (the "Interim Order") of Near Intelligence, Inc. ("Near"), a

debtor and debtor in possession in Case No. 23-_____ pending in the United States

Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.



**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Near Stock (including any Options with respect to Near Stock):

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.



**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this

Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By:     _____

Name:  _____

Title:   _____

Address: _____

          _____

          _____

Telephone: _____

Facsimile:  _____

Date:   _____



# EXHIBIT A-5

**Notice of Intent to Claim a Worthless Stock Deduction**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

### <u>NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>")

with respect to Near Stock or of any Beneficial Ownership therein (as defined herein and in

the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code,*

*and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or*

*Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near*

*Intelligence, Inc.* (the "<u>Interim Order</u>") of Near Intelligence, Inc. ("<u>Near</u>"), a debtor and

debtor in possession in Case No. 23-[_____] pending in the United States Bankruptcy

Court for the District of Delaware (the "<u>Court</u>").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.



**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [____], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the Court and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Near Stock (including any Options with respect to any Near Stock). The undersigned party holds such Near Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
| --- | --- |
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Worthlessness Claim, the undersigned proposes to declare for [federal/state] tax purposes that [_____] shares of Near Stock or an Option with respect to [_____] shares of Near Stock became worthless during the tax year ending [_____].

---

2   For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.



**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 10 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a worthless stock deduction with respect to its shares of Near Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:     _____
Name:  _____
Title:    _____
Address: _____
            _____



Telephone:    _____
Facsimile:    _____
Date:    _____



## <u>EXHIBIT A-6</u>

### Notice of Interim Order



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF INTERIM ORDER, PURSUANT TO SECTIONS 105(a),
362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO,
<u>EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.</u>**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR
INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "<u>Petition Date</u>"), the above-captioned affiliated debtors and debtors in possession (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>") each commenced a case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.



claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form



attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)     At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the



subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e) For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[2]) of the common stock of Near ("<u>Near Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3. The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a) Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after

---

[2] Based on the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.



the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)      At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)      The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)      For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under



> Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Interim Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

**PLEASE TAKE FURTHER NOTICE THAT** a final hearing on the relief sought in the Motion shall be conducted on _____, 2023 at _____ (ET) (the "Final Hearing").  Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed



counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036 (Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com)), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Breanna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com)); (iii) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than _____, 2023 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

*[Remainder of Page Left Intentionally Blank]*



Dated:  December [_], 2023
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

                    -and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vic*e pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*



**EXHIBIT A-7**

**Notice of Final Order**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DEBTOR NEAR INTELLIGENCE, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2023 (the "Petition Date"), the above-captioned affiliated debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain

---

1  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.


31041698.1
31041698.2

claims of worthlessness with respect to, equity securities in Debtor Near Intelligence, Inc. (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, on _____, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Final Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtor Near Intelligence, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by Near (as defined in the Motion) (the "Final Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Final Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of Near Intelligence, Inc. ("Near"):

1. Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein



(including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in Near:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)      The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of



equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[2]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

---

[2]    According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.


31041698.1
31041698.2

3. The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a) Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c) At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in Near, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d) The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.



(e)      For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Final Order may be obtained free of charge from https://cases.ra.kroll.com/near.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, NEAR STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND**



**MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated:  December [_], 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT* _____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Joseph R. Brandt (*pro hac vic*e pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

