# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 8 |

**INTERIM ORDER (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL
ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of the commencement of these Chapter 11 Cases and/or non-payment for any prepetition services or on account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

assurance beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED on an interim basis as set forth herein.

    2.    **A final hearing on the relief sought in the Motion shall be conducted on January 5, 2024 at 11:00 a.m. (ET) (the "Final Hearing")**. Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq.,

and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case no later than **December 29, 2023 at 4:00 p.m. (ET)**. If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

4. The Proposed Adequate Assurance is hereby approved on an interim basis and until such time as the Final Order is entered by the Court, the Debtors are deemed to have furnished the Utility Companies with adequate assurance of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by depositing cash in an amount equal to $1,145.00, which represents the sum of 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within twenty (20) days after the date of entry of this Interim Order; provided, however, that the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account; provided,

<u>further</u>, that the Debtors either (a) obtain the affected Utility Company's consent to reduce the Utility Deposit; or (b) file a notice with the Court and serve upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall attempt to resolve the objection with the Utility Company. If the objection is not resolved by the parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. Upon the earlier of the closing of the sale of substantially all of the Debtors' assets, the effective date of any chapter 11 plan of the Debtors, or such other time as these Chapter 11 Cases may be closed, unless otherwise provided in a chapter 11 plan or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Deposit Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

5. Subject to the Adequate Assurance Procedures, until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from (a) discontinuing, altering, or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors, or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filings or non-payment for any prepetition services, other than as provided in the Motion.

6. The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

    a. The Debtors will serve copies of this Interim Order, as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on

---

[3] In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

          the Utility Service List. For the avoidance of doubt, the Motion will be served with this Interim Order. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, this Interim Order, and the Final Order, as applicable, on such Utility Company upon learning of such omission.

b.     Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, NY 10019 (Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., and Joseph R. Brandt, Esq.) (rstrickland@willkie.com, amordkoff@willkie.com, jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Shane M. Reil, Esq. and Carol E. Cox, Esq.,) (sreil@ycst.com, ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; and (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq., and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman (Benjamin.a.hackman@usdoj.gov).

c.     Any Adequate Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the numerical amount that the Utility Company believes equals 50% of the Debtors' estimated monthly utility payments to the Utility Company subsequent to the Petition Date; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (a) why such proposal is reasonable and (b) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

d. Upon the Debtors' receipt of any Adequate Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Adequate Assurance Request.

e. The Debtors may, in their discretion (and in consultation with the DIP Agent), resolve any Adequate Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in their discretion (and in consultation with the DIP Agent), provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

f. If the Debtors (in consultation with the DIP Agent) determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "Determination Hearing") for the next omnibus hearing date, unless the Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

g. Any Utility Company that does not make an Additional Assurance Request in accordance with the Adequate Assurance Procedures shall be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from (i) altering, refusing, or discontinuing Utility Services to the Debtors solely on the basis of the commencement of these cases or that a debt owed by the Debtors to such utility for service rendered before the order for relief was not paid when due, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

h. Pending resolution of an Adequate Assurance Request at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance. Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be deemed to have received adequate assurance.

7. The Debtors may, in their discretion, remove a Utility Company from the Utility Service List after providing fourteen (14) days' notice to the Utility Company. If a Utility Company objects to its removal from the Utility Service List, the Debtors shall request that the Court consider the objection at the next scheduled omnibus hearing date or such other date as agreed to by the Debtors and the Utility Company.

8. To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Company, (ii) serve copies of the Motion, the Interim Order, and the Final Order, as applicable, on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company. The newly added Utility Companies shall be subject to the terms of the Interim Order, and the Final Order, as applicable, as of the date of service of the notice of addition of such newly added Utility Company to the Utility Service List. The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company. A Utility Company added to the Utility Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

9. Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition deposit held by a Utility Company when determining the amount of post-petition deposit to be made on behalf of such Utility Company.

10. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Utility Companies; or (iv) shall be construed as a promise to pay a claim.

11. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List. The Debtors reserve the right to assert that any of the entities now or hereafter included on the Utility Service List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

12. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: December 11th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**