**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 12** |
|---|---|

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1, (i) authorizing the Debtors, in their discretion, to (a) pay all Prepetition Workforce Obligations and (b) honor and continue the Debtors' prepetition programs, policies, and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined in this Interim Order shall have the meanings ascribed to them in the Motion.

the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on January 5, 2024 at 11:00 a.m. (ET) (the "Final Hearing").** Any party-in-interest objecting to the relief sought at the Final Hearing or the proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lenders, (a) King & Spalding LLP, 1185 Sixth Avenue, Floor 34, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq.

(apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov), in each case no later than **December 29, 2023 at 4:00 p.m. (ET)**. If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors are authorized, but not directed, in their discretion and business judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations in an amount not to exceed $644,325 and 19,500 SGD on an interim basis, as summarized in **Exhibit A** hereto; (ii) pay postpetition Compensation Obligations and Employee Benefit Obligations and honor and continue their programs, policies, obligations, and practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies, and practices before the Petition Date; and (iii) withhold and remit all federal, state, and local taxes relating to the Compensation Obligations and Employee Benefit Obligations as required by applicable law; provided that in no event shall the Debtors pay any Prepetition Workforce Obligations before such amounts are due and payable, and this Interim Order shall not be deemed to allow the Debtors to accelerate any payment of any amounts of Prepetition Workforce Obligations that may be due and owing by the Debtors.

4. Notwithstanding any other provision of this Interim Order and absent further order of the Court, (i) payments or transfers to, or on behalf of, Employees or Independent Contractors on account of all Prepetition Workforce Obligations or other obligations in the interim period shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount

afforded priority by those statutory subsections; provided, however, that the Debtors are authorized to pay amounts owed for Paid Time Off or Sick Leave upon termination/resignation of an employee in excess of the caps provided by section 507(a)(4) or (a)(5) of the Bankruptcy Code if applicable state law requires such payment.

5. Nothing herein shall be deemed to authorize the payment or transfers of any amounts to, or on behalf of, any individual, Employee, or Independent Contractor by the Debtors that (i) are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations related to severance practices, bonus programs, or incentive payments to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.

6. The Debtors are authorized, but not directed, to reissue payment for the Prepetition Workforce Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized, but not directed, to reimburse any expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

7. The Debtors' banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay Prepetition Workforce Obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date; provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

8. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

9. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

10. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Thomas M. Horan

**Dated: December 11th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

31042076.2