## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 4 |

**ORDER (I) RESTATING AND ENFORCING PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541(c), (II) APPROVING NOTICE RELATED TO NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of title 11 of the United States Code (the "Bankruptcy Code"), (ii) approving the form of notice to customers, vendors, and other stakeholders of the Debtors' non-Debtor global affiliates, and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

31042119.2

of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases operates as a stay, applicable to all entities of:

    a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 Cases, or an act to recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

    b. The enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of these Chapter 11 Cases;

    c. Any act to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

    d. Any act to create, perfect, or enforce any lien against property of the Debtors' estates;

    e. Any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

    f. Any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

    g. The setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases, except as allowed under section 553 of the Bankruptcy Code; and

    h. The commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

3. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to and to the extent set forth in sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are a party or signatory, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on the: (a) insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases; or (b) commencement of these Chapter 11 Cases. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

5. Pursuant to and to the extent set forth in section 525(a) of the Bankruptcy Code, all foreign and domestic governmental units (and all those acting on their behalf) are prohibited and enjoined from denying, revoking, suspending or refusing to renew a license, permit, charter, franchise or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against the Debtors solely because the Debtors: (a) are a debtor under the Bankruptcy Code; (b) may have been insolvent before the commencement of these Chapter 11 Cases; or (c) may be insolvent during the pendency of these Chapter 11 Cases.

6. Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, any interest of the Debtors in property is property of their estates, notwithstanding any provision in any agreement, transfer instrument or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtor or on the commencement of these Chapter 11 Cases, and that

effects or gives an option to effect a forfeiture, modification, or termination of the applicable Debtors' interest in property.

7. This Order is declarative and is intended to be coterminous with sections 362, 363, 525, 541, 1107, and 1108 of the Bankruptcy Code. Nothing herein shall abridge, enlarge, nor modify the rights and obligations of any party. For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code, and all such rights are fully preserved.

8. The form of notice, substantially in the form annexed to the Motion as **Exhibit B**, is approved.

9. The Debtors are authorized to cause this Order or the notice annexed as **Exhibit B** to the Motion to be translated into as many languages as may be deemed necessary and to distribute such Order and notice as the Debtors deem appropriate.

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*[Signature: Thomas M. Horan]*

**Dated:** December 11th, 2023  
Wilmington, Delaware

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

31042119.2