# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 11 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE AND MAINTAIN THEIR CASH MANAGEMENT SYSTEM, INCLUDING BANK ACCOUNTS AND BUSINESS FORMS, (B) CONTINUE INTERCOMPANY TRANSACTIONS, AND (C) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (II) WAIVING CERTAIN OPERATING GUIDELINES, (III) EXTENDING THE TIME TO COMPLY WITH SECTION 345(B) OF THE BANKRUPTCY CODE, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of interim and final orders, (i) authorizing, but not directing, the Debtors to (a) continue to maintain their existing cash management system, including bank accounts and business forms, (b) continue intercompany transactions among and between the Debtors and their Non-Debtor Foreign Affiliates in the ordinary course of business, and (c) honor certain prepetition obligations related thereto, (ii) waiving certain operating guidelines, (iii) extending the time to comply with section 345(b) of the Bankruptcy Code , and (iv) granting related relief; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on January 5, 2024 at 11:00 a.m. (ET) (the "Final Hearing")**. Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to any official committee appointed in these Chapter 11 Cases; (iii) counsel to the DIP Lender, King & Spalding, LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Roger Schwartz, Esq., Geoffrey King, Esq., and Miguel Cadavid, Esq.) (rschwartz@kslaw.com, gking@kslaw.com, mcadavid@kslaw.com) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Flr. P.O. Box 1347

Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq., Matthew Harvey, Esq., Brenna Dolphin, Esq., and Austin Park, Esq.) (rdehney@morrisnichols.com, mharvey@morrisnichols.com, bdolphin@morrisnichols.com, and apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov), in each case no later than **December 29, 2023 at 4:00 p.m. (ET)**. If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtors are authorized, but not directed, to: (i) continue to maintain and use the Cash Management System as described in the Motion and (ii) honor prepetition obligations related thereto; provided that such action is taken in the ordinary course of business and consistent with prepetition practices.

4. The Debtors are further authorized, but not directed, to (i) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date; (ii) use, in their present form, any preprinted correspondence and Business Forms (including checks and letterhead) without reference to the Debtors' status as debtors in possession; provided that once the Business Forms (including letterhead and existing checks) have been used, the Debtors shall, when reordering, require the designation "Debtors in Possession" and the corresponding bankruptcy case number on all such documents; (iii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iv) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, ACH Payments, wire transfers, and other debits; and (v) perform their obligations under the documents governing the Bank Accounts. With respect to Business Forms that the Debtors or their agents print themselves, the Debtors shall begin

printing the "Debtors in Possession" legend and the bankruptcy case number on such Business Forms within ten (10) days of the date of entry of this Interim Order.

5. The Banks are hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; _provided_, _however_, that any check drawn or issued by the Debtors before the Petition Date may be honored by a Bank if specifically authorized by order of this Court.

6. The Banks are hereby authorized to debit Bank Fees from the Bank Accounts without further order of this Court; _provided_ that such fees and charges are authorized under the applicable account agreement with the Debtors, and _provided further_ that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

7. Notwithstanding any other provision of this Interim Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (i) at the direction of the Debtors; (ii) in good-faith belief that the Court has authorized such prepetition check or item to be honored; or (iii) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, shall be deemed to be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

8. Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks, items, and

other payment orders drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of these Chapter 11 Cases; (ii) all checks, automated clearing house entries, and other items deposited or credited to any of the Debtors' accounts with such Bank prior to filing of these Chapter 11 Cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of these Chapter 11 Cases; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

9. Each of the Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

10. Within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (i) contact the Banks; (ii) provide the Banks with the Debtors' employer identification number and the case number of these Chapter 11 Cases; and (iii) identify for the Banks each of the Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

11. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; <u>provided</u> that the Debtors provide the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases with notice within fifteen (15) days of the opening or closing of any such accounts; <u>provided</u> <u>further</u> that the Debtors shall only open any such new bank accounts at banks

that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement.

12. For the Banks at which the Debtors hold bank accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware, the Debtors shall have thirty (30) days, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as agreed to by the U.S. Trustee; provided that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached.

13. The Debtors are authorized (i) to continue the Credit Card Program in the ordinary course, including making ordinary course modifications thereto, (ii) to perform their obligations under the Credit Card Program, and (iii) to pay outstanding prepetition expenses arising thereunder in an aggregate amount not to exceed $50,000 and postpetiton expenses in the ordinary course.

14. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived, as applicable.

15. The Banks are authorized to continue to charge, and the Debtors are authorized to pay, honor, or allow the deduction from the appropriate account, any service charges or fees owed to the Banks in the ordinary course of business, whether such items are dated prior to, on, or subsequent to the Petition Date. The liens on any of the Bank Accounts granted to creditors will not have priority over such fees and services charges of the respective Bank at which the Bank Account is located.

16. The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions, including in connection with the Cash Management System in the ordinary course

of business and in compliance with past practices by and among the Debtors and the Non-Debtor Foreign Affiliates in an amount not to exceed $600,000 pending entry of the Final Order; <u>provided</u> that the Debtors shall not be authorized by this Interim Order to undertake any Intercompany Transactions that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

17. The Debtors shall maintain accurate and detailed records of all transfers, including the Intercompany Transactions in accordance with their prepetition practices, so that all transactions may be ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

18. Within five (5) business days from the date of the entry of this Interim Order, the Debtors shall (i) serve a copy of this Interim Order on each Bank and (ii) request that each Bank internally code each of the Bank Accounts as "debtors in possession" accounts.

19. Pursuant to section 503(b)(1) of the Bankruptcy Code, all postpetition payments on account of any Intercompany Transaction, including any interest and fees related thereto, made by a Debtor to another Debtor, upon net transfers, shall in each case be accorded administrative expense status, except to the extent such Intercompany Transactions are on account of antecedent debts (including with respect to "netting" or setoffs).

20. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

21. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive,

or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

22. The Debtors shall calculate quarterly fees payable pursuant to 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

23. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

24. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

25. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

26. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: December 11th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**