# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 5, 2024 at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>December 29, 2023 at 4:00 p.m. (ET) |

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR, EFFECTIVE AS OF THE PETITION DATE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this application (this "Application") for entry of an order, substantially in the form of **Exhibit A** hereto (the "Retention Order"), authorizing the employment and retention of Kroll Restructuring Administration LLC ("Kroll") as administrative advisor ("Administrative Advisor") in the Debtors' chapter 11 cases effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Managing Director of Kroll (the "Steele Declaration"), attached hereto as **Exhibit B**, and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4.  On December 8, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

6.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of John Faieta in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

**Relief Requested**

7.      The Debtors previously filed an application (the "Section 156(c) Application") for an order appointing Kroll as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Rule 2002-1(f) of the Local Rules, which application was granted by this Court on December 11, 2023 [Docket No. 56].  The Debtors believe that administration of these Chapter 11 Cases will require Kroll to perform duties outside the scope requested in the Section 156(c) Application.  Therefore, to enable Kroll to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, for an order authorizing the Debtors to employ and retain Kroll as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as **Exhibit C** (the "Engagement Agreement").

**Kroll's Qualifications**

8.      Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Kroll's professionals have acted as debtor's counsel, official claims and noticing agent and/or administrative advisor in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: In re Mallinckrodt plc, No. 23-11258 (JTD); In re Bed Bath & Beyond, Inc., No. 23-13359 (VFP) (Bankr. D.N.J.); In re FB Debt Financing Guarantor, LLC, No. 23-10025 (KBO) (Bankr. D. Del.); In re Clovis Oncology, Inc., No. 22-11292 (JKS) (Bankr. D. Del.); In re Cineworld Group PLC, No. 22-

3

90168 (MI) (Bankr. S.D. Tex.); <u>In re DCL Holdings (USA)</u>, Inc., No. 22-11319 (JKS) (Bankr. D. Del.); <u>In re FTX Trading Ltd.</u>, No. 22-11068 (JTD) (Bankr. D. Del.); <u>In re Redwood Liquidating Co.</u>, No. 22-10621 (BLS) (Bankr. D. Del.); <u>In re TPC Group Inc.</u>, No. 22-10493 (CTG) (Bankr. D. Del.); <u>In re Ruby Pipeline, LLC</u>, No. 22-10278 (CTG) (Bankr. D. Del.); <u>In re MD Helicopters, Inc.</u>, No. 22-10263 (KBO) (Bankr. D. Del.); <u>In re Salem Harbor Power Development LP</u>, No. 22-10239 (MFW) (Bankr. D. Del.); <u>In re Alto Maipo Delaware LLC</u>, No. 21-11507 (KBO) (Bankr. D. Del); <u>In re CalPlant I Holdco</u>, LLC, No. 21-11302 (JTD) (Bankr. D. Del.); <u>In re Alpha Latam Management, LLC</u>, No. 21-11109 (KJS) (Bankr. D. Del.); <u>In re Mallinckrodt plc</u>, No. 20-12522 (JTD) (Bankr. D. Del.); <u>In re The Hertz Corporation</u>, No. 20-11218 (MFW).

**Services to be Provided**

9. Pursuant to the Engagement Agreement, the Debtors seek to retain Kroll to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

(a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) Provide a confidential data room, if requested;

(e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f) Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not

4

included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

**Professional Compensation**

10. The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Kroll as Administrative Advisor. The Debtors believe Kroll's rates are more than reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise. Additionally, Kroll will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11. Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

12. As stated in the Section 156(c) Application, prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $25,000 which was received by Kroll on October 23, 2023. Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.

13. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Kroll and its members, officers, employees,

representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

### Disinterestedness

14. Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Kroll believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

16. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest

> adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

18. In light of the size and complexity of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Kroll pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

19. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Kroll as the Administrative Advisor in these Chapter 11 Cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## Notice

20. Notice of this Application will be provided to: (i) the Office of the United States for the District of Delaware; (ii) counsel for the Stalking Horse Bidder, prepetition lenders and DIP lenders; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors; and

(iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Kroll as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Dated:    December 15, 2023

**NEAR INTELLIGENCE, INC.**
**NEAR INTELLIGENCE LLC**
**NEAR NORTH AMERICA, INC.**
**NEAR INTELLIGENCE PTE. LTD.**

By:    /s/ *John Faieta*
      Name:  John Faieta
      Title:   Chief Financial Officer