**<u>Exhibit A</u>**

**Proposed Retention Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL
RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR,
EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for employment and retention of Kroll Restructuring Administration LLC ("Kroll") as administrative advisor ("Administrative Advisor") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code,[2] Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Application; and upon the Steele Declaration submitted in support of the Application; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is APPROVED as set forth in this Order.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.      The Debtors are authorized to retain Kroll as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3.      Kroll is authorized to take such other action to comply with all duties set forth in the Application.

4.      Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5.      The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

6.      Kroll shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7.      Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to In re

2

<u>United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kroll. All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution or reimbursement.

9.      The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10.     Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statement of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of its schedules of assets and liabilities and statement of financial affairs.

11.     The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14.     In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

## **Exhibit B**

**Steele Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BENJAMIN J. STEELE IN SUPPORT**
**OF APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND**
**RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS**
**ADMINISTRATIVE ADVISOR, EFFECTIVE AS OF THE PETITION DATE**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1.       I am a Managing Director of Kroll Restructuring Administration LLC ("Kroll"), a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.       This Declaration is made in support of the above-captioned debtors' (collectively, the "Debtors") *Application for an Order Authorizing Employment and Retention of Kroll LLC as Administrative Advisor Effective as of the Petition Date*, which was filed contemporaneously herewith (the "Application").[2]

3.       Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel, official claims and noticing agent and/or administrative advisor in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: In re Mallinckrodt plc, No. 23-11258 (JTD); In re Bed Bath & Beyond, Inc., No. 23-13359 (VFP) (Bankr. D.N.J.); In re FB Debt Financing Guarantor, LLC, No. 23-10025 (KBO) (Bankr. D. Del.); In re Clovis Oncology, Inc., No. 22-11292 (JKS) (Bankr. D. Del.); In re Cineworld Group PLC, No. 22-90168 (MI) (Bankr. S.D. Tex.); In re DCL Holdings (USA), Inc., No. 22-11319 (JKS) (Bankr. D. Del.); In re FTX Trading Ltd., No. 22-11068 (JTD) (Bankr. D. Del.); In re Redwood Liquidating Co., No. 22-10621 (BLS) (Bankr. D. Del.); In re TPC Group Inc., No. 22-10493 (CTG) (Bankr. D. Del.); In re Ruby Pipeline, LLC, No. 22-10278 (CTG) (Bankr. D. Del.); In re MD Helicopters, Inc., No. 22-10263 (KBO) (Bankr. D. Del.); In re Salem Harbor Power Development LP, No. 22-10239 (MFW) (Bankr. D. Del.); In re Alto Maipo Delaware LLC, No. 21-11507 (KBO) (Bankr. D. Del); In re CalPlant I Holdco, LLC, No. 21-11302 (JTD) (Bankr. D. Del.); In re Alpha Latam Management, LLC, No. 21-11109 (KJS) (Bankr. D. Del.); In re Mallinckrodt plc, No. 20-12522 (JTD) (Bankr. D. Del.); In re The Hertz Corporation, No. 20-11218 (MFW).

4.      As Administrative Advisor, Kroll will perform the bankruptcy administration services specified in the Application and the Engagement Agreement. In performing such services, Kroll will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit C** to the Application.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

5.      As stated in the Section 156(c) Application, prior to the Petition Date, the Debtors

provided Kroll an advance in the amount of $25,000 which was received by Kroll on October 23,

2023.  Except as stated in this paragraph, Kroll has not received any payments from the Debtors

in the 90 days prior to the Petition Date.

6.      Kroll is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code, in that Kroll and its professional personnel:

(a)      are not creditors, equity security holders, or insiders of the Debtors;

(b)      are not and were not, within two years before the date of the filing of these
cases, directors, officers, or employees of the Debtors; and

(c)      do not have an interest materially adverse to the interest of the Debtors'
estates or of any class of creditors or equity security holders, by reason of
any direct or indirect relationship to, connection with, or interest in, the
Debtors, or for any other reason.

7.      I caused to be submitted for review by our conflicts system the names of all

known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases,

which parties are listed on **Schedule 1** attached hereto.  The list of Potential Parties in Interest

was provided by the Debtors and included the Debtors, non-Debtor affiliates, current and former

directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the

Debtors' 30 largest unsecured creditors on a consolidated basis, contract counterparties,

landlords, vendors, insurers, utilities, governmental authorities, the United States Trustee and

persons employed in the office of the United States Trustee, and other parties.  The results of the

conflict check were compiled and reviewed by Kroll professionals under my supervision, and all

results of such check (if any) are set forth herein.  At this time, and as set forth in further detail

herein, Kroll is not aware of any connection that would present a disqualifying conflict of

interest.  Should Kroll discover any new relevant facts or connections bearing on the matters

described herein during the period of its retention, Kroll will use reasonable efforts to file promptly a supplemental declaration.

8.      To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Kroll, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

9.      Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases.  Such firms include Kirkland & Ellis LLP ("K&E"); Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Proskauer Rose LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Willkie Farr & Gallagher LLP ("Willkie"); Jones Day; Shearman & Sterling LLP; KPMG LLP; PricewaterhouseCoopers LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson Consultants LLC.  Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed.

