IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**January 5, 2024 at 11:00 a.m. (ET)** |
| | **Objection Deadline:**<br>**December 29, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for professionals and granting related relief. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and legal predicates for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

**BACKGROUND**

4.  On December 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  No official committee has been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

6.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of these Chapter

11 Cases, is set forth in detail in the *Declaration of John Faieta in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 14].[2]

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of the Proposed Order, establishing procedures for interim compensation and reimbursement of expenses for professionals and granting related relief.

**I.   Retention of Professionals**

8. The Debtors have filed, or will file, applications to retain certain professionals, including, Willkie Farr & Gallagher LLP and Young Conaway Stargatt & Taylor, LLP, as the Debtors' bankruptcy co-counsel, GLC Advisors & Company, as the Debtors' investment banker, Kroll, Inc., as the Debtors' administrative agent, and Ernst & Young, as the Debtors' financial advisor. The Debtors may seek to retain other professionals during the course of these Chapter 11 Cases if the need arises (the professionals retained by the Debtors in these Chapter 11 Cases are hereafter collectively referred to as the "Professionals").

**II.   Proposed Compensation and Reimbursement Procedures**

9. By this Motion, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

   a. On or before the 20th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

       Monthly Fee Application by electronic or regular mail on each of the following parties (collectively, the "Notice Parties"):

    i.    proposed counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com);

    ii.    the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, (Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov);

    iii.    counsel to the (a) Prepetition First Lien Agent for the Prepetition First Lien Agent and (b) the DIP Agent for the DIP Lenders (i) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com), and Austin Park, Esq. (apark@morrisnichols.com); and

    iv.    counsel to any Committee (as defined below) appointed in these Chapter 11 Cases.

    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.    Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

4

c.  Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application. If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.  If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If, and to the extent that, the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment. If, however, the parties are unable to reach a complete resolution of the objection within ten (10) days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

e.  At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

   i.   the Monthly Fee Applications that are the subject of the request;

   ii.  the amount of fees and expenses requested;

   iii. the amount of fees and expenses paid to date and/or subject to an Objection;

    iv. the deadline for parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and

    v. any other information requested by the Court or required by the Local Rules.

   Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 14th day following service of the applicable Interim Fee Application.

  f. The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three (3) months, or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

  g. The first Interim Fee Period will cover the period from the Petition Date through February 29, 2024. Each Professional must file and serve its first Interim Fee Application on or before March 31, 2024.

  h. The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

  i. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

  10. The Debtors also request that each member of any appointed official committee of unsecured creditors (the "<u>Committee</u>") be permitted to submit statements of expenses (excluding fees and expenses of counsel to individual Committee members) with supporting documentation to Committee counsel, which counsel shall collect and submit Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these

Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of the Court.

11.     The Debtors further request that the Court limit the notice of the Interim Fee Applications and the final fee applications (the "Final Fee Applications") to (a) the Notice Parties and (b) parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The Debtors further request that (a) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application, any Final Fee Applications, and any notices of hearing on Interim Fee Applications and Final Fee Applications (the "Hearing Notices"), and (b) all other parties entitled to notice be entitled to receive only the Hearing Notices. Providing notice of interim and final fee application hearings in such manner will allow the parties most active in these Chapter 11 Cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

12.     The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

13.     The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures.  In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the U.S. Trustee, to more efficiently monitor the compensation and reimbursement of Professionals in these Chapter 11 Cases.

## BASIS FOR RELIEF

14.     Section 330 of the Bankruptcy Code provides that, after notice and a hearing, the Court may award to professionals reasonable compensation and reimbursement of expenses.

Section 331 of the Bankruptcy Code provides that all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Courts have generally recognized that in chapter 11 cases it is appropriate to allow payment of professionals more frequently. In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts, including this one, have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. Accordingly, the Court has authority to enter an order authorizing the Compensation Procedures requested herein.

16. Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors. Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on part of the attorneys for the Debtors in providing services necessary for the successful resolution of these Chapter 11 Cases. The Debtors have limited resources to deal with the burdens imposed by the filing of these Chapter 11 Cases. Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtors, the Professionals, the Court, the U.S. Trustee, and other parties in interest. Moreover, the proposed Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services, and that such Professionals are not forced to bear undue financial burden or risk caused by prolonged delays in payment.

17. The Compensation Procedures requested herein will: (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to these Chapter 11 Cases; (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of undisputed Monthly Fee Applications; and (d) eliminate undue financial burdens on the Professionals and avoid having the Professionals fund the costs of the Debtors' Chapter 11 Cases.

18. Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

## NOTICE

19. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Stalking Horse Bidder, the prepetition lenders and DIP lenders; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 15, 2023
Wilmington, Delaware                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admittted *pro hac vice*)

787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*