## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of expenses for professionals; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these Chapter 11 Cases retained by the Debtors or any appointed official committee of unsecured creditors (the "<u>Committee</u>") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "<u>Compensation Procedures</u>"):

      a.      On or before the 20th day of each calendar month, or as soon as practicable thereafter, each Professional may file an application (a "<u>Monthly Fee Application</u>") with this Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by regular mail on each of the following parties (collectively, the "<u>Notice Parties</u>"):

            i.      proposed counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com);

            ii.      the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, (Attn:  Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov);

            iii.      counsel to the (a) Prepetition First Lien Agent for the Prepetition First Lien Agent and (b) the DIP Agent for the DIP Lenders (i) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey King, Esq. (gking@kslaw.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq.  (mharvey@morrisnichols.com), Brenna

Dolphin, Esq. (bdolphin@morrisnichols.com), and Austin Park, Esq. (apark@morrisnichols.com); and

iv.     counsel to any Committee appointed in these Chapter 11 Cases.

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

b.     Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application to review the request (the "Review Period").  If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties.  A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.     Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with this Court with respect to the fees and expenses requested in its Monthly Fee Application (each, a "CNO").  After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application.  If a Notice of Objection was timely received and remains unresolved, a Professional may file a CNO with this Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application, and the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.     If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment.  If, however, the parties are unable to reach a complete resolution of the objection within ten (10) days after service of the Notice of Objection, unless otherwise agreed by the parties, the objecting party shall file its objection (the "Objection") with this Court within three (3) business days and serve such Objection on the respective Professional and each of the Notice Parties.  Thereafter, the Professional may either (i) file with this Court a response to the Objection, together with a request for a hearing on the matter, or (ii) forego filing a response to the Objection and seeking payment of the disputed amounts

until the next interim or final fee application hearing, at which time this Court will consider the Objection, if requested by the parties.

e.   At three-month intervals or such other intervals convenient to this Court (the "Interim Fee Period"), each of the Professionals may file with this Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, in connection with the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code.   The Interim Fee Application must include a brief description identifying the following:

   i.    the Monthly Fee Applications that are the subject of the request;

   ii.   the amount of fees and expenses requested;

   iii.  the amount of fees and expenses paid to date and/or subject to an Objection;

   iv.   the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

   v.    any other information requested by this Court or required by the Local Rules.

   Additional Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day following service of the applicable Interim Fee Application.

f.   The Debtors will request that this Court schedule a hearing on the Interim Fee Applications at least once every three (3) months, or at such other intervals as this Court deems appropriate.  If no Objections are pending and no Additional Objections are timely filed, this Court may grant an Interim Fee Application without a hearing.

g.   The first Interim Fee Period will cover the period from the Petition Date through February 29, 2024.  Each Professional must file and serve its first Interim Fee Application on or before March 31, 2024.

h.   The pendency of an Objection or Additional Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i.      Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures, nor (ii) the filing of or failure to file an Objection or Additional Objection will bind any party in interest or this Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by this Court.

3.      In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is employed and retained pursuant to the Debtors' motion for an order authorizing the retention and employment of ordinary course professionals and is not otherwise required to file fee applications in accordance with the terms thereof, shall (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) as applicable, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

4.      Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding fees and expenses of counsel to individual committee members), with supporting documentation to Committee counsel, which counsel shall collect and submit such Committee member's request for reimbursement in accordance with the Compensation Procedures.  Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not

authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

5.      The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties entitled to notice shall be entitled to receive only notices of hearings on the Interim Fee Applications and Final Fee Applications.

6.      All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.      The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.