**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**January 5, 2024 at 11:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**December 29, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals (as hereinafter defined) on an "as needed" basis, without the submission of separate, formal retention applications

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith, and (c) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter finals orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and legal predicates for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND

4.       On December 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of John Faieta in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 14].[2]

## THE ORDINARY COURSE PROFESSIONALS

7.      The Debtors customarily retain the services of attorneys, accountants, auditors, and other professionals to represent them in matters arising in the ordinary course of their business (the "Ordinary Course Professionals").  A list of the Ordinary Course Professionals the Debtors expect to utilize during the pendency of these Chapter 11 Cases is attached as **Exhibit 1** to the Proposed Order.  The Debtors anticipate utilizing the Ordinary Course Professionals to perform services related to the Debtors' business during the pendency of these Chapter 11 Cases.

8.      In contrast to the proposed retention procedure for Ordinary Course Professionals, the Debtors have filed individual retention applications for any professional that the Debtors seek to employ in connection with the administration of these Chapter 11 Cases (the "Chapter 11 Professionals").  The Debtors anticipate that the Chapter 11 Professionals will be compensated and reimbursed in accordance with certain interim compensation procedures that will be separately approved by the Court.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

**RELIEF REQUESTED**

9. By this Motion, the Debtors request that the Court enter the Proposed Order (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, and (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith.

**PROPOSED RETENTION PROCEDURE**

10. To provide interested parties and the Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with the Court, and to serve upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 (Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna

4

Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov), (collectively, the "Notice Parties"), a disclosure declaration (the "Declaration"), in the form attached to the Proposed Order as **Exhibit 2**, at least fourteen (14) days before submitting an invoice to the Debtors. Such Declaration shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (f) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

11. The Debtors further request that all parties in interest have fourteen (14) days from the date of the filing and service of the Declaration to object to the retention of an Ordinary Course Professional. Any such objection must be timely filed with the Court and served upon the Ordinary Course Professional and the Notice Parties. If no timely objection to the retention of the Ordinary Course Professional is filed and served, or if all objections are withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of the

Court. If an objection is filed and cannot be resolved and/or is not withdrawn within twenty (20) days after service of such objection, the Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to the Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

12. The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on **Exhibit 1** to the Proposed Order, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with the Court one or more supplements to **Exhibit 1** (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on **Exhibit 1**, each additional Ordinary Course Professional identified in a Supplemental Notice shall be required to file and serve upon the Court and the Notice Parties a Declaration at least fourteen (14) days before submitting an invoice to the Debtors. All parties in interest would have fourteen (14) days after service of a Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are resolved and/or withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of the Court.

**PROPOSED PAYMENT PROCEDURES**

13. The Debtors seek authority to pay, in the manner customarily made by the Debtors and without any application to the Court by any Ordinary Course Professional, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional, so long as such fees and expenses do not exceed the cap established herein. Absent further order of the Court, the

6

Debtors will not pay any fees or expenses to an Ordinary Course Professional unless and until the Ordinary Course Professional is retained pursuant to the procedures set forth herein. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

14. The Debtors propose that they be permitted to pay, without any application to the Court by any Ordinary Course Professional, fees and expenses not exceeding a total of $45,000 per month, on average, over a rolling three-month period to any particular Ordinary Course Professional (the "OCP Cap"), unless otherwise authorized by the Court; *provided, however*, that the OCP Cap may not be increased other than upon mutual agreement of the Debtors, the Committee, the U.S. Trustee, and counsel to the Prepetition First Lien Lenders and DIP Lenders (the "Reviewing Parties"). If any particular Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professional must apply for approval by the Court of all of such Ordinary Course Professional's fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court, provided, however, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily

maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.[3]

15. The Debtors propose to except from the OCP Cap any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf. In other words, the cap would apply only to direct disbursements by the Debtors.

16. The Debtors, as a matter of course, will carefully review all billing statements received from the Ordinary Course Professionals to ensure that the fees charged are reasonable and that the expenses incurred are necessary. This type of review, coupled with the proposed OCP Cap, will protect the Debtors' estates against excessive and improper billings.

17. The Debtors further propose to file a payment summary statement (the "OCP Statement") with the Court not more than thirty (30) days after the end of each three-month period during these Chapter 11 Cases, or such other period as the Court directs, and to serve such statement on the Notice Parties. For the avoidance of doubt, if the requested relief is granted, the first OCP Statement will be due on March 31, 2024 for the period from the Petition Date through and including February 29, 2024. The OCP Statement will include the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

18. The Notice Parties shall file and serve on the Debtors and any applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within

---

[3] The Debtors request that no Ordinary Course Professional be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded the OCP Cap.

fourteen (14) calendar days following the filing of each OCP Statement. If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code. Any fees and expenses that are ultimately not allowed by the Court after resolution of such an objection shall be subject to disgorgement.

