## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962(TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No.** |

**ORDER AUTHORIZING (I) THE DEBTORS
TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN
PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY
COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE,
(II) WAIVING CERTAIN INFORMATION REQUIREMENTS
OF LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (a) authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals on an "as needed" basis, without the submission of employment applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred by such Ordinary Course Professional, without the submission of fee applications for each Ordinary Course Professional, and (b) waiving certain information requirements of Local Rule 2016-2, at such time as they would be applicable, in connection therewith; and upon consideration of the First

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Subject to the procedures set forth below, the Debtors are authorized, but not directed, to retain, effective as of the Petition Date, the professionals listed on **Exhibit 1** attached hereto (collectively, the "Ordinary Course Professionals"), without the need to file employment applications for each Ordinary Course Professional.

3. At least fourteen (14) days before submitting invoices to the Debtors, each Ordinary Course Professional shall file with this Court, and serve upon (i) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien

Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, NY 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899 Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (Benjamin.a.hackman@usdoj.gov) (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached hereto as **Exhibit 2**, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the results of such search; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (f) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

4. All parties in interest shall have fourteen (14) days after service of each Ordinary Course Professional's Declaration to object to the retention of such Ordinary Course Professional. Any objection shall be filed with this Court and served upon the relevant Ordinary Course

Professional and the Notice Parties. If no timely objection is filed and served in respect of an Ordinary Course Professional, or if any objections are resolved or withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional on a final basis without further order of this Court. If an objection is filed and cannot be resolved and/or is not withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors. If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

5. Absent further order of this Court, the Debtors may not make any payments to any Ordinary Course Professional unless and until such Ordinary Course Professional is authorized to be retained under the procedures set forth herein.

6. The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain professionals not currently listed on **Exhibit 1** hereto by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 3, 4, and 5 hereof. All parties in interest shall have fourteen (14) days after service of a Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures set forth in paragraphs 3, 4, and 5 hereof. If no objection to the retention of the Ordinary Course Professional is filed and served, or all objections are resolved and/or withdrawn, the Debtors shall be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

7. The Debtors are authorized, but not directed, to pay to each Ordinary Course Professional, in the manner customarily made by the Debtors and without any application to this Court by any Ordinary Course Professional, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses so long as the fees and expenses for any particular Ordinary Course Professional do not exceed a total cap of $45,000 per month, on average, over a rolling three-month period (the "OCP Cap") except as otherwise ordered by this Court; *provided, however*, that the OCP Cap may not be increased other than upon mutual agreement of the Debtors, the Committee, the U.S. Trustee, and counsel to the Prepetition First Lien Lenders and DIP Lenders (the "Reviewing Parties"). Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered and expenses incurred, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

8. If an Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of this Court, *provided, however*, that if an Ordinary Course Professional does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration, and no party objects thereto or any such objection is resolved or withdrawn, the requirements of Local Rule 2016-2 shall be waived to permit said Ordinary Course Professional to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors. No Ordinary Course

Professional shall be required to submit interim or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded the OCP Cap.

9. Within thirty (30) days after the last day of each three month period during these Chapter 11 Cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "OCP Statement") that includes the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered. The first OCP Statement is due on March 31, 2024 for the period from the Petition Date through and including February 9, 2024. The Notice Parties shall file and serve on the Debtors and any applicable Ordinary Course Professional objections to the payments made to Ordinary Course Professionals within fourteen (14) calendar days following the filing of each OCP Statement. If an objection to the fees and/or expenses of an Ordinary Course Professional is timely filed and served, such fees and expenses shall be subject to review and approval by this Court pursuant to section 330 of the Bankruptcy Code. Any fees and expenses that are ultimately not allowed by this Court after resolution of such an objection shall be subject to disgorgement.

10. The Ordinary Course Professionals will not perform substantial services relating to bankruptcy matters or be involved in the administration of these Chapter 11 Cases, but rather will provide services, which were commenced prior to these Chapter 11 Cases, in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy professionals.

11. Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder shall be subject to the OCP Cap and the "Approved Budget"

as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

12. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Ordinary Course Professionals

| Ordinary Course Professional | Mailing Address | Services Provided |
|---|---|---|
| Adlakha Kukreja & Co. | Q-7, II Floor, Model Town-1, New Delhi, India | Accounting Services |
| AEI Legal LLC | 1 Phillip Street, #05-01 Royal One Phillip, Singapore 048692 | Secretarial Services |
| Baker Tilly US, LLP | 205 North Michigan Avenue, Chicago, IL 60601 | Tax Services |
| Daijogo & Pedersen LLP | 21 Tamal Vista Boulevard, Suite 295, Corte Madera, CA 94925 | Legal Services |
| Driti Advisors LLP | Cornwell Road, Longford Garden, Bangalore 560025 | Tax Services |
| Grant Thorton Bharat LLP | 21st Floor, Jacaranda Marg, DLF Phase II, DLF Square, Gurugram, Haryana, 122002 | Accounting Services |
| Kelley Drye & Warren LLP | 101 Park Avenue, New York, NY 10017 | Legal Services |
| KJ Consulting | D101, Spectra Palmwoods, Nallurahalli Main Road, Siddhapura, Bangalore, India 560066 | Legal Services |
| Lumos Law, Professional Corporation | 251 S. Lake Avenue, Suite 800, Pasadena, CA 91101 | Legal Services |
| M2K Advisors Pte Ltd. | #07-02, Cecil Street, The Octagon, Singapore-069534 | Tax Services |
| Natarajan & Swaminathan | 1 North Bridge Road #19-04/05 High Street Centre, Singapore 179094 | Audit Services |
| Pragmatica Law LLP | 2 Embarcadero Center, 8th Floor, San Francisco, CA 94111 | Legal Services |
| Snell & Wilmer | 600 Anton Blvd, Suite 1400, Costa Mesa, CA 92626-7689 | Patent & Trademark |

# **EXHIBIT 2**

**OCP Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NEAR INTELLIGENCE, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11962 (TMH) <br><br> (Jointly Administered) <br><br> **Objection Deadline:** |

### DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

I, _____, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. This declaration (this "Declaration") is submitted in accordance with that certain Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. ___] (the "OCP Order"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the OCP Order.

2. The Debtors have requested that [Firm] (the "Firm") provide [insert description of services to be rendered] services to the Debtors, and the Firm has agreed to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases for persons that are parties in interest in these Chapter 11 Cases. The Firm does not perform services for any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

1

such person in connection with these Chapter 11 Cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

7. The Debtors owe the Firm $[insert amount, if any] for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code. [FOR NON LEGAL FIRMS:  The Firm has waived, or will waive, any prepetition claim against the Debtors' estates.]

8. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached hereto as **Exhibit 1**].

9. The Firm has read the OCP Order and understands the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event that it exceeds the OCP Cap, the Firm will be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
[NAME]
[ADDRESS]