IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>January 5, 2024 at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>December 29, 2023 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING FOR CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

　　　　The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), pursuant to sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002(a)(7), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) establishing deadlines by which creditors (as defined in section 101(10) of the Bankruptcy Code) may file proofs of claim (the "Proofs of Claim") in these chapter 11 cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the form and scope of notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

Bar Dates (as defined below) in substantially the form attached to the Bar Date Order as Exhibit 1 (the "Bar Date Notice"), (d) approving mailing procedures with respect thereto, and (e) granting related relief. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3003(c), and 5005(a), and Local Rule 2002-1.

## BACKGROUND

4. On December 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of John Faieta in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 14].[2]

## RELIEF REQUESTED

7. By this Motion, the Debtors request that the Court enter the Bar Date Order (a) establishing deadlines by which creditors (as defined in section 101(10) of the Bankruptcy Code) must file Proofs of Claim in these Chapter 11 Cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the form and scope of the Bar Date Notice, (d) approving mailing procedures with respect thereto, and (e) granting related relief.

## ESTABLISHMENT OF THE BAR DATES

8. Bankruptcy Rule 3003(c)(2) provides that any creditor or equity security holder who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or interest in the Debtors that arose, or is deemed to have arisen, prior to the Petition Date and whose claim or interest is either (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules") or (b) is listed on the Schedules as disputed, contingent, or unliquidated, must file a proof of claim or interest. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim or interest must be filed in a chapter 11 case.

9. <u>General Bar Date</u>. The Debtors request that the Court establish 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (a) the date the Debtors file their Schedules with the Court, and (b) the date of entry of the Bar Date Order, as the deadline for all persons and entities (excluding governmental units as defined in section 101(27)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

of the Bankruptcy Code), holding a claim against the Debtors, to file a Proof of Claim in these Chapter 11 Cases (the "General Bar Date").  The General Bar Date would be the date by which all creditors (as defined in section 101(10) of the Bankruptcy Code) holding prepetition claims (as defined in section 101(5) of the Bankruptcy Code) must file Proofs of Claim, unless one of the exceptions set forth in this Motion is applicable.  Subject to these exceptions, the General Bar Date would apply to all creditors holding claims against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims (the holder of any such claims, the "Claimant").

10. Governmental Bar Date.  In addition, section 502(b)(9) of the Bankruptcy Code provides that governmental units (as defined in section 101(27) of the Bankruptcy Code) shall have 180 days after the petition date, or such later time as the Bankruptcy Rules may provide, to file proofs of claim or interest.  Accordingly, because the proposed General Bar Date is expected to be earlier than 180 days after the Petition Date, the Debtors request that the Court establish June 5, 2024 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each governmental unit holding a claim against the Debtors to file a Proof of Claim in these Chapter 11 Cases (the "Governmental Bar Date").

11. Rejection Damages Bar Date.  The Debtors further propose that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection (the "Rejection Damages Bar Date").

4

12.  **Amended Schedules Bar Date**.  The Debtors further propose that, if the Debtors amend their Schedules, the deadline by which creditors holding claims affected by such amendment must file a Proof of Claim shall be the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days following service of notice of an amendment to the Debtors' Schedules (the "Amended Schedules Bar Date," and, together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, each a "Bar Date," and collectively, the "Bar Dates").

## PROCEDURES FOR FILING PROOFS OF CLAIM

13.  Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code) must file with Kroll Restructuring Administration LLC (the "Claims Agent" or "Kroll"), the Debtors' claims and noticing agent, an original, written proof of such claim that substantially conforms to the Proof of Claim form attached to the Bar Date Order as Exhibit 2 (the "Proof of Claim Form") either (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.  The Debtors request that the Bar Date Order provide that (a) Proofs of Claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and (b) Proofs of Claim are deemed timely filed only if such claims are **actually received** by the

Claims Agent on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. The Debtors propose that properly filing an original, written Proof of Claim or an electronic Proof of Claim that substantially conforms to the Proof of Claim Form be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their priority status, are prepetition claims); *provided, however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by a Proof of Claim.

