## EXHIBIT A

**Proposed Bar Date Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No.** |

**ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES
FOR FILING PROOFS OF CLAIM (INCLUDING FOR CLAIMS ARISING
UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND
(B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections

105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3003(c), and

5005(a), and Local Rule 2002-1, (a) establishing deadlines by which creditors (as defined in

section 101(10) of the Bankruptcy Code) may file proofs of claim (the "Proofs of Claim") in these

Chapter 11 Cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the

form and scope of the Bar Date Notice, (d) approving mailing procedures with respect thereto, and

(e) granting additional relief; and upon consideration of the First Day Declaration; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

the Motion is required except as otherwise provided herein; and it appearing that this Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, unless otherwise noted.

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      This Court hereby approves (a) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Order as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion.

3.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date and whose claim is (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules"), (b) listed on the Schedules as disputed, contingent, or unliquidated, or (c) is listed on the Debtors' Schedules but against the wrong Debtor, must file a Proof of Claim on or prior to 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file their Schedules with this Court, and (ii) the date of entry of this Order (the "General Bar Date").

4.      Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is June 5, 2024 at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

5.      Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection (the "Rejection Damages Bar Date").

6.      If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date," and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, each a "Bar Date," and collectively, the "Bar Dates").

7.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

8.      All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person, or electronically through the online Proof of Claim Form available at https://cases.ra.kroll.com/near an original, written Proof of Claim that substantially conforms to

3

the Proof of Claim Form so as to be **actually received** by the Claims Agent by no later than 5:00

p.m. (prevailing Eastern Time) on or before the applicable Bar Date (a) if by first-class mail, at:

Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC,

Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (b) if by overnight delivery

service or hand delivery, at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll

Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

9.      A Proof of Claim must satisfy all of the following requirements to be considered

properly and timely filed in these Chapter 11 Cases:

a.      Each Proof of Claim must:  (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is in ink.

b.      Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (23-11962 (TMH)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Near Intelligence, Inc.

e.      Unless otherwise ordered by this Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Near Intelligence, Inc.

f.      Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by the Claims Agent on or before the applicable Bar Date as follows: (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

h.      Proofs of Claim sent by facsimile or electronic mail will not be accepted.

i.      Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

10.    Proofs of Claim sent to the Claims Agent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

11.    Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.      an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f.      a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g.      a claim of any Debtor against another Debtor;

h.      any fees payable to the office of the United States Trustee for the District of Delaware (the "U.S. Trustee") under 28 U.S.C. § 1930;

i.      a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

j.      the claims of the Prepetition First Lien Secured Parties, DIP Lenders, and DIP Agent under the Prepetition First Lien Documents and the DIP Loan documents and  pursuant to the DIP Order;

k.      a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

l.      any current officer or director of the Debtors who held such position as of the Petition Date who has a claim for indemnification, contribution, or reimbursement.

12.     Any Claimant exempted from filing a Proof of Claim pursuant to **paragraph 11** above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by **paragraph 11** above.

13.     Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

14.     Within five (5) business days after the later of (a) the date the Debtors file their Schedules with this Court, and (b) the date of entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form (the "Bar Date Package"), by first class United States mail, postage prepaid (or equivalent service), to the following parties:

a.      all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

b.      all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

c.      all parties that have filed Proofs of Claim in these Chapter 11 Cases as of the date of this Order;

d.  all known holders of equity securities in the Debtors as of the date of this Order;[3]

e.  all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

f.  all known parties to litigation with the Debtors as of the date of this Order;

g.  any applicable regulatory authorities;

h.  the Internal Revenue Service;

i.  all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

j.  the Securities and Exchange Commission; and

k.  the United States Attorney for the District of Delaware.

15.  In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

16.  Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication Notice to be published once in USA Today (or other similar national publication) as soon as practicable after entry of this Order but no later than twenty-one (21) days before the General Bar Date, and in such other local newspapers or publications, if any, as the Debtors deem appropriate. Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

17.  Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; *provided*,

---

[3]  The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

*however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

18.     Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

19.     Nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend the Schedules.  In addition, nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

20.     The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

21.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

22.    The Debtors and the Claims Agent are authorized to take any and all actions necessary to effectuate the relief granted herein.

23.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

24.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## EXHIBIT 1

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE FOR THE FILING**
**OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS**
**ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON [*]**

TO:    ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS (AS LISTED
BELOW)

Please take notice that on December 8, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [●], 2023, the Court entered an order (the "Bar Date Order")[9] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (the "Proofs of Claim").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "Notice") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (collectively, the "Schedules"). If the Debtors believe that you hold claims against more than one (1) Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and

---

2    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

3    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

the United States Trustee.  In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information About the Debtors' Cases**.  The Debtors' cases are being jointly administered under case number 23-11962 (JMH). No trustee or examiner has been requested in these Chapter 11 Cases, [and no committees have been appointed.]

