**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date & Time: January 5, 2024 at 11:00 a.m. (ET)<br><br>Objection Deadline: December 29, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP
AS CO-COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of the law firm Willkie Farr & Gallagher LLP ("Willkie") as co-counsel to the Debtors *nunc pro tunc* to the commencement of these chapter 11 cases. In support of this Application, Willkie relies upon and incorporates by reference the *Declaration of John Faieta in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 14] (the "First Day Declaration"), which was filed with this Court on the Petition Date (as defined below), the *Declaration of Rachel C. Strickland in Support of Debtors' Application for Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Strickland Declaration"), which is attached hereto as **Exhibit A**, and the *Declaration of John Faieta in Support of Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date*, which is attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014(a) and 2016 of the Bankruptcy Rules, Local Rules 2002-1, 2014-1, 2016-2(h), and 9013-1, and the Guidelines (as defined below).

## BACKGROUND

4. On December 8, 2023 (the "Petition Date"), the Debtors each filed voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are

authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committees have been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

7. By this Application, the Debtors seek to employ and retain Willkie as bankruptcy co-counsel, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014, Local Rule 2014-1, and the guidelines (the "Guidelines") adopted by the Executive Office for the United States Trustee from time to time under 28 U.S.C. § 586(a)(3). Pursuant to section 328(a) of the Bankruptcy Code, the Debtors further request that the Court approve the retention of Willkie, as attorneys for the Debtors, effective as of the Petition Date, to perform the legal services that will be required during these Chapter 11 Cases in accordance with Willkie's normal hourly rates in effect when services are rendered and under Willkie's normal reimbursement policies.

## BASIS FOR RELIEF

### A. Willkie's Qualifications

8. The Debtors retained Willkie in September 2023 to provide legal advice and assistance in connection with a potential restructuring and other matters agreed to by the Debtors and Willkie. The Debtors selected Willkie due to Willkie's expertise and experience in the areas of business reorganization and restructuring. Willkie attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate

reorganizations, and related tax, corporate finance, commercial litigation, real estate, and employee benefits matters, among others.

9. Since September 2023, Willkie has been actively involved in advising the Debtors on potential restructuring options and the preparation of these Chapter 11 Cases. Prior to the Petition Date, Willkie advised the Debtors in connection with negotiations with the Debtors' lenders and entry into the proposed stalking horse asset purchase agreement with BTC Near Holdco LLC and the Debtors' postpetition financing facility, which the Court approved on an interim basis on December 11, 2023. Willkie also assisted the Debtors with an internal investigation into alleged improprieties against their former Chief Executive Officer and former Chief Financial Officer, among other parties. Willkie is familiar with the Debtors' operations and business and is well qualified to represent the Debtors in these cases.

10. The terms of Willkie's retention are set forth in the engagement letter by and between the Debtors and Willkie, dated as of September 14, 2023, a copy of which is annexed hereto as **Exhibit C** (the "Engagement Letter").

B. **Scope of Services**

11. Subject to the Court's approval, the Debtors propose to retain Willkie and Young Conaway Stargatt & Taylor LLP ("YCST") to serve as their bankruptcy co-counsel in these Chapter 11 Cases to provide the following services:

    (a) prepare, on behalf of the Debtors, all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of these Chapter 11 Cases;

    (b) counsel the Debtors with regard to their rights and obligations as debtors in possession in the continued operation of their business and the management of their estates;

    (c) represent and advise the Debtors in the sale of their business through these Chapter 11 Cases;

    (d)    represent and advise the Debtors in connection with the process for confirming their proposed chapter 11 plan;

    (e)    provide the Debtors with advice, represent the Debtors and prepare all necessary documents on behalf of the Debtors in the areas of corporate finance, employee benefits, real estate, tax, and bankruptcy law, and commercial litigation, debt restructuring, and asset dispositions in connection with these Chapter 11 Cases;

    (f)    advise the Debtors with respect to actions to protect and preserve the Debtors' estates during the pendency of these Chapter 11 Cases, including the prosecution of actions by the Debtors, the defense of actions commenced against the Debtors, negotiations concerning litigation in which the Debtors are involved, and objections to claims filed against the estates; and

    (g)    perform all other necessary or requested legal services in connection with these Chapter 11 Cases.

12. In connection with these Chapter 11 Cases, the Debtors are also seeking authority to retain: (a) Kroll Restructuring Administration LLC as claims, noticing, and administrative agent; (b) Ernst & Young LLP as financial advisor; (c) GLC Advisors & Co. as investment banker; and (d) certain other professionals used in the ordinary course of business.

13. Each of these firms works under the direction of the Debtors' board of directors and senior management. The Debtors' directors and senior management are committed to minimizing duplication of services in order to reduce professional costs, among other things. To that end, Willkie is prepared to work closely with YCST and the other professionals to ensure that there is no unnecessary duplication of effort or cost.

