# EXHIBIT A

**Strickland Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF RACHEL C. STRICKLAND IN
## SUPPORT OF THE DEBTORS' APPLICATION
## FOR ORDER AUTHORIZING RETENTION AND
## EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP
## AS CO-COUNSEL FOR DEBTORS, *NUNC PRO TUNC* TO PETITION DATE

I, Rachel C. Strickland, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.      I am a member of the firm of Willkie Farr & Gallagher LLP ("Willkie"), which maintains offices for the practice of law at 787 Seventh Avenue, New York, New York 10019.  I am an attorney-at-law, duly admitted to the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.   I submit this Declaration in connection with the Application[2] of the debtors and debtors in possession in the above-captioned cases (the "Debtors") to retain Willkie as co-counsel to the Debtors in their Chapter 11 Cases, *nunc pro tunc* to December 8, 2023 (the "Petition Date"), and to provide the disclosures required under section 329 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but not defined herein shall have the meanings given to them in the Application.

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2.      Willkie has been actively involved in many recent chapter 11 cases.  Willkie represents or has represented the debtors, creditors, or other parties in interest in recent cases, including: In re Troika Media Group, Inc., Case No. 23-11969 (DSJ) (Bankr. S.D.N.Y.); In re Unconditional Love, Inc., Case No. 23-11759 (MFW) (Bankr. D. Del.); In re Clovis Oncology, Inc., Case No. 22-11292 (JKS) (Bankr. D. Del.); In re Western Global Airlines, Inc., Case No. 23-11093 (KBO) (Bankr. D. Del.); In re Core Scientific, Inc., Case No. 22-90341 (CML) (Bankr. S.D. Tex.); In re Celsius Network LLC, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.); In re Cineworld Group plc, Case No. 22-90168 (MI) (Bankr. S.D. Tex.); In re SAS AB, Case No. 22-10925 (MEW) (Bankr. S.D.N.Y.); In re GenapSys, Inc., Case No. 22-10621 (BLS) (Bankr. D. Del.); In re GBG USA Inc., Case No. 21-11369 (MEW) (Bankr. S.D.N.Y.); In re Grupo Aeroméxico, S.A.B. de C.V., Case No. 20-11563 (SCC) (Bankr. S.D.N.Y.); In re Avianca Holdings S.A., Case No. 20-11133 (MG) (Bankr. S.D.N.Y.); In re Intelsat S.A., Case No. 20-32299 (KLP) (Bankr. E.D. Va.); In re Neiman Marcus Group LTD LLC, Case No. 20-32519 (DRJ) (Bankr. S.D. Tex.); In re Frontier Communications Corp., Case No. 20-22476 (RDD) (Bankr. S.D.N.Y.); In re Modell's Sporting Goods, Inc., Case No. 20-14179 (VFP) (Bankr. D.N.J.); In re Pace Industries, LLC, Case No. 20-10927 (MFW) (Bankr. D. Del.); In re Southland Royalty Co. LLC, Case No. 20-10158 (KBO) (Bankr. D. Del.), among many others.

3.      Accordingly, Willkie is well qualified to represent the Debtors and to address both effectively and efficiently the potential legal issues that may arise in the context of these Chapter 11 Cases.[3]

---

[3]   Capitalized terms used but not defined herein have the meaning ascribed to them in the Application.

## WILLKIE'S CONNECTIONS TO THE DEBTORS

4.        Willkie utilizes a number of procedures (the "Firm Procedures") to determine its

relationships, if any, to parties that may have connections to a debtor client.  In implementing

such Firm Procedures, the following actions were taken to identify parties that may have

connections to the Debtors and Willkie's relationship with such parties:

(a)        Willkie requested and obtained from the Debtors extensive lists of interested parties and significant creditors (the "Potential Parties in Interest").[4]  The Potential Parties in Interest include, among others, the Debtors and their non-Debtor affiliates, the Debtors' prepetition secured lender and equity holders, customers, banks, the officers and directors of the Debtors, the Debtors' thirty (30) largest unsecured creditors, insurers, vendors, material contract counterparties, landlords/leases, professionals, employee benefits providers, utilities, landlords, litigation parties, taxing authorities, employees of the Office of the United States Trustee, and the judges and employees of the United States Bankruptcy Court for the District of Delaware.  A copy of the list of the Potential Parties in Interest searched by Willkie is annexed hereto as Schedule 1.

(b)        Willkie then compared each of the Potential Parties in Interest to the names in its master electronic database of current and former clients (the "Client Database").  The Client Database generally includes the name of each client of the firm, the name of each party who is or was known to be adverse to such client of the firm, the name of each party that has or had a substantial role with regard to the subject matter of Willkie's retention, and the names of the Willkie partners who are or were primarily responsible for matters for such clients.

(c)        A questionnaire was issued by e-mail to all Willkie attorneys worldwide requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or Willkie, on the one hand, and any of the Debtors or the Potential Parties in Interest, on the other hand;[5]

---

[4]     The list of Potential Parties in Interest provided by the Debtors is extensive, but may not be complete.  Willkie intends to work with the Debtors throughout these Chapter 11 Cases to ensure that the list of Potential Parties is updated regularly throughout these Chapter 11 Cases.  Willkie will continue to review the relationships its attorneys may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist.  As may be necessary, Willkie will supplement this Declaration if it becomes aware of a relationship that may adversely affect Willkie's retention in these cases or otherwise should be disclosed.  Willkie also will update this disclosure if it is advised of any acquisition of claims against the Debtors by parties with which Willkie has a relationship that is required to be disclosed.

[5]     In reviewing its records and the relationships of its attorneys, Willkie did not seek information as to whether any Willkie attorney or member of their immediate family:  (a) indirectly owns, through a public mutual fund or

(ii) any known connections or representation by the respondent and/or Willkie of any of the Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why Willkie may be unable to represent the Debtors.

(d)   Known connections between former or current clients of Willkie and the Potential Parties in Interest were compiled for purposes of preparing this Declaration.

5.   As a result of the Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, Willkie:

(A)   is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services),[6] an equity security holder of the Debtors or an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code;

(B)   is not and has not been, within two (2) years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

(C)   does not have an interest materially adverse to the interests of the Debtors' estates, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

Accordingly, I believe Willkie is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

## REPRESENTATION OF PARTIES IN INTEREST

6.   As a result of the Firm Procedures, I have thus far ascertained that, in each case, upon information and belief, Willkie has the following connections with certain of the Potential Parties in Interest:

(a)   Because of its broad-based general practice, Willkie:  (i) has appeared in the past and may appear in the future in cases unrelated to these Chapter

---

through partnerships in which certain Willkie partners have invested but as to which such partners have no control over or knowledge of investment decisions, securities of any party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest.  If any such relationship does exist, I do not believe it would impact Willkie's disinterestedness or otherwise give rise to a finding that Willkie holds or represents an interest adverse to the Debtors' estate.

[6]   See paragraph 14.

11 Cases where one or more of the Potential Parties in Interest may be involved; and (ii) has represented in the past, currently represents, and/or may represent in the future one or more of said parties or other potentially interested parties or creditors in matters unrelated to the Debtors and these Chapter 11 Cases.

(b)     Willkie has in the past three (3) years represented the Potential Parties in Interest or their affiliates listed on Schedule 2 hereto.[7]  Upon information and belief, and based on information adduced through the Firm Procedures, unless disclosed herein all such matters were unrelated to the Debtors and these Chapter 11 Cases.  Willkie may represent such entities in the future in matters unrelated to the Debtors and these Chapter 11 Cases.

