IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

*NEAR INTELLIGENCE, INC., et al.* [1],

Chapter 11

Case No. 23-11962 (TMH)

Motion No. _____

**Objections due by:** December 29, 2023

**Hearing Date:** January 5, 2024

# NOTICE OF MOTION OF BRIAN NASH FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

TO:
**Counsel to Debtors**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Attn:
Rachel C. Strickland, Esq.
Andrew S. Mordkoff, Esq.
Joseph R. Brandt, Esq.
Email: rstrickland@willkie.com,
amordkoff@willkie.com,
jbrandt@willkie.com

**Co-counsel to Debtors**

Young Conaway Stargatt
& Taylor, LLP,
Rodney Square
1000 North King St.
Wilmington, DE 19801
Attn:
Edmon L. Morton, Esq.
Matthew B. Lunn, Esq.
Shane M. Reil, Esq.
Carol E. Cox, Esq.
Email:
emorton@ycst.com,
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

**United States Trustee**
Office of the United States Trustee for the District of Delaware
844 King Street, Suite 2207, Lockbox 35,
Wilmington, Delaware 19801
Attn.: Benjamin Hackman, Esq.
Benjamin.a.hackman@usdoj.gov

---

[1], The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

Case 23-11962-TMH    Doc 92    Filed 12/27/23    Page 2 of 14

Brian Nash, represented Pro-Se, has filed a Motion of Relief from Stay which seeks the following relief:

Brian Nash (Nash) represented pro-se herby moves (the "Motion) this Court for an order granting Nash relief from the automatic stay imposed by section 363 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, Nash respectfully represents as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein include, without limitation, sections 105, 361, 362(d)(1) and 363(e) of the Bankruptcy Code, and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules").

## BACKGROUND

The Relief from Stay request is so that NJ Superior Court Docket MON-L-0029232-23 can proceed and allow Movant to pursue its rights and remedies in New Jersey Superior Court to continue litigation for a Whistleblower/ Conscientious Employee Protection Act (CEPA) case. A copy of the complaint for that case is included with this Motion as **EXHIBIT A**

## RELIEF REQUESTED

Nash respectfully requests that this Court grant him relief from the automatic stay to permit him to continue the Whistleblower/CEPA action against the Debtors.

**BASIS FOR RELIEF REQUESTED**

The Court, in determining whether to grant relief from stay, relies upon: (1) the Bankruptcy Code's provision that provides relief from the automatic stay for cause; and, (2) the applicable factors to determine whether to modify the stay to permit litigation against Debtor in another forum.

1. **Section 361(d)(1)**
Nash is entitled to relief from the automatic stay under the standards enumerated in section 362(d) of the Bankruptcy Code. Section 363(d) is written in the disjunctive and provides for relief from the automatic stay if a creditor can show cause, or establish that the debtor has no equity in the property and that the property is not necessary for an effective reorganization. Relief from the automatic stay is appropriate under either section 362(d)(1) or 362(d)(2) of the Bankruptcy Code.

In a hearing for relief from the automatic stay under section 363 of the Bankruptcy Code, the moving party has the initial burden of proving that "cause" exists. Once the initial showing is made, the party opposing the relief from the automatic stay has the ultimate burden of disproving the existence of "cause". See 11 U.S.C. § 362(g)(2).

The term "cause" as referenced in section 362(d)(1) is not defined in the Bankruptcy Code, and whether "cause" to lift the stay exists should be determined on a case-by-case basis. "Cause" for modification of the automatic stay, "is an intentionally broad and flexible concept that permits bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case.

Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. Courts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff. Here, "cause" exists to grant Nash relief from the automatic stay.

2. **Factors applicable to determining whether to modify the stay to permit litigation against the debtor in another forum, (*Curtis* factors)**

The US Congress recognized some circumstances would constitute "cause" to modify the automatic stay to permit an action to proceed before another tribunal:

> "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."[1]

Bankruptcy Court interpreted the Report's suggestions and reviewed case law around the United States to develop a twelve-factor list (Curtis factors) to determine whether litigation should continue in another tribunal.8 Bankruptcy courts use the Curtis factors in their determination of whether they should grant stay relief. The Curtis factors are:

(1) whether the relief will result in a partial or complete resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal has been established to hear the particular cause

---

[1] H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977), 1978 U.S.Code Cong. & Admin.News, p. 6300. See

(5) whether the debtor's insurance carrier has assumed full financial responsibility

(6) whether the action essentially involves third parties, and the debtor functions

(7) whether litigation in another forum would prejudice the interests of other

(8) whether the judgment claim arising from the foreign action is subject to

(9) whether movant's success in the foreign proceeding would result in a judicial

(10) the interest of judicial economy and the expeditious and economical

(11) whether the foreign proceedings have progressed to the point where the parties

(12) the impact of the stay on the parties and the "balance of hurt."

One who seeks relief from the automatic stay to continue litigation in a different tribunal must first establish cause, for such relief. The burden then shifts to Debtor to establish he is entitled to the stay.

HEARING ON THE MOTION WILL BE HELD ON JANUARY 5, 2024, at 11 AM.

Debtors' counsel are required to file a response (and the supporting documentation required by Local Rule 4001-1(c) to the attached motion at least seven days before the above hearing date.

At the same time, you must also serve a copy of the response upon Movant

:
                                      Brian Nash
                                      200 Crescent Pkwy
                                      Sea Git, NJ 08750
                                      Phone: 917 923 8507
                                      Email: bnash@Nashionalmedia.com

The hearing date specified above maybe a preliminary hearing or may be consolidated with the final hearing, as determined by the Court.

All parties and counsel shall confer with respect to the issues raised by the motion in advance for the purpose of determining whether a consent judgement maybe entered and/or for the purpose of stipulating to relevant facts such as value of the property and the extent and validation of any security instrument.

By: _____
Movant



**PRIORITY MAIL®**

US POSTAGE PAID
$9.65
Origin: 08750
12/20/23
3376050846-09

Retail

EXPECTED DELIVERY DAY: 12/22/23

0 Lb 2.90 Oz
RDC 03
C012

SHIP TO:
824 N MARKET ST
WILMINGTON DE 19801-3024

USPS TRACKING® #
9505 5148 1887 3354 5020 87



EP14F July 2022
OD: 12 1/2 x 9 1/2

FROM:
Nash
206 Crescent Pkwy
Sea Girt, NJ 08750

TO:
USBC District of Delaware
824 Market St.
3rd Fl.
Wilmington, DE 19801

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.