**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------x
                        :

In re                        :      Chapter 11

NEAR INTELLIGENCE, INC., *et al.*,  :      Case No. 23-11962 (TMH)

Debtors.[1]              :      (Jointly Administered)
                        :
------------------------------------------------x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## NEAR INTELLIGENCE, INC. (CASE NO. 23-11962)

---

1     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY AND DISCLAIMERS
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the above-captioned chapter 11 cases which are currently pending in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology, and Disclaimer regarding the Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the Debtors' management team, with the assistance of their professional advisors, with reliance upon the efforts, statements, and representations of personnel of the Debtors and the advice of the Debtors' legal and other professional advisors. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof.

## Global Notes and Overview of Methodology

**Description of the Cases and "As of" Information Date**. On December 8, 2023 (the "Petition Date"), each of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in the Court to conduct a sale process for substantially all of their assets pursuant to section 363 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered under Case No. 23-11962 (TMH). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. On December 22, 2023, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**.

For financial reporting purposes, the Debtors historically have prepared consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").

Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Accounts Payable and Disbursement Systems**.  The Debtors maintain a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course.  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue and Maintain Their Cash Management System, Including Bank Accounts and Business Forms, (B) Continue Intercompany Transactions, and (C) Honor Certain Prepetition Obligations Related Thereto; (II) Waiving Certain Operating Guidelines; (III) Extending the Time to Comply with Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* [Docket No. 11] filed on the Petition Date.

**Insiders**.  In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" as such term is defined in section 101(31) of the Bankruptcy Code.  Except as otherwise disclosed herein or in the Statements, payments to "insiders" are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to: (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

        a.      **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is

indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets.  Market values may vary, at times materially, from net book values.

       b.    **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "<u>First Day Order</u>," and collectively, the "<u>First Day Orders</u>"), the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, claims related to customer programs, and claims related to insurance programs.  The Debtors have not included amounts paid under the First Day Orders.

       c.    **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all rights with respect to any such setoffs.

       d.    **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

       e.    **Leases**.  In the ordinary course of business, the Debtors lease certain equipment from certain third-party lessors for use in the maintenance of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

       f.    **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

**<u>Unknown or Undetermined Amounts</u>**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**<u>Liabilities</u>**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information available at the time of filing the Schedules and Statements.  If additional information becomes available or further research is conducted, the allocation of

liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Estimates**. The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

**Claims Description**. The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."

**Guaranties and Other Secondary Liability Claims**. Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H. Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

**Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, accrued accounts payable, deferred rent, deferred revenue, and sales tax payable.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not constitute an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, have been assigned or otherwise transferred pursuant to a sale, acquisition, other transaction, or have immaterial value. Conversely, inclusion of certain intellectual property shall not constitute an admission with respect to the materiality of such intellectual property rights, or that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

**Business Combination.** Due to the legal entity restructuring associated with the Business Combination (as defined the in *Declaration Of John Faieta In Support Of Chapter 11 Petitions And First Day Pleadings* [Docket No. 14] (the "Pirst Day Declaration"), as well as systems limitations for data input of non-Debtor entities, certain relevant pre-Business Combination legal entities that ultimately became a part of the Debtor entities post-Business Combination found in the Debtors' finance systems have been re-mapped to the following entities:

| Pre-transaction entity | Mapped Post-transaction Debtor Entity Name |
|---|---|
| Near America Inc. | Near Intelligence LLC |
| Near Intelligence Holdings Inc. | Near Intelligence LLC |
| Near Intelligence Pte. | Near Intelligence Pte. Ltd. |
| Near Pte. | Near Intelligence, Inc. |
| Near Pte. Ltd | Near Intelligence, Inc. |

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property.**  As set forth above, the Debtors and their estates are authorized to pay certain prepetition claims pursuant to the First Day Orders.

As set forth above, all inventory values identified in Schedule A/B, Part 5 are net book value, unless otherwise stated.

The Debtors maintain their books and records on an accrual basis.  Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices.

Debtor Near Intelligence, Inc. is the parent of a consolidated tax group that includes the other Debtors.  Federal tax returns, as well as certain state tax returns, are filed on a consolidated basis.  Consequently, the Debtors maintain net operating losses from consolidated tax filings made by Near Intelligence, Inc., and those net operating losses are only listed under Item 72 for Near Intelligence, Inc.  The Debtors reserve all rights to assert that the net operating losses are property of a different Debtor.

Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and cause of action.

6

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Except as specifically stated herein, utility companies and other parties that may hold security deposits have not been listed on Schedule D.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to, and are not reflective of, any payments made by the Debtors subsequent to the Petition Date.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 2**.  Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts.  Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F.  The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

To the extent that they have been paid, the Debtors have not listed on Part 2 of Schedule E/F, among others, certain unsecured employee wage or benefit claims, tax claims, or claims related to the Debtors' insurance programs for which the Debtors have been granted authority to pay pursuant to a First Day Order. The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these chapter 11 cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these chapter 11 cases.

**Schedule G – Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein, despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Additionally, the Debtors maintain certain insurance programs. The Debtors and their estates reserve all rights in connection with such insurance programs.

All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

## NOTES FOR STATEMENTS

**Statement 1**. On October 5, 2023, Debtor Near Intelligence, Inc. filed a Form 8-K disclosing that its Board of Directors determined that previously issued financial statements of the Debtors should not be relied upon, including the Debtors' financial statements as of and for each of the years ended December 31, 2022, 2021 and 2020, as well as the Debtors' quarterly financial statements for the periods ended March 31, 2023 and June 30, 2023. Accordingly, the Debtors have not presented the gross business revenue for the fiscal years listed in Statement 1, as the Debtors believe that the gross business revenue reflected in their books and records for such fiscal years is unreliable.

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statement 4 and in the Debtors' response to Part 6, Question 11, respectively.

**Statement 4**. Statement 4 has been presented on a net payment basis. Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.

**Statement 7**. The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

**Statement 26**. Debtor Near Intelligence, Inc.'s financial statements include information from its affiliated Debtors. Accordingly, the information included in the Statement of Financial Affairs for Near Intelligence, Inc. is applicable to each of the other Debtors.

**Statement 26(d)**. With respect to SOFA Part 13 question 26(d), the Debtors contacted various parties in connection with the Debtors' efforts to market their assets and raise new sources of capital, and the Debtors shared certain financial information to certain of those parties, who are not individually disclosed herein. Aggregating a list of such parties would be unduly burdensome. The Debtors' consolidated financial statements are publicly available and are issued to multiple parties in the ordinary course of business.

**Fill in this information to identify the case:**

Debtor name    **Near Intelligence, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **23-11962**

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:**<br>1/1/2023 to 12/8/2023 | ■ Operating a business<br>☐ Other | See Global Notes |
| **For prior year:**<br>1/1/2022 to 12/31/2022 | ■ Operating a business<br>☐ Other | See Global Notes |
| **For year before that:**<br>1/1/2021 to 12/31/2021 | ■ Operating a business<br>☐ Other | See Global Notes |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:**<br>1/1/2023 to 12/8/2023 | Bank Interest | $83.00 |
| **For prior year:**<br>1/1/2022 to 04/19/2022 | Dividend Income from Intercompany | $2,297,998.69 |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
| --- | --- | --- | --- |

|  | **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
| --- | --- | --- |
| **For year before that:** 1/1/2021 to 12/31/2021 | Bank Interest | $15,447.29 |

| Part 2: | **List Certain Transfers Made Before Filing for Bankruptcy** |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
| --- | --- | --- | --- | --- |
| 3.1 | Baker Tilly US, LLP 205 North Michigan Avenue Chicago IL 60601 | 12/1/2023 | $30,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other |
| 3.2 | Corporation Service Company 251 Little Falls Drive Wilmington DE 19808 | 9/15/2023 | $40,600.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other |
| 3.3 | Haynes and Boone, LLP-NI00 2801 N. Harwood Street Ste. 2300 Dallas TX 75284-1399 | 9/13/2023 | $50,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other |
| 3.4 | Haynes and Boone, LLP-NI00 2801 N. Harwood Street Ste. 2300 Dallas TX 75284-1399 | 10/12/2023 | $75,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other |
| 3.5 | Infinite Global Consulting Inc. 21 W 38th Street 16th Floor Beacon NY 12508 | 11/17/2023 | $15,637.50 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other |

