# EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN THE DEBTORS, THE DIP AGENT, AND THE DIP LENDERS TO EXTEND CERTAIN DIP MILESTONES

The parties (collectively, the "Parties") to this stipulation and agreement (this "Stipulation") are (a) Near Intelligence, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors") and (b) the DIP Agent and DIP Lenders (as such terms are defined in the Interim DIP Order[2]). The Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on December 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing these chapter 11 cases; and

**WHEREAS**, on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] "Interim DIP Order" means the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 66] (as amended, modified, or supplemented from time to time in accordance with the terms thereof). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim DIP Order.

*and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 15] (the "DIP Motion"); and

**WHEREAS,** on December 11, 2023, the Court entered the Interim DIP Order authorizing, among other things, the Debtors' entry into the DIP Facility; and

**WHEREAS**, paragraph 1 of the Interim DIP Order provides that the DIP Facility will terminate on a date that is thirty (30) calendar days after the Petition Date (the "Termination Date") absent the Court's entry of a Final Order in form and substance satisfactory to the Debtors and the DIP Agent, subject to the Court's availability; and

**WHEREAS**, paragraph 9(c) and (d) of the Interim DIP Order, respectively, provide that no later than thirty (30) days after the Petition Date, the Bankruptcy Court shall have entered the Final Order (the "Final Order Milestone") and Bid Procedures Order (the "Bid Procedures Milestone");

**NOW, THEREFORE**, the Parties hereby stipulate and agree as follows:

1. Notwithstanding anything to the contrary in the Interim DIP Order, the Termination Date shall be January 12, 2024.

2. The Final Order Milestone and Bid Procedures Milestone are extended to January 12, 2024.

3. Except as otherwise expressly set forth herein, nothing in this Stipulation is intended, or shall be construed, to modify the terms of the DIP Loan Documents or the Interim DIP Order or alter the respective rights and obligations of the parties thereunder, which shall remain in full force and effect.

4. The Court shall retain jurisdiction to resolve any dispute arising from or related to

3

the interpretation or enforcement of this Stipulation.

5.     This Stipulation may be executed in identical counterparts, including by email, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

[*Remainder of Page Left Intentionally Blank*]

**IN WITNESS WHEREOF**, the Debtors, the DIP Agent and the DIP Lenders, by their respective counsel, executed this Stipulation as of the date written below.

Dated: January 5, 2024
      Wilmington, Delaware      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

      /s/ Shane M. Reil
      Edmon L. Morton (No. 3856)
      Matthew B. Lunn (No. 4119)
      Shane M. Reil (No. 6195)
      Carol E. Cox (No. 6936)
      Rodney Square
      1000 North King Street
      Wilmington, Delaware 19801
      Telephone: (302) 571-6600
      Facsimile: (302) 571-1253
      emorton@ycst.com
      mlunn@ycst.com
      sreil@ycst.com
      ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*

Dated: January 5, 2024
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew Harvey*
Robert J. Dehney (No. 3578)
Matthew Harvey (No. 5186)
Brenna Dolphin (No. 5604)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
mharvey@morrisnichols.com
bdolphin@morrisnichols.com

-and-

**KING & SPALDING LLP**
Geoffrey M. King (*admitted* pro hac vice)
110 N Wacker Drive, Suite 3800
Chicago, Illinois 60606
Telephone: (312) 995-6533
Email: gking@kslaw.com

Roger G. Schwartz (*admitted* pro hac vice)
Miguel Cadavid (*admitted* pro hac vice)
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Email: rschwartz@kslaw.com
mcadavid@kslaw.com

*Counsel to the DIP Agent and DIP Lenders*