IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 7 & 63 |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES
AND FEES AND RELATED OBLIGATIONS AND (II) AUTHORIZING THE BANKS
TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS
RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees and Related Obligations and (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 7] (the "Motion"). Responses to the entry of the proposed form of final order (the "Proposed Order") attached to the Motion were to be filed and served no later than 4:00 p.m. (ET) on December 29, 2023 (the "Objection Deadline").[2]

The Debtors revised the Proposed Order to conform with changes to the Interim Order, as reflected in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order"). For the convenience of the Court and interested parties, a blackline comparing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] The Objection Deadline was extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Committee").

Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.  No responses or objections to entry of the Proposed Order were received by the Debtors.

    The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Motion.  Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

[*Signature page follows*]

Dated: January 8, 2024
    Wilmington, Delaware      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 7 & 63 |

**FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION TAXES AND FEES AND
RELATED OBLIGATIONS, (II) AUTHORIZING THE BANKS
TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of interim and final orders (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Taxing Authorities; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined in this Final Order shall have the meanings ascribed to them in the Motion.

February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of business in an amount not to exceed $70,000; provided, however, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this Final Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

3. Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes for periods that begin prepetition and end postpetition ("Straddle Taxes"), and if the Court subsequently determines that any portion of such Straddle Taxes is not entitled to treatment as a priority or administrative tax claim under Bankruptcy Code section 507(a)(8) or 503(b)(1)(B), the Debtors may, in their sole discretion (but shall not be required to), seek an order from the Court requiring a return of such amounts and the payment of such amount shall, upon order of the Court, be refunded to the Debtors; provided, however, that nothing in this Final Order shall authorize the Debtors' payment of any Taxes and Fees that are past-due

4. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank

accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5.  Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Taxing Authority; or (d) shall be construed as a promise to pay a claim.

6.  The Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

7.  Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

3

8. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. Notice of this Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# **EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 7 & 63 |

**FINAL ORDER**
**(I) AUTHORIZING THE DEBTORS TO PAY**
**CERTAIN PREPETITION TAXES AND FEES AND**
**RELATED OBLIGATIONS, (II) AUTHORIZING THE BANKS**
**TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER**
**REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of interim and final orders (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Taxing Authorities; (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined in this Final Order shall have the meanings ascribed to them in the Motion.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of business in an amount not to exceed $70,000; provided, however, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this Final Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

3. Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes for periods that begin prepetition and end postpetition ("Straddle Taxes"), and if the Court subsequently determines that any portion of such Straddle Taxes is not entitled to treatment as a priority or administrative tax claim under Bankruptcy Code section 507(a)(8) or 503(b)(1)(B), the Debtors may, in their sole discretion (but shall not be required to), seek an order from the Court requiring a return of such amounts and the payment of such amount shall, upon order of the Court, be refunded to the Debtors; provided, however, that nothing in this Final Order shall authorize the Debtors' payment of any Taxes and Fees that are past-due

4.     The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5.     Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Taxing Authority; or (d) shall be construed as a promise to pay a claim.

6.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

7. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

8. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. Notice of this Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. This Court shall retain ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

4