## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 73** |

## CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLC ADVISORS & CO., LLC AND GLCA SECURITIES, LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 327(A) AND 328, EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF

On December 15, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of GLC Advisors & Co., LLC and GLCA Securities, LLC as Investment Banker for the Debtors and Debtors in Possession, Pursuant to 11 U.S.C. §§ 327(a) and 328, Effective as of the Petition Date, (II) Waiving Certain Information Requirements Imposed by Local Rule 2016-2, and (III) Granting Related Relief* [Docket No. 73] (the "Application"). Responses to the entry of the proposed form of order (the "Proposed Order") attached to the Application were to be filed and served no later than 4:00 p.m. (ET) on December 29, 2023 (the "Objection Deadline").[2]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  The Objection Deadline was extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Committee").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee (the "U.S. Trustee").  As a result of discussions between the Debtors and the U.S. Trustee, the Debtors have resolved the U.S. Trustee's comments as reflected in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order").  For the convenience of the Court and interested parties, a blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.  No other responses were received by the Debtors.

The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Application and its discussions with the U.S. Trustee and that the U.S. Trustee does not object to entry of the Revised Proposed Order.  Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

*[Signature page follows]*

Dated: January 8, 2024
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
|   | **Ref. Docket No. 73** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLC
ADVISORS & CO., LLC AND GLC SECURITIES, LLC AS INVESTMENT BANKER
FOR THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C.
§§ 327(a) AND 328, EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING
CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2,
AND (III) GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an
order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy
Rule 2014, and Local Rule 2014-1 for (i) authority to employ and retain GLC as investment banker
to the Debtors in the Chapter 11 Cases, effective as of the Petition Date, pursuant to the terms of
the Engagement Letter and (ii) a waiver of certain information requirements of Local Rule 2016-
2 and excusing compliance with certain guidelines set forth in the U.S. Trustee Guidelines, all as
more fully set forth in the Application; and upon consideration of the Han Declaration; and this
Court having jurisdiction to consider the Application and the relief requested therein pursuant to
28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States
District Court for the District of Delaware dated February 29, 2012; and consideration of the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America,
Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-
4, Pasadena, CA 91124.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application.

Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Application having been provided to the parties listed therein, and it appearing that

no other or further notice need be provided; and this Court having reviewed the Application; and

this Court being satisfied that GLC has the capability and experience to provide the services

described in the Application and that GLC does not hold an interest adverse to the Debtors or their

estates respecting the matters upon which it is to be engaged; and it appearing that the relief

requested in the Application is in the best interests of the Debtors, their estates, creditors, and other

parties in interest; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Application is GRANTED to the extent provided herein.

2.       The Debtors are authorized to retain and employ GLC as investment banker to the

Debtors in the Chapter 11 Cases, pursuant to the terms and conditions set forth in the Application

and the Engagement Letter, as modified by this Order, effective as of the Petition Date.

3.       Notwithstanding anything herein, the Application or the Engagement Letter to the

contrary, during the course of these cases, section 2(g) of the Engagement Letter (Termination

Fee) is deemed deleted.

4.       The Engagement Letter (together with all annexes thereto), including without

limitation the Fee and Expense Structure, as modified by this Order, is approved pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed

to perform their payment, reimbursement, contribution, and indemnification obligations and their

non-monetary obligations in accordance with the terms and conditions, and at the times specified,

in the Engagement Letter.  Subject to Paragraph 9 of this Order, all compensation to GLC under

the Engagement Letter shall be subject to review only pursuant to the standards set forth in section

328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including,

but not limited to, that set forth in section 330 of the Bankruptcy Code.

5.      The Debtors are authorized to pay GLC's fees and to reimburse GLC for its

reasonable costs and expenses as provided in the Engagement Letter, including, but not limited to

reasonable fees and expenses of GLC's outside counsel without the need for such legal counsel to

be retained as a professional in the Chapter 11 Cases and without regard to whether such legal

counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Pursuant to Local Rule

2016-2(h), Local Rule 2016-2(f) is waived and in the event that during the pendency of the Chapter

11 Cases GLC seeks reimbursement for any attorneys' fees and/or expenses pursuant to the

Engagement Letter, the invoices and supporting time records from such attorneys' shall be

included in GLC's monthly fee statements and any non-summary interim and final fee

applications.  Notwithstanding anything to the contrary in the application or any supporting

documents, GLC shall only be reimbursed for any legal fees and expenses incurred in connection

with the Chapter 11 Cases to the extent permitted under applicable law.

