# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 72** |

## CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

On December 15, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date* [Docket No. 72] (the "Application"). Responses to the entry of the proposed form of order (the "Proposed Order") attached to the Application were to be filed and served no later than 4:00 p.m. (ET) on December 29, 2023 (the "Objection Deadline").[2]

Upon the request of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee" and, together with the Committee, the "Interested Parties"), Young Conaway has agreed that the following description of certain services it shall provide the Debtors in these Chapter 11 Cases shall amend and supersede the description of services that was contained in sub-paragraph 16(e) of the Application:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] The Objection Deadline was extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Committee").

"performing all other services assigned by the Debtors, in consultation with Willkie Farr & Gallagher LLP, to Young Conaway as co-counsel to the Debtors, and to the extent Young Conaway determines that such services fall outside of the scope of services historically or generally performed by the firm as co-counsel in a bankruptcy proceeding, Young Conaway will file a supplemental declaration pursuant to Bankruptcy Rule 2014 and give parties in interest an opportunity to object."

Prior to the Objection Deadline, the Debtors also received informal comments from the Committee. As a result of discussions with the Committee, the Debtors have resolved the Committee's comments as reflected in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order").  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.  No other responses were received by the Debtors.

The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Application and their discussions with the Interested Parties and that the Interested Parties do not object to entry of the Revised Proposed Order.  Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

[*Signature page follows*]

Dated: January 9, 2024
    Wilmington, Delaware      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

    */s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 72 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the retention and employment of Young Conaway as co-counsel to the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Application and all pleadings related thereto, including the Morton Declaration and the Faieta Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, because (i) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Morton Declaration; (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors; (iii) none of Young Conaway's partners or employees are or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their counsel on the terms set forth in the Application and the Morton Declaration, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in these Chapter 11 Cases).

4. Young Conaway shall provide five (5) business days' notice to the Debtors, counsel to the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The Committee, U.S. Trustee, and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Young Conaway shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

# **EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 72 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL
FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the retention and employment of Young Conaway as co-counsel to the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Application and all pleadings related thereto, including the Morton Declaration and the Faieta Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, because (i) Young Conaway has no connection with the Debtors, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Morton Declaration; (ii) Young Conaway is not a creditor, equity security holder, or insider of the Debtors; (iii) none of Young Conaway's partners or employees are or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their counsel on the terms set forth in the Application and the Morton Declaration, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in these Chapter 11 Cases).

4. Young Conaway shall provide five (5) business days' notice to the Debtors, counsel to the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The Committee, U.S. Trustee, and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Young Conaway shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

3