**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| | Chapter 11 |
| In re: | Case No. 23-11962 (TMH) |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Ref. Docket No. 77** |

**ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES**
**FOR FILING PROOFS OF CLAIM (INCLUDING FOR CLAIMS ARISING**
**UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND**
**(B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections

105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7), 3003(c), and

5005(a), and Local Rule 2002-1, (a) establishing deadlines by which creditors (as defined in

section 101(10) of the Bankruptcy Code) may file proofs of claim (the "Proofs of Claim") in these

Chapter 11 Cases, (b) establishing related procedures for filing Proofs of Claim, (c) approving the

form and scope of the Bar Date Notice, (d) approving mailing procedures with respect thereto, and

(e) granting additional relief; and upon consideration of the First Day Declaration; and due and

proper notice of the Motion having been given; and it appearing that no other or further notice of

the Motion is required except as otherwise provided herein; and it appearing that this Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, unless otherwise noted.

Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.  The Motion is GRANTED as set forth herein.

2.  This Court hereby approves (a) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Order as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion.

3.  Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date and whose claim is (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules"), (b) listed on the Schedules as disputed, contingent, or unliquidated, or (c) is listed on the Debtors' Schedules but against the wrong Debtor, must file a Proof of Claim on or prior to 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the later of (i) the date the Debtors file their Schedules with this Court, and (ii) the date of entry of this Order (the "General Bar Date").

4.  Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is June 5, 2024 at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date").

5.        Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection (the "Rejection Damages Bar Date").

6.        If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date," and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, each a "Bar Date," and collectively, the "Bar Dates").

7.        Subject to paragraph 11 of this Order, any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code), and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

8.        All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person, or electronically through the online Proof of Claim Form available at https://cases.ra.kroll.com/near an original, written Proof of Claim that substantially conforms to

the Proof of Claim Form so as to be **actually received** by the Claims Agent by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date (a) if by first-class mail, at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (b) if by overnight delivery service or hand delivery, at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

9.      A Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:

a.      Each Proof of Claim must:  (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is in ink.

b.      Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.     Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (23-11962 (TMH)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Near Intelligence, Inc.

e.     Unless otherwise ordered by this Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Near Intelligence, Inc.

f.     Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.     Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by the Claims Agent on or before the applicable Bar Date as follows: (a) electronically via the interface available on the Claims Agent's website at https://cases.ra.kroll.com/near, (b) by first-class mail at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or (c) by overnight delivery service or hand delivery at: Near Intelligence, Inc., Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

h.     Proofs of Claim sent by facsimile or electronic mail will not be accepted.

i.     Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

10.     Proofs of Claim sent to the Claims Agent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

11.     Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a.      a claim against the Debtors for which a signed Proof of Claim has already
        been properly filed with the Clerk of the Bankruptcy Court for the District
        of Delaware or the Claims Agent in a form substantially similar to Official
        Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim
        is not scheduled as "disputed," "contingent," or "unliquidated," (ii) the
        holder of such claim agrees with the amount, nature, and priority of the
        claim as set forth in the Schedules, **and** (iii) the creditor agrees with respect
        to the identified Debtor;

c.      an administrative expense claim allowable under sections 503(b) and
        507(a)(2) of the Bankruptcy Code as an expense of administration (other
        than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.      an administrative expense claim for postpetition fees and expenses incurred
        by any professional allowable under sections 330, 331, and 503(b) of the
        Bankruptcy Code;

e.      a claim that has been paid in full by the Debtors in accordance with the
        Bankruptcy Code or an order of the Court;

f.      a claim that has been allowed by an order of the Court entered on or before
        the applicable Bar Date;

g.      a claim of any Debtor against another Debtor;

h.      any fees payable to the office of the United States Trustee for the District of
        Delaware (the "U.S. Trustee") under 28 U.S.C. § 1930;

i.      a claim for which specific deadlines have been fixed by an order of the
        Court entered on or before the applicable Bar Date;

j.      the claims of the Prepetition First Lien Secured Parties, DIP Lenders, and
        DIP Agent under the Prepetition First Lien Documents and the DIP Loan
        documents and  pursuant to the DIP Order;

k.      a claim for any fees, expenses, or other obligations arising or payable under
        the DIP Order; and

l.      any current officer or director of the Debtors who held such position as of
        the Petition Date who has a claim for indemnification, contribution, or
        reimbursement.

12.     Any Claimant exempted from filing a Proof of Claim pursuant to **paragraph 11** above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by **paragraph 11** above.

13.     Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

14.     Within five (5) business days after the later of (a) the date the Debtors file their Schedules with this Court, and (b) the date of entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form (the "Bar Date Package"), by first class United States mail, postage prepaid (or equivalent service), to the following parties:

    a.     all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

    b.     all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

    c.     all parties that have filed Proofs of Claim in these Chapter 11 Cases as of the date of this Order;

d.      all known holders of equity securities in the Debtors as of the date of this Order;[3]

e.      all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

f.      all known parties to litigation with the Debtors as of the date of this Order;

g.      any applicable regulatory authorities;

h.      the Internal Revenue Service;

i.      all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

j.      the Securities and Exchange Commission; and

k.      the United States Attorney for the District of Delaware.

15.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

16.     Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication Notice to be published once in USA Today (or other similar national publication) as soon as practicable after entry of this Order but no later than twenty-one (21) days before the General Bar Date, and in such other local newspapers or publications, if any, as the Debtors deem appropriate. Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

17.     Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; *provided*,

---

[3]    The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

*however*, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

18.     Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, may not be treated as a creditor with respect to such claim for purposes of voting and distribution.

19.     Nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend the Schedules.  In addition, nothing contained in this Order or in the Motion, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

20.     The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

21.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

9

22.    The Debtors and the Claims Agent are authorized to take any and all actions necessary to effectuate the relief granted herein.

23.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

24.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*Thomas M. Horan*

**Dated: January 9th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**