IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 5 & 64 |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (III) FILE UNDER SEAL PORTIONS OF THE CREDITOR MATRIX AND OTHER FILINGS CONTAINING CERTAIN PERSONAL IDENTIFICATION INFORMATION**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to (i) file a single, consolidated Creditor Matrix in lieu of submitting a mailing matrix for each Debtor, (ii) file a single Consolidated Top 30 Creditor List, and (iii) file under seal portions of the Creditor Matrix and all other filings containing certain individual creditor information, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"), if any; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Debtors are authorized to file a consolidated list of creditors in such a format as directed by the Clerk's Office Procedures; provided, however if any of these Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3. The Debtors are authorized to file the Consolidated Top 30 Creditor List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4. The Debtors or their noticing and claims agent, Kroll, are hereby authorized to complete all mailing in these Chapter 11 Cases which are required under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

5. The Debtors are authorized to seal portions, but only those portions, of (a) the consolidated creditor matrix, (b) the list of equity holders, (c) the schedules of assets and liabilities, (d) the statements of financial affairs, and (e) all other filings that the Debtors make (each a "Sealed

Filing") that contain the address information (physical and email) of the Debtors' individual creditors, including customers, employees, and equity holders, provided, however, that the Debtors are not authorized to redact any filings made by non-debtor parties.

6. The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' equity and (ii) all banks, brokers, intermediaries, other nominees or their mailing agents; (b) publish notice of commencement on the Debtors' Chapter 11 Cases website located at https://cases.ra.kroll.com/near; and (c) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements; and (d) include the notice of commencement in the Debtors' proposed noticing program.  All registered holders of the Debtors' stock served with any notices in the Debtors' cases shall be required to serve such notices on any holder for whose benefit such registered holder holds down the chain of ownership for all such holders of the Debtors' stock.

7. The Sealed Filings shall remain under seal and not be made available to anyone, except that copies shall be provided to (i) this Court, the Office of the United States Trustee for the District of Delaware, and counsel to any statutory committee appointed in these Chapter 11 Cases, and (ii) any party in interest upon a request to the Debtors (email is sufficient) or to this Court that is reasonably related to these Chapter 11 Cases, or as otherwise ordered by this Court; provided that each party receiving an unredacted copy of the Sealed Filings shall keep such information confidential unless otherwise required to be disclosed by law or court order.  The

Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

8. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's home address or email address is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose home addresses and/or email addresses are sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The claims and noticing agent in these Chapter 11 Cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees and clients at their respective residences for the benefit of all parties in interest seeking to serve the Debtors' current and former employees and clients with pleadings or notices in these Chapter 11 Cases.

9. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*Thomas M. Horan*

**Dated: January 9th, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**