# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 6 & 61 |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DEBTOR NEAR INTELLIGENCE, INC.**

Upon consideration of the motion (the "Motion")[2] of the above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor Near Intelligence, Inc. ("Near") or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and this Court having previously entered an order granting the relief requested in the Motion on an interim basis [Docket No. 61] (the "Interim Order"); and due and sufficient notice of the Motion and the Interim Order having been given under the particular circumstances; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Any purchase, sale, or other transfer of, or claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Near, or of any Beneficial Ownership therein, on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code, and the holder of such equity securities shall be required to take any remedial action specified by the Debtors to appropriately reflect that such transfer or claim of worthlessness is null and *void ab initio*.

3. The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) of Near:

   (a) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on the counsel to the Debtors, a notice of such status, in the form attached to the Interim Order as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days of the Notice of Final Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)  At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Near Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Interim Order as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)  At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Near Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Interim Order as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)  The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)  For purposes of this Final Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all

issued and outstanding shares (equal to, as of the Petition Date, approximately 2,552,741 shares[3]) of the common stock of Near ("Near Stock"), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4. The following procedures shall apply to claims for tax purposes that shares of Near's equity securities (including Options to acquire such securities, as defined below) are worthless:

    (a) Any worthless stock deduction claim of equity securities (including Options to acquire such securities, as defined below) in Near on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

    (b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached to the Interim Order as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

    (c) At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in Near, for a tax year ending before the

---

[3] According to the Company's books and records, there are approximately 56,727,577 shares of Near Stock issued and outstanding as of the Petition Date.

        Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached to the Interim Order as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)    The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Near (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Near Stock and Options to acquire Near Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Near Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5. The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6. As soon as reasonably practicable following entry of this Final Order, the Debtors shall serve the Notice of Final Order setting forth the procedures authorized herein substantially in the form attached to the Interim Order as **Exhibit A-7** ("Notice of Final Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the Banks; (vi) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (vii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (viii) to the extent known, each equity security holder directly registered with the Debtors' transfer agent for the Near Stock and all Nominees that hold Near Stock in "street name" for the beneficial holders of the Near Stock (with instructions to serve down to the beneficial holder level) as applicable; (ix) all Substantial Shareholders, if any; (x) the transfer agent(s) for the Near Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7. All registered holders of Near Stock and Nominees that hold Near Stock in "street name" shall serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or Nominee holder holds such Near Stock, down the chain of ownership for all such holders of Near Stock.

8. The transfer agent for the Near Stock is ordered and authorized to provide directly to Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent, the list of registered holders of Near Stock within one (1) business day of entry of this Final Order.

9. The Debtors shall post the Notice of Final Order to the website established by Kroll for these chapter 11 cases (https://cases.ra.kroll.com/near), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10. Upon receipt of the Notice of Final Order, the Nominees shall serve the Notice of Final Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Final Order. Additionally, any person (or entity or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Near Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Final Order to such purchaser (or its agent), to the extent reasonably feasible.

11. For the avoidance of doubt, any holder of Near Stock that holds Near Stock in an amount in excess of 4.5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Final Order to such person or entity with instructions to forward the Notice of Final Order down the chain of ownership to the ultimate beneficial holder of Near Stock holding an amount in excess of 4.5% of all issued and outstanding shares.

12. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13. For the avoidance of doubt, nothing in this Final Order is authorizing the sealing or redaction of any information requested in Exhibits A-1 through A-4 attached hereto.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

*Thomas M. Horan*

**Dated: January 9th, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**