**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED**
**FOR HEARING ON JANUARY 11, 2024 AT 1:00 P.M. (ET)**

**THIS HEARING WILL BE CONDUCTED <u>IN-PERSON</u>. ALL PARTIES, INCLUDING WITNESSES, ARE EXPECTED TO ATTEND IN PERSON UNLESS PERMITTED TO APPEAR REMOTELY AND ALL REMOTE PARTICIPANTS MUST REGISTER BY JANUARY 10, 2024 AT 4:00 P.M (ET).**

**TO ATTEND A HEARING REMOTELY, PLEASE REGISTER USING THE ECOURTAPPEARANCE TOOL (<u>AVAILABLE HERE</u>) OR ON THE COURT'S WEBSITE AT <u>WWW.DEB.USCOURTS.GOV</u>.**

**AFTER REGISTERING YOUR APPEARANCE, YOU WILL RECEIVE A CONFIRMATION EMAIL CONTAINING INFORMATION ABOUT JOINING THE HEARING.**

## <u>RESOLVED MATTERS</u>

1.    Debtors' Motion for Entry of An Order Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (C) File Under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information [Docket No. 5; 12/8/23]

   <u>Related Documents</u>:

   A.    Order Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (C) File Under Seal

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information [Docket No. 64; 12/11/23]

B.      Notice of Final Hearing Regarding Order Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (C) File Under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information [Docket No. 69; 12/12/23]

C.      Certification of Counsel Regarding Proposed Final Order Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (C) File Under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information [Docket No. 131; 1/8/24]

D.      Final Order Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (C) File Under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information [Docket No. 145; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

E.      Informal response from the U.S. Trustee

Status:          An order has been entered by the Court.  No hearing is required.

2.      Debtors' Motion for Interim and Final Orders Establishing Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with Respect to, Equity Securities in Debtor Near Intelligence, Inc. [Docket No. 6; 12/8/23]

Related Documents:

A.      Interim Order Establishing Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with Respect to, Equity Securities in Debtor Near Intelligence, Inc. [Docket No. 61; 12/11/23]

B.      Notice of Entry of Interim Order, Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, Establishing Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with

Respect to, Equity Securities in Debtor Near Intelligence, Inc. [Docket No. 70; 12/12/3]

C.      Certification of Counsel Regarding Proposed Final Order, Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, Establishing Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with Respect to, Equity Securities in Debtor Near Intelligence, Inc. [Docket No. 136; 1/9/24]

D.      Final Order, Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, Establishing Notice and Hearing Procedures for Trading In, or Certain Claims of Worthlessness with Respect to, Equity Securities in Debtor Near Intelligence, Inc. [Docket No. 150; 1/9/24]

Response Deadline:      December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:      None

Status:      An order has been entered by the Court.  No hearing is required.

3.      Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees Related Obligations and (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief [Docket No. 7; 12/8/23]

Related Documents:

A.      Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees Related Obligations and (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief [Docket No. 63; 12/11/23]

B.      Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

C.      Certification of Counsel Regarding Proposed Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees Related Obligations and (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief [Docket No. 127; 1/8/24]

D.      Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Taxes and Fees Related Obligations and (II) Authorizing the Banks to Honor and Process Check

and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief [Docket No. 141; 1/9/24]

Response Deadline:           December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:        None

Status:      An order has been entered by the Court.  No hearing is required.

4.      Debtors' Motion for Interim and Final Orders (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Any Additional Adequate Assurance of Payment, and (IV) Granting Related Relief [Docket No. 8; 12/8/23]

Related Documents:

A.      Interim Order (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Any Additional Adequate Assurance of Payment, and (IV) Granting Related Relief [Docket No. 55; 12/11/23]

B.      Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

C.      Certification of Counsel Regarding Proposed Final Order (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Any Additional Adequate Assurance of Payment, and (IV) Granting Related Relief [Docket No. 126; 1/8/24]

D.      Final Order (I) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Resolving Objections by Utility Companies and Determining Any Additional Adequate Assurance of Payment, and (IV) Granting Related Relief [Docket No. 140; 1/9/24]

Response Deadline:           December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

    E.    Informal response from the Official Committee of Unsecured Creditors

Status:    An order has been entered by the Court.  No hearing is required.

