IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 78 |

**ORDER AUTHORIZING DEBTORS
TO EMPLOY AND RETAIN WILLKIE FARR & GALLAGHER
LLP AS CO-COUNSEL TO DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain the firm of Willkie Farr & Gallagher LLP ("Willkie") under a general retainer as bankruptcy counsel as of the commencement of these cases (the "Petition Date"); and upon the Declaration of Rachel C. Strickland in support of the Application, annexed thereto as **Exhibit A**; and upon the Declaration of John Faieta in support of the Application, annexed thereto as **Exhibit B**; and due and adequate notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court being satisfied, based upon the information contained in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application or the Strickland Declaration.

Strickland Declaration, that Willkie is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED that:**

1. The Application is **GRANTED** to the extent set forth herein and approved *nunc pro tunc* to the Petition Date.

2. In accordance with section 327(a) of the Bankruptcy Code and, with respect to Willkie's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are hereby authorized to employ and retain Willkie as their attorneys in these Chapter 11 Cases, under a general retainer, in accordance with Willkie's normal hourly rates and disbursement policies as contemplated in the Application, as modified herein.

3. Willkie shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines, and any other orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4. Willkie shall apply any remaining amounts of its prepetition retainer as a credit toward first, any outstanding prepetition fees and expenses and then toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Willkie.

5. Prior to any increases in Willkie's rates for any individual retained by Willkie and providing services in these Chapter 11 Cases, Willkie shall file a supplemental declaration with

the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these cases. The Debtors, the U.S. Trustee, and any official committee and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. The conflicts of interest provision in the Engagement Letter is subject to section 327(a) of the Bankruptcy Code.

7. Notwithstanding anything in the Engagement Letter to the contrary, all disputes shall be subject to the jurisdiction of the Bankruptcy Court and shall first be submitted to the Bankruptcy Court.

8. Notwithstanding anything in the Application to the contrary, Willkie shall (i) to the extent that Willkie uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass-through the cost of such Contractors to the Debtors at the same rate that Willkie pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Willkie; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

9. Willkie shall use reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

10. To the extent there are any inconsistencies between the Engagement Letter, the Application and the Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: January 10th, 2024**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**