## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 12 & 57** |

### CERTIFICATION OF COUNSEL REGARDING
### PROPOSED FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
### CERTAIN PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN
### EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Certain Prepetition Employment Obligations and (B) Maintain Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 12] (the "Motion"). Responses to the entry of the proposed form of final order (the "Proposed Order") attached to the Motion were to be filed and served no later than 4:00 p.m. (ET) on December 29, 2023 (the "Objection Deadline").[2]

Prior to the Objection Deadline, the Debtors received informal comments from the Committee. As a result of discussions between the Debtors and the Committee, the Debtors have resolved the Committees' comments as reflected in the revised Proposed Order attached hereto as **Exhibit A** (the "Revised Proposed Order"). The Revised Proposed Order also includes changes that conform to the Interim Order. For the convenience of the Court and other interested parties,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] The Objection Deadline was extended to January 8, 2024 at 4:00 p.m. (ET) for the Official Committee of Unsecured Creditors (the "Committee").

a blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.  No other responses were received by the Debtors.

The Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Motion and their discussions with the Committee and that the Committee does not object to entry of the Revised Proposed Order. Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

*[Signature page follows]*

Dated: January 10, 2024
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 12 & 57** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN
PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE
BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (the "Debtors") for the entry of interim and final orders, pursuant to sections

105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and

Local Rule 9013-1, (i) authorizing the Debtors, in their discretion, to (a) pay all Prepetition

Workforce Obligations and (b) honor and continue the Debtors' prepetition programs, policies,

and practices as described in the Motion in the ordinary course of business; and (ii) granting certain

related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and

all pleadings related thereto, including the First Day Declaration; and due and proper notice of the

Motion having been given; and having determined that no other or further notice of the Motion is

required; and having determined that this Court has jurisdiction to consider the Motion in

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

the United States District Court for the District of Delaware, dated as of February 29, 2012; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but not otherwise defined in this Final Order shall have the meanings ascribed to them in the Motion.

having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having

determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.       The Motion is GRANTED on a final basis as set forth herein.

2.       The Debtors are authorized, but not directed, in their discretion and business

judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations in an amount not to

exceed $2,717,400 USD and 73,500 SGD on a final basis, as summarized in Exhibit A hereto; (ii)

pay postpetition Compensation Obligations and Employee Benefit Obligations and honor and

continue their programs, policies, obligations, and practices described in the Motion that were in

effect as of the Petition Date, in the ordinary course of business, and in the same manner and on

the same basis as the Debtors honored and continued such programs, policies, and practices before

the Petition Date; and (iii) withhold and remit all federal, state, and local taxes relating to the

Compensation Obligations and Employee Benefit Obligations as required by applicable law;

provided that (a) in no event shall the Debtors pay any Prepetition Workforce Obligations before

such amounts are due and payable, (b) no payment to any Employee on account of unpaid

prepetition wages shall exceed, in the aggregate, the $15,150.00 statutory cap provided for under

section 507(a)(4) of the Bankruptcy Code, and (c) this Final Order shall not be deemed to allow

the Debtors to accelerate any payment of any amounts of Prepetition Workforce Obligations that

may be due and owing by the Debtors.

3.       Subject to paragraph 2 of this Final Order, the Debtors are authorized, but not

directed, in consultation with the Official Committee of Unsecured Creditors, to honor their

obligations under the Bonus Program and the Non-Insider Retention Bonus Program in the

ordinary course of business and to pay any accrued but unpaid amounts due thereunder notwithstanding that such obligations may have arisen prior to the Petition Date.

4.      Notwithstanding any other provision of this Final Order and absent further order of the Court, (i) payments or transfers to, or on behalf of, Employees or Independent Contractors on account of Prepetition Workforce Obligations or other obligations shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections; provided, however, that the Debtors are authorized to pay amounts owed for Paid Time Off or Sick Leave upon termination/resignation of an employee in excess of the caps provided by sections 507(a)(4) or (a)(5) of the Bankruptcy Code if applicable state law requires such payment.

5.      Nothing herein shall be deemed to authorize the payment or transfers of any amounts to, or on behalf of, any individual, Employee, or Independent Contractor by the Debtors that (i) are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations related to severance practices, bonus programs or incentive payments to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.

6.      The Debtors are authorized, but not directed, to reissue payment for the Prepetition Workforce Obligations and to replace any inadvertently dishonored or rejected payments.  Further, the Debtors are authorized, but not directed, to reimburse any expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

7.      The Debtors' banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay Prepetition Workforce Obligations authorized to be paid hereunder, whether such

checks or other requests were submitted prior to, or after, the Petition Date; provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

