## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> **February 1, 2024 at 10:00 a.m. (ET)** |
| | **Objection Deadline:** <br> **January 25, 2024 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF**

The debtors and debtors in possession (the "Debtors") in the above-captioned cases hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Solicitation Procedures Order"), (i) approving the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan"),[2] filed on the Petition Date, on an interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Combined Disclosure Statement and Plan; (iii) approving the form of ballots and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the combined hearing (the "Confirmation Hearing") to approve and confirm the Combined Disclosure Statement and Plan, including the adequacy of the disclosures therein, and establishing the deadline for filing objections related thereto; and (vi) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2018.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3017.

## BACKGROUND

### A.    General

4.    On December 8, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On December 22, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases.  *See* Docket No. 85.  No request has been made for the appointment of a trustee or an examiner.

6.    Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of John Faieta in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 14].[3]

### B.    The Combined Disclosure Statement and Plan

7.    The Combined Disclosure Statement and Plan is a liquidating plan that provides for the satisfaction of all Allowed Administrative, Other Secured, and Priority Claims, and the vesting and transfer of the Litigation Trust Assets to the Litigation Trust for ultimate distribution to the Debtors' creditors in accordance with the Combined Disclosure Statement and Plan and the priority scheme of the Bankruptcy Code.  The Combined Disclosure Statement and Plan complies with section 1129(a)(9) of the Bankruptcy Code and does not provide for any non-consensual releases.  The Debtors are the proponents of the Combined Disclosure Statement and Plan and

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or Combined Disclosure Statement and Plan, as applicable.

seek a combined hearing because they believe that the Combined Disclosure Statement and Plan provides, under the circumstances, the most efficient and value maximizing means to conclude the Chapter 11 Cases following the sale process.

### RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of the Proposed Solicitation Procedures Order: (i) approving the Combined Disclosure Statement and Plan, on an interim basis for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of Ballots (as defined below), solicitation materials and other notices and forms; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and establishing the deadline for filing objections related to confirmation of the Combined Disclosure Statement and Plan; and (vi) granting related relief.  A summary of the key dates proposed to be established by the Proposed Solicitation Procedures Order, subject to the Court's availability, is set forth below:

| Event | Proposed Date[4] |
| --- | --- |
| Voting Record Date | January 30, 2024 |
| Service Date (as defined below) | On or before two (2) business days after entry of the Solicitation Procedures Order (or as soon as reasonably practicable thereafter), which is expected to be February 5, 2024 |
| Publication Deadline | On or before five (5) business days after the Service Date |
| Deadline to File and Serve Plan Supplement | February 26, 2024 |
| Deadline to File Rule 3018 Motions | February 29, 2024 |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | March 4, 2024 at 4:00 p.m. (ET) |
| Voting Deadline | March 4, 2024 at 5:00 p.m. (ET) |

---

[4]     The proposed dates are based on the Proposed Solicitation Procedures Order being entered by the Court on February 1, 2024.

| Deadline to File (i) Voting Declaration and (ii) Reply in Support of Confirmation and Final Approval of Adequacy of Disclosures | March 7, 2024 at 12:00 p.m. (ET) |
|---|---|
| Proposed Confirmation Hearing Date | March 11, 2024 |

9.      The related exhibits annexed to the Proposed Solicitation Procedures Order and cited throughout this Motion are as follows:

| Exhibit | Number |
|---|---|
| Class 3 Ballot  (Prepetition Loan Claims) | **Exhibit 1-A** |
| Class 4 Ballot  (General Unsecured Claims) | **Exhibit 1-B** |
| Confirmation Notice | **Exhibit 2** |
| Opt-Out Election Form | **Exhibit 3** |
| Publication Notice | **Exhibit 4** |

## BASIS FOR RELIEF

**A.      Interim Approval of the Combined Disclosure Statement and Plan for Solicitation Purposes**

10.      Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the bankruptcy court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

11.      In evaluating whether a disclosure statement provides "adequate information," courts adhere to Bankruptcy Code's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the court.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d

314, 321–22 (3d Cir. 2003); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (stating that a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

