**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 148** |
|  | <u>Objection Deadline</u>: January 26, 2024 at 4:00 p.m. (ET) |

**NOTICE OF FILING OF DECLARATION**
**OF DISINTERESTEDNESS OF ORDINARY COURSE**
<u>**PROFESSIONAL KJ CONSULTING**</u>

      **PLEASE TAKE NOTICE** that on January 9, 2024, the Court entered the *Order Authorizing (I) the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Effective as of the Petition Date and (II) Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 148] (the "OCP Order"). [2] The OCP Order provides that each ordinary course professional shall file with the Court a Declaration of Disinterestedness prior to the receipt of payment of fees and reimbursement of expenses incurred for postpetition services rendered to the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, the Debtors hereby file the Declaration of Disinterestedness (the "Declaration") of KJ Consulting (the "OCP"), a copy of which is attached hereto as **<u>Exhibit A</u>**.

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the procedures set forth in the OCP Order, any objections to the Declaration must be filed and served on or before **<u>January 26, 2024 at 4:00 p.m. (ET)</u>**. If no timely objection is filed and served, the Debtors shall be authorized to retain the OCP on a final basis without further order of the Court.

*[Signature page follows]*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the OCP Order.

Dated: January 12, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | <u>Objection Deadline</u>: January 26, 2024 at 4:00 p.m. (ET) |

## <u>DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL</u>

I, Sonal Chauhan, do hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.      This declaration (this "<u>Declaration</u>") is submitted in accordance with that certain Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 76] (the "<u>OCP Order</u>"). Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the OCP Order.

2.      The Debtors have requested that KJ Consulting (the "<u>Firm</u>") provide legal services to the Debtors, and the Firm has agreed to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases for persons that are parties in interest in these Chapter 11 Cases.  The Firm does not perform services for any

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

such person in connection with these Chapter 11 Cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

5.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

7.      The Debtors owe the Firm $0.00 for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

8.      As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

9.      The Firm has read the OCP Order and understands the limitations on compensation and reimbursement of expenses under the OCP Order.  Specifically, the Firm understands that in the event that it exceeds the OCP Cap, the Firm will be required to file with the Court a fee application for its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

10.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

11.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

[On behalf of KJ Consulting]
[D-101, Spectra Palmwoods,
Nallurahalli Main Road,
Siddhapura, Bangalore, India
560066]