**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 98 |

**ORDER AUTHORIZING DEBTORS TO RETAIN AND**
**EMPLOY ERNST & YOUNG LLP AS FINANCIAL ADVISOR**
**TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order (i) authorizing the Debtors to retain and employ Ernst & Young LLP ("EY LLP") as their financial advisor, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letters and (ii) granting related relief, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the circumstances, and it appearing that no other or further notice need be provided; and upon the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

1

Innes Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ EY LLP as their financial advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, effective as of the Petition Date, on the terms and conditions set forth in the Engagement Letters, as modified by this Order.

3. EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

4. The terms of the Engagement Letters are reasonable terms and conditions of employment and are approved in all respects except as limited or modified herein.

5. EY LLP shall use reasonable efforts to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

6. To the extent the Debtors and EY LLP enter into any additional engagement letters or statements of work, the Debtors will file such engagement letters or statements of work with the Court and serve such engagement letters or statements of work upon the U.S. Trustee.  If the U.S. Trustee objects to the additional services to be provided by EY LLP within 14 days of such new engagement letters or statements of work being served, the Debtors will promptly schedule a hearing before the Court.  To the extent no related timely objections are filed, such additional engagement letters or statements of work shall be deemed approved pursuant to this Order.  All additional services will be subject to the provisions of this Order.

7. Except to the extent set forth herein, the terms of the Engagement Letters, including, without limitation, the Indemnification Provisions set forth therein, are approved, as modified herein.

8. EY LLP shall file a final fee application for allowance of compensation for services rendered and reimbursement of expenses incurred (including, without limitation, the reasonable fees, disbursements and other charges of EY LLP's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court, and the U.S. Trustee Guidelines; *provided*, that in the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in EY LLP's own interim and final applications, and they shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code. Notwithstanding the foregoing, anything to the contrary in the Application or any of its attachments, or anything to the contrary in the Engagement Letters, EY LLP will not seek reimbursement of any attorneys' fees or expenses incurred defending any of EY LLP's fee applications in the Chapter 11 Cases.

9. The Indemnification Provisions set forth in the Engagement Letters are approved, subject during the pendency of the Chapter 11 Cases to the following:

- EY LLP shall not be entitled to indemnification, contribution, or reimbursement of expenses pursuant to the Engagement Letters unless such indemnification, contribution, or reimbursement of expenses are approved by the Court;

- notwithstanding any provision of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify or provide contribution or reimbursement of expenses to EY LLP for any claim or expense that is either (a) judicially determined (the determination having become final) to have arisen from EY LLP's gross negligence, willful misconduct, bad faith, self-dealing, or

3

breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of EY LLP's contractual obligations, unless the Court determines that indemnification or reimbursement of expenses would be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth at (a) or (b) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which EY LLP should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters as modified by the Proposed Order; and

- if, before the earlier of (a) the entry of an ordering confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing the Chapter 11 Cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters, as modified by the Proposed Order, including without limitation advancement of defense costs, EY LLP must file an application therefor in this Court, and the Debtors may not pay any such amounts to EY LLP before the entry of an order by this Court approving such payment. All parties in interest shall retain the right to object to any demand by EY LLP for indemnification, contribution, or reimbursement. This subparagraph is intended only to specify the period of time during which the Court shall have jurisdiction over any request by EY LLP for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

10. During the pendency of these bankruptcy cases, paragraphs 13(a) and 13(b) of the "General Terms and Conditions" section of the Engagement Letters are hereby deemed stricken.

11. Notwithstanding anything in the Engagement Letters to the contrary, during the pendency of the Debtors' bankruptcy cases while EY LLP is providing services to the Debtors, this Order shall not authorize EY LLP, either directly or jointly with a non-US EYGL member firm, to render buy-side services to any prospective buyer related to such buyer's prospective purchase of assets of the Debtors. If EY LLP determines that a non-US EYGL member firm is rendering any such buy-side services to a prospective buyer of assets of the Debtors, then EY LLP shall promptly notify the U.S. Trustee of the same except in the event that any laws, rules or regulations prohibit such disclosure. In addition to the foregoing, the Debtors shall inquire of each prospective

4

buyer of assets of the Debtors whether such prospective buyer is receiving services from a non-US EYGL member firm in connection with its bid, and the Debtors shall promptly disclose any "yes" responses to the U.S. Trustee.

12. Notwithstanding anything in the Engagement Letters to the contrary, EY LLP shall apply any remaining amount of its prepetition Retainer as a credit toward postpetition fees and expenses after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to EY LLP.

13. In the event of any inconsistency between the Engagement Letters, the Application, and this Order, the terms of this Order shall govern.

14. Notice of the Application is adequate under Bankruptcy Rule 6004(a).

15. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

*Thomas M. Horan*

**Dated: January 23rd, 2024**  **THOMAS M. HORAN**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**