# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: February 13, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF FIRST MONTHLY APPLICATION OF GLC ADVISORS & CO., LLC AND GLC SECURITIES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 8, 2023 THROUGH DECEMBER 31, 2023**

| | |
|---|---|
| Name of Applicant: | GLC Advisors & Co., LLC and GLC Securities, LLC (together, "GLC") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | January 9, 2024 (effective as of December 8, 2023) |
| Period for which compensation and reimbursement is sought: | December 8, 2023 through December 31, 2023 |
| Amount of compensation sought as actual, reasonable and necessary: | $256,774.19 |
| Amount of Compensation Requested Immediately: | $128,000 (80% of $160,000)[2] |
| Amount of Compensation Held Back: | $32,000 (20% of $160,000) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $6,802.14 |

This is an: _X_ monthly ____ interim ____ final application.

This monthly application includes 0 hours and $0 in fees incurred in connection with the preparation of Fee Application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] On or about December 1, 2023, the Debtors paid GLC a monthly advisory fee in the amount of $125,000 for the period December 1, 2023 through December 31, 2023. In accordance with the terms of the Engagement Letter (as defined below), that monthly advisory fee was earned in full upon receipt. However, out of an abundance of caution, GLC has included in the Application the prorated portion of such amount for the period from the Petition Date through December 31, 2024 ($96,774.19) and intends to seek in its interim and final fee application(s) Court approval of payment of such prorated portion of the monthly advisory fee. However, by this Application, GLC is not seeking payment of 80% of such prorated monthly advisory fee.

## TIME RECORDS BY PROFESSIONAL

### DECEMBER 8, 2023 THROUGH DECEMBER 31, 2023

| TIMEKEEPER & POSITION | TOTAL HOURS |
|---|---|
| Abraham Han, Managing Director | 33.5 |
| Robert Swindell, Managing Director | 34.0 |
| Daniel Grundei, Vice President | 66.5 |
| Alonso Flores-Noel, Analyst | 74.5 |
| Caleb Yang, Analyst | 74.0 |
| **TOTAL** | **282.5** |

## TIME RECORDS BY CATEGORY

### DECEMBER 8, 2023 THROUGH DECEMBER 31, 2023

| Category | Total Hours |
|---|---|
| Discussions / Meetings with Company / Board / Investors & Creditors | 116.0 |
| Internal GLC Meetings | 1.0 |
| Review, Preparation and Attendance for Court / Mediation | 36.0 |
| Review, Preparation or Marketing of Materials / Analysis / Diligence | 44.0 |
| Case Administration / General | 85.5 |
| **TOTALS** | **282.5** |

**EXPENSE SUMMARY**

| Expenses Category | Total Expenses ($) |
|---|---|
| Airfare | |
| Dues and Subscriptions | |
| Communications & Printing | 33.60 |
| Hotel | |
| Legal Services | 6,072.00 |
| Travel and Meals | 696.54 |
| Travel Transportation | |
| **TOTAL DISBURSEMENTS** | **$6,802.14** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: February 13, 2024 at 4:00 p.m. (ET)** |

**FIRST MONTHLY APPLICATION OF GLC ADVISORS & CO., LLC
AND GLC SECURITIES, LLC FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM DECEMBER 8, 2023 THROUGH DECEMBER 31, 2023**

Pursuant to sections 328(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 147], dated January 9, 2024 (the "Interim Compensation Order"), GLC Advisors & Co., LLC and GLC Securities, LLC (together, "GLC") submits its first monthly application (the "Application") for: (a) compensation for professional services rendered as investment banker to the debtors and debtors in possession (collectively, the "Debtors") in the amount of $256,774.19 for the period December 8, 2023 (the "Petition Date") through and including December 31, 2023 (the "Fee Period");[2] and (b) reimbursement of 100%

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] On or about December 1, 2023, the Debtors paid GLC a monthly advisory fee in the amount of $125,000 for the period December 1, 2023 through December 31, 2023. In accordance with the terms of the Engagement Letter (as defined below), that monthly advisory fee was earned in full upon receipt. However, out of an abundance of caution, GLC has included in the Application the prorated portion of such amount for the period from the Petition Date through December 31, 2024 ($96,774.19) and intends to seek in its interim and final fee

of the actual and necessary expenses incurred by GLC in the amount of $6,802.14 during the Fee Period. In support of the Application, GLC respectfully represents as follows:

## BACKGROUND

1. On December 8, 2023, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

2. Pursuant to Order, dated January 9, 2023 (the "Retention Order") [Docket No. 143], GLC was retained by the Debtors as investment banker in connection with these chapter 11 cases effective as of the Petition Date. The Retention Order authorized GLC to be compensated in accordance with the terms and conditions of the engagement letter, as modified by the Retention Order, dated as of December 7, 2023 and effective as of September 18, 2023 (the "Engagement Letter"), and to be reimbursed for actual and necessary out-of-pocket expenses. The fee structure set forth in the Engagement Letter includes a monthly advisory fee (the "Monthly Fee") as well as potential financing, sale and restructuring transaction fees.

3. Pursuant to the Retention Order, the requirements of Local Rule 2016-2 were modified to, among other things, (a) allow GLC's professionals to maintain time records in half-hour increments; (b) exempt GLC from the requirement to keep time records on a "project category" basis; and (c) exempt GLC non-investment banking professionals in administrative departments from the requirement to maintain time records.

