**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>Jointly Administered<br><br>Hearing Date: Feb. 16, 2024, at 10:00 a.m. (ET)<br>Objection Deadline: Feb. 8, 2024, at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NEAR INTELLIGENCE, INC., *ET AL.*, FOR
ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP
AS FINANCIAL ADVISOR EFFECTIVE AS OF DECEMBER 28, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (the "Application") for entry of an order authorizing and approving the employment and retention of M3 Advisory Partners, LP ("M3 Partners") as financial advisor to the Committee, effective as of December 28, 2023, pursuant to §§ 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

In support of the Application, the Committee submits the *Declaration of Robert Winning* (the "Winning Declaration"), attached hereto as **Exhibit A**. In further support of the Application, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number are Near North America, Inc. (9078), Near Intelligence, Inc. (7857), Near Intelligence Pte. Ltd. (N/A), and Near Intelligence LLC (7857). The corporate headquarters and the mailing address for the Debtors is 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4. On December 8, 2023 (the "Petition Date"), each Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court.

5. On December 22, 2023, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these cases pursuant to section 1102 of the Bankruptcy Code. [D.I. 85].

6. On December 28, 2023 (the "Retention Date"), the Committee selected M3 Partners as financial advisor to the Committee, subject to Court approval.

**Relief Requested**

7. By this Application, the Committee seeks to retain and employ M3 Partners pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory

services for the Committee in these chapter 11 cases, effective as of December 28, 2023.

## The Retention of M3 Partners is Warranted

8. The Committee is familiar with the professional standing and reputation of M3 Partners. The Committee understands and recognizes that M3 Partners has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

9. The services of M3 Partners are necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, M3 Partners is well-qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

10. M3 Partners is a nationally recognized financial advisory firm, and its professionals have extensive experience in operational and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3 Partners' professionals are also experienced in turnarounds, corporate restructuring, and bankruptcy and corporate financing, including for instance, with developing and assessing business plan viability and plan feasibility. M3 Partners' senior professionals have worked (on a combined basis) on hundreds of restructurings as chief restructuring officer, advisor, principal, or independent director. In doing this, M3 Partners and its professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, official committees, and other entities in numerous chapter 11 cases of similar size and complexity to these chapter 11 cases.

11. M3 Partners has been retained as a financial advisor, and in some case its

professionals have been designated as Chief Restructuring Officer, in numerous large and complex chapter 11 cases, including, among others, *In re Neiman Marcus Group LTD LLC*, No 20-32519 (DRJ) (Bankr. S.D. Tex.); *In re Sanchez Energy Corp.*, No 19-34508 (MI) (Bankr. S.D. Tex.); *IN re RAIT Funding, LLC*, No. 19-11915 (BLS) (Bankr. D. Del.); and *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y).

12. The Committee believes that M3 Partners' proposed compensation structure is competitive, appropriate, and reasonable in the context of these chapter 11 cases.

### Scope of Services

13. M3 Partners has and, to the extent necessary, will continue to provide such financial advisory services to the Committee as the Committee deems appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assist in the analysis, review, and monitoring of the restructuring process, including, but not limited to, an assessment of the unsecured claims pool and potential recoveries for unsecured creditors;

- Assess the Debtors' businesses and their valuations;

- Determine whether there are viable alternative paths for the disposition of the Debtors' assets from those currently or in the future proposed by any Debtor;

- Monitor and, to the extent appropriate, assist the Debtors in efforts to develop and solicit transactions that would support unsecured creditor recovery;

- Assist the Committee in identifying, valuing, and pursuing estate causes of action, including, but not limited to, relating to prepetition transactions;

- Assist the Committee to analyze, classify and address claims against the Debtors and to participate effectively in any effort in these chapter 11 cases to estimate (in any formal or informal sense) contingent, unliquidated, and disputed claims;

- Assist the Committee to identify, preserve, value, and monetize tax assets of the Debtors, if any;

- Advise the Committee in negotiations with the Debtors, certain of the Debtors'

lenders, and third parties;

- Assist the Committee in reviewing the Debtors' financial reports;

- Assist the Committee in reviewing the Debtors' cost/benefit analysis with respect to the assumption or rejection of various executory contracts and leases;

- Review and provide analysis of the present and any subsequently proposed debtor-in-possession financing or use of cash collateral;

- Assist the Committee in evaluating and analyzing avoidance actions, including fraudulent conveyances and preferential transfers;

- Assist the Committee in investigating the extent of prepetition liens against the Debtors' assets;

- Review and provide analysis of any proposed disclosure statement and chapter 11 plan and, if appropriate, assist the Committee in developing an alternative chapter 11 plan;

- Attend meetings and assist in discussions with the Committee, the Debtors, the secured lenders, the U.S. Trustee and other parties in interest and professionals;

- Present at meetings of the Committee, as well as meetings with other key stakeholders and parties;

- Perform such other advisory services for the Committee as may be necessary or proper in these proceedings, subject to the aforementioned scope; and

- Provide testimony on behalf of the Committee as and when may be deemed appropriate.

