**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: Feb. 16, 2024, at 10:00 a.m. (ET)<br>Objection Deadline: Feb. 8, 2024, at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF NEAR INTELLIGENCE, INC. ET AL., FOR
ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION
OF DLA PIPER LLP (US) AS COUNSEL, EFFECTIVE AS OF DECEMBER 26, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of Near Intelligence, Inc., *et al.*, (the "Debtors"), appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully submits this application (the "Application"), under sections 1103 and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Proposed Order"), authorizing the Committee to retain and employ DLA Piper LLP (US) ("DLA Piper") as its counsel in connection with these Chapter 11 Cases, effective as of December 26, 2023. In support of this Application, the Committee submits the *Declaration of Dennis O'Donnell* attached hereto as **Exhibit A** (the "O'Donnell Declaration") and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*Declaration of Troy Rillo* attached hereto as **Exhibit B** (the "Rillo Declaration"). In further support of this Application, the Committee respectfully represents as follows:

## RELIEF REQUESTED

1. The Committee seeks entry of the Proposed Order authorizing it to retain and employ DLA Piper as counsel to represent the Committee in all aspects of these Chapter 11 Cases, effective as of December 26, 2023.

## JURISDICTION

2. The Court has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates and this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 (Sleet, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3. Under Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested by this Application are sections 1103 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 6003, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

5. On December 8, 2023 (the "Petition Date"), each Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code with the Court.

6. On December 22, 2023, the Office of the United States Trustee appointed the Committee [D.I. 85]. The current members of the Committee are (a) YA II PN, Ltd.; and

(b) Magnite, Inc. The Committee selected DLA Piper as its proposed counsel on December 26, 2023. (Rillo Decl. ¶ 6.).

## DLA PIPER'S QUALIFICATIONS

7.  DLA Piper is particularly qualified to serve as the Committee's counsel in these Chapter 11 Cases. DLA Piper, including its international affiliates, is one of the largest law firms in the world, with a national and global practice, and has substantial experience in virtually all aspects of the law that may arise in these Chapter 11 Cases. In particular, DLA Piper has extensive bankruptcy and restructuring, domestic and international insolvency, financial technology (FinTech), corporate, mergers and acquisitions, corporate governance, employee benefits, finance, intellectual property, labor and employment, litigation, securities and tax expertise.

8.  DLA Piper's restructuring group provides an array of services to assist financially distressed businesses, creditors and other stakeholders in maximizing value and ultimate recoveries in a broad range of challenging circumstances. The group comprises approximately 300 attorneys practicing around the world. DLA Piper's lawyers have played significant roles in many of the largest and most complex, as well as many middle market, cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of the following entities and certain of their affiliates: *Pennsylvania Real Estate Investment Trust*, *PARTS iD, Inc.*, *UpHealth Holdings, Inc.*, *Fast Radius, Inc.*, *Vesttoo Ltd.*, *Valeritas Holdings, Inc.*, *Comcar Industries, Inc.*, *Celadon Group, Inc.*, *West Holdings, Inc.*, *Appvion, Inc.*, *Katy Industries, Inc.*, *Abeinsa Holding Inc.*, *ALCO Stores, Inc.*, *Barnes Bay Development, Ltd.*, *Capitol Lakes, Inc.*, *Celadon Group, Inc.*, *Contech LLC*, *Dana Corporation*, *Delia's Inc.*, *East West Resort Development*, *Fairfield Residential LLC*, *Federated Department Stores*, *Imperial Home Décor Group Inc.*, *Imris, Inc.*, *Kaiser Aluminum Corporation*, *LK Bennett U.S.A, Inc.*, *Loewen Group International, Inc.*, *Northwest Airlines*

3

*Corporation*, *Orchard Supply Hardware Stores Corporation*, *PHI, Inc.*, *PJ Finance Company, LLC*, *Polaroid Corporation*, *PFF Bancorp, Inc.*, *Promise Healthcare Group, LLC*, *Rupari Holding Corp.*, *Trident Microsystems, Inc.*, *Velti Inc.* and *Vertellus Specialties Inc.*

9. DLA Piper lawyers also regularly represent official and *ad hoc* committees, in corporate and restructuring transactions throughout the world, often where such committees have been charged with conducting investigations and prosecuting often contentious litigations against other stakeholders and third parties, including, among many others, the chapter 11 cases of the following entities and certain of their affiliates: *Instant Brands Acquisition Holdings Inc.*, *Times Square JV LLC, Clarus Therapeutics Holdings, Inc., Plastiq, Inc., Tilden Marcellus, LLC, Verity Healthcare Systems, Tilden Marcellus, Hospital Staffing Services, Inc., SAS AB, Relativity Holdings, Inc., Lehman Brothers, RAAM Global Energy Co., Hebrew Hospital Senior Housing, Inc., Arcapita Bank, PG&E Corp., FirstEnergy Solutions Corp., Fairfield Residential LLC, Polaroid Corporation, Refco Inc., Enron Corp., Great Atlantic and Pacific Tea Company, Inc., Fleming Companies, Winn-Dixie Stores, Inc., Far & Wide Travel Corporation, Cargo Transportation Services, Gemini Air Cargo, Mossi & Ghisolfi USA Corp, Maurice Sporting Goods* and *Phoenix Brands LLC*.

