# EXHIBIT B

**Rillo Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered |

**DECLARATION OF TROY RILLO, CHAIRPERSON OF THE COMMITTEE, IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEAR INTELLIGENCE, INC. FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DLA PIPER LLP (US) AS COUNSEL, EFFECTIVE AS OF DECEMBER 26, 2023**

I, Troy Rillo, declare, pursuant to 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information and belief:

1. I am over the age of 21 and am competent in all respects to make this declaration (the "Declaration"). I am the representative of YA II PN, Ltd. in connection with the above-captioned chapter 11 cases and serve as Chairperson of the Official Committee of Unsecured Creditors (the "Committee") of Near Intelligence, Inc. and its affiliated debtors (collectively, the "Debtors").

2. I make this declaration in support of the Committee's application (the "Application")[2] to retain DLA Piper as counsel pursuant to section 1103 of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules. Except as otherwise noted, I have personal knowledge as to all the information set forth below.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

3. This Declaration is provided pursuant to section D.2 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "<u>U.S. Trustee Guidelines</u>").

4. I am informed by DLA Piper that the U.S. Trustee Guidelines require that any application for employment of an attorney under 11 U.S.C. § 1103 be accompanied by a verified statement from the client that addresses the following:

- a. The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

- b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

- c. The number of firms the client interviewed.

- d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

- e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why.

- f. Describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

**A.      Identity of Declarant**

5.      On December 22, 2023, the Office of the United States Trustee appointed the Committee, consisting of the following two members: (a) YA II PN, Ltd.; and (b) Magnite, Inc.

6.      On December 26, 2023, the Committee selected DLA Piper to serve as its proposed counsel. As a member and Chairperson of the Committee, on behalf of YA II PN, Ltd., I was directly involved in the Committee's decision to retain DLA Piper as the Committee's counsel in these Chapter 11 Cases, and I participated in negotiating the terms of DLA Piper's employment together with the other member of the Committee.

**B.     Steps Taken to Ensure Comparability of Engagement Terms**

7.      I have confirmed with DLA Piper that, while its billing rates vary from attorney to attorney based on factors such as the attorney's seniority and position with the firm (*e.g.*, partner, of counsel, special counsel, associate, etc.), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

8.      The Committee has been informed that DLA Piper endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which they compete. The Committee confirmed that the material terms for the engagement are comparable to terms of other comparably skilled professionals. It is the Committee's understanding that the hourly billing rates of DLA Piper are appropriate in light of the breadth of its experience and areas of expertise.

**C.     Number of Firms Interviewed and Selection of DLA Piper as Counsel**

9.      In the days following its formation, the Committee interviewed 2 law firms, including DLA Piper. During each interview, the Committee sought information with respect to

3

each of the firms' bankruptcy and non-bankruptcy billing practices and experience. Based on the experience of the Committee members, the Committee selected DLA Piper to serve as counsel to the Committee based upon DLA Piper's expertise in chapter 11 cases and other relevant areas of law, as described in further detail in the Application.

**D.     Other Circumstances Warranting Retention of DLA Piper**

10.     The Committee selected DLA Piper as its counsel because of the firm's extensive experience and knowledge in the fields of creditors' rights, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, especially in the fintech and electronic payments context.

**E.     Procedures Established to Supervise Fees and Expenses and Manage Costs**

11.     Throughout these Chapter 11 Cases, the Committee will supervise the fees and expenses incurred by DLA Piper to manage costs. In particular, I will review DLA Piper's invoices and monthly applications for payment of fees and reimbursement of expenses. The Committee understands that DLA Piper historically increases the hourly billing rates for its professionals and paralegals on a yearly basis. The Committee has consented to such ordinary course rate increases with the proper notice before such an increase.

12.     DLA Piper and the Committee have agreed that DLA Piper will provide services in accordance with the professional fee budget approved in connection with Debtors' approved post-petition financing, and the Committee has approved DLA Piper's staffing plan for this engagement. DLA Piper has informed me that, if the Committee objects to the fees and expenses requested by DLA Piper in any monthly fee statement, and the objection cannot be resolved informally, DLA Piper will file a Notice of Objection to Fee Statement on the Committee's behalf. I understand that, in doing so, DLA Piper reserves all rights to contest any such objection raised

to the allowance or payment of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such fee objection if it cannot be resolved informally by the parties.

13. Based on the foregoing, the Committee is of the opinion that it is necessary and appropriate to employ DLA Piper and that such employment is in the best interest of the Committee, and the Debtors' estates and creditors.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 25, 2024

/s/ Troy Rillo
By: Troy Rillo
Title: Chairperson of the Official Committee of Unsecured Creditors of Near Intelligence, Inc., *et al.*