**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**SECOND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL ASSETS**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**

**PLEASE TAKE NOTICE** that on January 23, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (III) Approving Assumption and Assignment Procedures, (IV) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (V) Granting Related Relief* [Docket No. 198] (the "Bidding Procedures Order"),[2] authorizing the Debtors to conduct an auction (the "Auction") to select the party to purchase the Debtors' assets. The Auction will be governed by the bidding procedures approved pursuant to the Bidding Procedures Order (attached to the Bidding Procedures Order as Exhibit 1, the "Bidding Procedures").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale. The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Amounts").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Bidding Procedures Order or the Sale Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that on January 26, 2024, the Debtors filed and served the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of All or Substantially All Assets* [Docket No. 215] (the "Initial Assumption Notice"). Further, on January 29, 2024, the Debtors filed and served the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of All or Substantially All Assets* [Docket No. 219] (the "First Supplemental Assumption Notice"). Attached to the Initial Assumption Notice and First Supplemental Notice, respectively, as Exhibit A were lists of Contracts that the Debtors may assume and assign to a Successful Bidder upon approval of the Sale.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file this Second Supplemental Assumption Notice (defined herein) which supplements the Initial Assumption Notice and the First Supplemental Assumption Notice.  As set forth on **Exhibit A** hereto, the Debtors have added certain Previously Omitted Contracts.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Amounts, object to a proposed assignment to the Successful Bidder of any Assigned Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amounts, state the correct cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served and **actually received** no later than February 14, 2024, at 4:00 p.m. (ET) (the "**Contract Objection Deadline**") by the Court and the Objection Notice Parties (which are as follows):

- the Debtors, c/o Near Intelligence, Inc., 100 W Walnut St., Suite A-4, Pasadena, CA 91124 (Attn: Paul Gross; paul.gross@near.com);

- counsel for the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com) and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com) and Matthew B. Lunn, Esq. (mlunn@ycst.com);

- counsel for the Committee, DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. (craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com)), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com));

- counsel for the Stalking Horse Bidder, Prepetition Lenders and DIP Lenders, (i) King & Spalding, 1185 Avenue of the Americas, New York, NY 10036 (Attn:

Roger G. Schwartz, Esq. (rschwartz@kslaw.com) and Geoffrey M. King, Esq. (gking@kslaw.com));

- if applicable, counsel for any Successful Bidder; and

- if applicable, counsel for any Backup Bidder.

**PLEASE TAKE FURTHER NOTICE** that if you object to the ability of the Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection; and (iv) be filed with the Court and served and **actually received no later than February 12, 2024, at 4:00 p.m. (ET) (the "Post-Auction Objection Deadline")** by the Court and the Objection Notice Parties (as listed above).

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Amounts(s), or (b) the proposed assignment and assumption of any Assigned Contract, is filed by the Contract Objection deadline, and if no objection the ability of the Successful Bidder to provide adequate assurance of future performance is filed by the Post-Auction Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Amounts as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Successful Bidder on the grounds that the Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of an Assigned Contract or related Cure Amounts in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date as may be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on the Cure Notice does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such Executory Contracts and/or Unexpired Leases are reserved.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors may later identify Counterparties that were not served with the Assumption and Assignment Notice, and may subsequently serve such Counterparties with a new Supplemental Assignment Notice which shall (i) identify the relevant Contract(s), (ii) set forth a good faith estimate of the Cure Amounts, (iii) include a statement that assumption and assignment of each such Contract is not required nor guaranteed, and (iv) inform such Counterparties of the requirement to file any Contract Objection(s) by the Supplemental Contract Objection Deadline (defined herein) and the Assumption and Assignment Procedures will nevertheless apply to such Counterparties; provided, that the Contract Objection Deadline with respect to such Counterparty listed on a Supplemental Assignment Notice shall be the later of the Contract Objection Deadline or fourteen (14) days

following the date of service of a Supplemental Assignment Notice (the "<u>Supplemental Contract Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that, no later than (3) business days prior to the Sale Hearing, the Debtors will file with the Court a "<u>Closing Assignment Notice</u>," which shall (i) identify the Successful Bidder, and (ii) list all Cure Amounts and corresponding Contracts which are proposed to be assumed and assigned by the Successful Bidder at the closing of the sale (the "<u>Closing Assigned Contracts</u>") which may exclude contracts which were previously the subject of an Assumption and Assignment Notice or any Supplemental Assignment Notice.

**PLEASE TAKE FURTHER NOTICE** that, the Closing Assignment Notice may include Contracts not previously designated as Contracts that may be assumed and assigned in the Assumption and Assignment Notice or any Supplemental Assignment Notice (such contracts, a "<u>Previously Omitted Contract</u>"), and the Closing Assignment Notice shall serve as a Supplemental Assignment Notice for each Previously Omitted Contract Counterparty.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at www.cases.ra.kroll.com/Near.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 31, 2024
      Wilmington, Delaware

                                   **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                   */s/ Shane M. Reil*
                                   Edmon L. Morton (No. 3856)
                                   Matthew B. Lunn (No. 4119)
                                   Shane M. Reil (No. 6195)
                                   Carol E. Cox (No. 6936)
                                   Rodney Square
                                   1000 North King Street
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 571-6600
                                   Facsimile: (302) 571-1253
                                   emorton@ycst.com
                                   mlunn@ycst.com
                                   sreil@ycst.com
                                   ccox@ycst.com

                                   -and-

                                   **WILLKIE FARR & GALLAGHER LLP**
                                   Rachel C. Strickland (admitted *pro hac vice*)
                                   Andrew S. Mordkoff (admitted *pro hac vice*)
                                   Joseph R. Brandt (admitted *pro hac vice*)
                                   787 Seventh Avenue
                                   New York, New York 10019
                                   Telephone:  (212) 728-8000
                                   Facsimile:  (212) 728-8111
                                   rstrickland@willkie.com
                                   amordkoff@willkie.com
                                   jbrandt@willkie.com

                                   *Co-Counsel to the Debtors*
                                   *and Debtors in Possession*

## EXHIBIT A

**Contract Schedule**

**Near Intelligence Inc., et al.**
**($USD)**

NOTE: Any government contracts listed herein will be assigned only to the extent such assignment is permissible by law and their terms therein.

NOTE: For avoidance of doubt, only the contracts (and associated cure amounts) of the Debtors are set out below and not contracts of the Foreign Subsidiaries, which will be assigned and assumed by Buyer indirectly through the acquisition of the Equity Interests of such Foreign Subsidiaries.

NOTE: Estimated cure amounts represent total prepetition obligations owed to the Contract Counterparty under one or more of the contracts listed herein.

| ID | Debtor Name | Contract Counterparty | Contract Title & Description | Date of Contract or Lease | Current Estimated Cure |
|---|---|---|---|---|---|
| 160 | Near Intelligence Pte. Ltd. | Avarisoft Pty Ltd | Agreement | 11/15/22 | 0 |
| 269 | Near North America, Inc. | CID | Purchase Order: Disaggregate Mobility Data | 09/08/22 | 0 |
| 514 | Near North America, Inc. | HumanId | Service Order | 11/10/22 | 0 |
| 755 | Near Intelligence Pte. Ltd. | Office of Spot | Agreement | 07/14/23 | 0 |
| 1220 | Near Intelligence Pte. Ltd. | Tourist Tracka Pty Ltd | Agreement | 01/12/22 | 0 |