**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | ) ) ) | Case No. 23-11962 (TMH) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Ref. Docket No. 165** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND
PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORMS OF BALLOTS AND SOLICITATION
MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING
THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND
THE DEADLINE FOR FILING OBJECTIONS THERETO;
AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order: (i) approving the *Combined Disclosure Statement, and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or otherwise modified from time to time, the "Combined Disclosure Statement and Plan"), on an interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of ballots and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

1

(vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The form of ballots attached hereto as **Exhibits 1-A and 1-B** (the "Ballots"): (i) are consistent with Official Form No. 14; (ii) adequately address the particular needs of the Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.  The Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code, or (ii) impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Combined Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | Existing Securities Law Claims | Impaired | Deemed to Reject |

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 6 | Interests | Impaired | Deemed to Reject |
| 7A and 7B | Intercompany Claims and Intercompany Interests | Impaired | Deemed to Reject |

C.  The Ballots shall be provided to Holders of Claims in Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured Claims), which Claims are impaired and thus the Holders are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

D.  The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

E.  The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.  The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, and the Bankruptcy Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The relief requested in the Motion is granted as set forth herein.

**Combined Disclosure Statement and Plan**

2.	The adequacy of the disclosures in the Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.	The Confirmation Hearing is hereby scheduled for **March 12, 2024 at 10:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.	Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq.

(craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case, by no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024.** The Debtors, and any other parties in interest supporting the Combined Disclosure Statement and Plan may, in their discretion, file a reply in support of approval and confirmation of the Combined Disclosure Statement and Plan by **March 8, 2024 at 12:00 p.m. (prevailing Eastern Time)**.

5. The Ballots, substantially in the forms attached hereto as **Exhibits 1-A and 1-B**, are approved in all respects.

6. The Confirmation Notice, the Opt-Out Election Form, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 2, 3,** and **4**, respectively, are approved in all respects and are also available at https://cases.ra.kroll.com/near/.

7. On or before two (2) business days after the entry of this Order, or as soon as reasonably practicable thereafter (the "Service Date"), in accordance with the terms of this Order,

the Voting Agent shall transmit the Solicitation Packages to the Voting Classes containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan (fully compiled with all exhibits attached); (c) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of this Order without exhibits; (d) the applicable form of Ballot; and (e) a pre-paid, pre-addressed return envelope.  Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballot) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

8. The Debtors and the Voting Agent shall not be required to transmit Solicitation Packages to Holders of Claims or Interests in Classes 1, 2, 5, 6, 7A and 7B, (collectively, the "Non-Voting Classes") under the Plan.  Instead, the Debtors or the Voting Agent shall mail or cause to be mailed to Holders of Claims or Interests in the Non-Voting Classes, by first-class mail, a copy of the (i) Confirmation Notice and (ii) Opt-Out Election Form.  The Debtors will serve or cause to be served the Confirmation Notice and Opt-Out Election Form on Holders of Claims or Interests in the Non-Voting Classes no later than two (2) business days following entry of this Order, or as soon as reasonably practicable thereafter.

9. The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4,** in *USA Today* (or another national newspaper of like circulation) **within five (5) business days** after the Service Date, or as soon as reasonably practicable thereafter.

10. In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Voting Agent is authorized to accept Ballots from Holders of Claims in the Voting Classes by electronic Ballot (an "E-Ballot") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Kroll (the "E-Balloting Portal").

6

Parties entitled to vote may cast an E- Ballot and electronically sign and submit the E-Ballot instantly by utilizing the E-Balloting Portal, which allows a Holder to submit an electronic signature. The instructions for submission of E-Ballots shall be set forth on the Ballot. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective.

11. To be counted, a Ballot or an Opt-Out Election Form must be properly executed, completed, and actually received by the Voting Agent no later than **5:00 p.m. (prevailing Eastern Time) on March 5, 2024** (the "Voting Deadline") in accordance with the instructions on the Ballot, E-Ballot, or Opt-Out Election Form, as applicable.

12. If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the procedures set forth in this Order, including because a claim objection has been filed against that holder's Claim, such holder must file a Rule 3018 Motion for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve the Rule 3018 Motion on the Debtors' counsel, so that it is received by them no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time**) on the date that is fourteen (14) days after service of such claim objection. The Debtors (and, with respect to filing a response, any other party in interest) shall then have fourteen (14) days after service of the Rule 3018 Motion to file and serve any responses to the same. If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing.

