## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, [1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 165 & 236** |

**CERTIFICATION OF COUNSEL REGARDING
PROPOSED AMENDED ORDER (I) APPROVING THE COMBINED DISCLOSURE
STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES
ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(III) APPROVING THE FORMS OF BALLOTS AND SOLICITATION MATERIALS;
(IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME,
AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING
OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF**

On February 2, 2024, the United States Bankruptcy Court for the District of Delaware

(the "Court") entered the *Order (I) Approving the Combined Disclosure Statement and Plan on an

Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation

Procedures; (III) Approving the Forms of Ballots and Solicitation Materials; (IV) Establishing the

Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the

Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [Docket No. 236]

(the "Solicitation Order").[2]

Due to an inadvertent error, the Solicitation Order indicated the incorrect time for the

Confirmation Hearing.  Attached hereto as **Exhibit A** is a proposed amended Solicitation Order

(the "Amended Solicitation Order") which reflects the correct time of the Confirmation Hearing.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Solicitation Order.

For the convenience of the Court and other interested parties, a blackline comparing the Amended Solicitation Order to the Solicitation Order is attached hereto as **Exhibit B**.

The Debtors respectfully request that the Court enter the Amended Solicitation Order at its earliest convenience without further notice or hearing.

*[Signature page follows]*

31252532.1

Dated: February 5, 2024
   Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*    
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Amended Solicitation Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | ) Case No. 23-11962 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. 165** |
| | ) |

**[AMENDED] ORDER (I) APPROVING THE COMBINED DISCLOSURE
STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION
PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION
PROCEDURES; (III) APPROVING THE FORMS OF BALLOTS AND
SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD
DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED
HEARING AND THE DEADLINE FOR FILING OBJECTIONS
THERETO; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") for entry of an order:  (i) approving the

*Combined Disclosure Statement, and Chapter 11 Plan of Liquidation of Near Intelligence, Inc.*

*and its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or otherwise modified from

time to time, the "Combined Disclosure Statement and Plan"), on an interim basis and for

solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes

to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of ballots

and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place

for the Confirmation Hearing and the deadline for filing objections related thereto; and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

(vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      The form of ballots attached hereto as **Exhibits 1-A and 1-B** (the "<u>Ballots</u>"): (i) are consistent with Official Form No. 14; (ii) adequately address the particular needs of the Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.      The Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code, or (ii) impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Combined Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | Existing Securities Law Claims | Impaired | Deemed to Reject |

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 6 | Interests | Impaired | Deemed to Reject |
| 7A and 7B | Intercompany Claims and Intercompany Interests | Impaired | Deemed to Reject |

C.     The Ballots shall be provided to Holders of Claims in Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured Claims), which Claims are impaired and thus the Holders are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

D.     The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

E.     The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.     The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, and the Bankruptcy Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Motion is granted as set forth herein.

## Combined Disclosure Statement and Plan

2.      The adequacy of the disclosures in the Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.      The Confirmation Hearing is hereby scheduled for **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.      Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY  10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq.

(craig.martin@us.dlapiper.com)    and    Aaron    S.    Applebaum,    Esq.
(aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the
Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding
LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger
Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel
Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N.
Market    St.,    #1600,    Wilmington,    DE    19801,    Attn:    Robert    Dehney,    Esq.
(rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna
Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com);
and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal
Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin
Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case, by no later than **4:00 p.m.
(prevailing Eastern Time) on March 5, 2024.** The Debtors, and any other parties in interest
supporting the Combined Disclosure Statement and Plan may, in their discretion, file a reply in
support of approval and confirmation of the Combined Disclosure Statement and Plan by **March
8, 2024 at 12:00 p.m. (prevailing Eastern Time)**.

5.      The Ballots, substantially in the forms attached hereto as **Exhibits 1-A and 1-B**,
are approved in all respects.

6.      The Confirmation Notice, the Opt-Out Election Form, and the Publication Notice,
substantially in the forms attached hereto as **Exhibits 2, 3,** and **4**, respectively, are approved in all
respects and are also available at https://cases.ra.kroll.com/near/.

7.      On or before two (2) business days after the entry of this Order, or as soon as
reasonably practicable thereafter (the "Service Date"), in accordance with the terms of this Order,

the Voting Agent shall transmit the Solicitation Packages to the Voting Classes containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan (fully compiled with all exhibits attached); (c) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of this Order without exhibits; (d) the applicable form of Ballot; and (e) a pre-paid, pre-addressed return envelope.  Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballot) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

8.     The Debtors and the Voting Agent shall not be required to transmit Solicitation Packages to Holders of Claims or Interests in Classes 1, 2, 5, 6, 7A and 7B, (collectively, the "Non-Voting Classes") under the Plan.  Instead, the Debtors or the Voting Agent shall mail or cause to be mailed to Holders of Claims or Interests in the Non-Voting Classes, by first-class mail, a copy of the (i) Confirmation Notice and (ii) Opt-Out Election Form.  The Debtors will serve or cause to be served the Confirmation Notice and Opt-Out Election Form on Holders of Claims or Interests in the Non-Voting Classes no later than two (2) business days following entry of this Order, or as soon as reasonably practicable thereafter.

9.     The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4,** in *USA Today* (or another national newspaper of like circulation) **within five (5) business days** after the Service Date, or as soon as reasonably practicable thereafter.

10.     In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Voting Agent is authorized to accept Ballots from Holders of Claims in the Voting Classes by electronic Ballot (an "E-Ballot") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Kroll (the "E-Balloting Portal").

