## **EXHIBIT 1-A**

**Class 3 Ballot (Prepetition Loan Claims)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

### CLASS 3 (PREPETITION LOAN CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "Ballot") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "Debtors") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan").[2]  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]    Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

## **VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.  For your vote to count, you must:

    a.  Submit your Ballot by **one** of the following methods:

    i.   Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

    **If by first class mail, hand delivery or overnight courier, to**:

    Near Intelligence Inc. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

    To arrange hand delivery of your Paper Ballot, please send an email to Kroll via NearInfo@ra.kroll.com (with "Near Intelligence Solicitation Ballot Delivery" in the subject line) at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.
    **or**

    ii.  Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/ and click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

    -   IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

        Unique E-Ballot ID#:_____

    -   Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

    -   The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    **If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a Paper Ballot.**

a. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

b. Review and sign the acknowledgements in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Prepetition Loan Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

c. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

3. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC.  SOLICITATION INQUIRY" IN THE SUBJECT LINE)  OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE) OR +1 (646) 651-1196 (INTERNATIONAL, TOLL).  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

7.   PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.**

**For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking**

the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 3 Prepetition Loan Claim in the amount set forth below:[4]

Voting Amount:  _____

Debtor:  _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐  **Accept** the Combined Disclosure Statement and Plan      ☐  **Reject** the Combined Disclosure Statement and Plan

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____              _____
Name of Creditor                                                          Telephone Number

_____              _____
Signature                                                                     Email Address

_____
If by Authorized Agent, Name and Title

_____              _____
Name of Institution                                                      Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[4]    For voting purposes only, subject to tabulation rules.

## **EXHIBIT 1-B**

**Class 4 Ballot (General Unsecured Creditors)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF**
**NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Disclosure Statement and Plan</u>").[2]  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the Debtors' dedicated restructuring website maintained by Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at <u>NearInfo@ra.kroll.com</u> (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).[3]

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at <u>NearInfo@ra.kroll.com</u> (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3]   Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes, you must file a motion pursuant to Fed. R. Bankr. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order.

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.  For your vote to count, you must:

    a.  Submit your Ballot by **_one_** of the following methods:

    i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by first class mail, overnight courier, or hand delivery to the following address:

**If by first class mail hand delivery or overnight courier, to**:
Near Intelligence Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

    To arrange hand delivery of your Paper Ballot, please send an email to Kroll via <u>NearInfo@ra.kroll.com</u> (with "Near Intelligence Solicitation Ballot Delivery" in the subject line)  at least 24 hours before your arrival at the Kroll address above and provide the expected date and time of your delivery.
    **<u>or</u>**

    ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/near/, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

    Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    **If you are casting a Ballot using the E-Balloting Portal you should NOT also submit a paper Ballot.**

    b.  In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

c.  Review and sign the acknowledgements in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d.  **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, March 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.  If you voted to accept or reject the Combined Disclosure Statement and Plan or did not vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3.  Electing to opt out of such release provisions by checking the box in Item 3 will result in you <u>NOT</u> being a Releasing Party.

3.  You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Combined Disclosure Statement and Plan likewise will not be counted.

4.  The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

6.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL TO NEARINFO@RA.KROLL.COM (WITH "NEAR INTELLIGENCE INC.  SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT (844) 344-0799 (U.S./CANADA, TOLL FREE OR +1 (646) 651-1196 (INTERNATIONAL, TOLL).  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

8.   PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.**

**For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth**

4

thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Voting Amount.**  The undersigned certifies that, as of the Voting Record Date of January 30, 2024, the undersigned was a Holder of a Class 4 General Unsecured Claim in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan    ☐ **Reject** the Combined Disclosure Statement and Plan

> **You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you do not check the box in Item 3 below electing not to grant the releases in Section 14.1(c).**

**Item 3.  Release Opt-Out Election.**

**CHECK** this box if you elect <u>**not**</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Releasing Party.  IF YOU DO NOT SUBMIT YOUR BALLOT, OR IF YOU SUBMIT YOUR BALLOT WITHOUT THIS BOX CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 14.1(C) OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.**

> ☐ **The undersigned elects <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____    _____

---

[4]    For voting purposes only, subject to tabulation rules.

