**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. Nos. 20, 198, 222 |

**STATEMENT OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**
**IN CONNECTION WITH SALE HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this statement (the "Statement") in connection with the proposed approval of the Sale[2] by the Bankruptcy Court at the Sale Hearing, and respectfully states as follows:

1. Since its appointment, the Committee has worked diligently and cooperatively with the Debtors on all aspects of these Chapter 11 Cases, including the Sale process, which it hopes will yield higher and better offers for the Debtors' assets at an Auction currently scheduled for February 10, 2024. In this spirit, the Committee had resolved its initial objections to the Bidding Procedures Order, in the belief that the process and timeline proposed were adequate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (III) Approving Assumption and Assignment Procedures, (IV) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief* [D.I. 198] (the "Bidding Procedures Order") or the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. 245] (the "Plan"), as applicable.

under the current circumstances to solicit higher and better offers, and with the firm conviction that a quick exit and handoff of claims to the Litigation Trust was the most value-maximizing route for all stakeholders.

2. Indeed, at the heart of these cases, from the Committee's perspective, are the claims that the Debtors' estates hold against former officers and directors and third parties that arise out of the Debtors' relationship with MobileFuse and the Debtors' failed deSPAC transaction. Those claims will be contributed to a litigation trust (the "<u>Litigation Trust</u>") under the Plan, and the consensus among all the Debtors' stakeholders has always been that the source of value most likely to be available for distribution to the Debtors' unsecured creditors would be the proceeds—not of the Sale—but rather of the Litigation Trust.

3. However, under the Plan as currently proposed, Blue Torch claims for itself all of the proceeds of the Litigation Trust, elevating its expected unsecured deficiency claim to a place in line ahead of all other general unsecured creditors. Proffering an array of theories—ranging from liens on Commercial Tort Claims that appear never to have been perfected, alleged entitlements under the Final DIP Order, and alternative structures for consummation of the Sale—Blue Torch's position to date has been that none of the Litigation Trust proceeds can be distributed to the holders of the more than $38 million in unsecured claims scheduled by the Debtors until Blue Torch's projected $43 million deficiency claim is paid in full. The Committee disagrees, and—in the absence of arguments establishing an exclusive entitlement to such proceeds that Blue Torch has not yet made—the Committee submits that the Litigation Trust proceeds should be shared *pro rata* among all of the Debtors' unsecured creditors (including Blue Torch to the extent of its deficiency claims, if any).

4.      As reported at hearings held on January 23, 2024, and February 2, 2024, the Committee, through its advisors, continues to work in good faith with both the Debtors and Blue Torch to find a middle ground upon which a consensual resolution of this dispute can be based. The Committee investigation mandated by the Challenge is underway and limited discovery as to Plan confirmation issues has been served.  The Committee is preparing the pleadings contemplated by the Challenge Deadline and the Plan Objection Deadline.  However, in pursuit of what it believes to be the most value-maximizing path for all stakeholders, the Committee will continue to work collaboratively with the Debtors and Blue Torch to seek a consensual resolution of the Litigation Trust proceeds dispute.

5.      A global resolution whereby Blue Torch acquires the Debtors' assets—opening up a new chapter for Debtors' businesses, employees and long-term vendors—while the Debtors' remaining unsecured creditors share ratably in proceeds of claims against the wrongdoers that precipitated the Debtors' chapter 11 filing would be the best possible outcome for all.

[*Remainder of page intentionally left blank*]

**RESERVATION OF RIGHTS**

6.      Given the ongoing negotiations with Blue Torch, this Statement is preliminary in nature, and the Committee reserves the right to raise additional or alternative objections prior to or at the Sale Hearing, if necessary.

Dated: February 6, 2024
Wilmington, Delaware

**DLA PIPER LLP (US)**

*/s/ Aaron S. Applebaum*
R. Craig Martin, Esq. (DE #5032)
Aaron S. Applebaum, Esq. (DE #5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email: craig.martin@us.dlapiper.com
aaron.applebaum@us.dlapiper.com

*- and -*

Dennis C. O'Donnell (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*