## Exhibit A

**Proposed Order**

1607282238.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 212** |

## ORDER (I) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY DLA PIPER LLP (US) AS COUNSEL, EFFECTIVE AS OF DECEMBER 26, 2023, AND (II) GRANTING RELATED RELIEF

This matter coming before this Court on the *Application of the Official Committee of Unsecured Creditors of Near Intelligence, Inc., et al. for Entry of an Order Authorizing Employment and Retention of DLA Piper LLP (US) As Counsel, Effective as of December 26, 2023* (the "Application"),[2] filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases ("the "Chapter 11 Cases") of the above-captioned Debtors and Debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Committee to retain and employ DLA Piper LLP (US) ("DLA Piper") as counsel, effective as of December 26, 2023 and (ii) granting related relief, all as further described in the Application; and upon consideration of the O'Donnell Declaration, the Engagement Agreement; and the Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.), (ii) this is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms not otherwise defined in this Order have the meanings given to them in the Application.

a core proceeding under 28 U.S.C. § 157(b), (iii) venue of this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409, (iv) notice of this Application and any hearing on the Application was appropriate under the circumstances, (v) no further or other notice of the Application is required under the circumstances; and the Court having reviewed the Application and having heard the statements in support of the relief requested in the Application at any hearing before this Court; and (vi) DLA Piper is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by sections 1103(b) and 328 of the Bankruptcy Code in that (A) DLA Piper has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware, any person employed by the Office of the United States Trustee for the District of Delaware or any party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants, except as set forth in the O'Donnell Declaration, (B) DLA Piper is not a creditor, equity security holder or insider of the Debtors, (C) DLA Piper is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors and (D) DLA Piper neither has nor represents an interest adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and the Court having determined that the legal and factual bases set forth in the Application, the O'Donnell Declaration, and any hearing on the Application, establish just cause for the relief granted in this Order, and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth in this Order.

1607282238.1

2. The Committee is authorized to retain and employ DLA Piper as its counsel in these Chapter 11 Cases under section 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, on the terms and conditions set forth in the Application, effective as of December 26, 2023.

3. DLA Piper shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court and any Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by this Court, and any other applicable procedures and orders of the Court. DLA Piper also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by DLA Piper in these Chapter 11 Cases.

4. DLA Piper shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Committee's retention of DLA Piper are implemented and shall file such notice with the Court, provided, however, that in the event that the DLA Piper attorneys responsible for this matter do not have sufficient advance notice of such rate increases, DLA Piper shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the DLA Piper attorneys

responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.    Notwithstanding anything in the Application to the contrary, DLA Piper shall (i) to the extent that DLA Piper uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the estates at the same rate that DLA Piper pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for DLA Piper; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6.    To the extent that this Order is inconsistent with the Application, the terms of this Order shall govern.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.