IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*[1] | Case No. 23-11962 (TMH) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 219 |

**OBJECTION OF FIRST-CITIZENS BANK & TRUST COMPANY TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL ASSETS**

First-Citizens Bank & Trust Company ("FCB"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of All or Substantially All Assets* [Docket No. 219] (the "Cure Notice")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully states as follows:

**BACKGROUND**

**A.    The Sublease Agreement and Guaranty**

1.  FCB, as successor-in-interest to CIT Bank, N.A, and Near North America, Inc., d/b/a UberMedia, Inc. ("Subtenant/Debtor") are parties to that certain Sub-Sublease Agreement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Cure Notice.

dated June 14, 2021 (as the same may be amended, supplemented or otherwise modified, the "Sublease Agreement") pursuant to which Subtenant/Debtor leases the fourth floor of a building located at 100 W. Walnut Street, Pasadena, California 91124 (the "Leased Premises") from FCB.

2. Pursuant to its terms, the Sublease Agreement expires on June 28, 2026.

3. Pursuant to the Sublease Agreement, Subtenant/Debtor is required to pay Base Rent (as defined in the Sublease Agreement) to FCB on the first day of each month, with such Base Rent being adjusted during the Term (as defined in the Sublease Agreement) pursuant to the following schedule:

| Period of Term | Monthly Base Rent |
| --- | --- |
| Months 1-12 | $32,500.00 |
| Months 13-24 | $33,475.00 |
| Months 25-36 | $34,479.25 |
| Months 37-48 | $35,513.63 |
| Months 49-June 28, 2026 | $36,579.04 |

4. In addition to Subtenant/Debtor's obligations to pay Base Rent under the Sublease Agreement, Subtenant/Debtor is also required to pay to FCB, or reimburse FCB for Additional Rent (as defined in the Sublease Agreement), which includes, but is not limited to, the costs of any work order Subtenant/Debtor submits, the costs of any after-hours HVAC services requested by Subtenant/Debtor, the Excess Expenses and various other sums due and owing under the Sublease Agreement.

5. As security for the obligations owing to FCB under the Sublease Agreement, Near Intelligence Pte. Ltd., a/k/a Near PTE Ltd. (the "Guarantor/Debtor") executed that certain Guaranty dated June 11, 2021 (the "Guaranty") in favor of FCB.

6. Pursuant to the Guaranty, Guarantor/Debtor unconditionally and irrevocably guaranteed FCB the prompt payment of all rent, additional rent and other amounts owing to FCB

under the Sublease Agreement up to the Maximum Liability Amount (as defined in the Guaranty) of $2,100,000.00.

7. As of the date hereof, Subtenant/Debtor is currently in default of its obligations owing under the Sublease Agreement as a result of its failure to timely pay Base Rent and Additional Rent owing for the months of October, November and December, 2023, all of which came due prior to the Petition Date (defined below), and for January and February 2024, each of which came due after the Petition Date (defined below).

**B. The Bankruptcy Case**

8. On December 8, 2023, the "Petition Date"), Subtenant/Debtor, Guarantor/Debtor and certain of their affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

9. On January 23, 2024, the Court entered the entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (III) Approving Assumption and Assignment Procedures, (IV) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (V) Granting Related Relief* [Docket No. 198] (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Assumption and Assignment Procedures.

10. In accordance with the Bidding Procedures Order, on January 29, 2024, the Debtors filed the Cure Notice. In the Cure Note, the Debtors listed what FCB understands, upon information and belief, to be the Sublease Agreement and Guaranty thereon as follows:

| ID | Debtor Name | Contract Counterparty | Contract Title & Description | Date of Contract or Lease | Current Estimated Cure |
|---|---|---|---|---|---|
| 1703 | Near North America Inc. | First-Citizens Bank & Trust Company | Agreement | 06/14/21 | $105,395 |
| 1905 | Near Intelligence, Inc. | CIT Bank, NA | Sub-Sublease Agreement | 06/14/21 | $0 |

## OBJECTION

11. While FCB reserves and preserves all rights with respect to the potential assumption and assignment of the Sublease Agreement and Guaranty, FCB objects to the proposed Cure Amounts for the Sublease Agreement and Guaranty listed in the Cure Notice.

