**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**NEAR INTELLIGENCE, INC. et. al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: February 16, 2024 at 10:00 AM<br>Objection Date: February 14, 2024<br>**(Extension Granted by Debtors' counsel)**<br><br>Docket Nos. 20 , 198, 219, 254 |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTORS' SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL ASSETS**

Oracle Corporation Singapore Pte. Ltd., Oracle Corporation UK Limited and Oracle America, Inc. (jointly, "Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this limited objection to and reservation of rights ("Rights Reservation") regarding the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale of All or Substantially All Assets* [Dkt. No. 219] ("Supplemental Assumption Notice") filed by Near Intelligence, Inc., et al. ("Debtors") in connection with the *Motion of the Debtors For Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into the Stalking Horse APA, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of*

*Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Dkt. No. 20] ("Sale Motion").

## I. INTRODUCTION

1. In connection with the Sale Motion and the Supplemental Assumption Notice, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign several executory contracts between the Debtors and Oracle.

2. Oracle objects to, and reserves its rights regarding, the proposed assumption and assignment for several reasons.

   a) First, the targeted Oracle agreements are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreement and applicable law.

   b) Second, the Supplemental Assumption Notice does not provide an adequate description of the contracts to be assumed and assigned. As a result, Oracle is unable to determine the accuracy of the proposed cure amount.

   c) Third, at present, no adequate assurance information has been provided for BTC Near Holdco, LLC ("Purchaser"). Therefore, Oracle is unable to determine whether the Purchaser will be capable of performing under the terms of the contracts which the Debtors seek to assume and assign. Until adequate assurance information is provided, Oracle reserves its rights on this point.

   d) Finally, the APA (defined below) may include the unauthorized shared use of Oracle's licenses, in a manner which is not permitted by Oracle's agreements. Oracle objects to any unauthorized shared use of its licenses which may be contemplated by the Debtors.

   e) Accordingly, Oracle requests that the Court deny the Debtors' request for authority to assume and assign, transfer, or share use of, any Oracle agreement without Oracle's consent.

## II. FACTUAL BACKGROUND

3. The Debtors filed the above captioned case on December 8, 2023 ("Petition Date"). The Debtors continue to operate as debtors in possession.

4. On the Petition Date, the Debtors filed the Sale Motion which seeks Court authority to sell substantially all assets of the Debtors.

5. On January 23, 2024, the Court entered an Order [Dkt. No. 198] ("Bid Procedures Order") approving certain sale and assumption and assignment procedures. Attached as Exhibit "4" to the Bid Procedures Order is the Asset Purchase Agreement between the Debtors and the Purchaser ("APA").

6. The APA contemplates certain information sharing, including books and records, between the Debtors and the Purchaser. (*See*, APA §6.3 (b)). It is unclear which services will be provided during the post-closing period.

7. Therefore, Oracle reserves all rights in the event this provision purports to authorize the shared use of Oracle's licensed software, whether post-closing, or at any other time.

8. On January 29, 2024, the Debtors filed the Supplemental Assumption Notice. Exhibit "A" to the Supplemental Assumption Notice identifies several Oracle agreements ("Oracle Agreements"), as follows:

| Debtor Name | Contract Counterparty | Contract Title | Date of Contract or Lease | Current Estimated Cure |
|---|---|---|---|---|
| Near Intelligence Pte Ltd | Oracle Corporation Singapore Pte Ltd | Agreement | 9/24/18 | $7,856.00 |
| Near Intelligence Pte Ltd | Oracle Corporation UK Limited | Agreement | 11/29/21 | $3,774.00 |
| Near North America, Inc. | Oracle | Data License Agreement | 9/01/16 | $0.00 |
| Near North America, Inc. | Oracle America, Inc. | Oracle Amendment Three | 5/06/18 | $0.00 |
| Near North America, Inc. | Oracle America, Inc. | Oracle Amendment Six | 5/02/22 | $0.00 |

9. On February 8, 2024, the Debtors filed a *Notice of Cancellation of Auction and Designation of Successful Bidder* [Dkt. No. 254] ("Notice"). The Notice identifies the Purchaser as the successful bidder.

### III.    ARGUMENT

    **A.    The Debtors May Not Assume And Assign Oracle's Agreements Absent Oracle's Consent Because They Pertain To Licenses Of Intellectual Property.**

10.    Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11.    Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *In re: West Elec., Inc.) 852 F. 2d 79 (3d Cir. 1988)* (holding that the "provision limiting assumption of contracts is applicable to any contract subject to a legal prohibition against assignment."), *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

12.    Oracle's agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Trustee may not assume and assign any Oracle agreement without Oracle's consent.

