**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 243 & 304** |

**NOTICE OF FILING OF PLAN SUPPLEMENT
TO THIRD AMENDED COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION
OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**

**PLEASE TAKE NOTICE** that on February 5, 2024, the Court entered the *[Amended] Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Forms of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 243] (the "Solicitation Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that on February 5, 2024, the Debtors filed the solicitation version of the *First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* (as may be amended, modified or supplemented from time to time, the "Combined Disclosure Statement and Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that on February 21, 2024, the Debtors filed the *Notice of Filing of (I) Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors and (II) Blackline Thereof* [D.I. 288]. On February 27, 2024, the Debtors filed the *Notice of Filing of (I) Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors and (II) Blackline Thereof* [D.I. 304].

**PLEASE TAKE FURTHER NOTICE** that the Combined Disclosure Statement and Plan contemplates the submission of certain documents (or forms of summaries thereof), to the extent known (the "Plan Supplement") in advance of the Confirmation Hearing.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2]    Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Solicitation Procedures Order, the Debtors hereby file the following Plan Supplement documents:

| Exhibit | Document |
|---------|----------|
| A | Summary of Material Terms of the Litigation Trust Agreement |
| B | Identification of Litigation Trustee |
| C | Identification of Members of the Litigation Trust Board |
| D | Assumption Schedule |
| E | Retained Causes of Action |

**PLEASE TAKE FURTHER NOTICE** that the documents contained in this Plan Supplement are integral to, and considered part of, the Combined Disclosure Statement and Plan. If the Combined Disclosure Statement and Plan is confirmed, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the order confirming the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that the documents contained in the Plan Supplement are not final and remain subject to continuing negotiations among the Debtors and other interested parties. Accordingly, the Debtors reserve the right to alter, amend, modify, or supplement any document of, or add any document to, the Plan Supplement subject to the terms and conditions of the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file objections to confirmation of the Combined Disclosure Statement and Plan and final approval of the adequacy of the disclosures therein is **March 5, 2024 at 4:00 p.m. (ET)**. Any objections must (a) be in writing, (b) comply with the Bankruptcy Rules, and (c) be filed with the Court and served upon the notice parties identified in the Solicitation Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file objections to the assumption of, or proposed cure amounts for, the Executory Contracts identified on Exhibit D hereto, is **March 12, 2024**. Any objections must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) state with specificity the nature of the objection and, if the objection pertains to the proposed cure amounts, the correct cure amount alleged to be owed together with any applicable and appropriate documentation in support thereof, and (d) be filed with the Court and served upon the notice parties identified in the Solicitation Procedures Order. If no objection to the assumption of, or proposed cure amounts for, the Executory Contracts is filed by the objection deadline, then (i) the contract counterparty will be deemed to have stipulated that the cure amounts as determined by the Debtors is correct, (ii) the contract counterparty will be forever barred, estopped, and enjoined from asserting any additional cure amount under the contract, and (iii) the contract counterparty will be forever barred, estopped, and enjoined from objecting to such proposed assignment to the Litigation Trust.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan Supplement, the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/near/, or upon request to Kroll Restructuring Administration LLC

("Kroll" or the "Voting Agent"), by (i) telephone at (844) 344-0799 (U.S./Canada, toll free) or +1 (646) 651-1196 (international, toll), or (ii) email at NearInfo@ra.kroll.com (with "Near Intelligence Inc. Solicitation Inquiry" in the subject line).

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing on confirmation of the Combined Disclosure Statement and Plan and adequacy of the disclosures therein has been scheduled for **March 12, 2024 at 1:00 p.m. (ET)** before The Honorable J. Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801. The Confirmation Hearing may be further continued from time to time without further notice other than the announcement of the adjourned date(s) by the Debtors in open court or by notice on the docket.

*[Remainder of page intentionally left blank.]*

Dated: February 27, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Carol E. Cox*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Summary of Material Terms of the Litigation Trust Agreement**

