# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: March 20, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF SECOND MONTHLY APPLICATION OF GLC ADVISORS & CO., LLC AND GLC SECURITIES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

| | |
|---|---|
| Name of Applicant: | GLC Advisors & Co., LLC and GLC Securities, LLC (together, "GLC") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | January 9, 2024 (effective as of December 8, 2023) |
| Period for which compensation and reimbursement is sought: | January 1, 2024 through January 31, 2024 |
| Amount of compensation sought as actual, reasonable and necessary: | $125,000.00 |
| Amount of Compensation Requested Immediately: | $100,000 (80% of $125,000) |
| Amount of Compensation Held Back: | $25,000 (20% of $125,000) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $9,663.30 |

This is an: _X_ monthly _____ interim _____ final application

This monthly application includes 21 hours and $6,598.00 in fees incurred in connection with the preparation of fee applications.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

## TIME RECORDS BY PROFESSIONAL

### JANUARY 1, 2024 THROUGH JANUARY 31, 2024

| TIMEKEEPER & POSITION | TOTAL HOURS |
|---|---|
| Abraham Han, Managing Director | 24.0 |
| Robert Swindell, Managing Director | 16.5 |
| Daniel Grundei, Vice President | 49.0 |
| Alonso Flores-Noel, Analyst | 66.5 |
| Caleb Yang, Analyst | 62.5 |
| **TOTAL** | **218.5** |

## TIME RECORDS BY CATEGORY

### JANUARY 1, 2024 THROUGH JANUARY 31, 2024

| Category | Total Hours |
|---|---|
| Discussions / Meetings with Company / Board / Investors & Creditors | 85.0 |
| Internal GLC Meetings | 9.0 |
| Review, Preparation and Attendance for Court / Mediation | 8.0 |
| Review, Preparation or Marketing of Materials / Analysis / Diligence | 78.5 |
| Case Administration / General | 16.0 |
| Preparation of Fee Applications | 22.0 |
| **TOTALS** | **218.5** |

**EXPENSE SUMMARY**

| Expenses Category | Total Expenses ($) |
|---|---|
| Airfare | |
| Dues and Subscriptions | 1,800 |
| Communications & Printing | 32.00 |
| Hotel | |
| Legal Services | 6,598.00 |
| Travel and Meals | 1,233.30 |
| Travel Transportation | |
| **TOTAL DISBURSEMENTS** | **$9,663.30** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| | (Jointly Administered) |
| Debtors. | |

**SECOND MONTHLY APPLICATION OF GLC ADVISORS & CO., LLC AND GLC SECURITIES, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

Pursuant to sections 328(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 147], dated January 9, 2024 (the "Interim Compensation Order"), GLC Advisors & Co., LLC and GLC Securities, LLC (together, "GLC") submits its second monthly application (the "Application") for: (a) compensation for professional services rendered as investment banker to the debtors and debtors in possession (collectively, the "Debtors") in the amount of $125,000.00 for the period January 1, 2024 through and including January 31, 2024 (the "Fee Period"); (b) payment in the amount of $100,000.00 (80% of $125,000.00), which is equal to 80% of GLC's unpaid fees earned during the Fee Period; and (c) reimbursement of 100% of the actual and necessary expenses incurred by GLC in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

amount of $9,663.30 during the Fee Period. In support of the Application, GLC respectfully represents as follows:

## BACKGROUND

1. On December 8, 2023, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

2. Pursuant to Order, dated January 9, 2024 (the "Retention Order") [Docket No. 143], GLC was retained by the Debtors as investment banker in connection with these chapter 11 cases effective as of the Petition Date. The Retention Order authorized GLC to be compensated in accordance with the terms and conditions of the engagement letter, as modified by the Retention Order, dated as of December 7, 2023 and effective as of September 18, 2023 (the "Engagement Letter"), and to be reimbursed for actual and necessary out-of-pocket expenses. The fee structure set forth in the Engagement Letter includes a monthly advisory fee (the "Monthly Fee") as well as potential financing, sale and restructuring transaction fees.

3. Pursuant to the Retention Order, the requirements of Local Rule 2016-2 were modified to, among other things, (a) allow GLC's professionals to maintain time records in half-hour increments; (b) exempt GLC from the requirement to keep time records on a "project category" basis; and (c) exempt GLC non-investment banking professionals in administrative departments from the requirement to maintain time records.

4. All services for which compensation is requested by GLC herein were performed for or on behalf of the Debtors.

5. On January 9, 2024, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for all retained professionals in these cases. The Interim Compensation Order provides that each professional may, on or before the 20th day of each calendar month, or as soon as practicable thereafter, following the month for which compensation is sought, file and serve a statement

requesting allowance and payment of compensation for services rendered and reimbursement of expenses incurred during the preceding month (each a "<u>Monthly Fee Application</u>").  Parties have 21 days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "<u>Objection Deadline</u>").  At the expiration of the Objection Deadline, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application to which no objection has been served.

## SUMMARY OF SERVICES RENDERED

6. Attached hereto as <u>Exhibit A</u> are GLC's time records setting forth, as permitted by the Retention Order, a summary description of services provided, describing each professional's tasks on a daily basis, including reasonably detailed descriptions of the services and indicating which individuals provided such services.  Although GLC does not typically bill by the hour, pursuant to the Retention Order, GLC has recorded its postpetition time in half-hour increments.

7. By the Application, GLC requests interim allowance and payment of compensation for professional services rendered on behalf of the Debtors during the Fee Period in the amount of $125,000.  As set forth in the Engagement Letter, the fees requested herein represent the Monthly Advisory Fee in the amount of $125,000 for the Fee Period.

8. The fees charged by GLC have been billed in accordance with the Retention Order and are comparable to those fees charged by GLC for professional services rendered in connection with similar restructuring matters.  GLC submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and in non-bankruptcy matters in the investment banking market.

## DISBURSEMENTS

9. GLC has incurred out-of-pocket disbursements during the Fee Period.  Attached hereto as <u>Exhibit B</u> is a detailed statement of expenses paid during the Fee Period.  The total

expenses incurred during the Fee Period are $9,663.30, including outside counsel fees as permitted under the Retention Order.[2] As permitted pursuant to paragraph 5 of the Retention Order, attached at the end of <u>Exhibit B</u> are invoices and supporting time records of legal counsel to GLC incurred during the Fee Period.

## **CERTIFICATION OF COMPLIANCE**

10. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that Rule except to the extent waived by the Retention Order or otherwise modified by applicable orders of the Court.

## **CONCLUSION**

WHEREFORE, GLC requests (a) interim allowance of compensation for professional services rendered on behalf of the Debtors during the Fee Period in the amount of $125,000.00; (b) payment in the amount of $100,000, which is equal to 80% GLC's unpaid fees earned during the Fee Period; (c) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by GLC during the Fee Period in the amount of $9,663.30; and (d) such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
      February 28, 2024

*/s. Abraham T. Han*  
Abraham T. Han  
GLC Advisors & Co., LLC and  
GLC Securities, LLC

---

[2] To the extent the expense detail included herewith is insufficient to satisfy the requirements of Local Rule 2016-2(e)(ii), GLC respectfully requests that the Court waive strict compliance with such Local Rule.