**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., et al.,[1] | Case No. 23-11692 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** <br> To be determined |
| | **Objection Deadline:** <br> March 14, 2024 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REJECT UNEXPIRED LEASE EFFECTIVE AS OF THE REJECTION DATE AND ABANDON CERTAIN PERSONAL PROPERTY**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), authorizing the Debtors to reject the Rejected Lease (as defined below) set forth on **Schedule 1** to the Proposed Order, and abandon any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment (collectively, the "Personal Property") remaining on the premises subject to the Rejected Lease (the "Premises"), in each case effective as of February 29, 2024 (the "Rejection Date"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On December 8, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 22, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases. *See* Docket No. 85. No request has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the circumstances leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of John Faieta in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14].[2]

## RELIEF REQUESTED

7.      By this Motion, to preserve and maximize the value of their estates, the Debtors, in an exercise of their business judgment, seek to reject the Rejected Lease (as defined below) and abandon any Personal Property of the Debtors remaining on the Premises, in each case effective as of the Rejection Date.

## REJECTION OF SUBLEASE

**A.      Rejection of the Sublease**

8.      Debtor Near North America, Inc. is currently a sublessee under that certain Sublease Agreement between CIT Bank, N.A., formerly known as OneWest Bank, National Association, as Sublandlord, and Debtor Near North America, Inc., formerly known as Ubermedia, Inc., as Subtenant, dated June 14, 2021 (as amended, supplemented, or otherwise modified from time to time, the "Rejected Lease"). The Debtors use the Premises for their corporate offices and storage of inventory.

9.      After careful review, the Debtors have identified the Premises as space that they no longer need as such premises are no longer relevant to the Debtors' business affairs and are not otherwise beneficial to their estates. Further, the Stalking Horse Bidder has not included the Rejected Lease on the current list of executory contracts and unexpired leases to be assigned under the Stalking Horse APA. Such rejection will allow the Debtors to avoid the potential incurrence

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

of additional expense associated with the Rejected Lease and occupation of the Premises that are of no value to the Debtors and their estates. Accordingly, the Debtors have determined that rejecting the Rejected Lease effective as of the Rejection Date is an appropriate exercise of their business judgment and in the best interest of their estates.

10. Prior to filing this Motion, the Debtors formally notified the landlord under the Rejected Lease of their intent to unequivocally surrender the Premises as of the Rejection Date and will, on or before the Rejection Date, turnover the Premises to their respective landlord in accordance with the terms of the Rejected Lease, including, as applicable, turning over any keys to the premises in the Debtors' possession and/or advising the landlord to terminate all badge or other electronic access privileges of the Debtors and their employees.

**B.        Abandonment of Any Personal Property at the Premises**

11. As part of the process of abandoning the Premises subject of the Rejected Lease, the Debtors removed any property that had more than *de minimis* value, except for such property that the Debtors agreed to surrender to the landlord under the Rejected Lease. However, there may be certain Personal Property remaining at the Premises following the rejection. Relative to its value, the Debtors expect that it will be difficult or expensive to remove and/or store the Personal Property such that any economic benefits will be exceeded by the attendant costs thereof. Therefore, in connection with abandoning and surrendering the Premises as of the Rejection Date, the Debtors intend to abandon the Personal Property, and, accordingly, request the Court's approval to do so effective as of the Rejection Date.

**BASIS FOR RELIEF**

**I.     Rejection of the Rejected Lease as of the Rejection Date Reflects the Debtors' Sound Business Judgment.**

12.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)); see also In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

13.     The standard applied to determine whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard. Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); see also In re Tayfur, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

5

14. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or an executory contract. See In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); Sharon Steel Corp., 872 F.2d at 3940 (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate).

15. The Court should approve the proposed rejection under section 365(a) of the Bankruptcy Code upon a finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Lease is in the best interests of the Debtors and their estates. See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). The Debtors have determined that the Rejected Lease is not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates, will not be part of the sale to the Stalking Horse Bidder, and may present burdensome contingent liabilities. Accordingly, the Debtors' decision to reject the Rejected Lease is an exercise of sound business judgment and, therefore, should be approved.

