# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_** |

**ORDER AUTHORIZING THE DEBTORS TO REJECT UNEXPIRED
LEASE EFFECTIVE AS OF THE REJECTION DATE
AND ABANDON PERSONAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code, authorizing the Debtors to reject that certain lease set forth on **Schedule 1** to this Order (the "Rejected Lease"), effective as of the Rejection Date; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Lease is hereby rejected by the Debtors, with such rejection being effective as of February 29, 2024 (the "Rejection Date").

3. To the extent that the Debtors retained any interest in any Personal Property located at the Premises as of the Rejection Date, the Debtors are authorized to abandon such Personal Property located at the Premises free and clear of all liens, claims, encumbrances and interests. Any Personal Property at the Premises not previously abandoned shall be deemed abandoned as of the Rejection Date. On and after the Rejection Date, the applicable landlord is authorized to dispose of the Personal Property without further notice and without any liability to any individual or entity that may claim an interest in such Remaining Property, and such abandonment shall be without prejudice to any Landlord's right to assert any claim based on such abandonment and without prejudice to the Debtors or any other party in interest to object thereto. The automatic stay is modified to the extent necessary to allow such dispositions.

4. Nothing herein shall impair, prejudice, waive, or otherwise affect the rights of the Debtors to: (a) assert that the Rejected Lease (i) was terminated on or prior to the Rejection Date, or (ii) is not an unexpired lease under 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Rejected Lease is limited to the remedies available under any applicable termination provisions of the Rejected Lease; (c)

assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Lease. All rights, claims, defenses, and causes of action that the Debtors and their estates may have against the counterparty to the Rejected Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Lease, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive, or otherwise affect such rights, claims, defenses, and causes of action.

5. Claims arising out of the rejection of the Rejected Lease must be filed on or before thirty (30) days after entry of this Order.

6. Adequate notice of, and opportunity for a hearing on, the Motion has been provided, and such notice satisfies the requirements of Bankruptcy Rule 6004(a).

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1

### Rejected Lease[1]

| **Debtor(s)** | **Counterparty** | **Rejected Agreement and Property Address** |
|---|---|---|
| Near North America, Inc. (fka UberMedia, Inc.) | CIT Bank N.A. (fka OneWest Bank, National Association) | Sub-Sublease Agreement, dated as of June 14, 2021, by and between Near North America, Inc. and CIT Bank, N.A.<br><br>Pod A, 100 W. Walnut Street, Pasadena, California 91124 |

---

[1] As may be amended, modified, or supplemented from time to time and together with any schedules thereto.