10.     Kroll hereby discloses the following connections, each of which Kroll believes does not present an interest adverse to the Debtors and is disclosed solely out of an abundance of caution:

- Gabriel Brunswick, Associate General Counsel of Kroll, was formerly an associate at Willkie, proposed counsel to the Debtors in these chapter 11 cases. Mr. Brunswick left Willkie in January 2020. Mr. Brunswick did not work on any matters involving the Debtors during his time at Willkie.

- I was previously an associate at K&E, one of the Debtors' top 30 creditors. In addition, Brad Weiland, a Managing Director of Kroll, was previously a partner at K&E. I left K&E in August 2013, and Mr. Weiland left K&E in November 2021. Neither I nor Mr. Weiland worked on any matters involving the Debtors while employed by K&E.

- Heidi Stern, Chief Financial Officer for Kroll and its divisional affiliates, and Diana Shih, Controller at Kroll, were formerly associates at PWC, one of the Debtors' material contract counterparties. Ms. Stern and Ms. Shih left PWC in 2011. Neither Ms. Stern nor Ms. Shih worked on any matters involving the Debtors during their time at PWC.

- Kroll has a banking relationship with Citibank, N.A., one of the Debtors' Banks, including (i) Citibank maintaining various bank accounts established by Kroll in the name of and as agent for its clients to facilitate distributions pursuant to chapter 11 plans or other transactions and (ii) Kroll receiving fees and other compensation from Citibank as part of such relationship.

11.     Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders. Kroll Parent is not currently identified on the Potential Parties in Interest list, but Kroll makes this disclosure out of an abundance of caution.

12.     Although Kroll Parent is not currently identified on the Potential Parties in Interest list, it is my understanding that Kroll Parent previously provided a fairness opinion to the board of directors of KludeIn I Acquisition Corp. in connection with its merger with Near Intelligence Inc. I further understand that, as of the Petition Date, Kroll Parent has outstanding

invoices in connection with such services payable by the Debtors totaling approximately $400,000. However, Kroll Parent has agreed to voluntarily waive the entirety of this claim and is therefore not a creditor in these Chapter 11 Cases. Kroll nevertheless makes this disclosure out of an abundance of caution.

13.     Kroll has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Kroll and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors. A list of Kroll's clients that are identified on the Potential Parties in Interest list (if any) and their relationship to the Debtors is attached hereto as **Schedule 2**. Given Kroll's neutral position towards its clients, Kroll does not believe that any such connections present an actual or potential conflict or are adverse to the Debtors, their estates or creditors.

14.     Kroll, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms and financial advisors. Such firms engaged by Kroll or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Kroll or its personnel in their individual capacities are unrelated to these chapter 11 cases.

15.     As part of its conflicts check process, Kroll submitted for review by each of its partners and employees the list of Potential Parties in Interest provided by the Debtors to determine whether any partner or employee holds an adverse interest to any of the Debtors and/or

6

is a "disinterested person," as such term is defined in the Bankruptcy Code.  In addition, the partners and employees of Kroll were asked to review their investment holdings, to the extent possible, to determine whether they have any direct or indirect ownership of the Debtors' securities.  Upon information and belief, and upon such reasonable inquiry by Kroll and the results thereof, Kroll is not aware that any of its partners or employees directly or indirectly own any debt or equity securities of a company that is a Debtor or of any of its affiliates.  Moreover, Kroll has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work.  In this regard, subject to non-discretionary Investment Funds (as defined below), all Kroll partners and employees are barred from trading in securities with respect to matters in which Kroll is retained.

16.     As a general matter, in the infrequent case when a Kroll partner or employee may, directly or indirectly, own a debt or equity security of a company which may become or becomes a debtor or a debtor affiliate, such ownership would be substantially less than one percent of any such debtor or debtor affiliate.  Additionally, from time to time, Kroll partners or employees may personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals may indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates. Any partner or employee who has made any such investment does not manage or otherwise control such Investment Fund.  The Investment Funds are managed by third parties, and Kroll partners or employees that may invest in the particular Investment Fund have no influence, discretion, or control over the Investment Fund's decision to buy, sell or vote any particular debt or equity securities comprising the particular Investment

Fund and in certain instances, partners or employees may not be aware of the particular debt or equity securities comprising the particular Investment Fund.

17.     Kroll further declares that Kroll does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Kroll provides, provided, or will provide exclusive access to claims data and/or under which Kroll would be compensated for claims data made available by Kroll.

18.     Based on the foregoing, I believe that Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Moreover, to the best of my knowledge and belief, neither Kroll nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on December 15, 2023

/s/ *Benjamin J. Steele*
Benjamin J. Steele
Managing Director
Kroll Restructuring Administration LLC
55 East 52nd Street, 17th Floor
New York, NY 10055

## **SCHEDULE 1**

**Potential Parties in Interest**

**Near Intelligence**
**Parties in Interest List**

**Debtors and Non-Debtor Affiliates**
**(including f/k/a, d/b/a, a/k/a)**
KludeIn I Acquisition Corp.
Near Americas Inc.
Near Holdings Pte. Ltd.
Near Intelligence Holdings Inc.
Near Intelligence LLC
Near Intelligence Pte. Ltd.
Near Intelligence Pty. Ltd.
Near Intelligence Pvt. Ltd.
Near Intelligence SAS
Near Intelligence, Inc.
Near Pte. Ltd.
Near North America, Inc.
Paas Merger Sub 2 LLC
UberMedia, Inc.