## BASIS FOR RELIEF

**I. The Retention of the Ordinary Course Professionals and the Proposed Procedures Related Thereto Are Appropriate and in the Best Interests of the Debtor, Their Estates, and Their Creditors.**

19. The Ordinary Course Professionals are not "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by the Court. See, e.g., In re Napoleon, 233 B.R. 910, 913 (Bankr. D. N.J. 1999) ("In order to be considered a 'professional person' within the meaning of § 327, it is not enough that the party be a professional by education or training. Instead he or she must also play an integral role in the administration of the bankruptcy case."); Elstead v. Nolden (In re That's Entm't Mkt'g Grp., Inc.), 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); In re Madison Mgmt. Group, Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re Sieling Assocs. Ltd. P'ship, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (explaining "the phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate," thus professionals involved only in the debtor's ongoing business do not require approval under section 327). Nevertheless, out of an abundance of caution, the Debtors seek an order

authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Chapter 11 Cases.

20. The work performed by the Ordinary Course Professionals, albeit ordinary course, is important to preserve the value of the Debtors' estates. It would be unduly cumbersome and expensive if the Debtors were required to (a) submit to the Court an employment application, declaration, and proposed retention order for each Ordinary Course Professional, (b) wait for entry of an order approving the retention of the Ordinary Course Professionals, and (c) withhold payment of the fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals. Further, some of the Ordinary Course Professionals may be unfamiliar with the employment and fee application procedures employed in bankruptcy cases. Finally, some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates.

21. Requiring each Ordinary Course Professional to file employment applications and follow the fee application process required of the Chapter 11 Professionals would burden the Court and the U.S. Trustee's office with unnecessary employment and fee applications, while adding to the administrative costs of these Chapter 11 Cases, without any corresponding benefit to the Debtors' estates. This Motion proposes a reasonable and customary procedure to alleviate that burden.

22. Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors or hold prepetition retainers in respect of prepetition services rendered, the Debtors do

not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, creditors, or other parties in interest in connection with the matter upon which they are to be engaged, and each Ordinary Course Professional would meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code.  By this Motion, the Debtors are **not** requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

II. **The Requested Limited Waiver of Local Rule 2016-2 Is Justified Under the Circumstances.**

23. Finally, pursuant to the proposed procedures, in the event that an Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professionals shall be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.  However, it may not be the general practice of the Ordinary Course Professionals to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d).  Because such Ordinary Course Professionals may not ordinarily maintain such time records—and would not be required to submit time records to the Court unless the OCP Cap is exceeded—requiring such Ordinary Course Professionals to comply with Local Rule 2016-2(d) in those instances when a fee application is necessary would in effect require Ordinary Course Professionals to start maintaining such records at the outset of these Chapter 11 Cases in the unlikely event the OCP Cap is exceeded at some point during the course of these Chapter 11 Cases. It would be difficult, time-consuming, and expensive for such Ordinary Course Professionals to comply with Local Rule 2016-2(d) and, given the relatively modest amounts likely to be at issue, a waste of resources.  As such, the Debtors seek a waiver of the information requirements set forth in Local Rule 2016-2(d) for those Ordinary Course Professionals, *and only those professionals*,

that do not, in the ordinary course of business, keep detailed time records in tenths-of-an-hour increments.

24. Notwithstanding that such Ordinary Course Professionals do not keep time records in increments of tenths-of-an-hour, if a fee application is ultimately required, such Ordinary Course Professionals shall submit time records setting forth, in a summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtor. In addition, the waiver requested hereby shall only apply to those Ordinary Course Professionals whose Declaration of Disinterestedness states that they do not keep, in the ordinary course of business, detailed time records that would comply with Local Rule 2016-2(d). As such, the Notice Parties will have an opportunity to object to any such requested waiver to the extent they think it is improper. Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

## NOTICE

25. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

*[Remainder of Page Left Intentionally Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 15, 2023
Wilmington, Delaware    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

    */s/ Shane M. Reil*
    Edmon L. Morton (No. 3856)
    Matthew B. Lunn (No. 4119)
    Shane M. Reil (No. 6195)
    Carol E. Cox (No. 6936)
    Rodney Square
    1000 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 571-6600
    Facsimile: (302) 571-1253
    emorton@ycst.com
    mlunn@ycst.com
    sreil@ycst.com
    ccox@ycst.com

    -and-

    **WILLKIE FARR & GALLAGHER LLP**
    Rachel C. Strickland (admitted *pro hac vice*)
    Andrew S. Mordkoff (admitted *pro hac vice*)
    Joseph R. Brandt (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, New York 10019
    Telephone:  (212) 728-8000
    Facsimile:  (212) 728-8111
    rstrickland@willkie.com
    amordkoff@willkie.com
    jbrandt@willkie.com

    *Proposed Co-Counsel to the Debtors*
    *and Debtors in Possession*