**I.    Claims for Which a Proof of Claim Is Not Required to Be Filed by the Applicable Bar Date**

14.    The Debtors propose that holders of the following claims **not** be required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claims:

    a.    a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410;

    b.    a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

    c.    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

    d.    an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

    e.    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

    f.    a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g.  a claim of any Debtor against another Debtor;

h.  any fees payable to the office of the United States Trustee for the District of Delaware (the "U.S. Trustee") under 28 U.S.C. § 1930;

i.  a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

j.  the claims of the Prepetition First Lien Secured Parties, DIP Lenders, and DIP Agent under the Prepetition First Lien Documents and the DIP Loan documents and pursuant to the *Interim Order (I) Authorizing the Debtors To Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 66] (together with any subsequent interim or final order approving the use of cash collateral and/or postpetition financing, the "DIP Order");

k.  a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

l.  any current officer or director of the Debtors who held such position as of the Petition Date who has a claim for indemnification, contribution, or reimbursement.

15.  The Debtors propose that any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") not be required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

**II.      Requirements for Preparing and Filing Proofs of Claim**

16.     With respect to preparing and filing a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

- a. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is in ink.

- b. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

- c. Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

- d. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (23-11962 (TMH)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Near Intelligence, Inc.

- e. Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To

          the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Near Intelligence, Inc.

    f.    Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided</u> that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

    g.    Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by the Claims Agent on or before the applicable Bar Date as follows: (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

    h.    Proofs of Claim sent by facsimile or electronic mail will not be accepted.

    i.    Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

### III. Consequence of Failure to File Proof of Claim by the Bar Dates

17. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for any purpose of voting or distribution.

### PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATES

### I. Mailing of Bar Date Notice

18. To provide adequate notice to creditors pursuant to Bankruptcy Rule 2002(a)(7) and (f), the Debtors propose to serve the Bar Date Notice, together with a copy of the Proof of

9

Claim Form (the "Bar Date Package"), by first class United States mail, postage prepaid (or equivalent service), to the following parties:

    a.    all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

    b.    all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    c.    all parties that have filed Proofs of Claim in these Chapter 11 Cases as of the date of the Bar Date Order;

    d.    all known holders of equity securities in the Debtors as of the date of the Bar Date Order;[3]

    e.    all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

    f.    all known parties to litigation with the Debtors as of the date of the Bar Date Order;

    g.    any applicable regulatory authorities;

    h.    the Internal Revenue Service;

    i.    all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    j.    the Securities and Exchange Commission; and

    k.    the United States Attorney for the District of Delaware.

19.    The Debtors propose to serve the Bar Date Package within five (5) business days after the later of (a) the date the Debtors file their Schedules with the Court, and (b) the date of entry of the Bar Date Order. The proposed Bar Date Notice provides creditors and parties in interest with sufficient and appropriate information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failing to timely file a Proof of

---

[3] The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

Claim. Accordingly, the Debtors request that the Court approve the form and scope of the proposed Bar Date Notice.

## II. Supplemental Mailings

20. After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known after the initial mailing of the Bar Date Package.

21. The Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in the situations described above and similar circumstances as soon as reasonably practicable after entry of the Bar Date Order, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

## III. Publication Notice

22. Potential claims against the Debtors may exist that the Debtors have not been able to identify on the Schedules. Such unknown potential claims may include, for example: (a) claims of trade vendors that failed to submit invoices to the Debtors; (b) claims of persons or entities with potential unasserted causes of action against the Debtors; and (c) other claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that: (a) it is appropriate to provide notice of the Bar Dates to these persons or entities whose names and addresses are unknown to the Debtors; and (b) it is advisable to provide

supplemental notice to known holders of potential claims.  Therefore, pursuant to Bankruptcy Rule 2002(*l*),[4] the Debtors request authority to publish notice of the Bar Dates substantially in the form attached to the Bar Date Order as Exhibit 3 (the "Publication Notice") once in USA Today (or other similar national publication) as soon as practicable after entry of the Bar Date Order, but no later than twenty-one (21) days before the General Bar Date, and such other local newspapers or publications, if any, as the Debtors deem appropriate.  In the Debtors' judgment, such publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of these Chapter 11 Cases.