**Individual Debtor Information**.  The last four digits of each Debtor's federal tax identification number, as applicable, are set forth below.  The Debtors' mailing address is 1475 Folsom Street, Suite 400, San Francisco, California 94103.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Near Intelligence, Inc. | 23-11962 (JMH) | 7857 |
| Near Intelligence LLC | 23-11965 (JMH) | 7857 |
| Near Intelligence Pte. Ltd. | 23-11966 (JMH) | N/A |
| Near North America, Inc. | 23-11967 (JMH) | 9078 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1.    **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

a.    ***General Bar Date***.  Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim ***by 5:00 p.m., prevailing Eastern time on [●]***.  Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims

13

against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.    ***Governmental Bar Date***.  All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***June 5, 2024 at 5:00 p.m., prevailing Eastern Time***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    ***Rejection Damages Bar Date.***  Unless otherwise ordered by the Court, all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

d.    ***Amended Schedules Bar Date.***  If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

## 2.    PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding

that such claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

### A.     <u>Claims for Which No Proof of Claim Is Required to Be Filed.</u>

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **<u>solely with respect to such claim</u>**:

a.     a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410;

b.     a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect to the identified Debtor;

c.     an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.     an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.     a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f.     a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g.     a claim of any Debtor against another Debtor;

h.     any fees payable to the United States Trustee under 28 U.S.C. § 1930;

i.     a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date.

j.     the claims of the Prepetition First Lien Secured Parties, DIP Lenders, and DIP Agent under the Prepetition First Lien Documents and the DIP Loan documents and pursuant to the DIP Order;

k.      a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

l.      any current officer or director of the Debtors who held such position as of the Petition Date who has a claim for indemnification, contribution, or reimbursement.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to <u>Section 2.A</u> above <u>must still properly and timely file</u> a Proof of Claim for any other claim that does not fall within the exemptions provided by <u>Section 2.A</u> above.** As set forth above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtors.

B.      <u>No Bar Date for Proof of Interest.</u>

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "<u>Interest Holder</u>") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

3.      <u>WHEN AND WHERE TO FILE.</u>

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by the Claims Agent by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date as follows: (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

Proofs of Claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to the Claims Agent by overnight mail, courier service, hand delivery, regular mail, in person, or through the website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to the Claims Agent).

4.      **CONTENTS OF A PROOF OF CLAIM.**

With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.      Each Proof of Claim must:  (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b.      Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity:  (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (23-11962 (JMH)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Near Intelligence, Inc.

e.      Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Near Intelligence, Inc.

f.      Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.      Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by KCC on or before the applicable Bar Date as follows: (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

h.      Proofs of Claim sent by facsimile or electronic mail will not be accepted.

i.      Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

## 5.   **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

## 6.   **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

## 7.   **THE DEBTORS' SCHEDULES.**

You may be listed as the holder of a claim against the Debtors in the Schedules.  The Schedules are available free of charge on Kroll's website at https://cases.ra.kroll.com/near.  If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these chapter 11 cases with respect to such claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

8.      **<u>RESERVATION OF RIGHTS.</u>**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein of the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

9.      **<u>ADDITIONAL INFORMATION.</u>**

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at https://cases.ra.kroll.com/near. If you have questions concerning the filing or processing of Claims, you may contact the Claims Agent, by telephone at: (844) 344-0799 (U.S. and Canada toll free), or +1(646) 651-1196 (outside the U.S.) or (ii) by email at: nearinfo@ra.kroll.com. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

*[Remainder of this page intentionally left blank]*

Dated: December [___], 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## **EXHIBIT 2**

**Proof of Claim Form**

**United States Bankruptcy Court, District of Delaware**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|
| Near Intelligence, Inc.(Case No. 23-11962) |
| Near Intelligence LLC (Case No. 23-11965) |
| Near Intelligence Pte. Lte. (Case No. 23-11966) |
| Near North America, Inc. (Case No. 23-11967) |

<u>Modified Official Form 410</u>

# Proof of Claim

04/22

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |

| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code |
| | Contact phone _____<br>Contact email _____ | Contact phone _____<br>Contact email _____ |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____      Filed on _____<br>                                                                                                MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| **7. How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                    $_____<br><br>**Amount of the claim that is secured:**      $_____<br><br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* |

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**  $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature
**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____ |
| | First name          Middle name                    Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City                                   State       ZIP Code |
| Contact phone | _____          Email _____ |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/Near.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
Near Intelligence, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
Near Intelligence, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/Near/EPOC-Index.

**Do not file these instructions with your form**

## EXHIBIT 3

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING
FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON [\*]**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 8, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  On [●], 2023, the Court entered an order [D.I. ●] (the "**Bar Date Order**")[2] establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following Debtors:

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| Near Intelligence, Inc. | 23-11962 (JMH) | 7857 |
| Near Intelligence LLC | 23-11965 (JMH) | 7857 |
| Near Intelligence Pte. Ltd. | 23-11966 (JMH) | N/A |
| Near North America, Inc. | 23-11967 (JMH) | 9078 |

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before 5:00 p.m. (prevailing Eastern Time), on [●], 2023 (the "General Bar Date"), by submitted an original proof of claim form to Kroll Restructuring Administration, LLC

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

("Kroll" or the "Claims Agent") as follows: (a) electronically via the interface available at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, in each case so that it is **actually received** on or before the General Bar Date; *provided* that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a proof of claim against the Debtors is June 5, 2024 at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

All entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date").

All entities asserting claims against the Debtors that are affected by an amendment or supplement to the Schedules are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through Kroll's website. Proofs of Claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, MAY NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

Copies of the Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at https://cases.ra.kroll.com/near. If you have questions concerning the filing or processing of Claims, you may contact the Claims Agent, by telephone at: (844) 344-0799 (U.S. and Canada toll free), or +1(646) 651-1196 (outside the U.S.) or (ii) by email at: nearinfo@ra.kroll.com. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

Dated: December [___], 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*