    **C.**    <u>**Disinterestedness of Willkie**</u>

14. The Debtors submit that the retention of Willkie under the terms described herein is appropriate under sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code. Section

327(a) of the Bankruptcy Code empowers the trustee,[2] with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (A)   is not a creditor, an equity security holder, or an insider;
>
> (B)   is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C)   does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any director or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

15.   Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

16.   Further, to the best of the Debtors' knowledge, the partners and associates of Willkie do not have any connection with the Debtors, their creditors, or any other party in interest, or its attorneys, except to the extent set forth in the Strickland Declaration. Accordingly, the Debtors believe Willkie is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

---

[2] Pursuant to section 1107(a) of the Bankruptcy Code, the Debtors, as debtors in possession, have substantially all of the rights, powers and duties of a trustee.

17. Additionally, Willkie has informed the Debtors that it will conduct an ongoing review of its files and promptly supplement its disclosure to the Court in the event the circumstances change or new information is discovered from that presented in the Strickland Declaration.

18. In the event Willkie's representation of the Debtors in connection with any matter in these Chapter 11 Cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtors will work with YCST to represent its interests with respect to such matter against such party.

19. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, . . . including on an hourly basis . . ." 11 U.S.C. § 328(a). The Debtors may require Willkie to render extensive legal services, the cost of which may not be estimable. Accordingly, it is necessary and essential for the Debtors, as debtors in possession, to employ Willkie as their attorneys on an hourly basis.

### D. Compensation

20. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the Guidelines, and other procedures that may be fixed by the Court, the Debtors request that Willkie be compensated on an hourly basis and that Willkie receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors in these cases. Further, Willkie intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Guidelines, and any other applicable orders issued by this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Willkie in connection with these cases.

21. Willkie informed the Debtors that, subject to this Court's approval, it will bill at its standard hourly rates, which currently are: $1,550 to $2,250 for partners and senior counsel, $565 to $1,500 for associates, other attorneys and law clerks, and $345 to $590 for paraprofessionals. The current hourly rates for the Willkie attorneys and paraprofessionals with primary responsibility for this matter are:

(a) Rachel C. Strickland (Partner – Business Reorganization & Restructuring), $2,250;

(b) Andrew S. Mordkoff (Partner – Business Reorganization & Restructuring), $1,650;

(c) Thomas Mark (Partner – Corporate & Financial Services), $2,125;

(d) Daniel Durschlag (Partner – Finance), $1,850;

(e) Stuart R. Lombardi (Partner – Litigation), $1,650;

(f) Joseph R. Brandt (Associate – Business Reorganization & Restructuring), $1,215;

(g) Amanda Fang (Associate – Business Reorganization & Restructuring), $1,115;

(h) Cameron Cavalier (Law Clerk – Business Reorganization & Restructuring), $565; and

(i) Rohan Sasso (Paraprofessional – Business Reorganization & Restructuring), $345.

22. Other attorneys and paraprofessionals will, from time to time, assist in the representation of the Debtors in connection with these Chapter 11 Cases at Willkie's standard hourly rates in effect for those personnel.

23. The Debtors believe these rates are consistent with market rates for comparable services, and have been informed that Willkie sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on October 1st of each year) to reflect economic and other conditions. In the event of a rate increase, Willkie will file a supplemental

declaration with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any official committee appointed in these cases.

24. Willkie will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services it provides to the Debtors. The Debtors understand that Willkie is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, "working" meals, and computer research.

25. As set forth in the Strickland Declaration, prior to the Petition Date, Willkie received certain payments from the Debtors as compensation for professional services to be performed relating to the Debtors' out-of-court restructuring efforts and the commencement of these Chapter 11 Cases, and for the reimbursement of reasonable and necessary expenses. Willkie has applied these payments to fees and expenses incurred prior to the Petition Date as set forth in the Strickland Declaration. As set forth in the Strickland Declaration, Willkie has $47,019.34 remaining on account. After application to any existing prepetition fees and expenses, Willkie will waive any outstanding amounts, if any, owed as of the Petition Date.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

26. In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"), Willkie shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures

and orders of the Court. Willkie also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Willkie in these Chapter 11 Cases.

## NOTICE

27. Notice of this Application will be provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) counsel to the Stalking Horse Bidder, the prepetition lenders and DIP lenders; (v) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (vi) the Securities and Exchange Commission; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

28. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary. No previous motion for the relief sought herein has been made to this court or any other court.

*[Remainder of Page Left Intentionally Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit D**, granting the relief requested in the Application and granting the Debtors such other and further relief as may be just and proper.

Dated: December 15, 2023　　　　　　　　**Near Intelligence, Inc.**
　　　　　　　　　　　　　　　　　　　　**Near Intelligence LLC**
　　　　　　　　　　　　　　　　　　　　**Near North America, Inc.**
　　　　　　　　　　　　　　　　　　　　**Near Intelligence Pte. Ltd.**

　　　　　　　　　　　　　　　　　　　　Debtors and Debtors in Possession


　　　　　　　　　　　　　　　　　　　　By:　*/s/ John Faieta*
　　　　　　　　　　　　　　　　　　　　　　　John Faieta
　　　　　　　　　　　　　　　　　　　　　　　Chief Financial Officer