(c)     Willkie currently represents or has open matters respecting the Potential Parties in Interest or their affiliates listed on Schedule 3 attached hereto (the "Current Clients").  Upon information and belief, and based on the information obtained through the Firm Procedures, such matters are unrelated to the Debtors and these Chapter 11 Cases, except as noted below.  Willkie may continue to represent such entities in the future in matters wholly unrelated to the Debtors and these Chapter 11 Cases.  Of the Current Clients listed in Schedule 3, AIG and National Union Fire Insurance Company of Pittsburgh, PA (as a subsidiary of AIG) represented less than 2% of Willkie's revenues in 2021 and 2022 and approximately 2% of Willkie's revenues in 2023, and Google represented less than 1.5% of Willkie's revenues generated during 2023 to date.  No other Current Clients listed in Schedule 3 represented more than 1% of Willkie's revenues generated during any of 2021 and 2022 or 2023, to date.

(d)     Certain of my partners at Willkie and certain counsel to and associates of Willkie and certain of such persons' relatives may have familial or personal relationships, as well as business, contractual, or economic relationships, with affiliates, officers, directors, creditors or competitors of the Debtors and/or other Potential Parties in Interest in these Chapter 11 Cases.  I do not believe these familial or personal relationships, considered separately or collectively, are material.

(e)     Certain of my partners at Willkie and certain of the associates and counsel to Willkie and certain of such persons' relatives may directly or indirectly be shareholders of creditors of the Debtors, competitors of the Debtors

---

[7]   In certain instances, the precise identity of the Potential Party in Interest was not readily ascertainable (e.g., only the trade name or a portion thereof was known).  Solely for purposes of this Declaration, such party was treated as including affiliates and/or other entities bearing a similar name unless such Potential Party in Interest was believed by Willkie to be unrelated.

and/or other Parties in Interest in these Chapter 11 Cases.  Based on the information provided to me, I believe any such holdings are insignificant and, insofar as I have been able to ascertain, none of these shareholders controls or has any influence on such creditor or party in interest.  I do not believe these shareholders' interests, considered separately or collectively, are material.

(f)    More specifically, as a result of Willkie's conflicts checking procedures, I am aware that certain attorneys at Willkie disclosed that they or their immediate family members own securities in the following Parties in Interest:  Berkshire Hathaway, Citigroup, and Goldman Sachs.

(g)    Willkie currently represents Google in certain litigation matters wholly unrelated to the Debtors or these Chapter 11 Cases.  Google represented less than 1.5% of Willkie's revenue in 2023 to date and less than 1% of Willkie's revenues in 2021 and 2022.  Willkie intends to continue to represent Google on matters wholly unrelated to the Debtors or these Chapter 11 Cases.

(h)    Willkie currently represents Blue Torch Finance LLC and certain affiliates ("Blue Torch") on certain corporate transactions.  Willkie has not and will not represent Blue Torch in connection with the Debtors or these cases. Blue Torch represented significantly less than 1% of Willkie's revenues in each of 2021, 2022, and 2023 to date.  Willkie intends to continue to represent Blue Torch on matters wholly unrelated to the Debtors or these Chapter 11 Cases. Willkie also represents Kevin Genda, the Chief Executive Officer of Blue Torch, on matters wholly unrelated to the Debtors or these Chapter 11 Cases.  Mr. Genda represented significantly less than 1% of Willkie's revenue in 2021 and did not represent any revenue in 2022 or 2023 to date.  Willkie intends to continue to represent Mr. Genda on matters wholly unrelated to the Debtors or these Chapter 11 Cases.

(i)    Willkie currently represents AIG and National Union Fire Insurance Company of Pittsburgh, PA (collectively, "AIG") in certain litigation and bankruptcy matters wholly unrelated to the Debtors or these Chapter 11 Cases.  AIG represented less than 2% of Willkie's revenues in 2021 and 2023 and approximately 2% of Willkie's revenue in 2023 to date.  Willkie intends to continue to represent AIG on matters wholly unrelated to the Debtors or these Chapter 11 Cases.

(j)    My colleague, the Honorable Shelley C. Chapman (Ret.), currently serves as the court-appointed lead mediator with the Honorable Robert D. Drain (Ret.) and the Honorable Brendan L. Shannon, United States Bankruptcy Judge for the District of Delaware, in the Title III case of In re Puerto Rico Electric Power Authority, Case No. 17-BK-4780 (LTS) (Bankr. D.P.R.) (the "PREPA Mediation").  The Honorable Shelley C. Chapman (Ret.) is

not currently and will not work on these Chapter 11 Cases. I do not believe Judge Chapman's (Ret.) role in the PREPA Mediation presents a conflict in these Chapter 11 Cases and Judge Chapman (Ret.) intends to continue to serve as the lead mediator in the PREPA Mediation.

7.     I believe that none of the representations or relationships recited above would give rise to a finding that Willkie represents or holds an interest adverse to the Debtors or their estates with respect to the services for which Willkie would be retained. Further, I do not believe any of the representations or relationships recited herein will prevent Willkie from representing the Debtors in any potential matters that will arise in these Chapter 11 Cases. However, to the extent Willkie determines that any of Willkie's client relationships would prevent Willkie from representing the Debtors' interests in a particular aspect of these cases due to, among other things, an inability to be directly adverse to a current client, then Willkie will advise the Debtors to retain conflicts counsel.

8.     Willkie has reviewed the relationship that its partners and employees have with the Office of the United States Trustee (the "U.S. Trustee") and those persons employed in the office of the U.S. Trustee, and I do not believe that Willkie has any material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee. Further, I do not believe that the relationships Willkie has with the U.S. Trustee, or any person employed in the office of the U.S. Trustee, are beyond those interactions to be reasonably expected for attorneys and other professionals within the bankruptcy bar, which include, among other things, speaking and social engagements that both Willkie and attorneys within the office of the U.S. Trustee may participate in or attend.

9.     The Debtors have applied, or intend to apply, to the Court to retain: (a) Young Conaway Stargatt & Taylor LLP ("YCST") as bankruptcy co-counsel for the Debtors; (b) Kroll Restructuring Administration LLC as claims, noticing, and administrative agent;

(c) Ernst & Young LLP as financial advisor; (d) GLC Advisors & Co. as investment banker; and (e) certain other professionals used in the ordinary course of business.  Willkie intends to work closely with each of these professionals and the Debtors' senior management team to avoid unnecessary duplication of services performed for, or charged to, the Debtors' estates.  In the unlikely event any matter were, in the future, to give rise to a potential conflict with respect to matters that otherwise would have been handled by Willkie, YCST will handle such matters and Willkie will not be involved.

## **WILLKIE'S COMPENSATION**

10.     Willkie is seeking to be retained by the Debtors as its bankruptcy co-counsel and intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these Chapter 11 Cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and further orders of this Court.  In connection with its retention, Willkie will bill at its standard hourly rates, which currently are: $1,550 to $2,250 for partners and senior counsel, $565 to $1,500 for associates, other attorneys and law clerks, and $345 to $590 for paraprofessionals.  The current hourly rates for the Willkie attorneys and paraprofessionals with primary responsibility for this matter are:

(a)     Rachel C. Strickland (Partner – Business Reorganization & Restructuring), $2,250;

(b)     Andrew S. Mordkoff (Partner – Business Reorganization & Restructuring), $1,650;

(c)     Thomas Mark (Partner – Corporate & Financial Services), $2,125;

(d)     Daniel Durschlag (Partner – Finance), $1,850;

(e)     Stuart R. Lombardi (Partner – Litigation), $1,650;

(f)     Joseph R. Brandt (Associate – Business Reorganization & Restructuring), $1,215;

(g)     Amanda Fang (Associate – Business Reorganization & Restructuring), $1,115;

(h)     Cameron Cavalier (Law Clerk – Business Reorganization & Restructuring), $565; and

(i)      Rohan Sasso (Paraprofessional – Business Reorganization & Restructuring), $345.