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) **23-11962** |
|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.6  Marsh USA LLC - NI00<br>8144 Walnut Hill Ln<br>Fl 16<br>Dallas TX 75284-6112 | 9/25/2023 | $127,110.94 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.7  Marsh USA LLC - NI00<br>8144 Walnut Hill Ln<br>Fl 16<br>Dallas TX 75284-6112 | 10/24/2023 | $127,110.94 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.8  Marsh USA LLC - NI00<br>8144 Walnut Hill Ln<br>Fl 16<br>Dallas TX 75284-6112 | 11/24/2023 | $127,110.94 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.9  Marsh USA LLC - NI00<br>8144 Walnut Hill Ln<br>Fl 16<br>Dallas TX 75284-6112 | 11/30/2023 | $3,758,830.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.10  Snell & Wilmer<br>1 East Washington Street<br>Suite 2700<br>Phoenix AZ 85004 | 11/30/2023 | $10,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.11  Trilegal<br>1st Floor<br>Wing A & B  Prius Platinum<br>D-3  District Centre<br>Saket<br>New Delhi  110017<br>India | 12/1/2023 | $59,143.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| 3.12  UHY LLP-NI00<br>1185 Avenue of Americas<br>38TH Floor<br>Cleveland OH 44192-0002 | 9/21/2023 | $206,126.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  <u>S-1 Filing</u> |
| 3.13  Venable LLP<br>PO Box 62727<br>Baltimore MD 21264-2727 | 9/11/2023 | $150,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) **23-11962** |
|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1     See response at Part 13, Question 30 | | | |

| Relationship to debtor |
|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | ` Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) **23-11962** |
|---|---|---|---|

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | Anil Mathews, as Claimant v. Near Intelligence, Inc. and Does 1-50, Inclusive, as Respondent | Defamation, intentional and negligent interference, unfair business practices, breach of contract | American Arbitration Association | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |
| 7.2 | French Cyber Security incident | On April 6, 2023, a cybersecurity incident occurred on Near's systems in the Paris office. Upon learning of the cybersecurity incident, Near retained a third party forensic service provider to identify and assess the impact of the cybersecurity incident.  Near provided responses regarding the cybersecurity incident as part of an investigation by the Commission Nationale de l'Informatique et des Libertés (CNIL) during September, 2023. | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |
| 7.3 | In the Matter of Near Intelligence, Inc. | Subpoena from the SEC requesting information on its data security, privacy and disclosure controls. | Securities and Exchange Commission, Los Angeles, CA | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |
| | LA-5421 | | | |
| 7.4 | Nash v. Near North America Inc., Near Intelligence Holdings, Inc., Near Intelligence, Inc., Gladys Kong, Anil Mathews, Laurent Castailac; | Unlawful retaliation | New Jersey Superior Court, Monmouth County | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number** | | | |
| | Case No. MONL002932-23 | | | |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|

**Part 4:** Certain Gifts and Charitable Contributions

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) | **23-11962** |

---

| **Part 5:** | **Certain Losses** |

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or<br>tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

---

| **Part 6:** | **Certain Payments or Transfers** |

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- |
| 11.1  Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | 11/3/2023 | $100,000.00 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.2  Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | 11/13/2023 | $79,436.00 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor    **Near Intelligence, Inc.**                                      Case number (*if known*)    **23-11962**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.3    Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | | |
| | | 11/13/2023 | $321,979.00 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.4    Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | | |
| | | 11/30/2023 | $47,132.00 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.5    Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | | |
| | | 11/30/2023 | $430,672.85 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor    **Near Intelligence, Inc.**                                      Case number (*if known*)  **23-11962**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.6    Ernst & Young LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | | | |
| | | 11/30/2023 | $285,621.50 |
| **Email or website address**<br>jordan.fisher@parthenon.ey.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.7    GLC Advisors & Co., LLC<br>135 Main Street  11th Floor<br>San Francisco CA 94105 | | | |
| | | 11/3/2023 | $141,876.00 |
| **Email or website address**<br>Soren.Reynertson@glca.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.8    GLC Advisors & Co., LLC<br>135 Main Street  11th Floor<br>San Francisco CA 94105 | | | |
| | | 11/30/2023 | $125,000.00 |
| **Email or website address**<br>Soren.Reynertson@glca.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor   **Near Intelligence, Inc.**                                          Case number (*if known*)   **23-11962**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.9    Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 11/13/2023 | $988,504.00 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.10   Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 11/21/2023 | $1,261,367.36 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.11   Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 11/30/2023 | $600,000.00 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor    **Near Intelligence, Inc.**                                    Case number (*if known*)    **23-11962**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.12  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 12/5/2023 | $250,000.00 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.13  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 12/7/2023 | $50,000.00 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.14  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | 12/7/2023 | $150,000.00 |
| **Email or website address**<br>rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor   **Near Intelligence, Inc.**                                    Case number (*if known*)   **23-11962**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.15  Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York NY 10019 | | | |
| | | 12/8/2023 | $160,000.00 |
| **Email or website address** | | | |
| rstrickland@willkie.com | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |
| 11.16  Young Conaway Stargatt & Taylor, LLP<br>Rodney Square North<br>1000 North King Street<br>Wilmington DE 19801 | | | |
| | | 11/30/2023 | $100,000.00 |
| **Email or website address** | | | |
| emorton@ycst.com | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |
| 11.17  Young Conaway Stargatt & Taylor, LLP<br>Rodney Square North<br>1000 North King Street<br>Wilmington DE 19801 | | | |
| | | 12/5/2023 | $6,952.00 |
| **Email or website address** | | | |
| emorton@ycst.com | | | |
| **Who made the payment, if not debtor?** | | | |