6.      GLC shall file applications for allowance of compensation and reimbursement of

expenses pursuant to and in accordance with the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, Local Rules, and any applicable orders of this Court; provided that,

notwithstanding anything contained in the foregoing to the contrary, pursuant to Local Rule 2016-

2(h), GLC professionals shall be required only to maintain summary time records in half-hour

increments describing each professional's tasks on a daily basis, including reasonably detailed

descriptions of those services and the individuals who provided those services, and GLC shall not

3

be required to provide or conform to any schedule of hourly rates; provided further that GLC's professionals shall not be required to keep time records on a project category basis and its non-investment banking professionals and personnel in administrative departments (including legal) not be required to maintain any time records.

7.    The Debtors shall pay GLC: (a) its Transaction fee(s) for its services in accordance with its Engagement Letter, but subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, including those set forth in any order establishing procedures for interim compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") entered in these cases; and (b) its Monthly Advisory Fees each month when required under the Engagement letter without a prior fee application, provided, however, that GLC shall file monthly fee statements with time entries and requests for reimbursement as set forth in the Application, as modified by this Order, pursuant to the deadlines and other procedures set forth in the Interim Compensation Order. All such fees paid to GLC are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of GLC's final fee application.

8.    Upon earning a Sale Transaction Fee, the Debtors will promptly deposit such Sale Transaction Fee into an escrow account solely for the benefit of GLC.  The Debtors are authorized and directed to release such funds from the escrow account and pay GLC such funds to the extent the Court allows compensation and/or reimbursement following the filing of a final fee application; provided that, prior to the entry of an order approving a final fee application, the Debtors are authorized to pay GLC such Sale Transaction Fee from such escrow account pursuant to the terms and procedures in the Interim Compensation Order, including but not limited to, including the calculation of the Sale Transaction Fee in any monthly, interim and final fee application.

9.     GLC's fees in the Chapter 11 Cases, as modified by this Order, including the Monthly Advisory Fee, Financing Transaction Fee, Sale Transaction Fee and Restructuring Fee, are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the fees and expenses payable to GLC pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of GLC's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in the Chapter 11 Cases to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated solely on the basis of the time committed or the length of these cases.  Nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of GLC's compensation.

10.     The indemnification, contribution, and reimbursement provisions set forth in Schedule I to the Engagement Letter are approved, subject during the pendency of the Chapter 11 Cases to the following modifications during the pendency of the Chapter 11 Cases:

    a.     No Indemnified Person (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

    b.     The Debtors shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either (i) judicially determined (the

5

determination having become final) to have arisen from the Indemnified Person's gross negligence, bad faith, fraud or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Person's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to sub paragraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, GLC or the applicable Indemnified Person must file an application before this Court, and the Debtors may not pay any such amounts to the Indemnified person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request fees and expenses by any Indemnified Person for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

11.    Notwithstanding anything to the contrary in the Engagement Letter, including the second sentence of paragraph 8(a), during the course of these Chapter 11 Cases, GLC shall have whatever fiduciary duty is imposed upon it by applicable law.

12.    Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of the Indemnified Persons shall not be limited to the aggregate amount of fees actually received by GLC from the Debtors pursuant to the Engagement Letter, this Order or subsequent orders of this Court. No limitation of liability provision set forth in the Engagement Letter shall have any force during the course of the Chapter 11 Cases.

13.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

14.     None of the fees or expenses payable to GLC under the Fee and Expense Structure shall constitute a "bonus" or fee enhancement under applicable law.

15.     In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

16.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.     Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 73** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLC**
**ADVISORS & CO., LLC AND GLC SECURITIES, LLC AS INVESTMENT BANKER**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C.**
**§§ 327(a) AND 328, EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING**
**CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2,**
**AND (III) GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an

order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy

Rule 2014, and Local Rule 2014-1 for (i) authority to employ and retain GLC as investment

banker to the Debtors in the Chapter 11 Cases, effective as of the Petition Date, pursuant to the

terms of the Engagement Letter and (ii) a waiver of certain information requirements of Local

Rule 2016-2 and excusing compliance with certain guidelines set forth in the U.S. Trustee

Guidelines, all as more fully set forth in the Application; and upon consideration of the Han

Declaration; and this Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated February 29,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court being satisfied that GLC has the capability and experience to provide the services described in the Application and that GLC does not hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED to the extent provided herein.

2.      The Debtors are authorized to retain and employ GLC as investment banker to the Debtors in the Chapter 11 Cases, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order, effective as of the Petition Date.

3.      Notwithstanding anything herein, the Application or the Engagement Letter to the contrary, during the course of these cases, section 2(g) of the Engagement Letter (Termination Fee) is deemed deleted.