5.    Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Their Insurance Policies and Pay All Obligations in Respect Thereof; (II) Authorizing the Debtors' Banks and Other Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief [Docket No. 9; 12/8/23]

    Related Documents:

    A.    Interim Order (I) Authorizing the Debtors to Continue Their Insurance Policies and Pay All Obligations in Respect Thereof; (II) Authorizing the Debtors' Banks and Other Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief [Docket No. 59; 12/11/23]

    B.    Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

    C.    Certification of Counsel Regarding Proposed Final Order (I) Authorizing the Debtors to Continue Their Insurance Policies and Pay All Obligations in Respect Thereof; (II) Authorizing the Debtors' Banks and Other Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief [Docket No. 130; 1/8/24]

    D.    Final Order (I) Authorizing the Debtors to Continue Their Insurance Policies and Pay All Obligations in Respect Thereof; (II) Authorizing the Debtors' Banks and Other Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief [Docket No. 144; 1/9/24]

    Response Deadline:    December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

    Responses Received:

    E.    Informal response from the Official Committee of Unsecured Creditors

Status:    An order has been entered by the Court.  No hearing is required.

6.    Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Request Related Thereto, and (III) Granting Related Relief [Docket No. 10; 12/8/23]

Related Documents:

A.  Interim Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Request Related Thereto, and (III) Granting Related Relief [Docket No. 60; 12/11/23]

B.  Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

C.  Certification of Counsel Regarding Proposed Final Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Request Related Thereto, and (III) Granting Related Relief [Docket No. 132; 1/9/24]

D.  Final Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, (II) Authorizing the Banks to Honor and Process Check and Electronic Transfer Request Related Thereto, and (III) Granting Related Relief [Docket No. 146; 1/9/24]

Response Deadline:     December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:    None

Status:     An order has been entered by the Court.  No hearing is required.

7.  Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date [Docket No. 72; 12/15/23]

Related Documents:

A.  Supplemental Declaration of Edmon L. Morton in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date [Docket No. 91; 12/28/23]

B.  Certification of Counsel Regarding Proposed Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date [Docket No. 135; 1/9/24]

C.      Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Debtors, Effective as of the Petition Date [Docket No. 149; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

D.      Informal response from the U.S. Trustee

E.      Informal response from the Official Committee of Unsecured Creditors

Status:          An order has been entered by the Court.  No hearing is required.

8.      Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of GLC Advisors & Co., LLC and GLCA Securities, LLC as Investment Banker for the Debtors and Debtors in Possession, Pursuant to 11 U.S.C. §§ 327(a) and 328, Effective as of the Petition Date, (II) Waiving Certain Information Requirements Imposed by Local Rule 2016-2, and (III) Granting Related Relief [Docket No. 73; 12/15/23]

Related Documents:

A.      Certification of Counsel Regarding Proposed Order (I) Authorizing the Retention and Employment of GLC Advisors & Co., LLC and GLCA Securities, LLC as Investment Banker for the Debtors and Debtors in Possession, Pursuant to 11 U.S.C. §§ 327(a) and 328, Effective as of the Petition Date, (II) Waiving Certain Information Requirements Imposed by Local Rule 2016-2, and (III) Granting Related Relief [Docket No. 129; 1/8/24]

B.      Order (I) Authorizing the Retention and Employment of GLC Advisors & Co., LLC and GLCA Securities, LLC as Investment Banker for the Debtors and Debtors in Possession, Pursuant to 11 U.S.C. §§ 327(a) and 328, Effective as of the Petition Date, (II) Waiving Certain Information Requirements Imposed by Local Rule 2016-2, and (III) Granting Related Relief [Docket No. 143; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

C.      Informal response from the U.S. Trustee

Status:          An order has been entered by the Court.  No hearing is required.

9.     Debtors' Application for an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor to the Debtors, Effective as of the Petition Date [Docket No. 74; 12/15/23]

Related Documents:

A.     Certification of Counsel Regarding Proposed Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor to the Debtors, Effective as of the Petition [Docket No. 128; 1/8/24]

B.     Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor to the Debtors, Effective as of the Petition Date [Docket No. 142; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

B.     Informal response from the U.S. Trustee

Status:          An order has been entered by the Court.  No hearing is required.

10.    Debtors' Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 75; 12/15/23]

Related Documents:

A.     Certification of Counsel Regarding Proposed Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 133; 1/9/24]

B.     Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 147; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

C.     Informal response from the U.S. Trustee

D.     Informal response from the Official Committee of Unsecured Creditors

Status:          An order has been entered by the Court.  No hearing is required.

11.    Debtors' Motion for Entry of an Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2 [Docket No. 76; 12/15/23]

Related Documents:

    A.    Certification of Counsel Regarding Proposed Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2 [Docket No. 134; 1/9/24]

    B.    Order Authorizing (A) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (B) Waiving Certain Information Requirements of Local Rule 2016-2 [Docket No. 148; 1/9/24]

Response Deadline:    December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

    C.    Informal response from the U.S. Trustee

    D.    Informal response from the Official Committee of Unsecured Creditors

Status:    An order has been entered by the Court.  No hearing is required.