8.      Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

9.      Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

10.     The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

11.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT A**

**Prepetition Workforce Obligations**

| Obligations | Requested Final Amount |
|---|---|
| **Compensation Obligations** | |
| Wages and Other Compensation | $1,630,000 |
| | 45,000 SGD |
| Payroll Processing Fees | $19,000 |
| | 1,500 SGD |
| Commission Program | $350,000 |
| Non-Insider Bonus Program | $240,000 |
| | 15,000 SGD |
| Wage Deductions & Payroll Tax Obligations | $250,000 |
| | 12,000 SGD |
| **Employee Benefit Obligations** | |
| Medical Plans | $105,000 |
| Dental Plans | $200 |
| Vision Plans | $500 |
| Paid Leave | $400 |
| Expense Reimbursement | $45,000 |
| Life and AD&D Plans | $4,000 |
| Disability Plans | $1,300 |
| 401(K) | $72,000 |
| **TOTAL** | **$2,717,400** |
| | **73,500 SGD** |

# EXHIBIT B

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. ~~23-_____~~ 23-11962 (~~____~~TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket ~~No~~Nos. ~~____~~12 & 57** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1, (i) authorizing the Debtors, in their discretion, to (a) pay all Prepetition Workforce Obligations and (b) honor and continue the Debtors' prepetition programs, policies, and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined in this Final Order shall have the meanings ascribed to them in the Motion.


~~31111440.1~~
31111440.2

that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated as of February 29, 2012; and having determined that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this

proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due

deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT**

   1.  The Motion is GRANTED on a final basis as set forth herein.

   2.  The Debtors are authorized, but not directed, in their discretion and business

judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations in an amount not

to exceed $2,717,400 USD and 73,500 SGD on a final basis, as summarized in Exhibit A hereto;

(ii) pay postpetition Compensation Obligations and Employee Benefit Obligations and honor and

continue their programs, policies, obligations, and practices described in the Motion that were

in effect as of the Petition Date, in the ordinary course of business, and in the same manner and

on the same basis as the Debtors honored and continued such programs, policies, and practices

before the Petition Date; and (iii) withhold and remit all federal, state, and local taxes relating to

the Compensation Obligations and Employee Benefit Obligations as required by applicable law;

provided that (a) in no event shall the Debtors pay any Prepetition Workforce Obligations before

such amounts are due and payable, and(b) no payment to any Employee on account of unpaid

prepetition wages shall exceed, in the aggregate, the $15,150.00 statutory cap provided for

under section 507(a)(4) of the Bankruptcy Code, and (c) this Final Order shall not be deemed to

2

allow the Debtors to accelerate any payment of any amounts of Prepetition Workforce Obligations that may be due and owing by the Debtors.

3.      Subject to paragraph 2 of this Final Order, the Debtors are authorized, but not directed, in ~~their sole discretion~~consultation with the Official Committee of Unsecured Creditors, to honor their obligations under the Bonus Program and the Non-Insider Retention Bonus Program in the ordinary course of business and to pay any accrued but unpaid amounts due thereunder notwithstanding that such obligations may have arisen prior to the Petition Date.

4.      Notwithstanding any other provision of this Final Order and absent further order of the Court, (i) payments or transfers to, or on behalf of, Employees or Independent Contractors on account of Prepetition Workforce Obligations or other obligations shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections; provided, however, that the Debtors are authorized to pay amounts owed for Paid Time Off or Sick Leave upon termination/resignation of an employee in excess of the caps provided by sections 507(a)(4) or (a)(5) of the Bankruptcy Code if applicable state law requires such payment.

5.      Nothing herein shall be deemed to authorize the payment or transfers of any amounts to, or on behalf of, any individual, Employee, or Independent Contractor by the Debtors that (i) are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations related to severance practices, bonus programs or incentive payments to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.

6.    5.  The Debtors are authorized, but not directed, to reissue payment for the Prepetition Workforce Obligations and to replace any inadvertently dishonored or rejected payments.  Further, the Debtors are authorized, but not directed, to reimburse any expenses that Employees may incur as a result of any bank's failure to honor a prepetition check.

7.    6.  The Debtors' banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay Prepetition Workforce Obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date; provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Debtors' banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

8.    7.  Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

9.    ~~8.~~ Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving debtor-in-possession financing in these Chapter 11 Cases.

10.    ~~9.~~ The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

11.    ~~10.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

12.    ~~11.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.    ~~12.~~ This Court shall retain ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT A**

**Prepetition Workforce Obligations**

| Obligations | Requested Final Amount |
|---|---|
| **Compensation Obligations** | |
| Wages and Other Compensation | $1,630,000<br>45,000 SGD |
| Payroll Processing Fees | $19,000<br>1,500 SGD |
| Commission Program | $350,000 |
| Non-Insider Bonus Program | $240,000<br>15,000 SGD |
| Wage Deductions & Payroll Tax Obligations | $250,000<br>12,000 SGD |
| **Employee Benefit Obligations** | |
| Medical Plans | $105,000 |
| Dental Plans | $200 |
| Vision Plans | $500 |
| Paid Leave | $400 |
| Expense Reimbursement | $45,000 |
| Life and AD&D Plans | $4,000 |
| Disability Plans | $1,300 |
| 401(K) | $72,000 |
| **TOTAL** | **$2,717,400**<br>**73,500 SGD** |

6