12.    In accordance with these precepts, the Combined Disclosure Statement and Plan provides, or will provide at the time of solicitation, the pertinent information necessary for eligible Holders of Claims to make an informed decision about whether to vote to accept or reject the Combined Disclosure Statement and Plan.  Specifically, the Combined Disclosure Statement and Plan provides, or will provide at the time of solicitation, among other things, information regarding:

- an overview of the major events that occurred prior to, and during the course of, these Chapter 11 Cases;

- a summary of the classification and treatment of all Classes of Claims and Interests under the Combined Disclosure Statement and Plan;

- an estimate of distributions to the Holders of Allowed Claims pursuant to the Combined Disclosure Statement and Plan;

- the provisions governing distributions under the Combined Disclosure Statement and Plan; and

- the means for implementation of the Combined Disclosure Statement and Plan.

13.     The Debtors respectfully submit that the Combined Disclosure Statement and Plan complies with all aspects of section 1125 of the Bankruptcy Code.  However, at the hearing on this Motion—which is scheduled for February 1, 2024—the Debtors seek only interim approval of the Combined Disclosure Statement and Plan for solicitation purposes.  At the Confirmation Hearing, the Debtors will demonstrate on a final basis that the information set forth therein contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

14.     The Debtors filed this Motion and are seeking approval of the procedures and timeline requested herein because, among other reasons, the Debtors desire to exit from bankruptcy promptly following the closing of a sale of their assets in an efficient manner that will maximize value for the benefit of all stakeholders.  To ensure that the Combined Disclosure Statement and Plan is confirmed in a timely and efficient manner, the Debtors have determined, in their business judgment, that it is necessary and prudent to proceed with a combined plan and disclosure statement process on the timeline proposed herein.  Accordingly, the Debtors respectfully request that the Court enter the Proposed Solicitation Procedures Order approving, among other things, the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes only.

15.     Any objections or proposed modifications to the interim approval of the Combined Disclosure Statement and Plan shall (a) be in writing, (b) comply with the Bankruptcy Rules and Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) proposed counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case no later than January 25, 2024 at 4:00 p.m. (ET).

**B.      Solicitation Procedures**

        ***i.          Approval of Form of Solicitation Materials and Ballots***

16.      Pursuant to the Combined Disclosure Statement and Plan, the Debtors created seven (7) separate Classes of Claims and Interests. A chart listing each such Class is below:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Loan Claims | Impaired | Entitled to Vote |

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Existing Securities Law Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |
| 7A and 7B | Intercompany Claims and Intercompany Interests | Impaired | Deemed to Reject |

17.     Two Classes are Impaired and entitled to vote to accept or reject the Combined Disclosure Statement and Plan—i.e., Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured Claims) (together, the "Voting Classes").  The remaining classes (collectively, the "Non-Voting Classes") are not entitled to vote on the Combined Disclosure Statement and Plan, as they are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code (in the case of Class 1 Priority Non-Tax Claims and Class 2 Other Secured Claims) or, in the alternative, presumed to have rejected the Combined Disclosure Statement and Plan (in the case of Class 5 Existing Securities Law Claims, Class 6 Interests, and Classes 7A and 7B Intercompany Claims and Intercompany Interests, respectively).

18.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)     the disclosure statement approved by the court;
>
> (2)     the plan or a court-approved summary of the plan;

9

(3)     notice of the time within which acceptances and rejections of the plan may be filed; and

(4)     any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

19.     The Debtors propose the following materials be mailed on or before two (2) business days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable thereafter) (the "Service Date"), by the Debtors' claim and voting agent, Kroll Restructuring Administration, LLC (the "Voting Agent" or "Kroll"), to the Holders of Claims in the Voting Classes as of the Voting Record Date (each a "Solicitation Package"):

(a)     the forms of ballots attached to the Proposed Solicitation Procedures Order as **Exhibits 1-A and 1-B**, as may be applicable (the "Ballots");[5]

(b)     the notice of, among other things, the Confirmation Hearing and related objection procedures (the "Confirmation Notice"), substantially in the form attached to the Proposed Solicitation Procedures Order as **Exhibit 2**;

(c)     either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan (fully compiled with all exhibits attached);

(d)     either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Proposed Solicitation Procedures Order without exhibits;

(e)     a pre-paid, pre-addressed return envelope; and

---

[5]     The Ballots are substantially similar to Official Form No. 14, but have been modified to be consistent with the specific provisions of the Combined Disclosure Statement and Plan and the facts of these Chapter 11 Cases.