4. All services for which compensation is requested by GLC herein were performed for or on behalf of the Debtors.

5. On January 9, 2024, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for all retained professionals in these cases. The Interim Compensation Order provides that each

---

application(s) Court approval of payment of such prorated portion of the monthly advisory fee. However, by this Application, GLC is not seeking payment of 80% of such prorated monthly advisory fee.

professional may, on or before the 20th day of each calendar month, or as soon as practicable thereafter, following the month for which compensation is sought, file and serve a statement requesting allowance and payment of compensation for services rendered and reimbursement of expenses incurred during the preceding month (each a "<u>Monthly Fee Application</u>").  Parties have 21 days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "<u>Objection Deadline</u>").  At the expiration of the Objection Deadline, the Debtors are required to promptly pay 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application to which no objection has been served.

## SUMMARY OF SERVICES RENDERED

6. Attached hereto as <u>Exhibit A</u> are GLC's time records setting forth, as permitted by the Retention Order, a summary description of services provided, describing each professional's tasks on a daily basis, including reasonably detailed descriptions of the services and the individuals that provided such services.  Although GLC does not typically bill by the hour, pursuant to the Retention Order, GLC has recorded its postpetition time in half-hour increments.

7. By the Application, GLC requests interim allowance and payment of compensation for professional services rendered on behalf of the Debtors during the Fee Period in the amount of $256,774.19.[3]  As set forth in the Engagement Letter, the fees requested herein represent: (a) a pro-rated Monthly Advisory Fee in the amount of $96,774.19 for the Fee Period[4] and (b) a Financing Transaction Fee[5] of $160,000, which is

---

[3] Pursuant to paragraph 7 of the Retention Order, GLC is entitled to payment of its Transaction fees subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, including those set forth in the Interim Compensation Order.

[4] The Engagement Letter provides for a Monthly Advisory Fee of $125,000 per month. See footnote 2 above.

[5] "<u>Financing Transaction Fee</u>" is defined in the Engagement Letter as "a fee payable directly out of the gross proceeds of any and all Financing Transactions equal to: (i) 2.00% of the aggregate principal face amount of any secured debt raised, including, without limitation, any debtor-in-possession or exit financing raised; (ii) 3.00% of the aggregate principal face amount of any unsecured debt raised; and (iii) 5.00% of any equity or

equal to 1% of the $16,000,000 senior secured, super priority debtor in possession term loan facility provided by Blue Torch Finance LLC and/or any of its affiliates to the Debtors. [See Docket Nos. 66 & 66-1].

8.  The fees charged by GLC have been billed in accordance with the Retention Order and are comparable to those fees charged by GLC for professional services rendered in connection with similar restructuring matters. GLC submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and in non-bankruptcy matters in the investment banking market.

## DISBURSEMENTS

9.  GLC has incurred out-of-pocket disbursements during the Fee Period. Attached hereto as Exhibit B is a detailed statement of expenses paid during the Fee Period. The total expenses incurred during the Fee Period are $6,802.14, including outside counsel fees as permitted under the Retention Order.[6] As permitted pursuant to paragraph 5 of the Retention Order, attached at the end of Exhibit B are invoices and supporting time records of legal counsel to GLC incurred during the Fee Period.

10. In addition, as set forth in paragraph 21 of the Debtors' application to retain GLC in these cases [Docket No. 73] and paragraph 17 of the Declaration of Abraham T. Han in support thereof attached as Exhibit C to such application (the "Han Declaration") [Docket No. 73-2], prepetition, GLC received from the Debtors an expense retainer of $25,000. After application of additional expenses against the retainer that were incurred prepetition that had

---

equity-linked securities raised. . . . *Notwithstanding anything to the contrary in this Agreement, with respect to any debtor-in possession financing provided by Blue Torch Finance LLC or any of its affiliates in any Bankruptcy Case(s) (such financing, a "Blue Torch DIP") GLC shall be entitled to a Financing Transaction Fee equal to 1.00% of the aggregate principal face amount of any such debt raised."* (emphasis added).

[6] To the extent the expense detail included herewith is insufficient to satisfy the requirements of Local Rule 2016-2(e)(ii), GLC respectfully requests that the Court waive strict compliance with such Local Rule.

not come to the attention of GLC as of the Petition Date, the balance of such retainer is now $21,620.06.

## CERTIFICATION OF COMPLIANCE

11.  The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that Rule except to the extent waived by the Retention Order or otherwise modified by applicable orders of the Court.

## CONCLUSION

WHEREFORE, GLC requests (a) interim allowance of compensation for professional services rendered on behalf of the Debtors during the Fee Period in the amount of $256,774.19; (b) payment in the amount of $128,000, which is equal to 80% GLC's unpaid fees earned during the Fee Period exclusive of the $96,774.19 prorated monthly advisory fee for the period from the Petition Date through December 31, 2023, which was paid prepetition; (c) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by GLC during the Fee Period in the amount of $6,802.14; and (d) such other and further relief as this Court may deem just and proper.

Dated: New York, New York　　　*Abraham T. Han*
　　　　January 23, 2024　　　　　Abraham T. Han
　　　　　　　　　　　　　　　　GLC Advisors & Co., LLC and
　　　　　　　　　　　　　　　　GLC Securities, LLC