### **Professional Compensation**

14. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Subject to the Court's approval, and in accordance with Bankruptcy Code section 328(a), M3 Partners proposes to render its services on an hourly fee basis according to its customary hourly rates in

effect when the services are rendered.

15. M3 Partners' professionals will be billed as follows

| Rank | Standard Hourly Rate |
|---|---|
| Managing Partner | $1,415 |
| Senior Managing Director | $1,305 |
| Managing Director | $1,075 – 1,205 |
| Director | $880 - 990 |
| Vice President | $786 |
| Senior Associate | $680 |
| Associate | $575 |
| Analyst | $470 |

M3 Partners' next scheduled rate adjustment, set to take effect on January 1, 2025, will not, to the extent of any increase in rates, take effect with respect to these chapter 11 cases without notice of same, as more particularly set forth in the proposed order. Non-working travel time is billed at 50% of otherwise applicable rates.

16. M3 Partners will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges. M3 Partners will charge for these expenses at rates consistent with or discounted to charges made to other M3 Partners clients and subject to the guidelines of the U.S. Trustee.

17. M3 Partners will maintain detailed records of fees and expenses incurred in connection with the rendering of the services described above, in accordance with applicable rules and guidelines.

18. In light of the foregoing, the Committee believes that M3 Partners' fee structure is reasonable, market-based, and designed to fairly compensate M3 Partners for its work in these chapter 11 cases.

**Disinterestedness; Lack of Adverse Interest**

19. To the best of the Committee's knowledge, the Committee submits that M3 Partners is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that M3 Partners currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee. Further, M3 Partners has no connection with any Debtors, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, other than as set forth in the Winning Declaration.

20. M3 Partners will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these chapter 11 cases.

21. The Committee has been informed that M3 Partners is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that M3 Partners discovers any connection with any interested party or enters into any new relationship with any interested party, M3 Partners will promptly supplement its disclosure to the Court.

**Indemnification**

22. In addition to the foregoing, and as a material part of the consideration for the agreement of M3 Partners to furnish services to the Committee pursuant to the terms of this Application, M3 Partners believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 case.

   a) Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify M3 Partners for any claims arising from, related to or in connection with the services to be provided by M3, but not for any claims arising from, related to or in connection with M3 Partners' post-petition performance of any

other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b) The Debtors shall have no obligation to indemnify M3 Partners, or provide contribution or reimbursement to M3 Partners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from M3 Partners' actual fraud, breach of fiduciary duty, if any, gross negligence, willful misconduct, self-dealing, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of M3 Partners' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clause (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 should not receive indemnity, contribution or reimbursement; and

c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Cases, M3 Partners believes that it is entitled to the payment of any amounts by the Debtors on account of indemnification, contribution, and/or reimbursement obligations, including without limitation the advancement of defense costs, M3 Partners must therefore file an application in this Court, and the Debtors may not pay any such amounts to M3 Partners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 Partners for indemnification, contribution, or reimbursement, and

not to limit the duration of the Debtors' obligation to indemnify M3 Partners. All parties in interest shall retain the right to object to any application by M3 Partners other Indemnified Party for indemnification, contribution, or reimbursement.

23.     The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

**Request for Approval of Retention of M3 Partners Effective as of the Retention Date**

24.     The Committee submits that the employment of M3 Partners on the terms and conditions set forth herein is in the best interests of the Committee and its constituency. The Committee requests that M3 Partners' retention be made effective as of December 28, 2023, in order to allow M3 Partners to be compensated for the work it performed for the Committee as of and following the date it was retained, subject to the Court's consideration and approval of this Application. Due to the size and complex nature of these chapter 11 cases, as well as the expedited schedule occasioned by the Debtors seeking relief during the early stages of these chapter 11 cases, there was an immediate need for M3 Partners to perform services for the Committee upon its retention and prior to the Court's consideration and approval of this Application. Immediately upon the selection of M3 Partners as financial advisor to the Committee on the Retention Date, M3 Partners turned its attention to urgent matters including, but not limited to, addressing a variety of issues relating to debtor-in-possession financing, the Debtors' liquidity, and the Debtors' proposed plan of reorganization. The Committee submits that under the circumstances, retroactive approval to December 28, 2023, the date of M3 Partners' retention, is warranted.

**Statement Regarding U.S. Trustee Guidelines**

25.     In accordance with the U.S. Trustee Guidelines, M3 Partners shall apply for

compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  M3 Partners also intends to make every effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by M3 Partners in these chapter 11 cases.

### Notice

26.     Notice of this Application will be provided to: (a) the U.S. Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) counsel to the Debtors; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee respectfully submits that such notice is sufficient, and no other or further notice of this Application is required under the circumstances.

### No Prior Request

27.     No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain M3 Partners as financial advisor to the Committee, effective as of December 28, 2023, and granting such other and further relief as is just and proper.

Dated: January 25, 2024

*/s/  Troy Rillo*
By: Troy Rillo
Title: Chairperson of the Official Committee of Unsecured Creditors of Near Intelligence, Inc.., *et al.*