**SERVICES TO BE PROVIDED**

10. The Committee seeks to engage DLA Piper to render general legal services to the Committee as needed throughout the course of these Chapter 11 Cases. In particular, the Committee anticipates that DLA Piper will perform, among others, the following necessary legal services as directed by the Committee:

    (a)    advise the Committee with respect to its rights, duties and powers in the Chapter 11 Cases;

(b)     participate in in-person and telephonic meetings of the Committee and any subcommittees formed thereby, and otherwise advise the Committee with respect to its rights, powers and duties in the Chapter 11 Cases;

(c)     assist and advise the Committee in its consultations, meetings and negotiations with the Debtors and all other parties in interest regarding the administration of the Chapter 11 Cases;

(d)     assist the Committee in analyzing the claims asserted against and interests asserted in the Debtors, in negotiating with the holders of such claims and interests, and in bringing, participating in, or advising the Committee with respect to contested matters and adversary proceedings, including objections or estimation proceedings, with respect to such claims or interests;

(e)     assist with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and other financial reports prepared by the Debtors, and the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the historic and ongoing operation of its business;

(f)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, among other things, financings, use, sale or leasing of the Debtors' assets, including asset disposition transactions, compromises of controversies, assumption or rejection of executory contracts and unexpired leases, and matters affecting the automatic stay;

(g)     assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, the negotiation, formulation, confirmation and implementation of a chapter 11 plan for the Debtors, and all pleadings, agreements and documentation related thereto;

(h)     assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in the Chapter 11 Cases;

(i)     represent the Committee at all hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

(j)     review and analyze all complaints, motions, applications, orders and other pleadings filed with the Court, and advise the Committee with respect to its position thereon and the filing of any response thereto;

(k)     assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's interests and objectives; and

(l)      perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11.      The Committee respectfully submits that DLA Piper is well qualified to perform these services and represent the Committee's interests in these Chapter 11 Cases.

## DLA PIPER'S COMPENSATION

12.      Subject to the Court's approval, DLA Piper intends to (a) charge for its legal services on an hourly basis, in accordance with the firm's standard hourly rates in effect on the date the services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses. The names, positions, and agreed hourly rates of the DLA Piper lawyers and paraprofessionals expected to have primary responsibility for providing services to the Committee are set forth in the O'Donnell Declaration.[2] Compensating DLA Piper on an hourly basis is consistent with section 328(a) of the Bankruptcy Code. The Committee believes that DLA Piper's hourly rates and terms of engagement are appropriate, fair and reasonable.

13.      As set forth in the O'Donnell Declaration, DLA Piper has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

14.      DLA Piper will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. DLA Piper intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any additional procedures that have been or may be established by the Court in these

---

[2]     DLA Piper's hourly rates may change from time to time in accordance with DLA Piper's established billing practices and procedures.

Chapter 11 Cases. To the extent applicable, DLA Piper will use reasonable efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, issued by the Executive Office of the United States Trustee (the "U.S. Trustee Guidelines"). DLA Piper has agreed to accept as compensation such sums as may be allowed by the Court. DLA Piper understands that interim and final fee awards are subject to approval by the Court.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

15. In reliance on the O'Donnell Declaration, the Committee believes that, except as set forth in the O'Donnell Declaration: (a) DLA Piper has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (b) DLA Piper is not a creditor, equity security holder or insider of the Debtors; (c) DLA Piper is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) DLA Piper does not have an interest adverse to the Debtors, their respective estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason. Accordingly, the Committee believes that DLA Piper does not hold or represent any interest adverse to the Committee and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by sections 1103(b) and 328 of the Bankruptcy Code.

## NOTICE

16. Notice of this Application will be provided to: (a) the U.S. Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) counsel to the Debtors; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Committee respectfully submits that such notice is sufficient, and no other or further notice of this Application is required under the circumstances.

      **WHEREFORE**, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached to this Application as **Exhibit C**, granting the relief requested in this Application and (ii) grant such other and further relief as the Court may deem proper.

Dated:  January 25, 2024

                                    */s/ Troy Rillo*
                                    By:  Troy Rillo
                                    Title:  Chairperson of the Official Committee of Unsecured Creditors of Near Intelligence, Inc.