13. The following procedures shall be used in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Rules and Procedures"):

**Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims is entitled to vote to accept or reject the Combined Disclosure Statement and Plan be in an amount determined by the following procedures:

### Class 3 (Prepetition Loan Claims)

(a) The voting amounts of the Class 3 Prepetition Loan Claims will be established based on the amount of the applicable positions held by Holders of the Prepetition Loan Claims, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition Agent, as the administrative agent under the Prepetition Financing Documents, in electronic format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

### Class 4 (General Unsecured Claims)

(a) If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

(b) if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c) if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d) if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes only in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtors' filed Schedules;

(e) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f) if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Voting Record Date; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date established by the Court for filing proofs of claim has not yet passed, such Claim shall be entitled to vote at $1.00;

(g) proofs of claim filed for $0.00 are not entitled to vote;

(h) if the Debtors or another party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after

9

the Voting Record Date shall not be considered for purposes of these tabulation rules.

**Voting Rules**

(a) Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion, in consultation with the Committee;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a person or entity that does not hold an Claim in a Voting Class as of the Voting Record Date will not be counted;

(d) any Ballot submitted on account of a duplicative Claim will not be counted;

(e) any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f) any Ballot transmitted to the Voting Agent by facsimile, email, or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g) any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h) whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last properly executed valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i) subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j) claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

(k) subject to any contrary order of the Court, the Debtors, in consultation with the Committee, further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

14. Upon completion of balloting, the Voting Agent shall certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Combined Disclosure Statement and Plan with the assistance of the Debtors and case professionals.  The Debtors are authorized to file a Voting Declaration on or before **March 8, 2024, at 12:00 p.m. (prevailing Eastern Time)**.  The Voting Declaration shall also specify each holder of a Claim or Interest that opted out of granting the releases set forth in the Combined Disclosure Statement and Plan.  The Debtors or the Voting Agent, as applicable, without further Order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding, absent a contrary ruling by the Court.

15. The Debtors and the Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

16. The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

17. The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Combined

11

Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on March 8, 2024** (or one (1) business day prior to the date of any adjourned Confirmation Hearing).

18. Pursuant to Bankruptcy Rule 3017(d), January 30, 2024, shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure Statement and Plan (the "Voting Record Date").

19. On or before seven (7) days prior to the Voting Deadline, the Debtors shall serve the Plan Supplement on all parties that have requested notice pursuant to Bankruptcy Rule 2002. In addition, the Debtors shall serve the Plan Supplement by email or first class mail (if known to the Debtors at the time of service) on the following parties: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) all parties listed on the Debtors' creditor matrix. The Debtors shall file a form of order approving and confirming the Combined Disclosure Statement and Plan at least one week prior to the deadline for objecting to approval and confirmation of the Combined Disclosure Statement and Plan.

20. A Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or unexpired lease if the Claim is filed by the Voting Record Date.

21. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

22. Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code, and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

23. The Debtors shall make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against the Debtors that are classified under the Combined Disclosure Statement and Plan in the same Voting Class is entitled to vote only once on account of such Claim and with respect to that Class. The Debtors are authorized to exclude Ballots from the final vote tabulation to the extent that they are submitted on account of duplicative Claims.

24. On or prior to the Service Date, the Voting Agent shall mail the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities

listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

25. The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or Prepetition Agent, as applicable, and provided by the Debtors or Prepetition Agent to the Voting Agent. Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

26. The Debtors are authorized to (a) provide the Nominees[3] with sufficient copies of the Confirmation Notice and Opt-Out Election Form to forward to the Beneficial Equity Holders[4] and (b) require the Nominees to forward the Confirmation Notice or copies thereof, together with the Opt-Out Election Form, to the Beneficial Equity Holders within five (5) business days of the receipt by such Nominee of the Confirmation Notice and Opt-Out Election Form. To the extent

---

[3] A "Nominee" means all banks, brokers, and other nominees identified by the Debtors or Voting Agent as an entity through which the Holders of Interests held their Interests as of the Voting Record Date.

[4] A "Beneficial Equity Holder" means an entity that beneficially owns Class 6 Interests as of the Voting Record Date, as reflected in the records maintained by the applicable Nominee and DTC.

Nominees incur out-of-pocket expenses in connection with distribution of the Confirmation Notice and Opt-Out Election Form, the Debtors are authorized, but not required, to reimburse such entities for their reasonable and customary expenses incurred in this regard. Furthermore, if it is a Nominee's customary and accepted practice to forward the Confirmation Notice and Opt-Out Election Form to Beneficial Equity Holders by electronic mail or other customary means of communication, the Nominee may employ that method of delivery, in lieu of, or in addition to, sending paper copies of the Confirmation Notice and Notice and Opt-Out Election Form to its Beneficial Equity Holder clients.

27. Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Combined Disclosure Statement and Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

28. Nothing in this Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed "opt-out" procedures establish consensual releases, and the rights of all parties in interest to object to confirmation on any grounds are fully reserved.

29. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 2nd, 2024  
Wilmington, Delaware

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**