Parties entitled to vote may cast an E- Ballot and electronically sign and submit the E-Ballot instantly by utilizing the E-Balloting Portal, which allows a Holder to submit an electronic signature.  The instructions for submission of E-Ballots shall be set forth on the Ballot.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective.

11.     To be counted, a Ballot or an Opt-Out Election Form must be properly executed, completed, and actually received by the Voting Agent no later than **5:00 p.m. (prevailing Eastern Time) on March 5, 2024** (the "Voting Deadline") in accordance with the instructions on the Ballot, E-Ballot, or Opt-Out Election Form, as applicable.

12.     If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the procedures set forth in this Order, including because a claim objection has been filed against that holder's Claim, such holder must file a Rule 3018 Motion for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve the Rule 3018 Motion on the Debtors' counsel, so that it is received by them no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time**) on the date that is fourteen (14) days after service of such claim objection.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have fourteen (14) days after service of the Rule 3018 Motion to file and serve any responses to the same.  If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing.

7

13.     The following procedures shall be used in tabulating the votes to accept or reject

the Combined Disclosure Statement and Plan (the "Tabulation Rules and Procedures"):

**Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and

Plan and not for the purpose of the allowance of, or distribution on account of, any Claim and

without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims

is entitled to vote to accept or reject the Combined Disclosure Statement and Plan be in an amount

determined by the following procedures:

**Class 3 (Prepetition Loan Claims)**

(a)     The voting amounts of the Class 3 Prepetition Loan Claims will be established based on the amount of the applicable positions held by Holders of the Prepetition Loan Claims, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition Agent, as the administrative agent under the Prepetition Financing Documents, in electronic format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

**Class 4 (General Unsecured Claims)**

(a)     If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

(b)     if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)     if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d)     if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes only in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtors' filed Schedules;

(e)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Voting Record Date; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided, however*, if the applicable bar date established by the Court for filing proofs of claim has not yet passed, such Claim shall be entitled to vote at $1.00;

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Debtors or another party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan;

(j)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after

9

the Voting Record Date shall not be considered for purposes of these tabulation rules.

**Voting Rules**

(a)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion, in consultation with the Committee;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a person or entity that does not hold an Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)     any Ballot submitted on account of a duplicative Claim will not be counted;

(e)     any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f)     any Ballot transmitted to the Voting Agent by facsimile, email, or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g)     any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h)     whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last properly executed valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i)     subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

(k)     subject to any contrary order of the Court, the Debtors, in consultation with the Committee, further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

10

14.     Upon completion of balloting, the Voting Agent shall certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Combined Disclosure Statement and Plan with the assistance of the Debtors and case professionals.  The Debtors are authorized to file a Voting Declaration on or before **March 8, 2024, at 12:00 p.m. (prevailing Eastern Time)**.  The Voting Declaration shall also specify each holder of a Claim or Interest that opted out of granting the releases set forth in the Combined Disclosure Statement and Plan.  The Debtors or the Voting Agent, as applicable, without further Order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding, absent a contrary ruling by the Court.

15.     The Debtors and the Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

16.     The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

17.     The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Combined

Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on March 8, 2024** (or one (1) business day prior to the date of any adjourned Confirmation Hearing).

18.     Pursuant to Bankruptcy Rule 3017(d), January 30, 2024, shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure Statement and Plan (the "Voting Record Date").

19.     On or before seven (7) days prior to the Voting Deadline, the Debtors shall serve the Plan Supplement on all parties that have requested notice pursuant to Bankruptcy Rule 2002. In addition, the Debtors shall serve the Plan Supplement by email or first class mail (if known to the Debtors at the time of service) on the following parties: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) all parties listed on the Debtors' creditor matrix.  The Debtors shall file a form of order approving and confirming the Combined Disclosure Statement and Plan at least one week prior to the deadline for objecting to approval and confirmation of the Combined Disclosure Statement and Plan.

20.     A Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or unexpired lease if the Claim is filed by the Voting Record Date.

21.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

22.     Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code, and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

23.     The Debtors shall make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against the Debtors that are classified under the Combined Disclosure Statement and Plan in the same Voting Class is entitled to vote only once on account of such Claim and with respect to that Class.  The Debtors are authorized to exclude Ballots from the final vote tabulation to the extent that they are submitted on account of duplicative Claims.

24.     On or prior to the Service Date, the Voting Agent shall mail the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities

listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

25.     The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or Prepetition Agent, as applicable, and provided by the Debtors or Prepetition Agent to the Voting Agent.  Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

26.     The Debtors are authorized to (a) provide the Nominees[3] with sufficient copies of the Confirmation Notice and Opt-Out Election Form to forward to the Beneficial Equity Holders[4] and (b) require the Nominees to forward the Confirmation Notice or copies thereof, together with the Opt-Out Election Form, to the Beneficial Equity Holders within five (5) business days of the receipt by such Nominee of the Confirmation Notice and Opt-Out Election Form.  To the extent

---

[3]     A "Nominee" means all banks, brokers, and other nominees identified by the Debtors or Voting Agent as an entity through which the Holders of Interests held their Interests as of the Voting Record Date.

[4]     A "Beneficial Equity Holder" means an entity that beneficially owns Class 6 Interests as of the Voting Record Date, as reflected in the records maintained by the applicable Nominee and DTC.

Nominees incur out-of-pocket expenses in connection with distribution of the Confirmation Notice and Opt-Out Election Form, the Debtors are authorized, but not required, to reimburse such entities for their reasonable and customary expenses incurred in this regard.  Furthermore, if it is a Nominee's customary and accepted practice to forward the Confirmation Notice and Opt-Out Election Form to Beneficial Equity Holders by electronic mail or other customary means of communication, the Nominee may employ that method of delivery, in lieu of, or in addition to, sending paper copies of the Confirmation Notice and Notice and Opt-Out Election Form to its Beneficial Equity Holder clients.