_____          _____
Name of Creditor                         Telephone Number

_____          _____
Signature                                Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                      Date Completed

_____
Street Address

_____
City, State, Zip Code

## **EXHIBIT 2**

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF:**

**(I)    APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(II)   THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATIONAND   (B) CONFIRMATION   OF   THE   COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 8, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**I.      APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS**

1.     On February 2, 2024, the Court entered an order (the "Solicitation Procedures Order"),[2] which, among other things, approved the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan") on an interim basis for solicitation purposes only.

**Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/near/, or upon request to Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent"), by (i) telephone at (844) 344-0799**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd.  The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures Order or the Combined Disclosure Statement and Plan.

(U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

**II.      THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

2.      **Confirmation Hearing**. A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

3.      **Voting Deadline**. Only holders of Prepetition Loan Claims in Class 3 and General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The deadline for the submission of such votes to the Voting Agent is March 5, 2024 at 5:00 p.m. (prevailing Eastern Time).

4.      **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) will be paid in full and are deemed to accept the Combined Disclosure Statement and Plan and are not entitled to vote. Holders of Claims or Interests in Class 5 (Existing Securities Law Claims), Class 6 (Interests), and Classes 7A and 7B (Intercompany Claims and Intercompany Interests, respectively) are deemed to reject the plan and are not entitled to vote. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, DIP Loan Claims, Prepetition Loan Adequate Protection Claims, and U.S. Trustee Fees as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The respective treatment of such unclassified Claims is set forth in Section VII of the Combined Disclosure Statement Plan.

5.      **Objections to Confirmation**. Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures contained therein, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and

nature of such objection; and (d) be filed with the Court and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

6.     **Rule 3018(a) Motions.**  If you wish to challenge the classification, or temporary allowance of your Claim for voting purposes under the Tabulation Rules, you must file a motion pursuant to Fed. R. Bankr. P. 3018(a) in accordance with the procedures provided in paragraph 12 of the Solicitation Procedures Order and by no later than **March 1, 2024**, unless the Rule 3018 Motion is filed in response to a claim objection filed against the holder's claim, in which case the Rule 3018 Motion shall be served on the Debtors' counsel no later than **4:00 p.m. (prevailing Eastern Time**) on the date that is fourteen (14) days after service of such claim objection.  If you fail to submit your voting ballot or Opt-Out Election Form, as applicable, so that it is actually received by the Voting Agent by **March 5, 2024 at 5:00 p.m. (prevailing Eastern time)**, it will not be counted by the Claims and Balloting Agent and your vote with respect to the Combined Disclosure Statement and Plan will not be counted and you will be deemed to have consented to the third-party release set forth in Section XIV of the Combined Disclosure Statement and Plan.

**PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing**

---

[3]     The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com) and DLA Piper LLP (US), 1201 North Market street, Suite 2100, Wilmington, Delaware 19801, Attn: R. Craig Martin, Esq. (craig.martin@us.dlapiper.com) and Aaron S. Applebaum, Esq. (aaron.applebaum@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order.  Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action.  The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors.

For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."

As defined in the Combined Disclosure Statement and Plan:

"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either (i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and

(d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

Dated: [•], 2024
      Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                    */s/ DRAFT*
                    Edmon L. Morton (No. 3856)
                    Matthew B. Lunn (No. 4119)

Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000

*Counsel to the Debtors*
*and Debtors in Possession*

# **EXHIBIT 3**

**Opt-Out Election Form**

## OPT-OUT ELECTION FORM

You are receiving this opt-out election form (this "Opt-Out Election Form") because you are or may be a Holder of one or more Claims or Interests in Classes 1, 2, 5, 6, 7A or 7B under the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as amended, supplemented or otherwise modified from time to time, according to its terms, the "Combined Disclosure Statement and Plan").[1] Holders in Classes 1 and 2 will be paid in full under the Combined Disclosure Statement Plan and are therefore deemed to accept the Combined Disclosure Statement and Plan. Holders in Classes 5, 6, 7A and 7B are not entitled to any recovery under the Combined Disclosure Statement and Plan and are therefore deemed to reject the Combined Disclosure Statement and Plan. Therefore, you will not be receiving a ballot to vote on the Combined Disclosure Statement and Plan.