12. According to FCB's books and records, the pre-petition cure amount for the Sublease Agreement and Guaranty is **$106,126.36** (the "Actual Pre-Petition Cure Amount"). Below is an itemization of the Actual Pre-Petition Cure Amount:

| Charge | Amount Due |
|---|---|
| Base Rent Oct. 2023 | $34,479.25 |
| Additional Rent/Parking Oct. 2023 | $1,158.41 |
| Base Rent Nov. 2023 | $34,479.25 |
| Additional Rent / Parking Nov. 2023 | $765.10 |
| Base Rent Dec. 2023 | $34,479.25[3] |
| Additional Rent / Parking Dec. 2023 | $765.10[4] |
|  |  |
| Total | $106,126.36 |

---

[3] For the avoidance of doubt, the Actual Pre-Petition Cure Amount includes Base Rent for the entire month of December 2023 given, pursuant to the Sublease Agreement, Base Rent is payable on the first day of the month in which it is due. FCB nevertheless reserves and preserves all rights with respect to such amounts, including the right to assert and administrative claim for the portion of the December Base Rent attributable to the period after the Petition Date.

[4] FCB reserves and preserves its right to assert an administrative expense claim for the portion of the December Additional Rent attributable to the period after the Petition Date.

13. In addition, Base Rent and Additional Rent are due and owing to FCB under the Sublease Agreement for January and February 2024, which amount, in the aggregate, totals **$70,488.70** (the "Actual Post-Petition Cure Amount").[5]

14. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease or executory contract on which there has been a default unless it: (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract.  11 U.S.C. § 365(b)(1); *see also Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.),* 344 F.3d 311, 317-18 (3d Cir. 2003) ("In order to assume [an executory contract or unexpired lease], the debtor in possession must cure defaults and provide assurance of future performance."); *In re Bruno*, No. 06-21423, 2008 Bankr. LEXIS 910, at *8 (Bankr. D.N.J. Mar. 27, 2008) (11 U.S.C. § 365(b)(1)(a) "does not permit an unexpired lease to be assumed unless, at the time of assumption, the debtor cures the monetary default(s) thereunder…").

15. FCB therefore objects to the stated Cure Amount of the Sublease Agreement and Guaranty, and asserts that, in order for the Debtors to assume and assign the either the Sublease Agreement and/or the Guaranty, the Debtors must, *inter alia*, pay the Actual Pre-Petition Cure Amount and the Actual Post-Petition Cure Amount, plus any and all additional amounts due under the Sublease Agreement through the date of assumption.

## **RESERVATION OF RIGHTS**

---

[5] FCB reserves and preserves its right to assert an administrative expense claim for the Actual Post-Petition Cure Amount if it is not paid to FCB in the ordinary course.

16.     FCB expressly reserves the right to make such other and further objections as may be appropriate or necessary with respect to the Sale and the Cure Notice, including but not limited to, any additional objections regarding the prospective assumption and assignment of the Sublease Agreement and/or the Guaranty and adequate assurance of future performance under Section 365(b)(1) of the Bankruptcy Code.

**WHEREFORE**, to the extent the Debtors seek to assume and assign the Sublease Agreement and/or the Guaranty, FCB respectfully requests that the Court deny the Debtors' stated Cure Amount and order that the Cure Payment for the Sublease Agreement and/or the Guaranty be established as **$176,615.06,** which represents the sum of the Actual Pre-Petition Cure Amount and the Actual Post-Petition Cure Amount, plus any and all additional amounts due under the Sublease Agreement through the date of assumption.

Dated: February 12, 2024
      Wilmington, Delaware

**DUANE MORRIS LLP**

*/s/ Sommer L. Ross*
Sommer L. Ross, Esq. (DE 4598)
Drew S. McGehrin, Esq. (DE 6508)
1201 North Market St, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: SLRoss@duanemorris.com
        DSMcGehrin@duanemorris.com

*Counsel to First-Citizens Bank & Trust Company*