13. For the reasons discussed herein, Oracle does not consent to the proposed assumption and assignment of the Oracle Agreement at this time.

### B. The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.

14. The Supplemental Assumption Notice does not provide sufficient information for Oracle to determine which contracts are at issue. Without more specific information, Oracle is unable to determine whether it is evaluating the same agreements the Debtors seek to assume and assign.

15. In addition, the Supplemental Assumption Notice does not identify a support renewal or governing agreement.

16. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned – if that is the Debtors' intent. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 961-2 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)).

17. Under California law,[1] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Cal. Civ. Code § 1642.

---

[1] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.")

18.     Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned.

19.     In order to clarify which Oracle contracts Debtors hope to assume and assign, Oracle requests that the Debtors specify the targeted contracts' (a) identification or contract number; (b) the contract date; (c) any associated support renewals or Estimates; and (d) the governing license agreement.

20.     This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, supported, expired, or in default, and, if in payment default, the appropriate cure amount.

21.     Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

22.     Oracle reserves its right to be heard on this issue until after the Oracle Agreements the Debtors seek to assume and assign are identified with greater specificity.

### C. The Debtors May Not Have Provided The Correct Cure Amount.

23.     Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Debtors have identified cure amounts for several of the Oracle Agreements.

24.     However, since the Debtors have failed to provide a complete description of the contracts they seek to assume and assign, Oracle is unable to determine whether the cure amount is accurate as stated for the various agreements described.

25.     Oracle needs more information about which Oracle agreements may be assumed and assigned in order to confirm the correct cure amount.

26. Therefore, Oracle reserves its right to be heard further regarding the cure until after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the corresponding cure amount.

### D. The Debtors Have Not Provided Adequate Assurance of Future Performance By the Assignee.

27. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

28. As of the date of this Rights Reservation, no adequate assurance information regarding the Purchaser has been provided to Oracle.

29. To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtors provide the following information about the Purchaser and/or the proposed assignee: (a) financial bona fides; (b) confirmation that the Purchaser is not an Oracle competitor; and (c) confirmation that the Purchaser or ultimate assignee will (i) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate (ii) enter into an Oracle Master License Agreement.

30. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.

31. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C).

### E. The Oracle Agreements Do Not Authorize Simultaneous Use By The Debtors and the Purchaser.

32. The APA contemplates that certain services may be provided between the Debtors and the Purchaser. Precise information about the nature of these proposed shared services is not provided.

33. This omission precludes Oracle from determining how, or if, its contracts will be affected. Simultaneous use of, and access to, Oracle's licensed software exceeds the scope of the permitted uses under the Oracle Agreements, and potentially would result in an unauthorized "splitting" of the licenses between the Debtors and the Purchaser.

34. Oracle objects to the extent that any transitional or shared use arrangement purports to grant to both the Debtors and Purchaser the right to shared use of the Oracle licenses beyond the licenses' terms.

35. Oracle reserves all rights regarding any proposed transitional use implicating its contracts, including under any proposed transition services agreement, pending Oracle's further review of the same.

**IV.    CONCLUSION**

36. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for authority to assume and assign, transfer or share use of the Oracle Agreements, or any Oracle agreement. Oracle reserves its right to be heard further on all issues set forth herein.

| | |
|---|---|
| Dated: February 14, 2024<br>Wilmington, Delaware | **MARGOLIS EDELSTEIN**<br><br>By:     /s/ James E. Huggett    <br>James E. Huggett, Esq. (#3956)<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-1112<br>E-mail: jhuggett@margolisedelstein.com<br><br>Amish R. Doshi, Esq.<br>**DOSHI LEGAL GROUP, P.C.**<br>1979 Marcus Avenue, Suite 210E<br>Lake Success, NY 11042<br>Tel: (516) 622-2335<br>E-Mail: amish@doshilegal.com<br><br>Shawn M. Christianson, Esq.<br>**BUCHALTER, A PROFESSIONAL CORPORATION**<br>425 Market Street, Suite 2900<br>San Francisco, California 94105-2491<br>Tel: (415) 227-0900<br><br>Peggy Bruggman, Esq.<br>Benjamin Wheeler, Esq.<br>**ORACLE AMERICA, INC.**<br>500 Oracle Parkway<br>Redwood City, California 94065<br><br>**Attorneys for Oracle** |