Material Terms of the Litigation Trust Agreement[1]

| | |
|---|---|
| **Purpose of the Litigation Trust** | The Litigation Trust shall be established for the purpose of: pursuing or liquidating the Litigation Trust Assets; reconciling and objecting to Claims, as provided for in the Combined Disclosure Statement and Plan; and making Distributions to the Litigation Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. |
| **Litigation Trust Assets** | The assets of the Litigation Trust shall consist of the following: (i) all remaining assets of each of the Debtors that have not been sold or abandoned prior to the Effective Date following payment of (or establishment of appropriate reserves for) all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Professional Fee Claims, Allowed Other Secured Claims, U.S. Trustee Fees and the amounts required to fund a wind-down of the Debtors' estates; (ii) all Retained Causes of Action, including the proceeds related thereto; (iii) all assets recovered by the Litigation Trustee on behalf of the Litigation Trust on or after the Effective Date through enforcement, judgment, resolution, settlement, collection, return, or otherwise; and (iv) any proceeds resulting from the Litigation Trustee's investment of the Litigation Trust Assets on or after the Effective Date owned by the Debtors on the Effective Date.<br><br>The Litigation Trust will retain counsel acceptable to the Prepetition Lenders in order to pursue and liquidate the Litigation Trust Assets.<br><br>For the avoidance of doubt, all Avoidance Actions that are not Retained Causes of Action or set forth on Schedule 2.1(s) of the Stalking Horse Agreement shall not constitute Litigation Trust Assets.<br>After the Effective Date, the Debtors and the Estates shall have no interest in the Litigation Trust Assets, the transfer of the Litigation Trust Assets to the Litigation Trust is absolute, and the Litigation Trust Assets shall not be held or deemed to be held in trust by the Litigation Trustee on behalf of any of the Debtors or the Estates. |
| **Litigation Trust Interests** | The Litigation Trust interests shall be non-transferable interests issued to the Litigation Trust Beneficiaries. |

---

[1]  This summary describes the material terms of the Litigation Trust Agreement and does not summarize all of the terms, conditions and other provisions of the Litigation Trust Agreement. In the event of any inconsistency between this summary and the Litigation Trust Agreement, the Litigation Trust Agreement shall control.

| | |
|---|---|
| **Litigation Trust Beneficiaries** | The beneficiaries of the Litigation Trust shall be Holders of Litigation Trust Interests, whether individually or as agent on behalf of one or more other Entities, which shall include (i) Holders of Allowed Prepetition Loan Claims; and (ii) Holders of Allowed General Unsecured Claims that elect to receive Litigation Trust Interests in lieu of the GUC Cash Pool. |
| **Assignment of Direct Claims** | The Litigation Trust Agreement shall provide that Holders of Allowed General Unsecured Claims may assign any applicable direct claims that such Holders have against third parties related to the Debtors (including any guaranties under the Convertible Debentures) to the Litigation Trust, which shall be subject to the distribution priorities set forth in Section 9.11 of the Combined Disclosure Statement and Plan. |
| **Allocation of Litigation Trust Distribution Proceeds** | The Litigation Trust Distribution Proceeds shall be distributed to Holders of Allowed Prepetition Loan Claims and Allowed General Unsecured Claims (that have elected to receive Litigation Trust Interests) in accordance with the distribution priorities set forth in Section 9.11 of the Combined Disclosure Statement and Plan. |
| **Availability of Litigation Trust Distribution Proceeds for Holders of Subordinated Convertible Debentures** | In connection with the Plan Settlement, Holders of Allowed General Unsecured Claims that arise from obligations under the Convertible Debentures shall be entitled to recover up to $900,000 in Litigation Trust Distribution Proceeds (in the aggregate among all holders of Convertible Debentures), in accordance with Section 9.11 of the Combined Disclosure Statement and Plan, notwithstanding the Prepetition Lenders' enforcement of any rights under any subordination agreements (including the Subordination Agreements (as defined in the DIP Loan Agreement)) which subordinate such Allowed General Unsecured Claims to the Prepetition Loan Claims; provided, that, for the avoidance of doubt, except as provided in Section 9.12 of the Combined Disclosure Statement and Plan, nothing shall alter, modify or otherwise limit the Prepetition Lenders' rights under any subordination agreements or related agreements (including the Subordination Agreements). |
| **Litigation Trust Financing** | On, or as soon as reasonably practicable after the Effective Date, the Litigation Trust Lender shall provide a loan to the Litigation Trust in an initial amount sufficient to fund both the (i) GUC Cash Pool and (ii) start-up costs for the Litigation Trust in an amount to be determined by the Litigation Trust Lender in consultation with the Litigation Trustee and the Litigation Trust Board. <br> The Litigation Trust Lender shall provide the Litigation Trust Financing on terms that are set forth in the Litigation Trust |