16. To avoid potentially paying or incurring any unnecessary expenses related to the Rejected Lease, the Debtors seek to reject the Rejected Lease effective as of the Rejection Date. Courts routinely authorize a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion. See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (citing cases approving the rejection of nonresidential leases retroactive to the motion filing date when principles of equity so dictate); see also In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted effective as of the date of the motion or the date the premises surrendered). Likewise, courts have also permitted retroactive rejection of an unexpired lease and executory contract when the non-debtor party to the agreement was given definite notice of the intention to reject. See, e.g., In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006); In re Mail Sys. Liquidation, Inc., Case No. 11-11187 (PJW) (Bankr. D. Del. Oct. 18, 2011) (authorizing rejection of contracts *nunc pro tunc* to date of filing motion); In re Fleming Cos., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (providing that *nunc pro tunc* "rejection is effective when the landlord receives unequivocal notice of the debtor's intent to reject the lease") (quoting In re Amber's Stores, Inc., 193 B.R. 819, 826 (Bankr. N.D. Tex. 1996)); In re Moon Group, Inc., No. 21-11140 (CSS) (Bankr. D. Del. Oct. 19, 2021) (authorizing rejection of an unexpired lease effective *nunc pro tunc* to the date when notice was given to the lessor and the rejection motion was filed). A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that rejection relates back to the petition date); Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC), 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to

reject"); Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.), 179 B.R. 33, 378 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

17. The facts of these Chapter 11 Cases and the balance of the equities favor the Debtors' rejection of the Rejected Lease effective as of the Rejection Date. Absent retroactive rejection, the Debtors may incur unnecessary administrative charges and other obligations under the Rejected Lease without any reciprocal benefits to their estates and without sufficient funding to pay those obligations. See 11 U.S.C. § 365(d)(5). By rejecting the Rejected Lease as of the Rejection Date, the Debtors will avoid the unnecessary burden of having to pay the next rent installment, saving the Debtors' estates approximately $35,244.35 in the aggregate. Requiring the Debtors to continue to perform under the Rejected Lease after the Rejection Date could impose onerous obligations on the Debtors and their estates that are not necessary to their business affairs or chapter 11 efforts. The Debtors do not need the leased space to conduct their go-forward business and do not derive any meaningful benefit under the Rejected Lease. Further, the Debtors believe that the Stalking Horse Bidder does not intend to assume or assign the Rejected Lease.

18. Moreover, the landlord under the Rejected Lease will not be unduly prejudiced if the Rejected Lease is rejected effective as of the Rejection Date because, as of the Rejection Date, the Debtors have served this Motion on the landlord and/or their agents or representatives by overnight delivery, electronic mail, and/or facsimile, thereby advising such landlord that the Debtors intend to reject the Rejected Lease effective as of the Rejection Date. Furthermore, the Debtors have, on or before the date hereof, relinquished the keys to the Premises to the landlord and, as applicable, have provided the alarm code(s) to the landlord or their representatives, abandoned the Premises, and, in conjunction therewith, indicated that they were unequivocally

surrendering possession thereof. The keys were delivered to the landlord under the Rejected Lease, together with an appropriate correspondence, on or before the Rejection Date.

19. In light of the foregoing facts and circumstances, the Debtors respectfully submit that their rejection of the Rejected Lease under section 365 of the Bankruptcy Code, effective as of the Rejection Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. Accordingly, entry of the Proposed Order is appropriate.

## II. Authorizing the Debtors to Abandon Any Personal Property Remaining at the Premises as of the Rejection Date Is Appropriate.

20. In the event that any Personal Property remains on the Premises as of the Rejection Date, the Debtors request the Court's approval of the Debtors' abandonment of such Personal Property, pursuant to section 554(a) of the Bankruptcy Code, effective as of the Rejection Date.

21. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. See In re Midlantic Nat'l Bank, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in this case.

22. The Debtors submit that the remaining Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the remaining Personal Property —to the extent there is any—outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Personal Property. Moreover, the Debtors have determined that the remaining

Personal Property does not pose a threat to public health or safety. As a result, the Debtors have determined, in their business judgment, that the abandonment of any such remaining Personal Property, effective as of the Rejection Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

### WAIVER OF BANKRUPTCY RULES 6004(a) and 6004(h)

23. To implement the foregoing successfully, the Debtors request, to the extent Bankruptcy Rule 6004 is applicable to the relief requested herein, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

### RESERVATION OF RIGHTS

24. Nothing in the Proposed Orders or this Motion: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

### NOTICE

25. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Stalking Horse Bidder, the prepetition lenders and DIP lenders; (iii) counsel to the Committee; (iv) the counterparty to the Rejected Lease (via email, if available, or overnight delivery) and its counsel, if known; and (v) those parties that have requested notice pursuant to Bankruptcy Rule

2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order and grant such other and further relief as may be just and proper.

Dated: February 29, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors
and Debtors in Possession*