**Insurers**
Ace American Insurance Company (Chubb)
AIG
Allied World
Associated Industries Insurance Co., Inc.
Berkshire Hathaway
Chubb European Group SE
Chubb Insurance Australia Ltd.
Chubb Insurance Singapore Ltd.
ICICI Lombard GIC Ltd.
National Union Fire Insurance Company of Pittsburgh, PA
Sentinel Insurance Company Ltd. (Hartford)
Vantage Risk Assurance Company
XL Specialty Insurance Company

**Material Contracts**
Accenture
Activate Holdings Ltd.
Admatik Sdn Bhd
Advanced Contributors Pvt. Ltd.
Aelius Exploitation Technologies, LLC
Agoop Corp
Ailevon Pacific Aviation Consulting
Airbiz Offshore Private Limited (SG)
Analysis

Alexander Babbage, Inc.
Alight Public Relations, LLC
Altometer Business Intelligence
AltScore Inc.
Amberoon
Aramark Refreshment Services, LLC
ARInsights, LLC
ASLF Media Pty. Ltd.
Asset Strategies Group (ASG)
Australian United Retailers Limited
Avarisoft Pty. Ltd.
AudienceQ Limited
Avison Young (USA) Inc.
Big Mobile Group Pty. Ltd.
Bisnow, LLC
Black C Media Istanbul
Blue Genie Art Bazaar
BMT commercial Aus. PTY. Ltd.
Bonzai Digital
Boston Consulting Group
Bowling Green State Univ (BGSU)
BP Australia Pty. Ltd.
Break Media Pte. Ltd.
Brentwood Associates
Brisbane City Council
Brookfield Properties (BPR REIT Services LLC)
Business Wire Inc.
Caravan Industry Assoc. of AU
CBRE limited
Central Counties Tourism
Chick-fil-A, Inc.
ChurnZero
CircleK-TAS
City of Apache Junction
City of Cleveland
City of El Paso
City of Kingman Tourism Division
City of Perth
City of Prescott Tourism Office AZ
City of Québec
Claires European Services
Coca-Cola Canada Bottling Ltd.

Cochise County Tourism Council
cohort.ID, Inc.
Columbia Distributing ESRI
Complementics
Container Exchange (QLD) Limited
CREtech
D Chain FZ LLC
Dai Nippon Printing Co., Ltd.
Dakota Worldwide
Dallimore & Co.
Datagence, Inc. d/b/a V12 Group
Dean Runyan
Decathlon SE
Deep End Services Pty. Ltd.
Delaware North
Deloitte Financial Advisory Services LLP
Design Workshop, Inc.
Destination Analysts
Dietrich-Pepper, LLC
Digital Commons Limited
Digital Envoy, Inc.
DNP Media Art Co. Ltd.
Dollar General Corp.
DOMO, Inc.
DuPage CVB
Earth Economics
ECRA Pte. Ltd.
Eddy Alexander
Element Advisory Pty. Ltd.
Entrata
Environics
ePrivacy GmbH
Epsilon Data Management, LLC
ESRI (Environmental Systems Research
Institute)
Ethos Urban Pty. Ltd.
E*TRADE Financial Corporate Services
Inc.
Fernridge Solutions Pty. Ltd.
Fiction Tribe, Inc
Finity Consulting Pty. Ltd.
Flare Aviation Consulting
Foot Locker Retail, Inc.
Fresh Information Limited
Fresno / Clovis CVB
GapMaps, LTD.

GEO marketing Solutions Group
Geografia Pty. Ltd.
Geoscience Australia
GHD Pty. Ltd.
Global Planning Solutions
Google Asia Pacific Pte. Ltd.
Greater Palm Springs
Grosvenor
Guam Vistors Bureau
H2R Market Research
Hamilton City Council
Haynes and Boone, LLP
Herrmann Global
Highspot Inc.
HKS, Inc.
Hobart City Council
Houston First Corporation
Houston Kemp Pty. Ltd.
Idealab
Idemitsu Kosan Co. Ltd.
Ikano Insight Ltd.
Incubeta Australia Pty. Ltd.
InfoSum Ltd.
Innity China Co., Limited
InMobi Pte. Ltd.
Inretail Management
Integral Ad Science, Inc.
Intelligent Direct, Inc.
Intermarché Alimentaire International
Intersection Media
Intervistas Consulting
Intrado Digital Media LLC Digital Media
Innovation
InvestorBrandNetwork (IBN)
IRB Holding Corp.
Irys, Inc.
Jackson County Visitors Bureau
Jarrell Chalmers – Marketing Consulting
Jason Wu – Digital Marketing Services
JCDecaux Australia Trading Pty. Ltd.
JKH Business and Property Consulting
(PTY.) Ltd.
Johnston County
Knowledge Support Systems, Inc. d/b/a
Kallibrate
KFC Pty. Ltd.