**BASIS FOR RELIEF**

**I.    Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases**

23.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the deadline for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).  As it specifically relates to claims seeking administrative expenses, the Bankruptcy Code plainly recognizes the importance to the administration of the estate of limiting the lifespan of such claims, requiring that Claimants seeking administrative expense Claims under section 503(a) of the Bankruptcy Code "timely file"

---

[4]    Bankruptcy Rule 2002(*l*) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

such claims. See 11 U.S.C. § 503(a); 11 U.S.C. § 1129(a)(9)(A) (requiring payment in full of claims asserted under sections 503(b) and 502(f) prior to court approval of a reorganization plan); see also In re American Metallurgical Prods. Co. v. Kirkpatrick & Lockhart, 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting that an administrative expense claim may be tardily filed only for cause).

24.     The punctual resolution of prepetition claims is essential to the Debtors' chapter 11 efforts and to the efficient administration of their estates.  Establishing a bar date allows the Debtors to expeditiously and efficiently determine and evaluate the liabilities of their estates in order to analyze negotiate, and prepare a chapter 11 plan that is in the best interests of their creditors.  In contrast, the absence of such a bar date, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995).

25.     The Bar Dates and related procedures described herein are designed to achieve administrative and judicial efficiency.  Such procedures provide creditors with ample notice and opportunity and provide a clear process for filing Proofs of Claim.  Indeed, the proposed procedures outlined above provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

26.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion and/or uncertainty among their creditors that might lead them to file unnecessary

protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Further, the use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to how their claims are reflected in the Schedules. The proposed procedures comply with the Bankruptcy Code and also provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of executory contract or unexpired lease rejections).

27. For the reasons set forth above, the Bar Dates, the Bar Date Order, the Bar Date Notice, and the Publication Notice proposed by the Debtors are fair, reasonable, and adequate.

**II.    The Proposed Notice Procedures Are Reasonable and Appropriate**

28. Pursuant to Bankruptcy Rule 2002(a)(7), creditors are entitled to at least twenty one (21) days' notice by mail of the deadline fixed for filing Proofs of Claim pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with foreign addresses. Fed. R. Bankr. P. 2002(p)(2). Additionally, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement the notice. Fed. R. Bankr. P. 2002(*l*). Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

29. To determine the adequacy of notice to a creditor, case law distinguishes between "known" and "unknown" creditors. Generally, the former are creditors whose identity is either known or is reasonably ascertainable by a debtor, while the latter are creditors whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of a debtor in the ordinary course of business. See Tulsa Prof'l Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,

14

317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed). While the Debtors have and will continue to undertake reasonably diligent efforts to identify all creditors, it is possible that these efforts will not identify every creditor of the Debtors.

30. Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. However, where a creditor is unknown, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. See, e.g., In re Enron Corp., Case No. 01-16034, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor"). Accordingly, the Debtors propose to mail the Bar Date Notice to their known creditors, and to rely on the Publication Notice to give notice to any unknown creditors. These procedures are consistent with applicable case law and practice. See, e.g., Mullane, 339 U.S. at 317; Tulsa, 485 U.S. at 490 (if names and addresses are available, notice must be mailed, whereas publication notice is allowed if it is not "reasonably possible or practicable to give more adequate warning").

31. The Debtors submit that they are providing sufficient time for all parties in interest, including foreign creditors, to assert their claims. Further, because the notice procedures described herein will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed notice procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases.

32. The Bar Date Notice and the Publication Notice proposed by the Debtors are fair, reasonable, and adequate. The procedures proposed herein are appropriate and fair to all parties

affected thereby in that they provide ample notice and give sufficient time to creditors within which to file any necessary Proofs of Claim. Granting the relief requested will facilitate the orderly confirmation and implementation of a chapter 11 plan in these Chapter 11 Cases and expedite any payment of claims to creditors.

## RESERVATION OF RIGHTS

33. Nothing in the Proposed Orders or this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## NOTICE

34. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors request entry of the Bar Date Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 15, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*