11.     The foregoing hourly rates are subject to periodic adjustments (typically on October 1st of each year) in the normal course of Willkie's business.  The hourly rates that will be charged in these Chapter 11 Cases are Willkie's standard hourly rates.  These rates are set at a level designed to fairly compensate Willkie for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Willkie's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or cases.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, expenses for "working meals," and computerized research and transcription costs.  Willkie bills these expenses at cost to its clients and makes no profit from these expenses.  Willkie believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread such expenses among all clients.

12.     Willkie is not currently utilizing, nor does it currently intend to utilize, contract attorneys in connection with the work being performed in connection with its representation of the Debtors; however, to the extent Willkie believes it is necessary to retain contract attorneys, Willkie will ensure that the contract attorneys are subject to the same conflict checks as required for Willkie and shall file with the Court any such disclosures required by Bankruptcy Rule 2014.

Further, any work performed on behalf of the Debtors by contract attorneys will be passed-through to the Debtors at the same rate that Willkie pays the contract attorneys.

13.    This Declaration is intended to comply with Bankruptcy Rule 2016(b).  Willkie intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules and the administrative and other orders entered by this Court.

14.    In the ninety days prior to the Petition Date, Willkie received payments in the amount of $4,815,092.62 for services rendered to the Debtors as follows:

| Payment Date | Amount Received |
|:---:|:---:|
| 9/19/2023 | $100,000.00 |
| 10/5/2023 | $500,000.00 |
| 10/20/2023 | $755,221.74 |
| 11/13/2023 | $988,503.52 |
| 11/21/2023 | $1,261,367.36 |
| 11/30/2023 | $600,000.00 |
| 12/5/2023 | $250,000.00 |
| 12/7/2023 | $50,000.00 |
| 12/7/2023 | $150,000.00 |
| 12/8/2023 | $160,000.00 |

As of the Petition Date, Willkie held a retainer of $47,019.34.  If Willkie is owed any amounts after application to any outstanding prepetition fees and expenses, upon approval of the Court, Willkie will waive any outstanding amounts owed as of the Petition Date.

15.    No promises have been received by Willkie or by any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

16.    Willkie further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the

partners, counsel and associates of Willkie, or (b) any compensation another person or party has received or may receive.

17.     Except as disclosed herein, neither I, Willkie, nor any member or associate thereof or "counsel" thereto, insofar as I have been able to ascertain, represents any interest adverse to the Debtors or their estates in the matters regarding which Willkie is to be engaged.  I believe Willkie is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.   Moreover, I do not believe that any of the representations or relationships recited herein would result in Willkie representing or holding an interest adverse to the Debtors or their estates with respect to the services for which Willkie would be retained.   To the extent that Willkie becomes aware of any additional relationships and/or connections that may be relevant to Willkie's representations of the Debtors, an additional supplemental declaration will be filed.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

18.     In accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* (the "Appendix B Guidelines"), Willkie shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.   Willkie also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Willkie in these Chapter 11 Cases.

**ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

19.     The following is provided in response to the request for additional information set

forth in paragraph D.1 of the Appendix B Guidelines:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customer billing arrangements for this engagement? |
| Response: | No. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition period.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Pursuant to the Engagement Letter with the Debtors, Willkie agreed to provide the Debtors with a ten percent discount off its standard rates solely for the first three months of the engagement, from September 14, 2023, until December 14, 2023.  Given that this period has now expired, the Debtors and Willkie agree that Willkie will receive compensation at its standard full rates for the remainder of these Chapter 11 Cases in accordance with the terms of the Engagement Letter. |
| **Question**: | Has your client approved your prospective budget and staffing plan and, if so, for what budget period? |
| Response: | Yes.  The Debtors have approved a budget and staffing plan for the period of December 8, 2023 through March 31, 2024.  In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments. |

20.     Willkie intends to perform the services set forth in Section B of the Application.

By separate application, the Debtors have also asked or will be asking the Court to approve the

retention of YCST as co-counsel with respect to these Chapter 11 Cases.  Willkie has discussed

the division of responsibilities with YCST and will make every effort to avoid duplication of efforts in connection with these Chapter 11 Cases.  To specifically disclose the division of labor and to avoid unnecessary duplication of services, Willkie expects to provide the following services for its engagement in these Chapter 11 Cases as co-counsel to the Debtors:

(a)     prepare, on behalf of the Debtors, certain necessary motions, applications, answers, orders, reports, and papers in connection with the administration of these Chapter 11 Cases;

(b)     counsel the Debtors with regard to their rights and obligations as debtor in possession in the continued operation of their business and the management of their estates;

(c)     represent and advise the Debtors in the sale of their business through these Chapter 11 Cases;

(d)     represent and advise the Debtors in connection with the process for confirming their proposed chapter 11 plan;

(e)     provide the Debtors with advice, represent the Debtors and prepare all necessary documents on behalf of the Debtors in the areas of corporate finance, employee benefits, real estate, tax and bankruptcy law, and commercial litigation, debt restructuring, and asset dispositions in connection with these Chapter 11 Cases;

(f)     advise the Debtors with respect to actions to protect and preserve the Debtors' estates during the pendency of these Chapter 11 Cases, including the prosecution of actions by the Debtors, the defense of actions commenced against the Debtors, negotiations concerning litigation in which the Debtors are involved and objections to claims filed against the estates; and

(g)     perform all other necessary or requested legal services in connection with these Chapter 11 Cases.

*[Remainder of Page Left Intentionally Blank]*

By reason of the foregoing, I believe Willkie is eligible for employment and retention by the Debtors pursuant to sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules, Local Rules and Guidelines.

Dated: December 15, 2023

By:    */s/ Rachel C. Strickland*
       Rachel C. Strickland
       Willkie Farr & Gallagher LLP

## **SCHEDULE 1**
### **Parties in Interest List**

**Near Intelligence**
**Parties in Interest List**

**Debtors and Non-Debtor Affiliates**
**(including f/k/a, d/b/a, a/k/a)**
KludeIn I Acquisition Corp.
Near Americas Inc.
Near Holdings Pte. Ltd.
Near Intelligence Holdings Inc.
Near Intelligence LLC
Near Intelligence Pte. Ltd.
Near Intelligence Pty. Ltd.
Near Intelligence Pvt. Ltd.
Near Intelligence SAS
Near Intelligence, Inc.
Near Pte. Ltd.
Near North America, Inc.
Paas Merger Sub 2 LLC
UberMedia, Inc.

**Insurers**
Ace American Insurance Company (Chubb)
AIG
Allied World
Associated Industries Insurance Co., Inc.
Berkshire Hathaway
Chubb European Group SE
Chubb Insurance Australia Ltd.
Chubb Insurance Singapore Ltd.
ICICI Lombard GIC Ltd.
National Union Fire Insurance Company of
Pittsburgh, PA
Sentinel Insurance Company Ltd. (Hartford)
Vantage Risk Assurance Company
XL Specialty Insurance Company

**Material Contracts**
Accenture
Activate Holdings Ltd.
Admatik Sdn Bhd
Advanced Contributors Pvt. Ltd.
Aelius Exploitation Technologies, LLC
Agoop Corp
Ailevon Pacific Aviation Consulting
Airbiz Offshore Private Limited (SG)
Analysis

Alexander Babbage, Inc.
Alight Public Relations, LLC
Altometer Business Intelligence
AltScore Inc.
Amberoon
Aramark Refreshment Services, LLC
ARInsights, LLC
ASLF Media Pty. Ltd.
Asset Strategies Group (ASG)
Australian United Retailers Limited
Avarisoft Pty. Ltd.
AudienceQ Limited
Avison Young (USA) Inc.
Big Mobile Group Pty. Ltd.
Bisnow, LLC
Black C Media Istanbul
Blue Genie Art Bazaar
BMT commercial Aus. PTY. Ltd.
Bonzai Digital
Boston Consulting Group
Bowling Green State Univ (BGSU)
BP Australia Pty. Ltd.
Break Media Pte. Ltd.
Brentwood Associates
Brisbane City Council
Brookfield Properties (BPR REIT Services
LLC)
Business Wire Inc.
Caravan Industry Assoc. of AU
CBRE limited
Central Counties Tourism
Chick-fil-A, Inc.
ChurnZero
CircleK-TAS
City of Apache Junction
City of Cleveland
City of El Paso
City of Kingman Tourism Division
City of Perth
City of Prescott Tourism Office AZ
City of Québec
Claires European Services
Coca-Cola Canada Bottling Ltd.