Debtor    **Near Intelligence, Inc.**                                    Case number (*if known*)    **23-11962**

| . | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.18 | Young Conaway Stargatt & Taylor, LLP<br>Rodney Square North<br>1000 North King Street<br>Wilmington DE 19801 | | | |
| | | | 12/8/2023 | $30,000.00 |
| | **Email or website address** | | | |
| | emorton@ycst.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None

| Who received transfer?<br>Address | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

Debtor    **Near Intelligence, Inc.**                                                                 Case number (*if known*)    **23-11962**

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy From-To |
|---|---|
| 14.1    The Great Room CT Pte Ltd<br>3 Temasek Ave  Level 18  17 Centennial Tower<br>Singapore  039190<br>Singapore | January 2019 - April 2022 |

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15.** **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

■ Yes. State the nature of the information collected and retained.

**Mobile advertising device IDs (MAID), IP addresses, advertising click stream information and location data associated with that device.**

Does the debtor have a privacy policy about that information?

☐ No

■ Yes

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
|---|---|---|---|

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10

■ Yes. Does the debtor serve as plan administrator?

    ■ No. Go to Part 10
    ☐ Yes.

---

**Part 10:**  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1   First Republic Bank<br>111 Pine Street<br>San Francisco CA 94111 | XXXX-3564 | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | 5/31/2023 | $100.00 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
|---|---|---|---|

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it;Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
|---|---|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1   Near Intelligence LLC<br>100 W Walnut St.<br>Suite A-4<br>Pasadena CA 91124 | Data Intelligence Company | EIN:   85-3187857 |
| | | **Dates business existed** |
| | | From-To   Apr 2022 through Petition Date |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1   UHY LLC<br><br>Cleveland OH 44192-0002 | January 2021 - December 2022 |
| 26a.2   UHY LLC<br><br>Cleveland OH 44192-0002 | January 2023 through Petition Date |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1   UHY LLC<br><br>Cleveland OH 44192-0002 | January 2021 through December 2022 |
| 26b.2   UHY LLC<br><br>Cleveland OH 44192-0002 | January 2023 through Petition Date |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
|---|---|---|---|

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Near Intelligence India Pvt Ltd<br>#1  Kathalipalya Main Road<br><br>Koramangala 6th Block<br><br>Bengaluru Karnataka 560 095<br>India | Available |
| 26c.2 UHY LLC<br><br>Cleveland OH 44192-0002 | January 23 through Petition Date |
| 26c.3 UHY LLC<br><br>Cleveland OH 44192-0002 | January 2021 through December 2022 |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1    See Global Notes |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No.

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) | **23-11962** |
|---|---|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Edmiston, Sherman | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Board Member | |
| 28.2 | Faieta, John | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Officer-CFO | |
| 28.3 | Greene, Mark | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Board Member | |
| 28.4 | Gross, Paul | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Officer-GC | |
| 28.5 | Kong, Gladys | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Officer-CEO | |
| 28.6 | Petralia, Kathryn | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Board Member | |
| 28.7 | Salute, Richard | 100 W Walnut St<br>4th Floor<br>Pasadena CA 91124 | Board Member | |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) **23-11962** |
| --- | --- | --- |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No.
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| 29.1   Agarwal, Rahul | 100 W. Walnut St. 4th Floor Pasadena CA 91124 | Officer | 3/23/223 - 11/10/223 |
| 29.2   Krishnamoorthy, Mini | 100 W. Walnut St. 4th Floor Pasadena CA 91124 | Board Member | 3/23/223 - 10/24/223 |
| 29.3   Mathews, Anil | 100 W. Walnut St. 4th Floor Pasadena CA 91124 | Board Member, Officer | 3/23/223 - 11/10/223 |
| 29.4   Steger, Ron | 100 W. Walnut St. 4th Floor Pasadena CA 91124 | Board Member | 3/23/223 - 8/7/223 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No.
■ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- |
| 30.1   Edmiston, Sherman 100 W. Walnut Street 4th Floor Pasadena CA 91124 | | | |
| | $8,000.00 | 11/17/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

| Official Form 207 | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy | Page 19 |
| --- | --- | --- |