4.      3. The Engagement Letter (together with all annexes thereto), including without limitation the Fee and Expense Structure, as modified by this Order, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their

non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter. Subject to Paragraph 79 of this Order, all compensation to GLC under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

5. 4. The Debtors are authorized to pay GLC's fees and to reimburse GLC for its reasonable costs and expenses as provided in the Engagement Letter, including, but not limited to reasonable fees and expenses of GLC's outside counsel without the need for such legal counsel to be retained as a professional in the Chapter 11 Cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Pursuant to Local Rule 2016-2(h), Local Rule 2016-2(f) is waived and in the event that during the pendency of the Chapter 11 Cases GLC seeks reimbursement for any attorneys' fees and/or expenses pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys' shall be included in GLC's monthly fee statements and any non-summary interim and final fee applications. Notwithstanding anything to the contrary in the application or any supporting documents, GLC shall only be reimbursed for any legal fees and expenses incurred in connection with the Chapter 11 Cases to the extent permitted under applicable law.

6. 5. GLC shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, and any applicable orders of this Court; provided that, notwithstanding anything contained in the foregoing to the contrary, pursuant to Local Rule 2016-2(h), GLC professionals shall be required only to maintain summary time records in half-hour increments describing each professional's tasks on a daily basis, including reasonably

detailed descriptions of those services and the individuals who provided those services, and GLC shall not be required to provide or conform to any schedule of hourly rates; provided further that GLC's professionals shall not be required to keep time records on a project category basis and its non-investment banking professionals and personnel in administrative departments (including legal) not be required to maintain any time records.

6. GLC may be paid its Transaction fee(s) for its services as and when due under the Engagement Letter; provided that all such fees shall remain subject to the subsequent approval of this Court following the filing of a final fee application.

7. The Debtors shall pay GLC: (a) its Transaction fee(s) for its services in accordance with its Engagement Letter, but subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, including those set forth in any order establishing procedures for interim compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") entered in these cases; and (b) its Monthly Advisory Fees each month when required under the Engagement letter without a prior fee application, provided, however, that GLC shall file monthly fee statements with time entries and requests for reimbursement as set forth in the Application, as modified by this Order, pursuant to the deadlines and other procedures set forth in the Interim Compensation Order. All such fees paid to GLC are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of GLC's final fee application.

8. Upon earning a Sale Transaction Fee, the Debtors will promptly deposit such Sale Transaction Fee into an escrow account solely for the benefit of GLC. The Debtors are authorized and directed to release such funds from the escrow account and pay GLC such funds

to the extent the Court allows compensation and/or reimbursement following the filing of a final fee application; provided that, prior to the entry of an order approving a final fee application, the Debtors are authorized to pay GLC such Sale Transaction Fee from such escrow account pursuant to the terms and procedures in the Interim Compensation Order, including but not limited to, including the calculation of the Sale Transaction Fee in any monthly, interim and final fee application.

9.    7. GLC's fees in the Chapter 11 Cases, as modified by this Order, including the Monthly Advisory Fee, Financing Transaction Fee, Sale Transaction Fee and Restructuring Fee, are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the fees and expenses payable to GLC pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of GLC's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in the Chapter 11 Cases to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily solely on the basis of the time committed or the length of these cases. Nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of GLC's compensation.

10.    8.  The indemnification, contribution, and reimbursement provisions set forth in

Schedule I to the Engagement Letter are approved, subject during the pendency of the Chapter 11

Cases to the following modifications during the pendency of the Chapter 11 Cases:

a.      No Indemnified Person (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

b.      The Debtors shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, bad faith, fraud or willful misconduct, (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Person's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to sub paragraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, GLC or the applicable Indemnified Person must file an application before this Court, and the Debtors may not pay any such amounts to the Indemnified person before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request fees and expenses by any Indemnified Person for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to, the Indemnified Persons.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

11.    Notwithstanding anything to the contrary in the Engagement Letter, including the second sentence of paragraph 8(a), during the course of these Chapter 11 Cases, GLC shall have whatever fiduciary duty is imposed upon it by applicable law.

12.    9. Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of the Indemnified Persons shall not be limited to the aggregate amount of fees actually received by GLC from the Debtors pursuant to the Engagement Letter, this Order or subsequent orders of this Court.  No limitation of liability provision set forth in the Engagement letterLetter shall have any force during the course of the Chapter 11 Cases.

13.    10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

14.    11. None of the fees or expenses payable to GLC under the Fee and Expense Structure shall constitute a "bonus" or fee enhancement under applicable law.

15.    12. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

16.    13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.    14. Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

31098672.2