12.    Debtors' Motion for Order (A) Establishing Bar Dates and Related Procedures for Filing of Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and (B) Approving the Form and Manner of Notice Thereof [Docket No. 77; 12/15/23]

Related Documents:

    A.    Certification of Counsel Regarding Proposed Order (A) Establishing Bar Dates and Related Procedures for Filing of Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and (B) Approving the Form and Manner of Notice Thereof [Docket No. 125; 1/8/24]

    B.    Order (A) Establishing Bar Dates and Related Procedures for Filing of Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and (B) Approving the Form and Manner of Notice Thereof [Docket No. 137; 1/9/24]

| | |
|---|---|
| Response Deadline: | December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors |

Responses Received:

C.      Informal response from the U.S. Trustee

Status:        An order has been entered by the Court.  No hearing is required.

## **MATTER WITH CERTIFICATION**

13.     Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 78; 12/15/23]

Related Documents:

A.      Certificate of No Objection Regarding Debtors' Application for Order Authorizing the Retention and Employment of Willkie Farr & Gallagher LLP as Co-Counsel for the Debtors, Nunc Pro Tunc to the Petition Date [Docket No. 138; 1/9/24]

| | |
|---|---|
| Response Deadline: | December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors |

Responses Received:

B.      Informal response from the U.S. Trustee

Status:        A certificate of no objection has been filed with the Court.  No hearing is required.

## **MATTERS GOING FORWARD**

14.     Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue and Maintain Their Cash Management System, Including Bank Accounts and Business Forms, (B) Continue Intercompany Transactions, and (C) Honor Certain Prepetition Obligations Related Thereto; (II) Waiving Certain Operating Guidelines; (III) Extending the Time to Comply with Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief [Docket No. 11; 12/8/23]

Related Documents:

A.      Interim Order  (I) Authorizing the Debtors to (A) Continue and Maintain Their Cash Management System, Including Bank Accounts and Business Forms, (B) Continue Intercompany Transactions, and (C) Honor Certain Prepetition

Obligations Related Thereto; (II) Waiving Certain Operating Guidelines; (III) Extending the Time to Comply with Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief [Docket No. 62; 12/11/23]

B.      Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

C.      Informal response from the U.S. Trustee

Status:          This matter is going forward.

15.     Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and (B) Maintain Employee Benefits Programs and (II) Granting Related Relief [Docket No. 12; 12/8/23]

Related Documents:

A.      Interim Order  (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and (B) Maintain Employee Benefits Programs and (II) Granting Related Relief [Docket No. 57; 12/11/23]

B.      Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

C.      Informal response from the Official Committee of Unsecured Creditors

Status:          This matter is going forward.

16.     Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Docket No. 15; 12/8/23]

Related Documents:

A.     Interim Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Docket No. 66; 12/11/23]

B.     Declaration of Abraham T. Han in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Granting Liens and Superpriority Administrative Expense Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Docket No. 16; 12/8/23]

C.     Omnibus Notice of First Day Pleadings and Final Hearing Thereon [Docket No. 68; 12/12/3]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 9, 2024 at 12:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

D.     Informal response from the Official Committee of Unsecured Creditors

Status:          This matter is going forward.

17.    Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into the Stalking Horse APA, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 20; 12/8/23]

Related Documents:

A.     Declaration of Abraham T. Han in Support of Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into the Stalking Horse APA, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the

Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 21; 12/8/23]

B.      Notice of Motion [Docket No. 71; 12/12/23]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); extended to January 9, 2024 at 12:00 p.m. (ET) for the Official Committee of Unsecured Creditors

Responses Received:

C.      Informal response from the U.S. Trustee

D.      Informal response from the Official Committee of Unsecured Creditors

Status:        This matter is going forward.

18.     Motion of Brian Nash for Relief from Stay Under Section 362 of the Bankruptcy Code [Docket No. 92; 12/27/23]

Related Documents:

A.      Amended Notice of Hearing [Docket No. 139; 1/9/24]

Response Deadline:          December 29, 2023 at 4:00 p.m. (ET); Extended to January 16, 2024

Responses Received:

A.      Debtors' Objection to Motion of Brian Nash for Relief from the Automatic Stay [Docket No. 96; 12/29/23]

Status:        This matter is going forward.

*[Signature page follows]*

Dated: January 9, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*