(f)    any other documents and materials that the Debtors, in consultation with the Committee, deem appropriate.

20.    The Solicitation Package will contain the Combined Disclosure Statement and Plan and the Proposed Solicitation Procedures Order (as-entered and without exhibits attached) in electronic format (i.e., CD-ROM or flash drive format), as well as all other contents of the Solicitation Package, including the applicable Ballot and the Confirmation Hearing Notice, which will be provided in paper format.  Any party that receives the materials in electronic format but would prefer paper format may contact the Voting Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense) by: (a) writing to Near Intelligence Inc. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) calling the Debtors' restructuring hotline at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll); or (c) emailing Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Inquiry" in the subject line).  You can also contact the Voting Agent via the "Live Chat" and "Contact Us" links at the "Info Center" of the Debtors' restructuring website, maintained by the Voting Agent at https://cases.ra.kroll.com/near/.  Additionally, the Debtors will provide the Solicitation Package (excluding the Ballots) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

21.    The Debtors will make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against the Debtors that are classified under the Combined Disclosure Statement and Plan in the same Voting Class is entitled to vote only once on account of such Claim and with respect to that Class.  For the avoidance of doubt, the Debtors seek authorization to exclude Ballots from the final tabulation to the extent that they are submitted on account of duplicative claims.

22.     The Debtors additionally propose to publish a notice (the "Publication Notice"),

substantially in the form annexed to the Proposed Solicitations Procedures Order as **Exhibit 4**, in

*USA Today* (or another national newspaper of like circulation) within five (5) business days after

the Service Date (or as soon as reasonably practicable thereafter).  The Debtors believe that the

Publication Notice will provide sufficient notice of, among other things, the entry of the Proposed

Solicitations Procedures Order, the Voting Deadline, the Confirmation Objection Deadline (as

defined below), and the Confirmation Hearing to parties who did not otherwise receive notice

thereof by mail.

23.     The Debtors request that they not be required to transmit Solicitation Packages to

Holders of Claims or Interests in the Non-Voting Classes.  In lieu of Solicitation Packages, the

Debtors propose to mail to Holders of Claims or Interests in the Non-Voting Classes: (i) the

Confirmation Notice and (ii) with respect to Holders of Claims or Interests in the Non-Voting

Classes that are deemed to reject the Combined Disclosure Statement and Plan (i.e., Classes 5, 6,

7A and 7B), an opt-out election form substantially in the form attached to the Proposed Solicitation

Procedures Order as **Exhibit 3** (the "Opt-Out Election Form").  The Debtors will serve or cause to

be served the Confirmation Notice and Opt-Out Election Form on Holders of Claims or Interests,

as applicable, no later than two (2) business days following entry of the Proposed Solicitation

Procedures Order, or as soon as reasonably practicable thereafter.

24.     The Confirmation Notice sets forth, among other things, the manner in which a

copy of the Combined Disclosure Statement and Plan and the Solicitation Procedures may be

obtained free of charge through the website maintained by the Voting Agent or upon request to the

Voting Agent.  The Confirmation Notice also explains that Holders of Claims or Interests in the

Non-Voting Classes are not entitled to vote on the Plan.  The Opt-Out Election Form provides the

means by which Holders of Claims or Interests in the Non-Voting Classes that are deemed to reject the Combined Disclosure Statement and Plan (i.e., Classes 5, 6, 7A and 7B) may opt-out of the releases set forth in the Plan.

25.    For purposes of serving the solicitation materials and other forms and notices described herein, the Debtors and Voting Agent seek authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or the Prepetition agent, as applicable, and provided by the Debtors or the Prepetition Agent to the Voting Agent. To that end, the Debtors seek the waiver of any obligation for the Debtors or Voting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other notices and forms, including Confirmation Notices and Opt-Out Election Forms, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

26.    Notwithstanding anything herein to the contrary, the Debtors request that neither they nor the Voting Agent be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Combined Disclosure Statement and Plan to any person or entity from which the notice of this Motion or other mailed notice in the Chapter 11 Cases was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