27.    Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Combined Disclosure Statement and Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

28.    Nothing in this Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed "opt-out" procedures establish consensual releases, and the rights of all parties in interest to object to confirmation on any grounds are fully reserved.

29.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## <u>EXHIBIT 1-A</u>

**Class 3 Ballot (Prepetition Loan Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**CLASS 3 (PREPETITION LOAN CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>").[2]  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at <u>NearInfo@ra.kroll.com</u> (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at <u>NearInfo@ra.kroll.com</u> (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]    Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.  For your vote to count, you must:

a.  Submit your Ballot by <u>*one*</u> of the following methods:

i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

**If by first class mail, hand delivery or overnight courier, to**:

Near Intelligence Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Paper Ballot, please send an email to Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.

**<u>or</u>**

ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/ and click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

  Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a Paper Ballot.**

a. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

b. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Prepetition Loan Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

c. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

3. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC. SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE) OR +1 (646) 651-1196 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

7.    PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.**

**For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking**

the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 3 Prepetition Loan Claim in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐  **Accept** the Combined Disclosure Statement and Plan    ☐  **Reject** the Combined Disclosure Statement and Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                              Telephone Number

_____          _____
Signature                                                          Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                          Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[4]    For voting purposes only, subject to tabulation rules.

## **EXHIBIT 1-B**

**Class 4 Ballot (General Unsecured Creditors)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT
THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF
NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>").[2]   Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]   Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

## **VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.  For your vote to count, you must:

    a.  Submit your Ballot by **_one_** of the following methods:

    i.  Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

    **If by first class mail hand delivery or overnight courier, to**:
    Near Intelligence Inc. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

    To arrange hand delivery of your Paper Ballot, please send an email to Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Ballot Delivery" in the subject line)  at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.
    **or**

    ii.  Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal").  To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

    - IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

      Unique E-Ballot ID#:_____

    - Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

    - The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    **If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a paper Ballot.**

    b.  In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

    c.   Review and sign the acknowledgements in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    d.   **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.    If you voted to accept or reject the Combined Disclosure Statement and Plan or did not vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3.  Electing to opt out of such release provisions by checking the box in Item 3 will result in you <u>NOT</u> being a Releasing Party.

3.    You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

4.    The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC.  SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE OR +1 (646) 651-1196 (INTERNATIONAL, TOLL).  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

8. PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order. Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action. The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.**

**For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth**

thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"**Released Parties**" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"**Related Parties**" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON
THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN
CAST.

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 4 General Unsecured Claim in the amount set forth below:[4]

Voting Amount:  _____

Debtor:  _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan    ☐ **Reject** the Combined Disclosure Statement and Plan

> **You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you do not check the box in Item 3 below electing not to grant the releases in Section 14.1(c).**

**Item 3.  Release Opt-Out Election.**

**CHECK** this box if you elect **<u>not</u>** to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Releasing Party.  IF YOU DO NOT SUBMIT YOUR BALLOT, OR IF YOU SUBMIT YOUR BALLOT WITHOUT THIS BOX CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 14.1(C) OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.**

> ☐   **The undersigned elects <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____        _____

---

[4]   For voting purposes only, subject to tabulation rules.

_____          _____
Name of Creditor                          Telephone Number

_____          _____
Signature                                 Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                       Date Completed

_____
Street Address

_____
City, State, Zip Code

## **EXHIBIT 2**

**Confirmation Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF:**

**(I)     APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(II)    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATIONAND    (B) CONFIRMATION    OF    THE    COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 8, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

### I.    APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS

1.      On February 2, 2024, the Court entered an order (the "Solicitation Procedures Order"),[2] which, among other things, approved the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan") on an interim basis for solicitation purposes only.

**Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/near/, or upon request to Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent"), by (i) telephone at (844) 344-0799**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]     Capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures Order or the Combined Disclosure Statement and Plan.

(U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

II.     **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

2.     **Confirmation Hearing**.  A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

3.     **Voting Deadline**.  Only holders of Prepetition Loan Claims in Class 3 and General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The deadline for the submission of such votes to the Voting Agent is March 5, 2024 at 5:00 p.m. (prevailing Eastern Time).

4.     **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) will be paid in full and are deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote.  Holders of Claims or Interests in Class 5 (Existing Securities Law Claims), Class 6 (Interests), and Classes 7A and 7B (Intercompany Claims and Intercompany Interests, respectively) are deemed to reject the plan and are not entitled to vote.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, DIP Loan Claims, Prepetition Loan Adequate Protection Claims, and U.S. Trustee Fees as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The respective treatment of such unclassified Claims is set forth in Section VII of the Combined Disclosure Statement Plan.

5.     **Objections to Confirmation**.  Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures contained therein, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and

nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

6. **Rule 3018(a) Motions.** If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes under the Tabulation Rules, you must file a motion pursuant to Fed. R. Bankr. P. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order and by no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time**) on the date that is fourteen (14) days after service of such claim objection. If you fail to submit your voting ballot or Opt-Out Election Form, as applicable, so that it is actually received by the Voting Agent by **March 5, 2024 at 5:00 p.m. (prevailing Eastern time)**, it will not be counted by the Claims and Balloting Agent and your vote with respect to the Combined Disclosure Statement and Plan will not be counted and you will be deemed to have consented to the third-party release set forth in Section XIV of the Combined Disclosure Statement and Plan.

**PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing**

---

[3]     The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq. (craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.