As of the Effective Date of the Combined Disclosure Statement and Plan, certain release, injunction and exculpation provisions set forth in the Combined Disclosure Statement and Plan will become effective, including a release by holders of Claims and Interests as set forth in Section XIV of the Combined Disclosure Statement and Plan (the "Third-Party Release"). **These provisions are attached as __Schedule A__ to this form.** You may choose to opt out of the Third-Party Release set forth in Section XIV of the Combined Disclosure Statement and Plan by following the instructions set forth in this Opt-Out Election Form.

**IF YOU WISH TO OPT OUT OF THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN:**

**(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT ELECTION FORM AND RETURN IT TO KROLL RESTRUCTURING ADMINISTRATION LLC ("__KROLL__" OR THE "__VOTING AGENT__") IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

> **Near Intelligence Inc. Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
> **(to arrange hand delivery of your Opt-Out Election Form, please send an email to NearInfo@ra.kroll.com at least 24 hours before arrival at the Kroll address above and provide the expected date and time of delivery)**

**OR**

**(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-OUT ELECTION FORM VIA THE VOTING AGENT'S ONLINE PORTAL AS FOLLOWS:**

---

[1] All capitalized terms not described herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

**Please visit the Debtors' restructuring website at https://cases.ra.kroll.com/near/. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-Out Election Form. If you choose to submit your Opt-Out Election Form via the Voting Agent's online E-Ballot portal, you should <u>not</u> also return a hard copy of your Opt-Out Election Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-Out Election Form:**

**Unique Opt-Out ID#: _____**

**The online E-Ballot portal is the sole manner in which your Opt-Out Election Form will be accepted via electronic or online transmission. Opt-Out Election Forms submitted by facsimile or email will not be counted.**

| | CUSIP / ISIN |
|---|---|
| <u>Please note that if you are a Holder of Class 6 - Interests described in the chart below in "street name" through a bank, broker, or other intermediary at DTC or another similar securities depository, you may not submit your Opt-Out Election Form via the E-Ballot portal. Instead you must click on the Public Equity Opt-Out link located on the left hand navigation panel of the Debtors' restructuring website at https://cases.ra.kroll.com/near/ to upload a pdf of your Opt-Out Election Form on account of your Class 6 – Interests</u> | **CUSIP / ISIN** |
| Near Intelligence, Inc. Common Stock | 639494103 / US6394941032 |
| Near Intelligence, Inc. Warrants | 639494111 / US6394941115 |

**THIS OPT-OUT ELECTION FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE CLAIMS AND BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH 5, 2024 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>RELEASE OPT-OUT DEADLINE</u>"). IF THIS OPT-OUT ELECTION FORM IS RECEIVED AFTER THE RELEASE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED BY THE CLAIMS AND BALLOTING AGENT AND YOU WILL BE <u>DEEMED</u> TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

\* \* \*

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Opt-Out for Third-Party Release.**  By checking this box, the undersigned Holder of a Claim or Interest in Classes 1, 2, 5, 6, 7A or 7B:

> **Elects not to grant (and therefore OPTS OUT OF) the Third-Party Release contained in Section XIV of the Combined Disclosure Statement and Plan (which is copied on Schedule A hereto).**

**PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT NOT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT OUT OF THE THIRD-PARTY RELEASE.**

**Item 2. Certifications.**  By signing this Opt-Out Election Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

> a.  the undersigned is either (i) the Holder of Claims or Interests as set forth above or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth above;
>
> b.  the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class as set forth above; and
>
> c.  no other Opt-Out Election Form with respect to the Holder's Claims or Interests has been completed or, if any other Opt-Out Election Forms have been submitted with respect to such Claims, then any such Opt-Out Election Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