|  | Agreement and mutually acceptable to the Litigation Trust Lender and the Litigation Trustee. |
|---|---|
| **Ability to Seek and Obtain Discovery** | From and after the Effective Date, the Litigation Trustee shall have the ability to seek and obtain examination (including document discovery and depositions) under Bankruptcy Rule 2004 against any Person or Entity in furtherance of the purpose of the Litigation Trust, and the Bankruptcy Court shall retain jurisdiction to order examinations (including examinations under Bankruptcy Rule 2004) against any Person or Entity, and to hear all matters with respect to the same. |
| **Disputed Claims Reserve** | The Litigation Trustee may establish and maintain the Disputed Claim Reserve for payment of Disputed Claims, which reserve shall be established in an amount equal to the face value of such Claims, or such other amount as may be ordered by the Bankruptcy Court. |
| **Cash Investments** | Funds in the Litigation Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Litigation Trust as determined by the Litigation Trustee, in accordance with Bankruptcy Code section 345, unless the Bankruptcy Court otherwise requires; provided, however, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities. |
| **Tax Considerations** | The Litigation Trust shall be established in accordance with the provisions set forth in Section 9.17(b) of the Combined Disclosure Statement and Plan. |
| **Dissolution** | The Litigation Trustee shall be discharged and the Litigation Trust shall be terminated, at such time as: <br><br> (a)(i) all Disputed Claims have been resolved; (ii) all of the Litigation Trust Assets have been liquidated; (iii) all duties and obligations of the Litigation Trustee under the Litigation Trust Agreement have been fulfilled; (iv) all Distributions required under the Combined Disclosure Statement and Plan and the Litigation Trust Agreement have been made; and (v) the Chapter 11 Cases have been closed, <br><br> OR <br><br> (b) as otherwise provided in the Litigation Trust Agreement. |

3

|  | Upon dissolution of the Litigation Trust, any remaining Litigation Trust Assets may be transferred by the Litigation Trustee to a charitable organization(s) or sold as part of a remnant asset sale. |
|---|---|
| **The Litigation Trustee** ||
| **Identity** | In accordance with Section 1.92 of the Combined Disclosure statement and Plan, the Litigation Trustee shall be designated by the DIP Agent and Prepetition Agent prior to the Confirmation Hearing, in consultation with the Committee, and shall be acceptable to the Debtors. |
| **Powers** | On and after the Effective Date, the Litigation Trustee shall have the power and responsibility to do all acts contemplated by the Combined Disclosure Statement and Plan to be done by the Litigation Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Litigation Trust Assets and the distribution of the proceeds thereof, as contemplated by the Combined Disclosure Statement and Plan and in accordance with the Litigation Trust Agreement. In all circumstances, the Litigation Trustee shall act in its reasonable discretion in the best interests of the Litigation Trust Beneficiaries pursuant to the terms of the Combined Disclosure Statement and Plan and the Litigation Trust Agreement. |
| **Compensation** | The Litigation Trustee shall be entitled to reasonable compensation in the amount consistent with that of similar functionaries in similar types of bankruptcy cases as set forth in the Litigation Trust Agreement. The Litigation Trustee shall be reimbursed for all documented, actual, reasonable, and necessary out-of-pocket expenses incurred in the performance of his or her duties. |
| **Indemnification** | In accordance with the terms of the Litigation Trust Agreement, the Litigation Trustee shall receive indemnification rights in connection with service as Litigation Trustee. |
| **Employment of Professionals** | The Litigation Trustee, on behalf of the Litigation Trust, may employ, without further order of the Bankruptcy Court, professionals (including those previously retained by the Debtors or the Committee) to assist in carrying out the Litigation Trustee's duties hereunder and may compensate and reimburse the reasonable expenses of these professionals without further Order of the Bankruptcy Court from the Litigation Trust Assets in accordance with the Combined Disclosure Statement and Plan, and the Litigation Trust Agreement. |

| The Litigation Trust Board | |
|---|---|
| **Identity** | The initial composition of the Litigation Trust Board shall consist of one member designated by the Committee, which member shall be reasonably acceptable to the DIP Agent and the Prepetition Agent, and two members designated by the DIP Agent and the Prepetition Agent, which members shall be selected in consultation with the Committee. |
| **Purpose** | The Litigation Trust Board shall oversee the activities of the Litigation Trustee as set forth in the Litigation Trust Agreement. The Litigation Trustee shall report material matters to, and seek approval for material decisions from, the Litigation Trust Board, as and to the extent set forth in the Litigation Trust Agreement, and consistent with the Combined Disclosure Statement and Plan and Confirmation Order.<br><br>In all circumstances, the Litigation Trust Board shall act in accordance with the Litigation Trust Agreement. Litigation Trust Beneficiaries may seek injunctive or other relief from the Bankruptcy Court in the event a member of the Litigation Trust Board or the Litigation Trustee breaches any duty. The Litigation Trust Board shall remain in existence until such time as the final Distributions hereunder have been made. |
| **Consent Rights Over Claims Objections** | The Litigation Trustee must obtain unanimous consent from the members of the Litigation Trust Board before pursuing (or refusing to pursue) any Claims objections and settlements with respect to General Unsecured Claims, which are not Prepetition Loan Claims or Retained Causes of Action, that are asserted or scheduled in the amount of $200,000 or higher. |