Kollaborations Ltd.
Kwik Trip, Inc.
Lasalle Investment Management
Legend Partners - Beau Niblock
Leggo Studio Pty. Ltd.
LES MOUSQUETAIRES
Lex Connect Consulting Private Limited
Linkedin Corporation
Little Caesar Enterprises, Inc.
Localis Technologies Australia
LocationIQ Pty. Ltd.
Longwoods International
Mabrain Technologies
MACROPLAN HOLDINGS PTY. LTD.
Madden Media
Manistee County Visitors Bureau
mapIT (PTY.) Ltd.
Market Economics Ltd.
Masahiro Matsui – Consulting Services
Marsh USA LLC
MBI International
McDonalds
McElhanney Ltd.
Mead & Hunt
Measurement of Outdoor Visibility and
Exposure Pty. Ltd.
MediaOne North America
Media Quest Plus FZ LLC
Mediatiks Limited
Melbourne City Council
MeMob
Meta Platforms Technologies, LLC
METAVERSO, S.A.
Metayage Inc.
MMP Worldwide FZ LLC
Monash University
Moreton Bay Regional Council
Morey Consulting
Motivation Holdings
My Equity Comp, LLC
National Retail Federation, Inc.
Nationwide News Pty. Ltd.
NaviRetail Inc.
nContext, LLC
New Balance Athletics, Inc.
Nexcore Group

Nexpansion Inc.
Nike
Nissin Shoukai Inc.
North Land Capital Markets
NWAP II Inc.
NYC & Company
O2 Design
Off Madison Ave
Office of Spot
On The Run Pty. Ltd.
OpenX Technologies, Inc. (V)
Orange142
Oracle Corporation Singapore Pte. Ltd.
Oracle Corporation UK Limited
Osaka Metro Adera Co., Ltd.
Oxford Economics
Pacific Consultants
PandaDoc, Inc.
Pearl Meyer & Partners
Pelmorex Corp.
Perception Media
Pickwell SP Zoo
PiinPoint Inc.
Pinal County
Pinchhitters BV
Placewise Media
Point72, L.P.
Popeyes Louisiana Kitchen Inc. (RBI)
Precisely.com (Syncsort)
PricewaterhouseCoopers Public Accountants
PropertyGuru Pte. Ltd.
Propmodo Inc.
Propulso
PublicNSA, LLC dba BIGDBM
PubMatic, Inc.
PwC Advisory sp. z o.o. sp.k.
PwC Middle East
Q1Media, Inc.
Quantify Strategic Insights
QuikTrip Corporation
Reach Media New Zealand Limited
Redland City Council
Restaurant Brands International US Services
LLC
Rexall Pharmacy Group LLC
RMG Advertising

Rockport Analytics
Rove Marketing Inc.
Roy Morgan
RRC Associates
Rural Press Pty. Ltd.
SC Tristone Production Impex SRL
S.M.EG.I.T TURISTICAS S.A.M.P.
SA1 Property Holdings Pty. Ltd.
SDI Realty Advisors
Seychelles Tourism
Shell International
Shivaami Cloud Services Pvt Ltd.
Sight & Sound Film, LLC
Simpleview
Singapore Press Holdings Limited
SiteZeus
Sky Synergy, LLC
SMRT Commercial Pte. Ltd.
Southern Methodist University
Spatial.AI
Stellar Lifestyle Pte. Ltd.
StreetMetrics, Inc.
Subskribe
Sunlife
Sync Media
Tango Analytics LLC
Takeshi Yamamoto - Consulting Services
Taubman Centers, Inc.
Taymax
TD Bank, N.A.
Tetrad Computer Operations Applications Inc.
The Coca-Cola Company
The Executive Centre Singapore Pte. Ltd.
The Benchmark Company, LLC
The Trust for Public Land
Think Economics
Tomorrow's Tourism Ltd. (GBP)
Tourism Economics
Tourist Tracka Pty. Ltd.
Town of Pinetop-Lakeside
Town of Superior
Transport for NSW
TrueData Solutions, Inc.
TrueGrit Communications, LLC
TrustArc Inc.

Unify Technologies Pvt Ltd.
Unisource Solutions, Inc.
University of Canterbury
University of Montana
Unruly Group LLC
Urban Studies
Urban Systems Ltd.
Urbis Pty. Ltd.
V12 (fka DataMentors, LLC)
Valvoline
Veraset LLC
Vercara, LLC
Vietch Lister Consulting Pty. Ltd. (VLC)
VIOOH Ltd.
Visit Canton - Stark County CVB
Visual Approach
W E Upjohn Institute for Employment Research
Walmart
Wawa, Inc.
Wahl & Case EQIQ K.K.
Weedmaps
Wendy's International, LLC
Workaletta Inc.
XLocations, Inc.
Zartico, Inc.
ZoomInfo Technologies LLC
Zoom Video Communications, Inc.