Cochise County Tourism Council
cohort.ID, Inc.
Columbia Distributing ESRI
Complementics
Container Exchange (QLD) Limited
CREtech
D Chain FZ LLC
Dai Nippon Printing Co., Ltd.
Dakota Worldwide
Dallimore & Co.
Datagence, Inc. d/b/a V12 Group
Dean Runyan
Decathlon SE
Deep End Services Pty. Ltd.
Delaware North
Deloitte Financial Advisory Services LLP
Design Workshop, Inc.
Destination Analysts
Dietrich-Pepper, LLC
Digital Commons Limited
Digital Envoy, Inc.
DNP Media Art Co. Ltd.
Dollar General Corp.
DOMO, Inc.
DuPage CVB
Earth Economics
ECRA Pte. Ltd.
Eddy Alexander
Element Advisory Pty. Ltd.
Entrata
Environics
ePrivacy GmbH
Epsilon Data Management, LLC
ESRI (Environmental Systems Research
Institute)
Ethos Urban Pty. Ltd.
E*TRADE Financial Corporate Services
Inc.
Fernridge Solutions Pty. Ltd.
Fiction Tribe, Inc
Finity Consulting Pty. Ltd.
Flare Aviation Consulting
Foot Locker Retail, Inc.
Fresh Information Limited
Fresno / Clovis CVB
GapMaps, LTD.

GEO marketing Solutions Group
Geografia Pty. Ltd.
Geoscience Australia
GHD Pty. Ltd.
Global Planning Solutions
Google Asia Pacific Pte. Ltd.
Greater Palm Springs
Grosvenor
Guam Vistors Bureau
H2R Market Research
Hamilton City Council
Haynes and Boone, LLP
Herrmann Global
Highspot Inc.
HKS, Inc.
Hobart City Council
Houston First Corporation
Houston Kemp Pty. Ltd.
Idealab
Idemitsu Kosan Co. Ltd.
Ikano Insight Ltd.
Incubeta Australia Pty. Ltd.
InfoSum Ltd.
Innity China Co., Limited
InMobi Pte. Ltd.
Inretail Management
Integral Ad Science, Inc.
Intelligent Direct, Inc.
Intermarché Alimentaire International
Intersection Media
Intervistas Consulting
Intrado Digital Media LLC Digital Media
Innovation
InvestorBrandNetwork (IBN)
IRB Holding Corp.
Irys, Inc.
Jackson County Visitors Bureau
Jarrell Chalmers – Marketing Consulting
Jason Wu – Digital Marketing Services
JCDecaux Australia Trading Pty. Ltd.
JKH Business and Property Consulting
(PTY.) Ltd.
Johnston County
Knowledge Support Systems, Inc. d/b/a
Kallibrate
KFC Pty. Ltd.

Kollaborations Ltd.
Kwik Trip, Inc.
Lasalle Investment Management
Legend Partners - Beau Niblock
Leggo Studio Pty. Ltd.
LES MOUSQUETAIRES
Lex Connect Consulting Private Limited
Linkedin Corporation
Little Caesar Enterprises, Inc.
Localis Technologies Australia
LocationIQ Pty. Ltd.
Longwoods International
Mabrain Technologies
MACROPLAN HOLDINGS PTY. LTD.
Madden Media
Manistee County Visitors Bureau
mapIT (PTY.) Ltd.
Market Economics Ltd.
Masahiro Matsui – Consulting Services
Marsh USA LLC
MBI International
McDonalds
McElhanney Ltd.
Mead & Hunt
Measurement of Outdoor Visibility and
Exposure Pty. Ltd.
MediaOne North America
Media Quest Plus FZ LLC
Mediatiks Limited
Melbourne City Council
MeMob
Meta Platforms Technologies, LLC
METAVERSO, S.A.
Metayage Inc.
MMP Worldwide FZ LLC
Monash University
Moreton Bay Regional Council
Morey Consulting
Motivation Holdings
My Equity Comp, LLC
National Retail Federation, Inc.
Nationwide News Pty. Ltd.
NaviRetail Inc.
nContext, LLC
New Balance Athletics, Inc.
Nexcore Group

Nexpansion Inc.
Nike
Nissin Shoukai Inc.
North Land Capital Markets
NWAP II Inc.
NYC & Company
O2 Design
Off Madison Ave
Office of Spot
On The Run Pty. Ltd.
OpenX Technologies, Inc. (V)
Orange142
Oracle Corporation Singapore Pte. Ltd.
Oracle Corporation UK Limited
Osaka Metro Adera Co., Ltd.
Oxford Economics
Pacific Consultants
PandaDoc, Inc.
Pearl Meyer & Partners
Pelmorex Corp.
Perception Media
Pickwell SP Zoo
PiinPoint Inc.
Pinal County
Pinchhitters BV
Placewise Media
Point72, L.P.
Popeyes Louisiana Kitchen Inc. (RBI)
Precisely.com (Syncsort)
PricewaterhouseCoopers Public Accountants
PropertyGuru Pte. Ltd.
Propmodo Inc.
Propulso
PublicNSA, LLC dba BIGDBM
PubMatic, Inc.
PwC Advisory sp. z o.o. sp.k.
PwC Middle East
Q1Media, Inc.
Quantify Strategic Insights
QuikTrip Corporation
Reach Media New Zealand Limited
Redland City Council
Restaurant Brands International US Services
LLC
Rexall Pharmacy Group LLC
RMG Advertising

Rockport Analytics
Rove Marketing Inc.
Roy Morgan
RRC Associates
Rural Press Pty. Ltd.
SC Tristone Production Impex SRL
S.M.EG.I.T TURISTICAS S.A.M.P.
SA1 Property Holdings Pty. Ltd.
SDI Realty Advisors
Seychelles Tourism
Shell International
Shivaami Cloud Services Pvt Ltd.
Sight & Sound Film, LLC
Simpleview
Singapore Press Holdings Limited
SiteZeus
Sky Synergy, LLC
SMRT Commercial Pte. Ltd.
Southern Methodist University
Spatial.AI
Stellar Lifestyle Pte. Ltd.
StreetMetrics, Inc.
Subskribe
Sunlife
Sync Media
Tango Analytics LLC
Takeshi Yamamoto - Consulting Services
Taubman Centers, Inc.
Taymax
TD Bank, N.A.
Tetrad Computer Operations Applications Inc.
The Coca-Cola Company
The Executive Centre Singapore Pte. Ltd.
The Benchmark Company, LLC
The Trust for Public Land
Think Economics
Tomorrow's Tourism Ltd. (GBP)
Tourism Economics
Tourist Tracka Pty. Ltd.
Town of Pinetop-Lakeside
Town of Superior
Transport for NSW
TrueData Solutions, Inc.
TrueGrit Communications, LLC
TrustArc Inc.