Debtor    **Near Intelligence, Inc.**                                    Case number (*if known*)  **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.2   Edmiston, Sherman<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 11/30/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.3   Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 5/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.4   Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $1,186.38 | 5/24/2023 | Expense Reimbursement |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.5   Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 6/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

Debtor   **Near Intelligence, Inc.**                                    Case number (*if known*)   **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.6 Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $2,903.00 | 6/30/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.7 Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 7/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.8 Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $1,093.94 | 7/26/2023 | Expense Reimbursement |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.9 Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 8/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) | **23-11962** |
|---|---|---|---|---|

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.10    Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 9/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.11    Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 10/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.12    Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 11/17/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.13    Greene, Mark<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 11/30/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

Debtor    **Near Intelligence, Inc.**                                    Case number (*if known*)  **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.14 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $12,903.00 | 5/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.15 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 6/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.16 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 7/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.17 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 8/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) | **23-11962** |
|---|---|---|---|---|

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.18 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 9/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.19 Krishnamoorthy, Mini<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 10/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.20 Mathews, Anil<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | Payments made to Jeff & Alissa Merage purportedly for the benefit of Anil Matthews. |
| | $60,000.00 | 7/11/2023 | |
| **Relationship to debtor** | | | |
| Former CEO | | | |
| 30.21 Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $12,903.00 | 5/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

Debtor   **Near Intelligence, Inc.**                                    Case number (*if known*)   **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.22   Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $901.32 | 5/15/2023 | Expense Reimbursement |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.23   Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 6/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.24   Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 7/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.25   Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 8/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

Debtor  **Near Intelligence, Inc.**                                      Case number (*if known*)  **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.26 Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 9/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.27 Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 10/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.28 Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 11/17/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.29 Petralia, Kathryn<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $8,000.00 | 11/30/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

Debtor  **Near Intelligence, Inc.**                                    Case number (*if known*)  **23-11962**

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.30  Salute, Richard<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | $8,000.00 | 11/17/2023 | Board Fee |
| **Relationship to debtor**<br>Board of Directors | | | |
| 30.31  Salute, Richard<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | $2,000.00 | 11/17/2023 | Signing Bonus |
| **Relationship to debtor**<br>Board of Directors | | | |
| 30.32  Salute, Richard<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | $8,000.00 | 11/30/2023 | Board Fee |
| **Relationship to debtor**<br>Board of Directors | | | |
| 30.33  Salute, Richard<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | $2,000.00 | 11/30/2023 | Expense Reimbursement |
| **Relationship to debtor**<br>Board of Directors | | | |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.34 Steger, Ron<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $12,903.00 | 5/15/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.35 Steger, Ron<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $354.00 | 5/24/2023 | Expense Reimbursement |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.36 Steger, Ron<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 6/12/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |
| 30.37 Steger, Ron<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 7/14/2023 | Board Fee |
| **Relationship to debtor** | | | |
| Board of Directors | | | |

| Debtor | **Near Intelligence, Inc.** | | Case number (*if known*) | **23-11962** |

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.38  Steger, Ron<br>100 W. Walnut Street<br>4th Floor<br>Pasadena CA 91124 | | | |
| | $10,000.00 | 8/14/2023 | Board Fee |

| Relationship to debtor |
|---|
| Board of Directors |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No.
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1  Near Intelligence, Inc. | EIN:   20122056935G |
| 31.2  Near Intelligence, Inc. | EIN:   85-3187857 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ No.
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
| 32.1  Employee CPF | EIN:   20122056935G |
| 32.2  Employer CPF | EIN:   20122056935G |

| Debtor | **Near Intelligence, Inc.** | Case number (*if known*) | **23-11962** |
| --- | --- | --- | --- |

---

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on    **January 5, 2024**

**/s/ John Faieta**                                                 **John Faieta**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Financial Officer**

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

■ No
☐ Yes