27.    For the avoidance of doubt, a Holder will only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

### ii.      *Establishment of the Voting Deadline*

28.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the Holders of claims and interests may accept or reject the plan . . . ."  Fed. R. Bankr. P. 3017(c).  The Debtors will finish the solicitation of the Combined Disclosure Statement and Plan by mailing the applicable Ballot (and other approved solicitation materials) to the Voting Classes no later than two (2) business days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable thereafter).  Based on this schedule, the Debtors propose that any Ballot cast must be properly executed, completed, and delivered by mail, overnight courier, personal delivery, or E-Ballot (as defined below) to the Voting Agent in accordance with the instructions set forth in the Ballot, so that the Ballot is actually *received* no later than **5:00 p.m. (prevailing Eastern Time) on March 4, 2024** (the "Voting Deadline").  This date will give Holders of Claims in the Voting Classes sufficient time to review the solicitation materials and vote.

29.     In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Debtors request authorization for the Voting Agent to accept Ballots from Holders of Claims in the Voting Classes by electronic Ballot (an "E-Ballot") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Kroll (the "E-Balloting Portal").  Parties entitled to vote may cast an E-Ballot and electronically sign and submit the E-Ballot instantly by utilizing the E-Balloting Portal, which allows a Holder to submit an electronic signature.  The instructions for submission of E-Ballots will be set forth on the E-Ballot.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

## C.    Tabulation Procedures

30.    The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Procedures"):

### i.    *Establishing Amounts for Voting Purposes.*

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the rights of the Debtors' and their estates in any other context, the Debtors propose that each Claim within the Voting Classes votes in an amount determined by the following procedures:

### Class 3 (Prepetition Loan Claims)

(a)    The voting amounts of the Class 3 Prepetition Loan Claims will be established based on the amount of the applicable positions held by Holders of the Prepetition Loan Claims, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition Agent, as the administrative agent under the Prepetition Financing Documents, in electronic excel format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

### Class 4 (General Unsecured Claims)

(a)    If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

(b)    if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)    if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting

Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtor's schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes only in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtor's filed Schedules;

(e)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Voting Record Date; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided, however*, if the applicable bar date established by the Court for filing proofs of claim has not yet passed, such Claim shall be entitled to vote at $1.00.

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Debtors or another party in interest have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan for the Debtors;

(j)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and

the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

**<u>Voting Rules</u>**

(a)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion, in consultation with the Committee;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)     any Ballot submitted on account of a duplicative Claims against the Debtors will not be counted;

(e)     any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f)     except in the Debtors' discretion, in consultation with the Committee, any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g)     any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h)     whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last properly executed Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i)     subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

(k)    subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

31.    The Debtors request that the Court authorize the Debtors or the Voting Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding, absent a contrary ruling of the Court.

32.    To assist in the solicitation process, the Debtors request that the Court grant the Voting Agent the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

33.    The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

34.    Upon completion of balloting, the Voting Agent will certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Combined Disclosure Statement and Plan with the assistance of the Debtors and case professionals.  The Debtors will file such certification (the "Voting Declaration") with the Court on or before **March 7, 2024, at 12:00 p.m. (prevailing Eastern Time)**.

35.    The Debtors propose that any Holder of a Claim who seeks to challenge the allowance of a Claim for voting purposes must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing the Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion"). A Rule 3018 Motion must be served on the Debtors' counsel so that it is received no later than **February 29, 2024**, eastern time. However, if a Rule 3018 Motion is filed in response to a claim objection filed against a Holder's claim, the Rule 3018 Motion must be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time)** on the date that is fourteen (14) days after service of such claim objection.  The Debtors (and, with respect to filing a response, any other party in interest) will then have fourteen (14) days after service of the Rule 3018 Motion to file and serve any responses to the same.  If a Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing.

36.    The Debtors respectfully submit that the Tabulation Procedures are appropriate and reasonable under the circumstances and should be approved.

**D.    Establishment of Voting Record Date**

37.    Bankruptcy Rule 3017 provides that the bankruptcy court may set the date on which the disclosure statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan. *See* Fed. R. Bankr. P. 3017(d).