For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and

(d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties. For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

Dated: [•], 2024
      Wilmington, Delaware

                                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                                    */s/ DRAFT*
                                    Edmon L. Morton (No. 3856)
                                    Matthew B. Lunn (No. 4119)

Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000

*Counsel to the Debtors*
*and Debtors in Possession*

## EXHIBIT 3

**Opt-Out Election Form**

**OPT-OUT ELECTION FORM**

You are receiving this opt-out election form (this "Opt-Out Election Form") because you are or may be a Holder of one or more Claims or Interests in Classes 1, 2, 5, 6, 7A or 7B under the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Combined Disclosure Statement and Plan").[1] Holders in Classes 1 and 2 will be paid in full under the Combined Disclosure Statement Plan and are therefore deemed to accept the Combined Disclosure Statement and Plan. Holders in Classes 5, 6, 7A and 7B are not entitled to any recovery under the Combined Disclosure Statement and Plan and are therefore deemed to reject the Combined Disclosure Statement and Plan. Therefore, you will not be receiving a ballot to vote on the Combined Disclosure Statement and Plan.

As of the Effective Date of the Combined Disclosure Statement and Plan, certain release, injunction and exculpation provisions set forth in the Combined Disclosure Statement and Plan will become effective, including a release by holders of Claims and Interests as set forth in Section XIV of the Combined Disclosure Statement and Plan (the "Third-Party Release"). **These provisions are attached as <u>Schedule A</u> to this form.** You may choose to opt out of the Third-Party Release set forth in Section XIV of the Combined Disclosure Statement and Plan by following the instructions set forth in this Opt-Out Election Form.

**IF YOU WISH TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN:**

**(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT ELECTION FORM AND RETURN IT TO KROLL RESTRUCTURING ADMINISTRATION LLC ("<u>KROLL</u>" OR THE "<u>VOTING AGENT</u>") IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

> **Near Intelligence Inc. Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
> **(to arrange hand delivery of your Opt-Out Election Form, please send an email to <u>NearInfo@ra.kroll.com</u> at least 24 hours before arrival at the Kroll address above and provide the expected date and time of delivery)**

**<u>OR</u>**

**(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-OUT ELECTION FORM VIA THE VOTING AGENT'S ONLINE PORTAL AS FOLLOWS:**

---

[1] All capitalized terms not described herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

Please visit the Debtors' restructuring website at **https://cases.ra.kroll.com/near/**. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-Out Election Form. If you choose to submit your Opt-Out Election Form via the Voting Agent's online E-Ballot portal, you should **not** also return a hard copy of your Opt-Out Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-Out Election Form:**

**Unique Opt-Out ID#: _____**

The online E-Ballot portal is the sole manner in which your Opt-Out Election Form will be accepted via electronic or online transmission. Opt-Out Election Forms submitted by facsimile or email will not be counted.

| | CUSIP / ISIN |
|---|---|
| <u>Please note that if you are a Holder of Class 6 - Interests described in the chart below in "street name" through a bank, broker, or other intermediary at DTC or another similar securities depository, you may not submit your Opt-Out Election Form via the E-Ballot portal. Instead you must click on the Public Equity Opt-Out link located on the left hand navigation panel of the Debtors' restructuring website at https://cases.ra.kroll.com/near/ to upload a pdf of your Opt-Out Election Form on account of your Class 6 – Interests</u> | |
| Near Intelligence, Inc. Common Stock | 639494103 / US6394941032 |
| Near Intelligence, Inc. Warrants | 639494111 / US6394941115 |

THIS OPT-OUT ELECTION FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE CLAIMS AND BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "**RELEASE OPT-OUT DEADLINE**"). IF THIS OPT-OUT ELECTION FORM IS RECEIVED AFTER THE RELEASE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED BY THE CLAIMS AND BALLOTING AGENT AND YOU WILL BE **DEEMED** TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.

\* \* \*

**PLEASE COMPLETE THE FOLLOWING:**

    **Item 1. Opt-Out for Third-Party Release.**  By checking this box, the undersigned Holder of a Claim or Interest in Classes 1, 2, 5, 6, 7A or 7B:

        **Elects not to grant (and therefore OPTS OUT OF) the Third-Party Release contained in Section XIV of the Combined Disclosure Statement and Plan (which is copied on Schedule A hereto).**

**PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT NOT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN.  <u>YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT OUT OF THE THIRD-PARTY RELEASE.</u>**

    **Item 2. Certifications.**  By signing this Opt-Out Election Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

    a.    the undersigned is either (i) the Holder of Claims or Interests as set forth above or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth above;

    b.    the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class as set forth above; and

    c.    no other Opt-Out Election Form with respect to the Holder's Claims or Interests has been completed or, if any other Opt-Out Election Forms have been submitted with respect to such Claims, then any such Opt-Out Election Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

## SCHEDULE A

**PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order. Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action. The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors. For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either**

(i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties. For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

## **EXHIBIT 4**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**PUBLICATION NOTICE OF COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (the "Debtors") filed the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan summarizes the Debtors' plan of liquidation and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. [●]] (the "Solicitation Procedures Order"). Copies of the Solicitation Procedures Order and the Combined Disclosure Statement and Plan can be obtained free of charge at the website maintained by Kroll Restructuring Administration LLC (the "Voting Agent") at https://cases.ra.kroll.com/near/, or by contacting the Voting Agent via email at NearInfo@ra.kroll.com.