## SCHEDULE A

**PLEASE BE ADVISED THAT SECTION XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**"As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Financing Documents, the DIP Loan Documents, the Final DIP Order, any of the Debtors' in- or out-of-court restructuring efforts, the Sale, the purchase, sale, or recission of the purchase or sale of any securities issued by the Debtors, the ownership of any securities issued by the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Disclosure Statement and Plan, the administration or implementation of the Combined Disclosure Statement and Plan, including the issuance or distribution of the Litigation Trust pursuant to the Combined Disclosure Statement and Plan, or the Combined Disclosure Statement and Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Combined Disclosure Statement and Plan); provided, however, that nothing in this section shall be deemed a waiver or release of any right of such Releasing Party to receive a Distribution pursuant to the terms of the Combined Disclosure Statement and Plan or other rights set forth in the Combined Disclosure Statement and Plan or the Confirmation Order; provided further, however, nothing in this section shall operate as a release, waiver or discharge of any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, or criminal acts of any such Released Party as determined by a Final Order. Notwithstanding the foregoing release, Released Parties shall not include Anil Mathews, Rahul Agarwal, Shobhit Shukla, all defendants in the MobileFuse Litigation and all defendants in connection with the Retained Cases of Action. The foregoing release provisions in Section 14.1(c) of the Combined Disclosure Statement and Plan shall not operate to waive, release or otherwise impair the rights of creditors with setoff, subrogation or recoupment rights against the Debtors. For the avoidance of doubt, unless a Related Party receives notice and is a Releasing Party under the Combined Disclosure Statement and Plan or other than to the extent that a Releasing Party has the power and authority to grant a release on behalf of the Related Party, direct claims of Related Parties against the Released Parties are not released pursuant to Section 14.1(c) of the Plan."**

As defined in the Combined Disclosure Statement and Plan:

**"Releasing Parties" means, collectively, and in each case, solely in their respective capacities as such: (a) the Released Parties, (b) all holders of Claims who (i) vote to accept or reject the Combined Disclosure Statement and Plan or (ii) abstain from voting and, in the case of either**

(i) or (ii), do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the ballot, and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases provided in the Combined Disclosure Statement and Plan; (c) holders of Claims or Interests that are deemed to accept or reject this Combined Disclosure Statement and Plan and do not opt out of the voluntary release contained in Section 14.1 of the Combined Disclosure Statement and Plan by checking the "opt out" box on the opt-out election form and returning it in accordance with the instructions set forth thereon, indicating that they opt not to grant the releases contained in the Combined Disclosure Statement and Plan; and (d) with respect to any Person or entity in the foregoing clauses (a) through (c), the Related Party of such Person or Entity solely in their capacity as such (provided that with respect to any Related Party identified herein, each such Person constitutes a Releasing Party under this clause solely with respect to derivative claims that such Related Party could have properly asserted on behalf of a Person identified in clauses (a) through (c) of the definition of Releasing Parties).

"Released Parties" means, collectively, and in each case, solely in their respective capacities as such, (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the DIP Agent, (e) the DIP Lenders, (f) the Committee and the members of the Committee, and (g) with respect to each of the foregoing, their Related Parties.  For the avoidance of doubt, Anil Mathews, Rahul Agarwal, Shobhit Shukla, Justin Joseph, Jeff Merage and Alissa Merage, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, Oriental Investment Advisors, Pte. Ltd., Godspeed Investments Pte. Ltd, all defendants in the MobileFuse Litigation, all defendants in connection with the Retained Causes of Action, all recipients of payments that are the subject of the MobileFuse Litigation or any Retained Causes of Action, all past or present Company auditors and all Company SPAC sponsors shall not be deemed Released Parties regardless of whether they would otherwise meet the definition of "Released Parties."