## Exhibit B

### Identification of Litigation Trustee

In accordance with Section 1.92 of the Combined Disclosure Statement and Plan, the Litigation Trustee shall be designated by the DIP Agent and the Prepetition Agent prior to the Confirmation Hearing, in consultation with the Committee, and shall be acceptable to the Debtors.

**Exhibit C**

**Identification of Members of the Litigation Trust Board**

In accordance with Section 1.86 of the Combined Disclosure Statement and Plan, the initial composition of the Litigation Trust Board shall consist of one member designated by the Committee, which member shall be reasonably acceptable to the DIP Agent and the Prepetition Agent, and two members designated by the DIP Agent and the Prepetition Agent, which members shall be selected in consultation with the Committee.

**<u>Exhibit D</u>**

**Assumption Schedule**

**<u>Notes on the Assumption Schedule</u>**

1.  Neither the exclusion nor inclusion by the Debtors of any contract on the Assumption Schedule shall constitute an admission by the Debtors that any such contract is or is not an Executory Contract or that the Debtors or the Litigation Trustee have any liability thereunder.

    The Debtors, consistent with the terms of the Combined Disclosure Statement and Plan, reserve the right to amend, supplement, or modify the Assumption Schedule, including by adding or removing Executory Contracts, or by modifying any proposed cure amount.

2.  As a matter of administrative convenience, in certain cases the Debtors may have listed on the Assumption Schedule the original parties to the Executory Contracts without taking into account any succession, transfer, or assignments from one party to another. The fact that the current parties to a particular Executory Contract may not be named in the Assumption Schedule is not intended to change the treatment of such Executory Contract.

3.  References to any Executory Contract on the Assumption Schedule are to the applicable agreement and other operative documents as of the date hereof, as they may have been amended, modified, or supplemented by the parties thereto between such date and the effective date of assumption of such contract or lease.

4.  In addition to the Executory Contracts listed on the Assumption Schedule, consistent with the terms of the Combined Disclosure Statement and Plan, all of the Debtors' D&O Policies shall be assumed, including but not limited to those listed herein, regardless of whether such policies are listed on the Assumption Schedule.

**Near Intelligence Inc., et al.**
*($USD)*

Current Total: $0

| ID | Debtor Name | Contract Counterparty | Contract Title & Description | Date of Contract or Lease | Current Estimated Cure |
|----|-------------|----------------------|------------------------------|---------------------------|------------------------|
| 2052 | Near Intelligence, Inc. | Contact Discovery Services, LLC | Statement of Work | 10/2/2023 | 0 |
| 2053 | Near Intelligence, Inc. | Blue Torch Finance, LLC | Asset Purchase Agreement | 12/8/2023 | 0 |
| 2054 | Near Intelligence, Inc. | Blue Torch Finance, LLC | Disclosure Schedules | 12/8/2023 | 0 |

## **Exhibit E**

### **Retained Causes of Action**

1.  Subject to the Combined Disclosure Statement and Plan, any current or future claims against the current or former directors and officers of the Debtors and their subsidiaries.

2.  Any current or future claims arising out of or related to the investigations into financial mismanagement and fraudulent actions of former CEO and CFO of the Debtors and other Persons, including, without limitation, claims against MobileFuse, Godspeed Investments Pte. Ltd, Oriental Investment Advisors, Pte. Ltd., Jeff Merage, Alissa Merage, and any auditor of the Debtors.

3.  Any current or future claims against any of the following and any of their Related Parties: Anil Mathews, Rahul Agarwal, MobileFuse, Kenneth Harlan, Matthew Sessanta, Godspeed Investments Pte. Ltd, Oriental Investment Advisors, Pte. Ltd., Jeff Merage, Alissa Merage, any auditor of the Debtors, Shobhit Shukla, Justin Joseph, Uniqequity Pte Ltd., Teemo Holdings Inc., Uniqequity Limited, AudienceQ Limited, all defendants in connection with the Retained Causes of Action, all recipients of payments that are subject of the MobileFuse Litigation or any Retained Causes of Action, and all of the Debtors' SPAC sponsors.

4.  Any other current or future claims that are Retained Causes of Action.