**Lenders & Professionals**
Avidbank
Blue Torch Credit Opportunities Fund III LP
Blue Torch Finance LLC
BNP Paribas
Bpifrance Financing
BTC Holdings Fund II LLC
BTC Holdings KRS Fund LLC
BTC Holdings SBAF Fund LLC
King & Spalding LLP
KPG BTC Management LLC

**Shareholders**
Abhijit Hubli
Abhishek Ranjan
Aditi Sheel
Amelie Nisus

- 4 -

Amod Chopra
Amrita De La Penna
Aniket Suresh Chougule
Anuj Dayal Bharti
Anurag S
Arjun Divecha
Ashish Gupta
Ashok Vemuri
Asuri Narayanan Srikeshav
Aswathi C C
Axel Ferrier
Balaji Rajan
Bazile Cecille
BTIG, LLC
C Krithika Lakshmi
Camilo Mauricio Fonseca
Cantor Fitzgerald & Co
Carlin Tam Yan Fu
Cecil Capital Pte. Ltd.
Cede & Co
Chandrakumar Manoj
Charles-Antoine Dreyfus
Charu Sethi
Christian Freeman
Christina Michelle Handal
Cindy Olivier
CMDB II
David Michael Raitt
Dhivya B H
Edward Locksley Lowther-Harris
Febu P Mirza
First Asian Investments, Inc.
Geraldine Lei Vigilia
Ghali Vamsi Sai Krishna Murthy
Godspeed Investments Pte. Ltd.
Gokul Krishnan Rathakrishnan
Gopal Srinivasan
GPC NIV Ltd.
Gulshan Singh
Gurupramodha S G
Harish Ganesh
Himanish Shah
Himanshu Nigam
Hisashi Inotani
Ho Yi Hong

Honeih Etemadi Eydgahi
James Norman Blau
Jayson W Ayers
Jennifer-Jane Roszak
Jon Michael Atterbury
Jonathan Tang Wei Lin
Joseph Jing-Fong Chen
Juliette Barthe
Kamal Chhetri
Karen Steele
Kelsey Rae Waite
Kesav M
Kevin King-Tung Kwan
Kiran Kumar Venugopala
Kosaraju Ramya
Krishnan Rajagopalan
Kshama Keshav Zingade
Kumar Anish
Laxman B Nidagundi
Lindsay Kinuyo Yamaoka
Lola Millet-Bourgogne
Madhavan Rangaswami
Madhu Prasad N
Mahesh V Chalil
Manmeet Kaur
Mark Bailey
Mary Krishnamoorthy
Mathieu Saadat
Melissa Catherine Coates
Michael Radford
Mn Nagaraj
Mohamed Farouk Souissi
Mohit Chhajer
Moumita Sarkar
Murali Veeraiyan
Narayan Ramachandran
Naveen Kottigegollahalli Siddagangaiah
Navin Kesavan
Navneet Anand
Neha Gupta
Nguyen Anh Ngoc Tran
Nicolas Proust
Nisarga Pal
Nishanth Chandrasekaran
Northland Securities, Inc.

Ocean Capital Enterprises Co., Ltd.
Oriental Investment Advisors Pte. Ltd.
Paul Benoist
Penumutchu Vittal Kumar
Peter Lenz
Polar Multi-Strategy Master Fund
Pothukurchi Naga Santhosh Kumar
Prajakta Pandurang Sutar
Pranesh Sharma
Preethesh Loknath Shetty
Preethish
Pritha Dilip Das
Priya Raghavan
Rahul Saria
Raja A
Rajkumar Velagapudi
Ramapriya Kyathanahally Janardhan
Rashmi Vinitha R
Relentless Zen, LLC
Renuka Parthiban
Ricardo Rojas Ruiz
Richard Douglas Shaddle
Ronanki Dinesh Kumar
Rushikesh Namdeo Tapre
Sahil Vaid
Saksham Kahol
Sakshi Ganesh Asange
Sanaldev Vasudevan Meloottparambil
Sanjana Fernandes
Sarah Jayanetti
Sean Knight
Seema
Sequoia Capital India III Ltd.
Shikha Singh
Shreya Bande
Simon D Caballero
Smriti Kataria
Smyth Jules
Sriram Raghavan
Sudeep Charles
Sugandha Rai
Sumanth N
Suryabir Singh
Syed Rizwan Hashmi
Tejas Dhansukhbhai Panchal

The Benchmark Company, Llc
Timothy Coxon
Uday Kumar
Venkat Sai Giridhar Reddy Karam
Victoria Louise Heely
Vignesh V
Vijay Kumar Kuppili
Vinay Kumar Vemula
Vinayak Navale
Vinayaka Kulkarni Prabhakar

**Banks**
Avid Bank
BNP Paribas
Citibank
HSBC
ICICI Bank
MonFX

**Taxing / Regulatory Authorities /**
**Government Agencies**
California Franchise Tax Board
City of Pasadena
City of Los Angeles
Commonwealth of Massachusetts
Country of Singapore
Delaware Division of Corporations
District of Columbia
Internal Revenue Service
New York Department of Taxation &
Finance Corporation
New York City Department of Finance
State of California
State of Colorado
State of Delaware
State of Florida
State of Georgia
State of Hawaii
State of Indiana
State of Illinois
State of Kansas
State of Massachusetts
State of Maryland
State of Missouri
State of New Hampshire
State of New Jersey

State of New York
State of North Carolina
State of Oregon
State of Tennessee
State of Texas
State of Utah
State of Vermont
State of Virginia
State of Washington
State of Wisconsin