Unify Technologies Pvt Ltd.
Unisource Solutions, Inc.
University of Canterbury
University of Montana
Unruly Group LLC
Urban Studies
Urban Systems Ltd.
Urbis Pty. Ltd.
V12 (fka DataMentors, LLC)
Valvoline
Veraset LLC
Vercara, LLC
Vietch Lister Consulting Pty. Ltd. (VLC)
VIOOH Ltd.
Visit Canton - Stark County CVB
Visual Approach
W E Upjohn Institute for Employment Research
Walmart
Wawa, Inc.
Wahl & Case EQIQ K.K.
Weedmaps
Wendy's International, LLC
Workaletta Inc.
XLocations, Inc.
Zartico, Inc.
ZoomInfo Technologies LLC
Zoom Video Communications, Inc.

**Lenders & Professionals**
Avidbank
Blue Torch Credit Opportunities Fund III LP
Blue Torch Finance LLC
BNP Paribas
Bpifrance Financing
BTC Holdings Fund II LLC
BTC Holdings KRS Fund LLC
BTC Holdings SBAF Fund LLC
King & Spalding LLP
KPG BTC Management LLC

**Shareholders**
Abhijit Hubli
Abhishek Ranjan
Aditi Sheel
Amelie Nisus

Amod Chopra
Amrita De La Penna
Aniket Suresh Chougule
Anuj Dayal Bharti
Anurag S
Arjun Divecha
Ashish Gupta
Ashok Vemuri
Asuri Narayanan Srikeshav
Aswathi C C
Axel Ferrier
Balaji Rajan
Bazile Cecille
BTIG, LLC
C Krithika Lakshmi
Camilo Mauricio Fonseca
Cantor Fitzgerald & Co
Carlin Tam Yan Fu
Cecil Capital Pte. Ltd.
Cede & Co
Chandrakumar Manoj
Charles-Antoine Dreyfus
Charu Sethi
Christian Freeman
Christina Michelle Handal
Cindy Olivier
CMDB II
David Michael Raitt
Dhivya B H
Edward Locksley Lowther-Harris
Febu P Mirza
First Asian Investments, Inc.
Geraldine Lei Vigilia
Ghali Vamsi Sai Krishna Murthy
Godspeed Investments Pte. Ltd.
Gokul Krishnan Rathakrishnan
Gopal Srinivasan
GPC NIV Ltd.
Gulshan Singh
Gurupramodha S G
Harish Ganesh
Himanish Shah
Himanshu Nigam
Hisashi Inotani
Ho Yi Hong

Honeih Etemadi Eydgahi
James Norman Blau
Jayson W Ayers
Jennifer-Jane Roszak
Jon Michael Atterbury
Jonathan Tang Wei Lin
Joseph Jing-Fong Chen
Juliette Barthe
Kamal Chhetri
Karen Steele
Kelsey Rae Waite
Kesav M
Kevin King-Tung Kwan
Kiran Kumar Venugopala
Kosaraju Ramya
Krishnan Rajagopalan
Kshama Keshav Zingade
Kumar Anish
Laxman B Nidagundi
Lindsay Kinuyo Yamaoka
Lola Millet-Bourgogne
Madhavan Rangaswami
Madhu Prasad N
Mahesh V Chalil
Manmeet Kaur
Mark Bailey
Mary Krishnamoorthy
Mathieu Saadat
Melissa Catherine Coates
Michael Radford
Mn Nagaraj
Mohamed Farouk Souissi
Mohit Chhajer
Moumita Sarkar
Murali Veeraiyan
Narayan Ramachandran
Naveen Kottigegollahalli Siddagangaiah
Navin Kesavan
Navneet Anand
Neha Gupta
Nguyen Anh Ngoc Tran
Nicolas Proust
Nisarga Pal
Nishanth Chandrasekaran
Northland Securities, Inc.

Ocean Capital Enterprises Co., Ltd.
Oriental Investment Advisors Pte. Ltd.
Paul Benoist
Penumutchu Vittal Kumar
Peter Lenz
Polar Multi-Strategy Master Fund
Pothukurchi Naga Santhosh Kumar
Prajakta Pandurang Sutar
Pranesh Sharma
Preethesh Loknath Shetty
Preethish
Pritha Dilip Das
Priya Raghavan
Rahul Saria
Raja A
Rajkumar Velagapudi
Ramapriya Kyathanahally Janardhan
Rashmi Vinitha R
Relentless Zen, LLC
Renuka Parthiban
Ricardo Rojas Ruiz
Richard Douglas Shaddle
Ronanki Dinesh Kumar
Rushikesh Namdeo Tapre
Sahil Vaid
Saksham Kahol
Sakshi Ganesh Asange
Sanaldev Vasudevan Meloottparambil
Sanjana Fernandes
Sarah Jayanetti
Sean Knight
Seema
Sequoia Capital India III Ltd.
Shikha Singh
Shreya Bande
Simon D Caballero
Smriti Kataria
Smyth Jules
Sriram Raghavan
Sudeep Charles
Sugandha Rai
Sumanth N
Suryabir Singh
Syed Rizwan Hashmi
Tejas Dhansukhbhai Panchal

The Benchmark Company, Llc
Timothy Coxon
Uday Kumar
Venkat Sai Giridhar Reddy Karam
Victoria Louise Heely
Vignesh V
Vijay Kumar Kuppili
Vinay Kumar Vemula
Vinayak Navale
Vinayaka Kulkarni Prabhakar

**Banks**
Avid Bank
BNP Paribas
Citibank
HSBC
ICICI Bank
MonFX

**Taxing / Regulatory Authorities /
Government Agencies**
California Franchise Tax Board
City of Pasadena
City of Los Angeles
Commonwealth of Massachusetts
Country of Singapore
Delaware Division of Corporations
District of Columbia
Internal Revenue Service
New York Department of Taxation &
Finance Corporation
New York City Department of Finance
State of California
State of Colorado
State of Delaware
State of Florida
State of Georgia
State of Hawaii
State of Indiana
State of Illinois
State of Kansas
State of Massachusetts
State of Maryland
State of Missouri
State of New Hampshire
State of New Jersey

State of New York
State of North Carolina
State of Oregon
State of Tennessee
State of Texas
State of Utah
State of Vermont
State of Virginia
State of Washington
State of Wisconsin

**Utilities**
ACC Business
Zayo Group, LLC
8x8 Inc.

**Litigation Parties**
Jonathan Zorio
Nash Brian
Anil Matthews

**Current and Former Directors & Officers**
Gladys Kong
Jay Angelo
John Faieta
Kathryn T. Petralia
Mark N. Greene
Michelle Zhou
Richard J. Salute
Sherman Edmiston III
Vijay Kuppili
Anil Matthews
Shobhit Shukla
Mini Krishnamoorthy
Ronald Steger
Gene Eubanks
Scott Slipy
Paul Gross
Madhusudan Therani
Justin Joseph
Andrea Chee Yuen Li

**Professionals**
Adlakha Kukreja & Co.
AEI Legal LLC
Baker Tilly US, LLP

Continental Stock Transfer & Trust Co.
Daijogo & Pedersen LLP
Drew & Napier LLC
Driti Advisors LLP
Ernst & Young LLP
GLC Advisors & Co., LLC
GLC Securities, LLC
Grant Thornton Bharat LLP
Kelley Drye & Warren LLP
Kroll Restructuring Administration
Lumos Law
M2K Advisors Pte Ltd
Natarajan & Swaminathan
Pragmatica Law LLP
Taylor Wessing LLP
Willkie Farr & Gallagher LLP
Young Conaway Stargatt & Taylor, LLP