38.    The Debtors propose that the Court establish **January 30, 2024** as the record date (the "Voting Record Date") for purposes of determining which Holders of Prepetition Loan Claims and General Unsecured Claims are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan.  Only Holders of Prepetition Loan Claims and General

Unsecured Claims are entitled to vote.  Establishing January 30, 2024 as the Voting Record Date will provide sufficient time for the Debtors and the Voting Agent to ensure that the Solicitation Packages can be mailed by the Service Date.

39.    With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

40.    Where any portion of a single Claim has been transferred to a transferee, the Debtors propose that all Holders of any portion of such single Claim may be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code, and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

**E.    Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof**

41.    Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation."  *See* Fed. R. Bankr. P. 3017(c).  Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be

combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. at 425 ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortg. Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

42.     Consistent with the foregoing authority, the Debtors respectfully request that the Confirmation Hearing, to consider confirmation of the Combined Disclosure Statement and Plan, including final approval of the adequacy of the disclosures therein, be set for March 11, 2024, or as soon thereafter as the Court is available.  The Debtors submit that a combined hearing will streamline and expedite the Confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Combined Disclosure Statement and Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11. Under the circumstances, a combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

43.     In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Combined Disclosure Statement and Plan, including final approval of the adequacy of the disclosures contained therein, if any, must (a) be in writing and (b) be filed with the Court and served on the Notice Parties, so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on March 4, 2024** (the "Confirmation Objection Deadline").  The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any such objections or brief in support of approval of the Combined Disclosure Statement

and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on March 7, 2024** (or one (1)

business day prior to the date of any adjourned Confirmation Hearing).

44.    Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors

and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to

confirmation of the Combined Disclosure Statement and Plan, and the hearing on the final approval

of the Combined Disclosure Statement and Plan.  Local Rule 3017-1 requires that the hearing on

the final approval of the Combined Disclosure Statement and Plan be at least thirty-five (35) days

after the Service Date.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be

given notice of these matters in the manner and form directed by the Court.

45.    The Confirmation Notice sets forth, among other things, (i) the Confirmation

Objection Deadline, (ii) the time, date, and place of the Confirmation Hearing, and

(iii) instructions on how to obtain a copy of the Combined Disclosure Statement and Plan free of

charge.  The Debtors will cause the Confirmation Notice to be served by the Service Date on the

following parties:  (a) all persons or entities that have filed, or are deemed to have filed a proof of

Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities

listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange

Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal

Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other

known Holders of Claims (or potential Claims) and Interests; (g) all entities known by the Debtors

to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have

requested notice pursuant to Bankruptcy Rule 2002.  Under the Debtors' proposed timeline set

forth herein, the Confirmation Notice will be served at least twenty-eight (28) days prior to the

Confirmation Objection Deadline, and more than thirty-five (35) days prior to the Confirmation Hearing.

46.     The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017, Local Rule 3017, and the time limits set forth therein, are consistent with sections 105, 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Combined Disclosure Statement and Plan, are both fair to Holders of Claims or Interests and other parties in interest, and are designed to permit an organized and efficient Confirmation Hearing.  Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances of the Chapter 11 Cases and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## NOTICE

47.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Stalking Horse Bidder, prepetition lenders and DIP lenders; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Solicitation Procedures Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 11, 2024
      Wilmington, Delaware

           **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

           */s/ Shane M. Reil*
           Edmon L. Morton (No. 3856)
           Matthew B. Lunn (No. 4119)
           Shane M. Reil (No. 6195)
           Carol E. Cox (No. 6936)
           Rodney Square
           1000 North King Street
           Wilmington, Delaware 19801
           Telephone: (302) 571-6600
           Facsimile: (302) 571-1253
           emorton@ycst.com
           mlunn@ycst.com
           sreil@ycst.com
           ccox@ycst.com

           -and-

           **WILLKIE FARR & GALLAGHER LLP**
           Rachel C. Strickland (admitted *pro hac vice*)
           Andrew S. Mordkoff (admitted *pro hac vice*)
           Joseph R. Brandt (admitted *pro hac vice*)
           787 Seventh Avenue
           New York, New York 10019
           Telephone:  (212) 728-8000
           Facsimile:  (212) 728-8111
           rstrickland@willkie.com
           amordkoff@willkie.com
           jbrandt@willkie.com

           *Co-Counsel to the Debtors*
           *and Debtors in Possession*