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

Only holders of Claims in Classes 3 and 4 (the "Voting Classes") are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. Claimholders in Classes 1 and 2 are Unimpaired and presumed to accept the Combined Disclosure Statement and Plan and are not entitled to vote. Holders of Claims or Interests in Classes 5, 6, 7A and 7B are Impaired and deemed to reject the Combined Disclosure Statement and Plan. If you are a holder of a Claim against the Debtors as of January 30, 2024 (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Combined Disclosure Statement and Plan must be received

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

1

is **March 5, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>").  If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.**

A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[2] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

> **<u>Section XIV</u> of the Combined Disclosure Statement and Plan contains Release, Exculpation, Injunction provisions and a <u>Third-Party Release</u>.  Thus, holders of Claims against and Interests in the Debtors are advised to review and consider the Combined Disclosure Statement and Plan carefully because their rights might be affected thereunder.**

---

[2]  The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

# **EXHIBIT B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | ) Case No. 23-11962 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket No. 165** |
| | ) |

[AMENDED] ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON
AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY;
(II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE
FORMS OF BALLOTS AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING
RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND
THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in
possession in the above-captioned cases (collectively, the "Debtors") for entry of an order:  (i)
approving the *Combined Disclosure Statement, and Chapter 11 Plan of Liquidation of Near
Intelligence, Inc. and its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or
otherwise modified from time to time, the "Combined Disclosure Statement and Plan"), on an
interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation
and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan;
(iii) approving the form of ballots and solicitation materials; (iv) establishing a voting record

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

1

date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

A.      The form of ballots attached hereto as **<u>Exhibits 1-A and 1-B</u>** (the "<u>Ballots</u>"): (i) are consistent with Official Form No. 14; (ii) adequately address the particular needs of the Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B.      The Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code, or (ii) impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively

deemed to have rejected the Combined Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | Existing Securities Law Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |
| 7A and 7B | Intercompany Claims and Intercompany Interests | Impaired | Deemed to Reject |

C.     The Ballots shall be provided to Holders of Claims in Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured Claims), which Claims are impaired and thus the Holders are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

D.     The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

E.     The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.     The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under

the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, and the Bankruptcy Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Motion is granted as set forth herein.

### Combined Disclosure Statement and Plan

2.     The adequacy of the disclosures in the Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.     The Confirmation Hearing is hereby scheduled for **March 12, 2024 at** ~~10:00 a.m~~1:00 p.m. **(prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.     Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Edmon L. Morton, Esq.

(emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq. (craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov), in each case, by no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024.** The Debtors, and any other parties in interest supporting the Combined Disclosure Statement and Plan may, in their discretion, file a reply in support of approval and confirmation of the Combined Disclosure Statement and Plan by **March 8, 2024 at 12:00 p.m. (prevailing Eastern Time)**.

5.      The Ballots, substantially in the forms attached hereto as **Exhibits 1-A and 1-B**, are approved in all respects.

6.      The Confirmation Notice, the Opt-Out Election Form, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 2**, **3**, and **4**, respectively, are approved in all respects and are also available at https://cases.ra.kroll.com/near/.

7.      On or before two (2) business days after the entry of this Order, or as soon as reasonably practicable thereafter (the "Service Date"), in accordance with the terms of this Order, the Voting Agent shall transmit the Solicitation Packages to the Voting Classes containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan (fully compiled with all exhibits attached); (c) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of this Order without exhibits; (d) the applicable form of Ballot; and (e) a pre-paid, pre-addressed return envelope.  Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballot) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

8.      The Debtors and the Voting Agent shall not be required to transmit Solicitation Packages to Holders of Claims or Interests in Classes 1, 2, 5, 6, 7A and 7B, (collectively, the "Non-Voting Classes") under the Plan.  Instead, the Debtors or the Voting Agent shall mail or cause to be mailed to Holders of Claims or Interests in the Non-Voting Classes, by first-class mail, a copy of the (i) Confirmation Notice and (ii) Opt-Out Election Form.  The Debtors will serve or cause to be served the Confirmation Notice and Opt-Out Election Form on Holders of Claims

or Interests in the Non-Voting Classes no later than two (2) business days following entry of this Order, or as soon as reasonably practicable thereafter.

9.      The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4,** in *USA Today* (or another national newspaper of like circulation) **within five (5) business days** after the Service Date, or as soon as reasonably practicable thereafter.

10.     In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Voting Agent is authorized to accept Ballots from Holders of Claims in the Voting Classes by electronic Ballot (an "E-Ballot") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Kroll (the "E-Balloting Portal"). Parties entitled to vote may cast an E- Ballot and electronically sign and submit the E-Ballot instantly by utilizing the E-Balloting Portal, which allows a Holder to submit an electronic signature.  The instructions for submission of E-Ballots shall be set forth on the Ballot.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective.

11.     To be counted, a Ballot or an Opt-Out Election Form must be properly executed, completed, and actually received by the Voting Agent no later than **5:00 p.m. (prevailing Eastern Time) on March 5, 2024** (the "Voting Deadline") in accordance with the instructions on the Ballot, E-Ballot, or Opt-Out Election Form, as applicable.

12.     If any holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the procedures set forth in this Order, including because a claim

objection has been filed against that holder's Claim, such holder must file a Rule 3018 Motion for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve the Rule 3018 Motion on the Debtors' counsel, so that it is received by them no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time)** on the date that is fourteen (14) days after service of such claim objection.  The Debtors (and, with respect to filing a response, any other party in interest) shall then have fourteen (14) days after service of the Rule 3018 Motion to file and serve any responses to the same.  If the Rule 3018 Motion is not consensually resolved, such Rule 3018 Motion will be adjudicated as part of the Confirmation Hearing.