"Related Parties" means, with respect to any Person or Entity, such Person's or Entity's respective current and former (i) officers, (ii) managers, (iii) directors, (iv) employees, (v) partners, (vii) affiliates and subsidiaries, (iv) professionals, (v) advisors and advisory board members, (vi) agents, (vii) members and shareholders, (viii) owners, (ix) affiliated investment funds or investment vehicles, (x) managed, advised or sub-advised accounts, (xi) funds or other entities, (xii) investment advisors, sub-advisors or managers, and (xiii) other representatives, including, without limitation, attorneys, accountants, consultants, investment bankers and financial advisors and the predecessors, successors, assigns or heirs of such Person or Entity (in each case, in their respective capacities as such).

OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**<u>EXHIBIT 4</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |

**PUBLICATION NOTICE OF COMBINED DISCLOSURE**
**STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

On December 8, 2023, the debtors and debtors in possession in the above-captioned cases (the "Debtors") filed the *Combined Disclosure Statement and Chapter 11 Plan of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Disclosure Statement and Plan"). The Combined Disclosure Statement and Plan summarizes the Debtors' plan of liquidation and has been approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. [●]] (the "Solicitation Procedures Order"). Copies of the Solicitation Procedures Order and the Combined Disclosure Statement and Plan can be obtained free of charge at the website maintained by Kroll Restructuring Administration LLC (the "Voting Agent") at https://cases.ra.kroll.com/near/, or by contacting the Voting Agent via email at NearInfo@ra.kroll.com.

The Plan Supplement will be filed no later than 7 days prior to the Voting Deadline, and will be available from the Voting Agent at https://cases.ra.kroll.com/near/ or upon request to the Voting Agent by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

Only holders of Claims in Classes 3 and 4 (the "Voting Classes") are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. Claimholders in Classes 1 and 2 are Unimpaired and presumed to accept the Combined Disclosure Statement and Plan and are not entitled to vote. Holders of Claims or Interests in Classes 5, 6, 7A and 7B are Impaired and deemed to reject the Combined Disclosure Statement and Plan. If you are a holder of a Claim against the Debtors as of January 30, 2024 (the "Voting Record Date") and in a Voting Class, the deadline by which ballots accepting or rejecting the Combined Disclosure Statement and Plan must be received

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

is **March 5, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>").  If you are in a Voting Class, for your vote to be counted, your Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Voting Agent before the Voting Deadline, unless such time is extended in writing by the Debtors.**

A combined hearing (the "Confirmation Hearing") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[2] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 5, 2024**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

<u>**Section XIV**</u> **of the Combined Disclosure Statement and Plan contains Release, Exculpation, Injunction provisions and a <u>Third-Party Release</u>.  Thus, holders of Claims against and Interests in the Debtors are advised to review and consider the Combined Disclosure Statement and Plan carefully because their rights might be affected thereunder.**

---

[2]    The Notice Parties are: (i) co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Rachel C. Strickland, Esq. (rstrickland@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), and Joseph R. Brandt, Esq. (jbrandt@willkie.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shane M. Reil, Esq. (sreil@ycst.com), and Carol E. Cox, Esq. (ccox@ycst.com); (ii) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020-1104, Attn: Dennis O'Donnell, Esq. (dennis.odonnell@us.dlapiper.com); (iii) counsel for (a) the Prepetition First Lien Agent for the Prepetition First Lien Lenders and (b) the DIP Agent for the DIP Lenders, (x) King & Spalding LLP, 1185 Avenue of the Americas, 34th Floor, New York, New York 10036, Attn: Roger Schwartz, Esq. (rschwartz@kslaw.com), Geoffrey King, Esq. (gking@kslaw.com), and Miguel Cadavid, Esq. (mcadavid@kslaw.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., #1600, Wilmington, DE 19801, Attn: Robert Dehney, Esq. (rdehney@morrisnichols.com), Matthew Harvey, Esq. (mharvey@morrisnichols.com), Brenna Dolphin, Esq. (bdolphin@morrisnichols.com) and Austin Park, Esq. (apark@morrisnichols.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).