**Utilities**
ACC Business
Zayo Group, LLC
8x8 Inc.

**Litigation Parties**
Jonathan Zorio
Nash Brian
Anil Matthews

**Current and Former Directors & Officers**
Gladys Kong
Jay Angelo
John Faieta
Kathryn T. Petralia
Mark N. Greene
Michelle Zhou
Richard J. Salute
Sherman Edmiston III
Vijay Kuppili
Anil Matthews
Shobhit Shukla
Mini Krishnamoorthy
Ronald Steger
Gene Eubanks
Scott Slipy
Paul Gross
Madhusudan Therani
Justin Joseph
Andrea Chee Yuen Li

**Professionals**
Adlakha Kukreja & Co.
AEI Legal LLC
Baker Tilly US, LLP

Continental Stock Transfer & Trust Co.
Daijogo & Pedersen LLP
Drew & Napier LLC
Driti Advisors LLP
Ernst & Young LLP
GLC Advisors & Co., LLC
GLC Securities, LLC
Grant Thornton Bharat LLP
Kelley Drye & Warren LLP
Kroll Restructuring Administration
Lumos Law
M2K Advisors Pte Ltd
Natarajan & Swaminathan
Pragmatica Law LLP
Taylor Wessing LLP
Willkie Farr & Gallagher LLP
Young Conaway Stargatt & Taylor, LLP

**Benefit Providers**
Aetna
Aflac
Blue Cross and Blue Shield of Minnesota
Blue Cross and Blue Shield of North
Carolina
Blue Shield of California
CIGNA Global Health
Delta Dental
Empire Blue Cross
Farmers Group
Florida Blue
Guardian Dental
Kaiser Permanente
MetLife Dental
MetLife Life Insurance
The Hartford
TriNet Group
Tufts Health Plan
UnitedHealthcare
Vision Service Plan (VSP)

**Landlord / Sublessee**
CIT Bank, N.A.
First-Citizens Bank & Trust Company
Parsons Services Company
SM10000 PROPERTY, LLC

**Top 30 Creditors**
Akama Holdings Fz-LLC
Amazon Web Services, Inc.
Cantor Fitzgerald & Co.
Investments LLC
Digital Envoy, Inc.
EdgarAgents, LLC
EGS Inc.
Greater Pacific Capital Management Ltd.,
GPC NIV LTD.
Gopal Srinivasan
Haynes and Boone, LLP
HERE Europe B.V.
ICR LLC
Interxion Ireland DAC Limited
Kirkland & Ellis LLP
KludeIn Prime, LLC
Magnite, Inc.
Palisades Media Group, Inc.
Polar Multi Strategy Master Fund
Polar Asset Management Partners Inc.
Sequoia Capital India III Ltd.
Smaato, Inc.
Star Labs LLC
Talent Hunt USA
Taylor Wessing LLP
Telstra Ventures Fund II, L.P
Titan Columbus Ventures
The Benchmark Company, LLC
The Ebinger Family Trust
Venable LLP
Verve Group Europe GmbH
YA II PN, Ltd. c/o Yorkville Advisors
Global, LLC

**Judges / Court Employees**
Amanda Hrycak
Cacia Batts
Catherine Farrell
Claire Brady
Demitra Yeager
Jill Walker
Joan Ranieri
Judge Ashley M. Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt

Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Laurie Selber Silverstein
Judge Mary F. Walrath
Judge Thomas B. Horan
Laura Haney
Paula Subda
Una O'Boyle

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jonathan Lipshie
Jonathan Nyaku
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

## **SCHEDULE 2**

**Kroll Client Connections**

**(None)**

## Exhibit C

**Engagement Agreement**



**Kroll Restructuring Administration LLC Engagement Agreement**

This Agreement is entered into as of October 23, 2023 between Kroll Restructuring Administration LLC ("**_Kroll_**") and Near Intelligence, Inc. (the "**_Company_**").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  **Services**

    (a) Kroll agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "**_Services_**").

    (b) The Company acknowledges and agrees that Kroll will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "**_Company Parties_**") with respect to providing Services hereunder.  The parties agree that Kroll may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.

    (c) The Company agrees and understands that Kroll shall not provide the Company or any other party with legal advice.

2.  **Rates, Expenses and Payment**

    (a) Kroll will provide the Services on an as-needed basis and upon request or agreement of the Company, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "**_Rate Structure_**"); provided, however that Kroll will provide a discount of 15% off the attached hourly rates.  The Company agrees to pay for reasonable and documented out of pocket expenses incurred by Kroll in connection with providing Services hereunder.

    (b) The Rate Structure sets forth individual unit pricing for each of the Services.  The Company may request separate Services or all of the Services.

    (c) Kroll will bill the Company no less frequently than monthly.  All invoices shall be due and payable upon receipt.  Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Kroll may require advance or direct payment from the Company before the performance of Services hereunder.  If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

---

[1] The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.



(d) In case of a good faith dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Kroll within 10 days of receipt of the invoice.  The undisputed portion of the invoice will remain due and payable immediately upon receipt thereof.  Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Kroll or paid by Kroll to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Kroll an advance of $25,000.  Kroll may use such advance against unpaid fees and expenses hereunder.  Kroll may use the advance against all prepetition fees and expenses, which advance then shall be replenished immediately by the Company to the original advance amount; thereafter, Kroll may hold such advance to apply against unpaid fees and expenses hereunder.