**Benefit Providers**
Aetna
Aflac
Blue Cross and Blue Shield of Minnesota
Blue Cross and Blue Shield of North Carolina
Blue Shield of California
CIGNA Global Health
Delta Dental
Empire Blue Cross
Farmers Group
Florida Blue
Guardian Dental
Kaiser Permanente
MetLife Dental
MetLife Life Insurance
The Hartford
TriNet Group
Tufts Health Plan
UnitedHealthcare
Vision Service Plan (VSP)

**Landlord / Sublessee**
CIT Bank, N.A.
First-Citizens Bank & Trust Company
Parsons Services Company
SM10000 PROPERTY, LLC

**Top 30 Creditors**
Akama Holdings Fz-LLC
Amazon Web Services, Inc.
Cantor Fitzgerald & Co.
Investments LLC
Digital Envoy, Inc.
EdgarAgents, LLC
EGS Inc.
Greater Pacific Capital Management Ltd.,
GPC NIV LTD.
Gopal Srinivasan
Haynes and Boone, LLP
HERE Europe B.V.
ICR LLC
Interxion Ireland DAC Limited
Kirkland & Ellis LLP
KludeIn Prime, LLC
Magnite, Inc.
Palisades Media Group, Inc.
Polar Multi Strategy Master Fund
Polar Asset Management Partners Inc.
Sequoia Capital India III Ltd.
Smaato, Inc.
Star Labs LLC
Talent Hunt USA
Taylor Wessing LLP
Telstra Ventures Fund II, L.P
Titan Columbus Ventures
The Benchmark Company, LLC
The Ebinger Family Trust
Venable LLP
Verve Group Europe GmbH
YA II PN, Ltd. c/o Yorkville Advisors
Global, LLC

**Judges / Court Employees**
Amanda Hrycak
Cacia Batts
Catherine Farrell
Claire Brady
Demitra Yeager
Jill Walker
Joan Ranieri
Judge Ashley M. Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt

Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Laurie Selber Silverstein
Judge Mary F. Walrath
Judge Thomas B. Horan
Laura Haney
Paula Subda
Una O'Boyle

**Office of the United States Trustee**
Andrew R. Vara
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Jonathan Lipshie
Jonathan Nyaku
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**SCHEDULE 2**
**Former Clients**[1]

Berkshire Hathaway
Business Wire Inc.
Deloitte Financial Advisors Services LLP
Kirkland & Ellis LLP
Zayo

---

[1]   In certain instances the precise identity of the Potential Party in Interest was not readily ascertainable (e.g., only the trade name or a portion thereof was known).  Solely for purposes of this Declaration, such party was treated as including affiliates and/or other entities bearing a similar name unless such Potential Party in Interest was believed by Willkie to be unrelated.

## SCHEDULE 3
### Current Clients

Ace American Insurance Company (Chubb)
Aetna
Aflac
AIG
Allied World
AT&T
BlackRock Inc.
Blue Cross and Blue Shield of Minnesota
Blue Cross and Blue Shield of North
Carolina
Blue Torch Credit Opportunities Fund III LP
Blue Torch Finance LLC
BNP Paribas
Boston Consulting Group
BpiFrance Financing
Brookfield Properties (BPR REIT Services
LLC)
CBRE Limited
Chubb European Group SE
Chubb Insurance Australia Ltd.
Cisco Systems, Inc.
Coca-Cola Canada Bottling Ltd.
Decathlon SE
Evercore Wealth Management, LLC
Farmers Group
GLC Advisors & Co., LLC
GLC Securities, LLC
Grant Thornton Bharat LLP
Grosvenor
HSBC

ICICI Bank
ICICI Lombard GIC Ltd.
ICR LLC
JPMorgan Asset Management
LinkedIn Corporation
Lord, Abbett & Co. LLC
Marsh USA LLC
Meta Platform Technologies, LLC
MetLife Life Insurance
National Union Fire Insurance Company of
Pittsburgh, PA
Northern Trust Global Investments
Northland Securities, Inc.
Oracle Corporation Singapore Pte. Ltd.
Oracle Corporation UK Limited
Point72, L.P.
Sentinel Insurance Company Ltd. (Hartford)
Shell International
State of Illinois
Stte of Kansas
State of New York
Sunlife
TD Bank, N.A.
Tetrad Computer Operations Applications
Inc.
The Hartford
The Vanguard Group, Inc.
Tower Research Capital LLC
TriNet Group

## **EXHIBIT B**

**Faieta Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN FAIETA IN SUPPORT OF
DEBTORS' APPLICATION FOR ORDER AUTHORIZING
RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP
AS CO-COUNSEL FOR DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

I, John Faieta, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.     I am the Chief Financial Officer of Near Intelligence, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").  In such capacities, I am responsible for supervising the day-to-day operations of the Debtors and the administration of these cases, including the services provided by outside counsel and monitoring and controlling of legal costs.

2.     I make this declaration in support of the *Application for Order Authorizing Retention and Employment of Willkie Farr & Gallagher LLP* ("Willkie") *as Co-Counsel for Debtors,* Nunc Pro Tunc *to Petition Date* (the "Application") filed concurrently herewith (the "Declaration").

3.     This Declaration is provided pursuant to paragraph D.2 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"), which

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

were adopted by the Executive Office for United States Trustee under 28 U.S.C. § 586(a)(3),

effective as of November 1, 2013.  I am informed by counsel that the Guidelines request that any

application for employment of an attorney under 11 U.S.C § 327 or 1103 be accompanied by a

verified statement from the client that addresses the following:

> (a)     The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.
>
> (b)     The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
>
> (c)     The number of firms the client interviewed.
>
> (d)     If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.
>
> (e)     The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why.  In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## **Identity of the Declarant**

4.      As Chief Financial Officer of the Debtors, I am one of the parties responsible for

supervising the day-to-day operations of the Debtors and the administration of these Chapter 11

Cases, including the services provided by outside counsel and monitoring and controlling of

legal costs.  Willkie represented the Debtors prepetition as they explored potential strategic

alternatives, ultimately resulting in the commencement of these Chapter 11 Cases.

**Steps Taken to Ensure Comparable Terms of Engagement**

5.      I have confirmed with Willkie that, while Willkie's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (e.g., partners, associates, counsel) and years of experience, Willkie does not vary its standard billing rates as a function of whether the services performed relate to a bankruptcy engagement or non-bankruptcy engagement.

6.      Additionally, I have been informed that Willkie adjusts its billing rates annually, typically on October 1st of each year.

**Number of Firms Interviewed**

7.      In September 2023, the Debtors' board of directors determined it needed to explore potential strategic alternatives and, given Willkie's expertise and experience in the areas of business reorganization and restructuring, the Debtors determined it made sense to engage Willkie in connection with their exploration of various strategic alternatives.

8.      Subsequently, and for the reasons set forth above, Willkie was selected by the Debtors to advise on out-of-court restructuring alternatives and these Chapter 11 Cases.

**Billing Rates Comparable with Peer Firms**

9.      I am informed by Willkie that their attorneys' billing rates are set each year to ensure that their rates are in line with the billing rates of their peer firms.  To the extent there is any disparity, I nevertheless believe that Willkie's retention by the Debtors is warranted in these Chapter 11 Cases for the reasons set forth above and in the Debtors' Application to retain Willkie.

### Procedures Established to Supervise Fees and Expenses and Manage Costs

10.     I understand that Willkie's fees and expenses will be subject to the periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by the Debtors, the U.S. Trustee, and any official committee pursuant to the specific procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases.