13.     The following procedures shall be used in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Rules and Procedures"):

**Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims is entitled to vote to accept or reject the Combined Disclosure Statement and Plan be in an amount determined by the following procedures:

Class 3 (Prepetition Loan Claims)

(a)     The voting amounts of the Class 3 Prepetition Loan Claims will be established based on the amount of the applicable positions held by Holders of the Prepetition Loan Claims, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition Agent, as

the administrative agent under the Prepetition Financing Documents, in electronic format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

<u>Class 4 (General Unsecured Claims)</u>

    (a)    If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

    (b)    if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

    (c)    if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

    (d)    if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes only in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtors' filed Schedules;

    (e)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    (f)    if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the Voting Record Date; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date established by the Court for filing proofs of claim has not yet passed, such Claim shall be entitled to vote at $1.00;

9

(g)     proofs of claim filed for $0.00 are not entitled to vote;

(h)     if the Debtors or another party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)     for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Combined Disclosure Statement and Plan;

(j)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

<u>Voting Rules</u>

(a)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion, in consultation with the Committee;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a person or entity that does not hold an Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)      any Ballot submitted on account of a duplicative Claim will not be counted;

(e)      any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f)      any Ballot transmitted to the Voting Agent by facsimile, email, or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g)      any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h)      whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last properly executed valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i)      subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j)      claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

(k)      subject to any contrary order of the Court, the Debtors, in consultation with the Committee, further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

14.     Upon completion of balloting, the Voting Agent shall certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Combined Disclosure Statement and Plan with the assistance of the Debtors and case professionals.  The Debtors are authorized to file a Voting Declaration on or before **March 8, 2024, at 12:00 p.m. (prevailing Eastern Time)**.  The Voting Declaration shall also specify each holder of a Claim or Interest that opted out of granting the releases set forth in the Combined Disclosure Statement and Plan.

11

The Debtors or the Voting Agent, as applicable, without further Order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding, absent a contrary ruling by the Court.

15.    The Debtors and the Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

16.    The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

17.    The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than **12:00 p.m. (prevailing Eastern Time) on March 8, 2024** (or one (1) business day prior to the date of any adjourned Confirmation Hearing).

18.    Pursuant to Bankruptcy Rule 3017(d), January 30, 2024, shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure Statement and Plan (the "Voting Record Date").

19.     On or before seven (7) days prior to the Voting Deadline, the Debtors shall serve the Plan Supplement on all parties that have requested notice pursuant to Bankruptcy Rule 2002. In addition, the Debtors shall serve the Plan Supplement by email or first class mail (if known to the Debtors at the time of service) on the following parties: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) all parties listed on the Debtors' creditor matrix.  The Debtors shall file a form of order approving and confirming the Combined Disclosure Statement and Plan at least one week prior to the deadline for objecting to approval and confirmation of the Combined Disclosure Statement and Plan.

20.     A Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or unexpired lease if the Claim is filed by the Voting Record Date.

21.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation

13

required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

22.     Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code, and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion.

23.     The Debtors shall make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against the Debtors that are classified under the Combined Disclosure Statement and Plan in the same Voting Class is entitled to vote only once on account of such Claim and with respect to that Class.  The Debtors are authorized to exclude Ballots from the final vote tabulation to the extent that they are submitted on account of duplicative Claims.

24.     On or prior to the Service Date, the Voting Agent shall mail the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities

known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

25.    The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or Prepetition Agent, as applicable, and provided by the Debtors or Prepetition Agent to the Voting Agent.  Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

26.    The Debtors are authorized to (a) provide the Nominees[3] with sufficient copies of the Confirmation Notice and Opt-Out Election Form to forward to the Beneficial Equity Holders[4] and (b) require the Nominees to forward the Confirmation Notice or copies thereof, together with the Opt-Out Election Form, to the Beneficial Equity Holders within five (5) business days of the receipt by such Nominee of the Confirmation Notice and Opt-Out Election Form.  To the extent Nominees incur out-of-pocket expenses in connection with distribution of the Confirmation Notice and Opt-Out Election Form, the Debtors are authorized, but not required,

---

[3]    A "Nominee" means all banks, brokers, and other nominees identified by the Debtors or Voting Agent as an entity through which the Holders of Interests held their Interests as of the Voting Record Date.

[4]    A "Beneficial Equity Holder" means an entity that beneficially owns Class 6 Interests as of the Voting Record Date, as reflected in the records maintained by the applicable Nominee and DTC.

to reimburse such entities for their reasonable and customary expenses incurred in this regard. Furthermore, if it is a Nominee's customary and accepted practice to forward the Confirmation Notice and Opt-Out Election Form to Beneficial Equity Holders by electronic mail or other customary means of communication, the Nominee may employ that method of delivery, in lieu of, or in addition to, sending paper copies of the Confirmation Notice and Notice and Opt-Out Election Form to its Beneficial Equity Holder clients.

27.     Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Combined Disclosure Statement and Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

28.     Nothing in this Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed "opt-out" procedures establish consensual releases, and the rights of all parties in interest to object to confirmation on any grounds are fully reserved.

29.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## EXHIBIT 1-A

Class 3 Ballot (Prepetition Loan Claims)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**CLASS 3 (PREPETITION LOAN CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "Ballot") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan").[2]  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]  Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

<u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.  For your vote to count, you must:

    a.  Submit your Ballot by <u>*one*</u> of the following methods:

    i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

**If by first class mail, hand delivery or overnight courier, to**:

Near Intelligence Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Paper Ballot, please send an email to Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.