(h) Kroll reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year.  If such annual increases represent an increase greater than 10% from the previous year's levels, Kroll shall provide 30 days' notice to the Company of such increases.

**3.  Retention in Bankruptcy Case**

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "***Bankruptcy Code***"), the Company promptly shall file applications with the Bankruptcy Court to retain Kroll (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c).  The form and substance of such applications and any order approving them shall be reasonably acceptable to Kroll.

(b) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Kroll will continue to be paid by the Company's bankruptcy estate for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

**4.  Confidentiality**

(a) The Company and Kroll agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.



## 5.   Property Rights

Kroll reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems, specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "***Property***") furnished by Kroll for itself or for use by the Company hereunder.  Fees and expenses paid by the Company do not vest in the Company any rights in such Property.  Such Property is only being made available for the Company's use during and in connection with the Services provided by Kroll hereunder.

## 6.   Bank Accounts

At the request of the Company or the Company Parties, Kroll shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction.  To the extent that such accounts or other financial products are provided to the Company, pursuant to Kroll's agreement(s) with financial institutions, Kroll may receive fees and other compensation from such institutions.

## 7.   Term and Termination

(a)   This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to the other party; or (ii) immediately upon written notice for Cause (as defined herein).  "***Cause***" means (i) gross negligence or willful misconduct of Kroll that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Kroll invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the retainer held by Kroll where Kroll reasonably believes it will not be paid.

(b)   If this Agreement is terminated after Kroll is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Kroll of its duties under such retention, which order shall be in form and substance reasonably acceptable to Kroll.

(c)   If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Kroll hereunder.

(d)   If this Agreement is terminated, Kroll shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Kroll shall provide the necessary staff, services and assistance required for such an orderly transfer.  The Company agrees to pay for such Services pursuant to the Rate Structure.

## 8.   No Representations or Warranties

Kroll makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.



9. **Indemnification**

    (a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "***Indemnified Parties***") from and against any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, reasonable and documented counsel fees and out of pocket expenses) (collectively, "***Losses***") resulting from, arising out of or related to Kroll's performance hereunder.  Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party related to the Services.

    (b) Kroll and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

    (c) The Company's indemnification of Kroll hereunder shall exclude Losses resulting from Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

    (d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

10. **Limitations of Liability**

Except as expressly provided herein, Kroll's liability to the Company for any Losses, unless due to Kroll's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct, shall be limited to the total amount paid by the Company for the portion of the particular work that gave rise to the alleged Loss.  In no event shall Kroll's liability to the Company for any Losses arising out of this Agreement exceed the total amount actually paid to Kroll for Services provided hereunder.  In no event shall Kroll be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

11. **Company Data**

    (a) The Company is responsible for, and Kroll does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Kroll and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**").  Kroll bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

    (b) The Company agrees, represents and warrants to Kroll that before delivery of any information to Kroll: (i) the Company has full authority to deliver such information to Kroll; and (ii) Kroll is authorized to use such information to perform Services hereunder.

    (c) Any data, storage media, programs or other materials furnished to Kroll by the Company may be retained by Kroll until the Services provided hereunder are paid in full.  The Company shall remain liable for all fees and expenses incurred by Kroll under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Kroll.  Any such



disposal shall be in a manner requested by or acceptable to the Company; provided that if the Company has not utilized Kroll's Services for a period of 90 days or more, Kroll may dispose of any such materials, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice; provided that undeliverable mail may be disposed of upon closing of the case without notice to the client.  The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data or information provided by the Company to Kroll.

(d)  If Kroll is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

(e)  Following the commencement of the Company's chapter 11 case, Kroll may use Company's name and logo on its website and in its promotional materials to state that Company is a customer of Kroll and its Services during and after the term of this Agreement.

## 12.  Non-Solicitation

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Kroll during the term of this Agreement and for a period of 12 months after termination thereof unless Kroll provides prior written consent to such solicitation or retention.

## 13.  Force Majeure

Whenever performance by Kroll of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Kroll's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

## 14.  Choice of Law

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

## 15.  Arbitration

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction.  There shall be three arbitrators named in accordance with such rules.  The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

## 16.  Integration; Severability; Modifications; Assignment

(a)  Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the



agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Kroll.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Kroll may assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

**17. <u>Effectiveness of Counterparts</u>**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement.  This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.