11.     In the normal course of business, as the Debtors' Chief Financial Officer, I monitor legal fees and expenses incurred by the Debtors' outside counsel, and any such legal fees and expenses are subject to my express approval prior to entering into the Debtors' accounting system for payment authorization.  Typically, if I have any concerns regarding a legal bill, such issues are addressed informally directly with the law firm.  During these Chapter 11 Cases, I will continue to monitor Willkie's invoices to ensure that the fees and expenses requested therein are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.  Further, Willkie has informed me that it will provide the Debtors with the opportunity to review any monthly, interim and final fee applications and informally request adjustments to the extent that the Debtors determine such adjustments are necessary and appropriate, and all such requests will be carefully considered by Willkie.  To the extent that the Debtors have any objection to the fees or expenses requested by Willkie that cannot be resolved to the Debtors' satisfaction informally, Willkie has informed me that they will file a notice of objection to Willkie's fees on the Debtors' behalf.  I understand that Willkie reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Debtors reserve the right to retain conflicts counsel to prosecute any such fee objection to the extent the matter cannot be resolved informally by the parties.

12.     The Debtors have reviewed and approved the prospective budget and staffing plan for the period from December 8, 2023 through March 31, 2024, but recognize that, in the course of complicated bankruptcy proceedings like these Chapter 11 Cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Willkie.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases.  The Debtors will continue to review the invoices that Willkie submits, and, together with Willkie, amend the budget and staffing plans periodically, as these Chapter 11 Cases develop.

### Other Matters

13.     As stated in the engagement letter between Willkie and the Debtors, Willkie's hourly rates are subject to periodic adjustments (typically on October 1st of each year) to reflect economic and other conditions.  Willkie has advised me that the firm will inform the Debtors in advance of any such adjustment to its existing rate structure.  In addition, I have been specifically advised by counsel that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regularly hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances."  I have also been specifically advised by counsel that pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation."  To the extent Willkie seeks to make any such adjustment to its rate structure, the Debtors expressly reserve the right to reject any such modification to the extent the Debtors deem it unreasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 15, 2023

By:     */s/ John Faieta*
        John Faieta
        Chief Financial Officer

## EXHIBIT C

**Engagement Letter**

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

PRIVILEGED AND CONFIDENTIAL

September 14, 2023

Rahul Agarwal
Chief Financial Officer
Near Intelligence Inc.

Re:         Representation of Near.com

Dear Rahul:

Thank you for retaining Willkie Farr & Gallagher LLP ("Willkie" or the "Firm").  This letter is to confirm that Willkie has been retained by Near Intelligence Inc. (the "Client") and sets forth the terms of our representation to ensure that you and we have a common understanding of the engagement. This engagement does not create an attorney-client relationship with any persons or entities related to the Client, such as parents, affiliates, employees, officers, directors, shareholders, partners or other subsidiaries.

## Scope of Engagement

Willkie has been retained to represent the Client to assist with restructuring and liability management, and such other matters as you and we may agree from time to time.

To avoid any confusion, we wish to point out that the services to be rendered by Willkie will not include any legal advice other than with respect to applicable U.S. law.  As part of our engagement, we will, of course, work with your other counsel that are retained in connection with these matters.

We expect that in connection with our work for you, you will provide us with clear, timely and accurate instructions; you will provide all documentation required for the matter in a timely manner; and you will review our advice and any documentation we produce carefully to ensure that it is in accordance with your requirements.  It is important that you let us know if you think there is any additional information which might be relevant to the matter and may have a bearing on the advice given or document drafted.

During the course of our representation, you may seek our professional opinions or beliefs regarding the likely outcome of your legal matters or the likely effectiveness of various courses of action.  Any

67158604.2
September 14, 2023
Page 2

expressions (solicited or otherwise) on our part concerning such possible outcomes or courses of action are expressions of our best professional judgment, but are not guarantees.

## Record Retention

We will maintain records in connection with this engagement in accordance with the Firm's records retention policy, as may be amended from time to time.

## Fees and Client Charges

Willkie generally charges for legal services based on the hourly rates of the attorneys and staff performing the work. These rates vary by seniority and experience. At present, the Firm's standard hourly rates range from $1,400 to $2,050 for partners and senior counsel, $520 to $1,380 for associates, other attorneys and law clerks, and $315 to $540 for paralegals. Rates are subject to change generally on an annual basis and such changes are effective as of October 1. Provided you satisfy our invoices within 30 days, we will discount our fees (but not expenses) by 10% for the first three months of our engagement. Other than this accommodation, the applicable rates are those in effect at the time the services are rendered.

The Firm will bill you for our regular disbursements and other charges incurred in connection with our engagement, which include such items as duplicating, word processing, long distance telephone, electronic legal research, travel, secretarial overtime and the like. In some situations, we may request an advance for such client charges and disbursements.

During the course of our representation you may ask us for an estimate of the amount of time and other client charges that will be needed to complete the engagement or particular tasks. Because of the inherent uncertainties involved in the legal services required by this engagement, it is not possible to make such estimates with reasonable precision. Any estimates that we provide will be based on our experience and various assumptions and will not constitute a maximum or a fixed fee for the costs of our services to you and our actual fees could be higher or lower.

In order to proceed, the Firm requires an initial retainer from you of $100,000, which will be applied to the final bill for legal fees and other client charges incurred on the matter. Any balance remaining from such retainer after application will be refunded to you.

The Firm will bill you monthly. Payment is due upon receipt of our statements. Payment may be made by wire transfer to Citibank N.A., 153 East 53rd Street, New York, New York 10022, account number 09257961 and ABA number 021000089. Alternatively, payment may be made by check made out to Willkie Farr & Gallagher LLP and sent to us at 787 Seventh Avenue, Attention: 38th Floor, Accounting, New York, New York 10019.

You agree that should full payment not be made within 30 days of statement presentation, the Firm may, in its sole discretion, charge an additional 1 percent per month of any fees or client charges not paid within the 30-day period.

## References to Client Name

Consistent with the New York Rules of Professional Conduct, the Firm advises you that it may on occasion reference the Client's name in a context (such as biographies, practice and website descriptions) which may be deemed to constitute lawyer advertising and that by signing a copy of this letter you consent to the Firm's doing so, subject of course to our obligation to preserve client confidences and any other obligation with which lawyers must comply under any applicable disciplinary rules.

## Conflicts of Interest

Before we begin representing a particular client, we try to determine whether there are any conflicts of interest that would interfere with our representation of that client's interests. Should we determine in the course of our representation that a conflict has arisen, we will immediately notify you. We similarly ask you to notify us if you become aware of any actual or potential conflicts of interest. If either you or we conclude that our representation should or must be terminated, we will do our best to protect your interests by assisting in providing a smooth transition to new counsel.

Willkie represents and in the future will represent many other clients. Some may be direct competitors of Client or otherwise may have business interests that are contrary to Client's interests. It is even possible that, during the time we are working for you, an existing or future client may seek to engage us in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to Client's interests.

We ask Client to confirm that (i) Willkie may continue to represent or may undertake in the future to represent any existing or future client in any matter (including, but not limited to, transactions, litigation or other dispute resolutions), even if the interests of that client in that other matter are directly adverse to Client, as long as that other matter is not substantially related to this or our other engagements on behalf of Client and does not require us to use proprietary or other confidential information of a non-public nature concerning Client acquired by Willkie as a result of our representation of Client; (ii) Client hereby waives any conflict of interest that exists or might be asserted to exist and any other basis that might be asserted to preclude, challenge or otherwise disqualify Willkie in any representation of any other client with respect to any such matter; and (iii) Client intends for its consent to be effective and fully enforceable, and to be relied upon by Willkie.