<u>or</u>

    ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/ and click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

    •  IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

      Unique E-Ballot ID#:_____

    •  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a Paper Ballot.**

a. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

b. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Prepetition Loan Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

c. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

3. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC. SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE) OR +1 (646) 651-1196 (INTERNATIONAL,

TOLL).  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
### IN THE COMBINED DISCLOSURE STATEMENT AND PLAN

7.  PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.

For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

---

**PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 3 Prepetition Loan Claim in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan      ☐ **Reject** the Combined Disclosure Statement and Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____        _____
Name of Creditor                                                              Telephone Number


_____        _____
Signature                                                                         Email Address

_____
If by Authorized Agent, Name and Title

_____        _____
Name of Institution                                                         Date Completed

_____
Street Address

_____

---

[4]    For voting purposes only, subject to tabulation rules.

City, State, Zip Code

EXHIBIT 1-B

Class 4 Ballot (General Unsecured Creditors)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT
THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF
NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>").[2]  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]    Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

### VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  For your vote to count, you must:

    a.  Submit your Ballot by _**one**_ of the following methods:

    i.  Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

    **If by first class mail hand delivery or overnight courier, to**:
    Near Intelligence Inc. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

    To arrange hand delivery of your Paper Ballot, please send an email to Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Ballot Delivery" in the subject line)  at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.
    **or**

    ii.  Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal").  To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

    - IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

      Unique E-Ballot ID#:_____

    - Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

    - The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a paper Ballot.**

    b.  In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

    c.  Review and sign the acknowledgements in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    d.  **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.  If you voted to accept or reject the Combined Disclosure Statement and Plan or did not vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3.  Electing to opt out of such release provisions by checking the box in Item 3 will result in you <u>NOT</u> being a Releasing Party.

3.  You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

4.  The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

6.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC.  SOLICITATION INQUIRY" IN THE SUBJECT LINE)

OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE OR +1 (646) 651-1196 (INTERNATIONAL, TOLL).  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
### IN THE COMBINED DISCLOSURE STATEMENT AND PLAN

8.  PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.

For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 4 General Unsecured Claim in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan     ☐ **Reject** the Combined Disclosure Statement and Plan

> **You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you do not check the box in Item 3 below electing not to grant the releases in Section 14.1(c).**

**Item 3.  Release Opt-Out Election.**

CHECK this box if you elect <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Releasing Party.  IF YOU DO NOT SUBMIT YOUR BALLOT, OR IF YOU SUBMIT YOUR BALLOT WITHOUT THIS BOX CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 14.1(C) OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.**

> ☐     **The undersigned elects <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

---

[4]   For voting purposes only, subject to tabulation rules.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

EXHIBIT 2

Confirmation Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

NOTICE OF:

(I)   APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND

(II)   THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATIONAND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

On December 8, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

I.   APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS

1.   On February 2, 2024, the Court entered an order (the "Solicitation Procedures Order"),[2] which, among other things, approved the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan") on an interim basis for solicitation purposes only.

Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   Capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures Order or the Combined Disclosure Statement and Plan.

1

charge at https://cases.ra.kroll.com/near/, or upon request to Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>"), by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

II.    <u>THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN</u>

2.    **Confirmation Hearing**.  A combined hearing (the "<u>Confirmation Hearing</u>") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, ~~3rd~~5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at ~~10:00 a.m~~1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

3.    **Voting Deadline**.  Only holders of Prepetition Loan Claims in Class 3 and General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The deadline for the submission of such votes to the Voting Agent is March 5, 2024 at 5:00 p.m. (prevailing Eastern Time).

4.    **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) will be paid in full and are deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote.  Holders of Claims or Interests in Class 5 (Existing Securities Law Claims), Class 6 (Interests), and Classes 7A and 7B (Intercompany Claims and Intercompany Interests, respectively) are deemed to reject the plan and are not entitled to vote.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, DIP Loan Claims, Prepetition Loan Adequate Protection Claims, and U.S. Trustee Fees as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The respective treatment of such unclassified Claims is set forth in Section VII of the Combined Disclosure Statement Plan.

5.    **Objections to Confirmation**.  Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures

contained therein, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

6.      **Rule 3018(a) Motions.**  If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes under the Tabulation Rules, you must file a motion pursuant to Fed. R. Bankr. P. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order and by no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time**) on the date that is fourteen (14) days after service of such claim objection.  If you fail to submit your voting ballot or Opt-Out Election Form, as applicable, so that it is actually received by the Voting Agent by **March 5, 2024 at 5:00 p.m. (prevailing Eastern time)**, it will not be counted by the Claims and Balloting Agent and your vote with respect to the Combined Disclosure Statement and Plan will not be counted and you will be deemed to have consented to the third-party release set forth in Section XIV of the Combined Disclosure Statement and Plan.

PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:

"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims,

---

[3]    The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn:  Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq. (craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.   Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.

For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or

Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

Dated: [●], 2024
      Wilmington, Delaware


                     YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ DRAFT_____
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000

*Counsel to the Debtors*
*and Debtors in Possession*

## EXHIBIT 3

Opt-Out Election Form

OPT-OUT ELECTION FORM

You are receiving this opt-out election form (this "<u>Opt-Out Election Form</u>") because you are or may be a Holder of one or more Claims or Interests in Classes 1, 2, 5, 6, 7A or 7B under the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "<u>Combined Disclosure Statement and Plan</u>").[1]  Holders in Classes 1 and 2 will be paid in full under the Combined Disclosure Statement Plan and are therefore deemed to accept the Combined Disclosure Statement and Plan.  Holders in Classes 5, 6, 7A and 7B are not entitled to any recovery under the Combined Disclosure Statement and Plan and are therefore deemed to reject the Combined Disclosure Statement and Plan. Therefore, you will not be receiving a ballot to vote on the Combined Disclosure Statement and Plan.