**18. <u>Notices</u>**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

|  |  |
|---|---|
| If to Kroll: | Kroll Restructuring Administration LLC |
|  | 55 East 52nd Street, 17th Floor |
|  | New York, NY 10055 |
|  | Attn:    Legal Department |
|  | Tel:    (212) 257-5450 |
|  | Email:  Legal@kbs.kroll.com |
|  |  |
| If to the Company: | Near Intelligence, Inc. |
|  | 100 W Walnut St., Suite A-4 |
|  | Pasadena, CA 91124 |
|  | Attn: Jay Angelo |
|  | Tel: 1 (415) 299-4272 |
|  |  |
|  | Email: jay.angelo@near.com |
| With a copy to: | Willkie Farr & Gallagher LLP |
|  | 787 Seventh Avenue |
|  | New York, NY 10019 |
|  | Attn:    Andrew S. Mordkoff |
|  | Tel:    (212) 728-8963 |
|  | Email:  amordkoff@willkie.com |



IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Kroll Restructuring Administration LLC**

By: Shira Weiner

Title: General Counsel


**Near Intelligence, Inc.**

By: Jay Angelo

Title: General Counsel and Chief Privacy Officer



## R A T E S

Quality.
Partnership.
Expertise.
Innovation.

| Claim and Noticing Rates | |
| --- | --- |
| **TITLE** | **HOURLY RATE** |
| **Analyst**<br>The Analyst processes incoming proofs of claim, ballots and return mail, and physically executes outgoing mailings with adherence to strict quality control standards. | $30 - $60 |
| **Technology Consultant**<br>The Technology Consultant provides database support for complex reporting requests and administers complicated variable data mailings. | $35 - $110 |
| **Consultant/Senior Consultant**<br>The Consultant is the day-to-day contact for mailings, updates the case website, prepares and executes affidavits of service, responds to creditor inquiries and maintains the official claim register, including processing of claims objections and transfers. Consultants have between three and five years of experience.<br><br>The Senior Consultant directs the data collection process for the master mailing list and Schedules & SOFA, oversees all mailings, performs quality control checks on all claims and ballots, and generates claim and ballot reports. Senior Consultants average over five years of experience. | $65 - $195 |
| **Director**<br>The Director is the lead contact for the company, counsel and advisors on the case engagement and oversees all aspects of the bankruptcy administration, including managing the internal case team. In many instances, the executives of Kroll Restructuring Administration will serve in this role at this rate. Directors have over ten years of experience and are typically former restructuring attorneys or paralegals. | $175 - $245 |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



**R A T E S**

Quality.
Partnership.
Expertise.
Innovation.

### Solicitation, Balloting and Tabulation Rates

| TITLE | HOURLY RATE |
|---|---|
| **Solicitation Consultant**<br>The Solicitation Consultant reviews, tabulates and audits ballots, and executes plan solicitation and other public securities mailings. In addition, the Solicitation Consultant prepares customized reports relating to voting and other corporate events (such as exchange offers and rights subscriptions) and interfaces with banks, brokers, nominees, depositories and their agents regarding solicitations and other communications. Solicitation Consultants average over five years of experience. | $220 |
| **Director of Solicitation**<br>The Director of Solicitation is the lead consultant in the plan solicitation process. The Director oversees and coordinates soliciting creditor votes on a plan of reorganization and will attest to solicitation processes and results. The Director also advises on public securities noticing and related actions, including voting, exchange offers, treatment elections, rights subscriptions and distributions and coordinates with banks, brokers, nominees, their agents and depositories to ensure the smooth execution of these processes. Kroll Restructuring Administration's Director of Solicitation has over 15 years of experience and is a former restructuring attorney. | $245 |

### Printing & Noticing Services

| | |
|---|---|
| Printing | $0.10 per page |
| Customization/Envelope Printing | $0.05 each |
| Document folding and inserting | No charge |
| Postage/Overnight Delivery | Preferred Rates |
| Public Securities Events | Varies by Event |
| Standard E-mail Noticing | No charge |
| Fax Noticing | $0.10 per page |
| Proof of Claim Acknowledgment Card | $0.10 per card |
| Envelopes | Varies by Size |

### Newspaper and Legal Notice Publishing

| | |
|---|---|
| Coordinate and publish legal notices | Available on request |

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106



## R A T E S

Quality.
Partnership.
Expertise.
Innovation.

| Case Website | |
|---|---|
| Case Website setup | No charge |
| Case Website hosting | No charge |
| Update case docket and claims register | No charge |

| Client Access | |
|---|---|
| Access to secure client login (unlimited users) | No charge |
| Client customizable reports on demand or via scheduled email delivery (unlimited quantity) | No charge |
| Real time dashboard analytics measuring claim and ballot information and document processing status | No charge |

| Data Administration and Management | |
|---|---|
| *Kroll does not charge for automated processes, encrypted bandwidth and other similar components of overhead.* | |
| Inputting proofs of claim and ballots | Standard hourly rates (no per claim or ballot charge) |
| Electronic Imaging | $0.12 per image |
| Data Storage, maintenance and security | $0.10 per record per month |
| Virtual Data Rooms | Available on request |

| On-line Claim Filing Services | |
|---|---|
| On-line claim filing | No charge |

| Call Center Services | |
|---|---|
| Case-specific voice-mail box | No charge |
| Interactive Voice Response ("IVR") | No charge |
| Monthly maintenance | No charge |
| Call center personnel | Standard hourly rates |
| Live chat | Standard hourly rates |

| Disbursement Services & Securities Eligibility Services | |
|---|---|
| Securities Eligibility Services | Available on request |
| Check issuance and/or Form 1099 | Available on request |
| W-9 mailing and maintenance of EIN/TIN database | Standard rates |

**About Kroll**
As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2022 Kroll, LLC. All rights reserved. KR21035106