Client further understands that Willkie has in the past represented, currently represents and expects it may be engaged in the future to represent Client's lender ("Other Client") in connection with unrelated matters (collectively, "Unrelated Matters"). Client gives its informed consent to Willkie representing the Other Client in Unrelated Matters and confirms that it waives any conflict of interest that exists or might be asserted to exist as a result of Willkie's representation of the Other Client in Unrelated Matters and any other basis that might be asserted to preclude, challenge or otherwise disqualify Willkie in any representation of any other client with respect to Unrelated Matters. In addition, subject to any canonical limitations, Willkie attorneys working on your matter may provide advice to the Other

67158604.2
September 14, 2023
Page 4

Client in Unrelated Matters, provided such advice does not disclose directly or indirectly any confidential or otherwise non-public information.

Client has had the opportunity to discuss all of the considerations and risks associated with the foregoing with independent counsel of its own choosing. Client intends for the informed consents and waivers herein to be relied on by Willkie and the Other Client.

## Data Privacy and Use of Client Data

In the course of performing our services, the Firm may need to collect and/or process data that it receives from you. By signing below, you consent to the Firm's collection and processing of any data you may provide to us (or authorize to be provided to us) in the course of the Firm's performing our services, including, without limitation, data that may constitute personal information. You hereby confirm that you are authorized, and have all the rights, consents, and legal bases as may be necessary, to provide any such data to Willkie (or have a third party do so).

For a small subset of personal information you may provide to us — e.g., your contact and billing information — Willkie is the business or data controller, as those terms are defined in applicable privacy laws. In addition to using that information to provide and bill for our services, we may send communications, such as updates on legal developments, newsletters, invitations to events, or other messages we believe might be of interest to you, to any email address, postal address or other contact information that you may provide to us. You may unsubscribe to these communications at any time. For further information on what information we collect, how we use it, and where to address any questions, please visit Willkie's Privacy Policy at https://www.willkie.com/privacy-policy.

For all other personal information you may provide to us, Willkie is a service provider or data processor, as those terms are defined in applicable privacy laws. Willkie will not retain, use, or disclose any such information other than for the specific purpose of performing the services described herein, or as otherwise directed by you or as permitted by applicable law. With respect to any information subject to the EU's General Data Protection Regulation ("GDPR") or relevant Member State law, or for any information subject to the UK's Data Protection Act 2018, Willkie is a data processor and the provisions set forth on Willkie's GDPR Information Page (https://www.willkie.com/content/gdpr-information-page) shall be deemed to be incorporated herein. To the extent that any such information is located in the EU or UK, such information will only be transferred to the US or other jurisdictions if (i) such jurisdiction has been determined by the appropriate authorities to have "adequate" protections in place for personal information, or (ii) there are appropriate standard contractual clauses or other contractual mechanisms, as may be approved by appropriate regulators from time to time, in place.

## Termination

You have the right to terminate the Firm's engagement upon written notice at any time. The Firm also has the right, subject to professional codes of conduct, to terminate its engagement, upon written notice, in the event that our statement is not paid in full in a timely manner, or in the event the Firm

determines, in its sole discretion, that continuing services to you would be unethical, improper or otherwise inappropriate. The total outstanding amount plus any additional amounts for legal services and other Client charges incurred up to the date of, and subsequently as a consequence of, termination will be immediately due and payable upon presentation of our final statement.

The engagement will be considered terminated at the earlier of (i) Client's termination of the representation, (ii) Willkie's withdrawal from the representation, or (iii) the completion of Willkie's substantive work for the Client, which, in the absence of a letter notifying you of the completion of the engagement, shall be presumed to occur six months after the rendition of the final bill.

If this engagement is terminated and you engage us again, the terms of this engagement letter shall apply to such subsequent engagement unless we agree otherwise in writing.

### Dispute Resolution

If you disagree with the amount of our fees or other charges at any time, or if you have any concern as to any other matter related to or arising out of our engagement, including the nature and quality of our services, please discuss any such questions or concerns with us. In the event any dispute cannot be resolved informally, you agree to resolve any and all disputes with the Firm, or with any of our lawyers or staff arising from or relating to our work for you, including but not limited to disputes over fees and charges or disputes relating to the nature and quality of our services, exclusively through private and confidential binding arbitration in New York City before three neutral arbitrators. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. The parties shall maintain the confidential nature of the arbitration proceeding and the Award, including the Hearing, except as may be necessary to prepare for or conduct the arbitration hearing on the merits, or except as may be necessary in connection with a court application for a preliminary remedy, a judicial challenge to an Award or its enforcement, or unless otherwise required by law or judicial decision. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. This arbitration clause and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of New York, exclusive of conflict or choice of law rules.

We also advise you that in the event of a dispute that cannot be readily resolved, you may have the right to request arbitration in New York City under Part 137 of the Rules of the Chief Administrator of the Office of Court Administration of the New York State Unified Court System or under applicable bar association procedures. By signing this engagement letter, you waive that right and agree to binding private arbitration as provided above.

Careful review of this letter will ensure your understanding of the terms of the Firm's representation. Please raise and discuss with me any questions you may have.

This letter shall be binding upon and inure to the benefit of the respective successors and permissible assigns of the Firm and you, as the case may be.

67158604.2
September 14, 2023
Page 6

If this letter accurately summarizes the agreement between Willkie and you, please indicate your approval and acceptance by signing the enclosed copy of the letter and returning it to me. However, please note that your instructing us or continuing to instruct us on this matter will constitute your full acceptance of the terms set out above. If you would like to discuss any of these matters, please give me a call.

Sincerely,

Rachel C. Strickland

AGREED TO AND ACCEPTED THIS
19th DAY OF September , 2023

NEAR INTELLIGENCE INC.

By: 
Rahul Agarwal

**<u>EXHIBIT D</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING DEBTORS
TO EMPLOY AND RETAIN WILLKIE FARR & GALLAGHER
LLP AS CO-COUNSEL TO DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain the firm of Willkie Farr & Gallagher LLP ("Willkie") under a general retainer as bankruptcy counsel as of the commencement of these cases (the "Petition Date"); and upon the Declaration of Rachel C. Strickland in support of the Application, annexed thereto as **Exhibit A**; and upon the Declaration of John Faieta in support of the Application, annexed thereto as **Exhibit B**; and due and adequate notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court being satisfied, based upon the information contained in the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application or the Strickland Declaration.

Strickland Declaration, that Willkie is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED that:**

1.      The Application is **GRANTED** to the extent set forth herein and approved *nunc pro tunc* to the Petition Date.

2.      In accordance with section 327(a) of the Bankruptcy Code and, with respect to Willkie's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are hereby authorized to employ  and retain Willkie as their attorneys in these Chapter 11 Cases, under a general retainer, in accordance with Willkie's normal hourly rates and disbursement policies as contemplated in the Application, as modified herein.

3.      Willkie shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines, and any other orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4.      Willkie shall apply any remaining amounts of its prepetition retainer as a credit toward first, any outstanding prepetition fees and expenses and then toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Willkie.

5.      Prior to any increases in Willkie's rates for any individual retained by Willkie and providing services in these Chapter 11 Cases, Willkie shall file a supplemental declaration with

the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these cases. The Debtors, the U.S. Trustee, and any official committee and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.     The conflicts of interest provision in the Engagement Letter is subject to section 327(a) of the Bankruptcy Code.

7.     Notwithstanding anything in the Engagement Letter to the contrary, all disputes shall be subject to the jurisdiction of the Bankruptcy Court and shall first be submitted to the Bankruptcy Court.

8.     Notwithstanding anything in the Application to the contrary, Willkie shall (i) to the extent that Willkie uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass-through the cost of such Contractors to the Debtors at the same rate that Willkie pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Willkie; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

9.     Willkie shall use reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

10.     To the extent there are any inconsistencies between the Engagement Letter, the Application and the Order, the terms of this Order shall govern.

11.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.