As of the Effective Date of the Combined Disclosure Statement and Plan, certain release, injunction and exculpation provisions set forth in the Combined Disclosure Statement and Plan will become effective, including a release by holders of Claims and Interests as set forth in Section XIV of the Combined Disclosure Statement and Plan (the "<u>Third-Party Release</u>").  **These provisions are attached as <u>Schedule A</u> to this form.**  You may choose to opt out of the Third-Party Release set forth in Section XIV of the Combined Disclosure Statement and Plan by following the instructions set forth in this Opt-Out Election Form.

IF YOU WISH TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN:

(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT ELECTION FORM AND RETURN IT TO KROLL RESTRUCTURING ADMINISTRATION LLC ("<u>KROLL</u>" OR THE "<u>VOTING AGENT</u>") IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:

| |
|---|
| Near Intelligence Inc. Ballot Processing Center |
| c/o Kroll Restructuring Administration LLC |
| 850 Third Avenue, Suite 412 |
| Brooklyn, NY 11232 |
| (to arrange hand delivery of your Opt-Out Election Form, please send an email to NearInfo@ra.kroll.com at least 24 hours before arrival at the Kroll address above and provide the expected date and time of delivery) |

<u>OR</u>

---

[1]    All capitalized terms not described herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-OUT ELECTION FORM VIA THE VOTING AGENT'S ONLINE PORTAL AS FOLLOWS:

Please visit the Debtors' restructuring website at https://cases.ra.kroll.com/near/. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-Out Election Form. If you choose to submit your Opt-Out Election Form via the Voting Agent's online E-Ballot portal, you should <u>not</u> also return a hard copy of your Opt-Out Election Form.

IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-Out Election Form:

Unique Opt-Out ID#: _____

The online E-Ballot portal is the sole manner in which your Opt-Out Election Form will be accepted via electronic or online transmission. Opt-Out Election Forms submitted by facsimile or email will not be counted.

| | |
|---|---|
| <u>Please note that if you are a Holder of Class 6 - Interests described in the chart below in "street name" through a bank, broker, or other intermediary at DTC or another similar securities depository, you may not submit your Opt-Out Election Form via the E-Ballot portal. Instead you must click on the Public Equity Opt-Out link located on the left hand navigation panel of the Debtors' restructuring website at</u> https://cases.ra.kroll.com/near/ <u>to upload a pdf of your Opt-Out Election Form on account of your Class 6 – Interests</u> | CUSIP / ISIN |
| Near Intelligence, Inc. Common Stock | 639494103 / US6394941032 |
| Near Intelligence, Inc. Warrants | 639494111 / US6394941115 |

THIS OPT-OUT ELECTION FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE CLAIMS AND BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>RELEASE OPT-OUT DEADLINE</u>"). IF THIS OPT-OUT ELECTION FORM IS RECEIVED AFTER THE RELEASE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED BY THE CLAIMS AND BALLOTING AGENT AND YOU WILL BE <u>DEEMED</u> TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.

* * *

PLEASE COMPLETE THE FOLLOWING:

<u>Item 1. Opt-Out for Third-Party Release</u>.  By checking this box, the undersigned Holder of a Claim or Interest in Classes 1, 2, 5, 6, 7A or 7B:

☐    Elects not to grant (and therefore OPTS OUT OF) the Third-Party Release contained in Section XIV of the Combined Disclosure Statement and Plan (which is copied on Schedule A hereto).

PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT NOT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN.  <u>YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT OUT OF THE THIRD-PARTY RELEASE.</u>

<u>Item 2. Certifications</u>.  By signing this Opt-Out Election Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.    the undersigned is either (i) the Holder of Claims or Interests as set forth above or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth above;

b.    the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class as set forth above; and

c.    no other Opt-Out Election Form with respect to the Holder's Claims or Interests has been completed or, if any other Opt-Out Election Forms have been submitted with respect to such Claims, then any such Opt-Out Election Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |

3

| | |
|---|---|
| Email: | |
| Date Completed: | |
| | |

<u>SCHEDULE A</u>

PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:

"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.  For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

<u>EXHIBIT 4</u>

Publication Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**PUBLICATION NOTICE OF COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (the "Debtors") filed the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan summarizes the Debtors' plan of liquidation and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. [●]] (the "Solicitation Procedures Order"). Copies of the Solicitation Procedures Order and the Combined Disclosure Statement and Plan can be obtained free of charge at the website maintained by Kroll Restructuring Administration LLC (the "Voting Agent") at https://cases.ra.kroll.com/near/, or by contacting the Voting Agent via email at NearInfo@ra.kroll.com.

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

Only holders of Claims in Classes 3 and 4 (the "Voting Classes") are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. Claimholders in Classes 1 and 2 are Unimpaired and presumed to accept the Combined Disclosure Statement and Plan and are not entitled to vote. Holders of Claims or Interests in Classes 5, 6, 7A and 7B are Impaired and deemed to reject the Combined Disclosure Statement and Plan. If you are a holder of a Claim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

against the Debtors as of January 30, 2024 (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Combined Disclosure Statement and Plan must be received is **March 5, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")**. If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.

A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, ~~3rd~~5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at** ~~10:00 a.m.~~1:00 p.m. **(prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[2] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

> <u>Section XIV</u> of the Combined Disclosure Statement and Plan contains Release, Exculpation, Injunction provisions and a <u>Third-Party Release</u>. Thus, holders of Claims against and Interests in the Debtors are advised to review and consider the Combined Disclosure Statement and Plan carefully because their rights might be affected thereunder.

---

[2] The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).