## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 22, 231, 243, 245, 288, 304, 306 & 323** |

**NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING ADEQUACY OF DISCLOSURES ON A FINAL BASIS AND CONFIRMING THIRD AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, on December 8, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 22] with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on February 1, 2024, the Debtors filed with the Court the *Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 231] (the "First Amended Combined Disclosure Statement and Plan").

**PLEASE TAKE FURTHER NOTICE** that, on February 5, 2024, the Court entered an order, among other things, approving the First Amended Combined Disclosure Statement and Plan on an interim basis, for solicitation purposes only, and establishing procedures for the solicitation and tabulation of votes to accept or reject the First Amended Combined Disclosure Statement and Plan [Docket No. 243] (the "Solicitation Procedures Order"). The Debtors also filed the solicitation version of the First Amended Combined Disclosure Statement and Plan [Docket No. 245].

**PLEASE TAKE FURTHER NOTICE** that, on February 21, 2024, the Debtors filed with the Court the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 288].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

**PLEASE TAKE FURTHER NOTICE** that, on February 27, 2024, the Debtors filed with the Court the *Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 304] and the *Notice of Filing of Proposed Findings of Fact, Conclusions of Law, and Order Approving Adequacy of Disclosures on a Final Basis and Confirming the Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 306] (the "Proposed Confirmation Order").

**PLEASE TAKE FURTHER NOTICE** that on March 8, 2024, the Debtors filed with the Court the *Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [Docket No. 323] (the "Third Amended Combined Disclosure Statement and Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised proposed form of order (the "Revised Proposed Confirmation Order") confirming the Third Amended Combined Disclosure Statement and Plan and approving the adequacy of the disclosures therein on a final basis.  For the convenience of the Court and all interested parties, a blackline comparing the Revised Proposed Confirmation Order to the Proposed Confirmation Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a combined hearing (the "Confirmation Hearing") to consider (a) confirmation of the Third Amended Combined Disclosure Statement and Plan and (b) approval of the adequacy of the disclosures therein on a final basis will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 5th Floor, Courtroom #5, 824 North Market Street, Wilmington, Delaware 19801, on **March 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to amend, revise, modify, or supplement the Third Amended Combined Disclosure Statement and Plan and the Revised Proposed Confirmation Order prior to, at, or as a result of, the Confirmation Hearing.

*[Signature page follows]*

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Third Amended Combined Disclosure Statement and Plan.

Dated: March 8, 2024
    Wilmington, Delaware       **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shane M. Reil*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*

31410120.2

3

**<u>Exhibit A</u>**

**Revised Proposed Confirmation Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*,[1] | Case No. 23-11962 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Ref. D.I. 243, 245, 304, 305** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER APPROVING ADEQUACY OF DISCLOSURES ON
A FINAL BASIS AND CONFIRMING THE MODIFIED THIRD AMENDED
COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF
LIQUIDATION OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon consideration of the *Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors*, dated March 8, 2024 [D.I. 323], attached hereto as <u>Exhibit A</u> (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "<u>Combined Disclosure Statement and Plan</u>"), proposed by the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"); and this Court having approved the Combined Disclosure Statement and Plan on an interim basis, for solicitation purposes only, by order dated February 5, 2024 [D.I. 243] (the "<u>Solicitation Procedures Order</u>"); and the Debtors having filed the Plan Supplement on February 27, 2024 [D.I. 305] (as may be amended, modified, or supplemented, the "<u>Plan Supplement</u>"); and upon the affidavit of service filed reflecting compliance with the notice and solicitation requirements of the Solicitation Procedures Order [D.I. 311] (the "<u>Notice Affidavit</u>"); and upon the *Notice of (I)*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*Approval of Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; and (II) The Hearing to Consider (A) Final Approval of the Combined Disclosure Statement and Plan as Containing Adequate Information and (B) Confirmation of the Combined Disclosure Statement and Plan* [D.I. 246] (the "Combined Hearing Notice"); and upon the *Declaration of Stanislav Kesler of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. 317], filed with this Court on March 8, 2024 (the "Voting Declaration"); and upon the *Declaration of Jordan Fisher in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. 319] (the "Fisher Declaration"), filed with this Court on March 8, 2024; and upon the *Memorandum of Law in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. 318], filed with this Court on March 8, 2024 (the "Confirmation Memorandum"); and any objections to the Combined Disclosure Statement and Plan having been resolved and/or overruled by this Court pursuant to this Confirmation Order; and the hearing to consider Confirmation of the Combined Disclosure Statement and Plan and final approval of the disclosures contained therein having been held on March 12, 2024 (the "Combined Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Combined Hearing; and this Court having reviewed all documents in connection with the Combined Hearing and having heard all parties desiring to be heard; and upon the record of the Chapter 11 Cases (as defined below); and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following:

### Findings of Fact and Conclusions of Law

A.      **Findings of Fact and Conclusions of Law.**  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Combined Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      **Capitalized Terms.**  Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Combined Disclosure Statement and Plan, the Plan Supplement, and the Solicitation Procedures Order, as applicable.

C.      **Jurisdiction and Venue.**  This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent to entry of this Confirmation Order under the Local Rules and Article III of the United States Constitution.  Venue of these proceedings and the Chapter 11 Cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      **Chapter 11 Petitions.**  On December 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  On December

22, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [D.I. 85] (the "Committee"). No party has requested the appointment of a trustee or examiner in the Chapter 11 Cases.

E. **Judicial Notice.** This Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of this Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the Chapter 11 Cases, including, without limitation, the Combined Hearing.

F. **Adequacy of Disclosures in the Combined Disclosure Statement and Plan.** The Combined Disclosure Statement and Plan contains adequate and extensive material information regarding the Debtors and the Combined Disclosure Statement and Plan (and the transactions contemplated thereby) so that the parties entitled to vote on the Combined Disclosure Statement and Plan could make informed decisions regarding the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan contains "adequate information" as that term is defined in section 1125(a) of the Bankruptcy Code and complies with any applicable additional requirements of the Bankruptcy Code and Bankruptcy Rules.

G. **Plan Supplement.** Prior to the Combined Hearing, the Debtors filed the Plan Supplement. The Plan Supplement complies with the terms of the Combined Disclosure Statement and Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with this Confirmation Order and/or the Combined Disclosure Statement and Plan.

H.     **Mailing of Solicitation and Confirmation Materials.**  As is evidenced by the Voting Declaration and the Notice Affidavit, the transmittal and service of the Combined Disclosure Statement and Plan, the Ballots, the Combined Hearing Notice, and the Opt-Out Election Form were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Disclosure Statement and Plan (including the deadline for filing and serving objections to final approval of the Combined Disclosure Statement and Plan as containing adequate information and Confirmation thereof) have been given due, proper, timely, and adequate notice thereof in accordance with the Solicitation Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice of the Combined Disclosure Statement and Plan and the Combined Hearing is required.

I.     **Voting.**  The procedures by which the Ballots for acceptance or rejection of the Combined Disclosure Statement and Plan were distributed and tabulated under the circumstances of the Chapter 11 Cases were fair, properly conducted, and complied with the Bankruptcy Code and the Bankruptcy Rules, applicable non-bankruptcy law and the Solicitation Procedures Order.

J.     **Bankruptcy Rule 3016.**  In accordance with Bankruptcy Rule 3016(a), the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the plan proponents.  In accordance with Bankruptcy Rule 3016(b), the Debtors appropriately filed the Combined Disclosure Statement and Plan with this Court.

K.     **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**  As set forth below, the Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

L.      **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).**  The classification of Claims and Interests under the Combined Disclosure Statement and Plan is proper under the Bankruptcy Code.  In addition to Administrative Claims, Professional Fee Claims, DIP Loan Claims, Priority Tax Claims, and Quarterly Fees, which need not be classified, the Combined Disclosure Statement and Plan designates seven Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Disclosure Statement and Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  Thus, the Combined Disclosure Statement and Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

M.      **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**  Section VII of the Combined Disclosure Statement and Plan specifies that Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are Unimpaired under the Combined Disclosure Statement and Plan.  Thus, section 1123(a)(2) of the Bankruptcy Code is satisfied.

N.      **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**  Section 7 of the Combined Disclosure Statement and Plan designates Class 3 (Prepetition Loan Claims), Class 4 (General Unsecured Claims), Class 5 (Existing Securities Law Claims), Class 6 (Interests), and Class 7A (Intercompany Claims) and Class 7B (Intercompany Interests) as Impaired and specifies the treatment of Claims and Interests in such Classes.  Thus, section 1123(a)(3) of the Bankruptcy Code is satisfied.

O.      **No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Combined Disclosure Statement and Plan provides for the same treatment by the Debtors for each Claim or Interest in each

respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

P. **Implementation of the Combined Disclosure Statement and Plan (11 U.S.C. § 1123(a)(5)).** The Combined Disclosure Statement and Plan, including the provisions governing the Litigation Trust, provides adequate and proper means for the Combined Disclosure Statement and Plan's implementation. Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied.

Q. **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Combined Disclosure Statement and Plan does not provide for the issuance of non-voting securities, all Interests in the Debtors shall be cancelled and the Debtors' corporate entities shall be wound down. Therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

R. **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).** Section 9 of the Combined Disclosure Statement and Plan provides that the Litigation Trust shall be administered by the Litigation Trustee and the Litigation Trust Board, in accordance with the Combined Disclosure Statement and Plan and the Litigation Trust Agreement. The Litigation Trustee was designated by the DIP Agent and Prepetition Agent, in consultation with the Committee and acceptable to the Debtors, and shall be appointed as the trustee to the Litigation Trust as of the Effective Date or as soon as reasonably practicable thereafter. One member of the Litigation Trust Board was selected by the Committee, which member is reasonably acceptable to the DIP Agent and the Prepetition Agent, and two members of the Litigation Trust Board were selected by the DIP Agent and the Prepetition Agent in consultation with the Committee; provided, that, the Litigation Trustee must obtain unanimous consent from the members of the Litigation Trust Board before pursuing (or refusing to pursue) any Claims objections and settlements with respect to General Unsecured Claims, which are not Prepetition Loan Claims, that are asserted or scheduled

in the amount of $200,000 or higher. Prior to the Effective Date, the Debtors, the Committee, and the Prepetition Lenders shall use reasonable efforts to identify and agree upon Claims that the Litigation Trustee will seek to object to and/or settle. The Litigation Trustee shall oversee the Litigation Trust and the implementation of the Combined Disclosure Statement and Plan, pursue and litigate the Litigation Trust Assets (including the Retained Causes of Action), and oversee and implement the wind-down of the Estates. The Litigation Trustee shall be vested with the power to act for the Debtors in the same capacity as applicable to a board of directors and officers, subject to the provisions of the Combined Disclosure Statement and Plan and the Litigation Trust Agreement (and all articles of incorporation or amendments, by-laws, governing documents, and related documents, as applicable, are deemed amended pursuant to the Combined Disclosure Statement and Plan to permit and authorize the same). From and after the Effective Date, the Litigation Trustee shall be deemed the sole officer, representative, and director of, and shall act for, each of the Debtors and their Estates.

S.     **Additional Combined Disclosure Statement and Plan Provisions (11 U.S.C. § 1123(b)).** The Combined Disclosure Statement and Plan provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

T.     **Executory Contracts (11 U.S.C. § 1123(b)(1), (b)(2)).** The Debtors have exercised reasonable business judgment in determining to either assume, assume and assign, or reject each of the Debtors' remaining Executory Contracts as provided for in the Combined Disclosure Statement and Plan, the Plan Supplement, and this Confirmation Order, and any such determinations are justified and appropriate under the circumstances.

U.    **Compromises and Settlements Under and in Connection with the Combined Disclosure Statement and Plan (11 U.S.C. § 1123(b)(3)(A)).**    All of the settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan, including the Plan Settlement, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

V.    **Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b)(3)(B))**.    Under the facts and circumstances of the Chapter 11 Cases, the releases, exculpations, and injunctions provided for in the Combined Disclosure Statement and Plan are, subject to the terms and limitations set forth in the Combined Disclosure Statement and Plan: (i) within the jurisdiction of this Court under 28 U.S.C. § 1334, (ii) an appropriate exercise of the Debtors' business judgment, (iii) integral elements of the transactions incorporated into the Combined Disclosure Statement and Plan and inextricably bound with the other provisions of the Combined Disclosure Statement and Plan, (iv) in exchange for good and valuable consideration provided by the Released Parties, (v) in the best interests of the Debtors, the Estates, and all holders of Claims and Interests that are Releasing Parties, (vi) fair, equitable, and reasonable, (vii) given and made after due notice and an opportunity to object, opt-out, and be heard with respect thereto, (viii) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and other applicable law, and (ix) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties as and to the extent provided for in the Combined Disclosure Statement and Plan and this Confirmation Order.    For the avoidance of doubt, MobileFuse and any directors, officers, or employees of MobileFuse that are named as defendants in the MobileFuse Litigation shall not be deemed to be Releasing Parties.

W.    **Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5)).**  In accordance with section 1123(b)(5) of the Bankruptcy Code, Section 7 of the Combined Disclosure Statement and Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims and Interests in each Class.

X.    **Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6)).**  In accordance with section 1123(b)(6) of the Bankruptcy Code, the Combined Disclosure Statement and Plan includes various additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

Y.    **Modifications to the Combined Disclosure Statement and Plan (11 U.S.C. § 1127(a)).**  The modifications to the solicitation version of the Combined Disclosure Statement and Plan do not adversely change the treatment of any Class in a material manner.  Therefore, the Combined Disclosure Statement and Plan does not require additional disclosure under sections 1125 or 1127(a) of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections.  The Classes that accepted the solicitation version of the Combined Disclosure Statement and Plan are deemed to have accepted the Combined Disclosure Statement and Plan and additional notice under Bankruptcy Rule 3019(a) is not required.

Z.    **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**  Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order governing notice, disclosure, and solicitation in connection with the Combined Disclosure

Statement and Plan, the Plan Supplement, and all other matters considered by this Court in connection with the Chapter 11 Cases.

AA.     **Combined Disclosure Statement and Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).**   The Debtors have proposed the Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Combined Disclosure Statement and Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Combined Disclosure Statement and Plan itself, and the process leading to its formulation.  The Combined Disclosure Statement and Plan is the result of extensive arm's length negotiations among the Debtors, the Committee, the U.S. Trustee, the Prepetition Lenders, the DIP Lenders, the SEC (as defined below) and other key stakeholders.   The Combined Disclosure Statement and Plan promotes the objectives and purposes of the Bankruptcy Code.

BB.     **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**   The procedures set forth in the Combined Disclosure Statement and Plan for this Court's approval of the fees, costs, and expenses to be paid in connection with the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

CC.     **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**   In accordance with the Combined Disclosure Statement and Plan, the Debtors' corporate entities will be wound down and, pursuant to Section 9.4 of the Combined Disclosure Statement and Plan, upon the occurrence of the Effective Date, each of the Debtors' directors and officers shall be terminated automatically (except to the extent retained by the Litigation Trustee, subject to a separate agreement with the

- 11 -

Litigation Trustee).  The identity of the Litigation Trustee has been disclosed as part of the Plan

Supplement, and is consistent with the interests of holders of Claims and Interests and with public

policy.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the

Bankruptcy Code.

DD.     **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**  The "best interests" test is

satisfied as to all Impaired Classes under the Combined Disclosure Statement and Plan, as each

holder of a Claim or Interest in such Impaired Classes will receive or retain property of a value, as

of the Effective Date, that is not less than the amount that such holder would so receive or retain

if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

EE.     **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**  Class 1 (Priority Non-

Tax Claims) and Class 2 (Other Secured Claims) are left unimpaired under the Combined

Disclosure Statement and Plan. Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured

Claims)[2] have voted to accept the Combined Disclosure Statement and Plan in accordance with

the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.  Class 5 (Existing

Securities Law Claims), Class 6 (Interests), Class 7A (Intercompany Claims) and Class 7B

(Intercompany Interests) are deemed to have rejected the Combined Disclosure Statement and Plan

pursuant to section 1126(g) of the Bankruptcy Code.  Accordingly, section 1129(a)(8) of the

Bankruptcy Code has not and cannot be satisfied.  The Combined Disclosure Statement and Plan,

---

[2]     With respect to Debtor Near Intelligence LLC, Class 4 failed to submit any Ballots and is deemed to have accepted
        the Combined Disclosure Statement and Plan with respect to such Debtor.  See In re Accuride Corp., No. 09-
        13449 BLS, 2010 WL 5093173, at *6 (Bankr. D. Del. Feb. 18, 2010) ("Class 4A failed to submit any Ballots and
        is deemed to have accepted the Plan."); see also In re Ruti–Sweetwater, Inc., 836 F.2d 1263 (10th Cir.1988)
        (inaction by a non-voting single class creditor constitutes acceptance by the class); In re Adelphia Communs.
        Corp., 368 B.R. 140 (Bankr.S.D.N.Y.2007) (following Ruti–Sweetwater in holding that a non-voting class is
        deemed to have accepted the plan).

however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

FF.     **Treatment of Administrative Claims, Professional Fee Claims, Priority Tax Claims, DIP Loan Claims and U.S. Trustee Claims (11 U.S.C. § 1129(a)(9)).**   The treatment of Administrative Claims, Professional Fee Claims, DIP Loan Claims, Priority Tax Claims, and Quarterly Fees pursuant to Sections 2 and 6 of the Combined Disclosure Statement and Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

GG.     **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**   Class 3 (Prepetition Loan Claims) and Class 4 (General Unsecured Claims) are Impaired Classes of Claims that voted to accept the Combined Disclosure Statement and Plan with respect to each of the Debtors, determined without including any acceptance of the Combined Disclosure Statement and Plan by any insider.  Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied.

HH.     **Feasibility (11 U.S.C. § 1129(a)(11)).**   The evidence supporting the Combined Disclosure Statement and Plan proffered or adduced by the Debtors at, or prior to, or in declarations filed in connection with the Combined Hearing establish that the Debtors have the wherewithal to make all payments and otherwise comply with their financial commitments under the Combined Disclosure Statement and Plan.

II.     **Payment of Fees (11 U.S.C. § 1129(a)(12)).**   All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Combined Disclosure Statement and Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

JJ.     **Miscellaneous Provisions (11 U.S.C. §§ 1129 (a)(6), 1129(a)(13)–(16)).**   Sections 1129(a)(6), (a)(13)–(16) of the Bankruptcy Code are inapplicable to Confirmation, as the Debtors (i) will not have any businesses involving the establishment of rates (section 1126(a)(6)), (ii) are

- 13 -

not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) (section 1129(a)(13)), (iii) have no domestic support obligations (section 1129(a)(14)), (iv) are not individuals (section 1129(a)(15)), and (v) are not nonprofit corporations (section 1129(a)(16)).

KK.   **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).**  The classification and treatment of Claims and Interests in Class 5 (Existing Securities Law Claims), Class 6 (Interests), Class 7A (Intercompany Claims) and Class 7B (Intercompany Interests), which are deemed to have rejected the Combined Disclosure Statement and Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy Code.  There is no Class of Claims or Interests junior to the holders of Claims and Interests in Class 5, Class 6, Class 7A and Class 7B that will receive or retain property under the Combined Disclosure Statement and Plan on account of their Claims or Interests.  Accordingly, the Combined Disclosure Statement and Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Combined Disclosure Statement and Plan.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(b) of the Bankruptcy Code.

LL.   **Only One Plan (11 U.S.C. § 1129(c)).**  The Combined Disclosure Statement and Plan is the only chapter 11 plan currently proposed in the Chapter 11 Cases, and section 1129(c) of the Bankruptcy Code is therefore satisfied.

MM.   **Principal Purpose (11 U.S.C. § 1129(d)).**  The principal purpose of the Combined Disclosure Statement and Plan is neither the avoidance of taxes, nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to

Confirmation on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

NN.  **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

OO.  **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtors and their officers, directors, employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the release, injunction and exculpation provisions set forth in Section 14 of the Combined Disclosure Statement and Plan and in this Confirmation Order.

PP.  **Retention of Jurisdiction.**  This Court retains jurisdiction over the matters set forth in Section 15 of the Combined Disclosure Statement and Plan and/or section 1142 of the Bankruptcy Code.  For the avoidance of doubt, the rights of all parties are reserved with respect to the jurisdiction of the Bankruptcy Court over the MobileFuse Litigation.

**Based upon the foregoing findings, and upon the record made before this Court at the Combined Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

**Adequacy of Disclosures in the Combined Disclosure Statement and Plan**

1.  The Combined Disclosure Statement and Plan is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code and sufficient

information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

## Confirmation of the Combined Disclosure Statement and Plan

2. The Combined Disclosure Statement and Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code. All objections to Confirmation and the Combined Disclosure Statement and Plan not otherwise withdrawn, resolved, or otherwise disposed of are overruled and denied on the merits.

3. The terms of the Combined Disclosure Statement and Plan are incorporated by reference into (except to the extent modified by this Confirmation Order), and are an integral part of, this Confirmation Order. Each provision of the Combined Disclosure Statement and Plan, as modified by this Confirmation Order, is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Combined Disclosure Statement and Plan. The terms of the Combined Disclosure Statement and Plan, as modified by any modifications made at the Combined Hearing, are incorporated by reference into and are an integral part of this Confirmation Order. The failure specifically to describe, include, or refer to any particular article, section, or provision of the Combined Disclosure Statement and Plan, Plan Supplement, or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and the Combined Disclosure Statement and Plan, the Plan Supplement, and all related documents are approved and confirmed in their entirety as if set forth verbatim in this Confirmation Order.

**Conditions Precedent**

4.      The Effective Date shall not occur unless the conditions precedent set forth in Section 13.1 of the Combined Disclosure Statement and Plan have been satisfied or waived in accordance with Section 13.3 of the Combined Disclosure Statement and Plan.

**Compromises and Settlements Under the Combined Disclosure Statement and Plan**

5.      Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Combined Disclosure Statement and Plan, including the Plan Settlement, are approved in all respects, and constitute good faith compromises and settlements.

**Classification and Treatment**

6.      The Combined Disclosure Statement and Plan's classification scheme is approved. The classifications set forth on the Ballots (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Combined Disclosure Statement and Plan for distribution purposes, (c) may not be relied upon by any holder as representing the actual classification of such Claim under the Combined Disclosure Statement and Plan for distribution purposes, and (d) shall not be binding on the Debtors, and/or the Litigation Trustee, as applicable, except for the purpose of voting on the Combined Disclosure Statement and Plan.

**Authorization to Implement the Combined Disclosure Statement and Plan**

7.      The Debtors and/or the Litigation Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate the Combined Disclosure Statement and Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith, prior to, on, and after the

Effective Date, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date shareholders or board of directors of the Debtors.

8.     On or after the Effective Date, the officers of the Debtors or Litigation Trustee, as applicable, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Combined Disclosure Statement and Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date shareholders or board of directors of the Debtors.

9.     The Debtors or the Litigation Trustee (as applicable) are authorized to adjust, continue, settle, reinstate, discharge or eliminate all Allowed Intercompany Claims and Intercompany Interests, in each case to the extent the Debtors or the Litigation Trustee deem appropriate, with the prior consent of the Prepetition Agent.

10.    The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Litigation Trustee, the Debtors, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Combined Disclosure Statement and Plan or this Confirmation Order.

## Enforceability of the Combined Disclosure Statement and Plan

11.    Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code, the Combined Disclosure Statement and Plan and all related documents (including, but not limited to, the Litigation Trust Agreement) shall be, and hereby are, valid, binding and enforceable.

12.    On the Effective Date, the Debtors shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Litigation Trust all of their rights, title, claims, defenses, and interest in and to all of the Litigation Trust Assets free and clear of all liens, claims, and

encumbrances, except to the extent otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order, in accordance with section 1141 of the Bankruptcy Code; and such transfer shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

### **The Litigation Trust**

13.     **Litigation Trustee.**  On the Effective Date, the Litigation Trust, in accordance with the terms of the Litigation Trust Agreement and the Combined Disclosure Statement and Plan, shall be established for the benefit of the Litigation Trust Beneficiaries.  Pursuant to the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, all of the Litigation Trust Assets shall be deemed to have been vested in the Litigation Trust on the Effective Date, without the necessity of any further order of this Court.  The Litigation Trustee may use, acquire and dispose of property in accordance with the terms of the Litigation Trust Agreement and the Combined Disclosure Statement and Plan and shall have the exclusive right, authority, and standing to initiate, file, prosecute, abandon, compromise, settle, withdraw, litigate to judgment or release any Claims and Causes of Action that are Litigation Trust Assets or to take, or to refrain from taking, any other action which the Litigation Trustee, in consultation with the Litigation Trust Board as required under the Litigation Trust Agreement, which the Litigation Trustee deems necessary or desirable, in each case in accordance with the wind-down budget reflected in the Current DIP Budget (as defined in the Final DIP Order), and without supervision of or approval by the Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Combined Disclosure Statement and Plan, the Litigation Trust Agreement or this Confirmation Order.  The Litigation Trustee shall be the representative of the Estate as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code with respect to the rights, powers, authority, and responsibilities specified in the Combined

Disclosure Statement and Plan, this Confirmation Order and the Litigation Trust Agreement and except as provided in the Combined Disclosure Statement and Plan, the Litigation Trust Agreement or this Confirmation Order, the Litigation Trustee shall be the Debtors' successor in interest with respect to the Litigation Trust Assets and all actions, claims, defenses, rights, or interests constituting Litigation Trust Assets are preserved and retained and may be enforced by the Litigation Trustee as the representative of the Estates pursuant to section 1123(b)(3(B) of the Bankruptcy Code.

14. **Litigation Trust Agreement.** The formation, rights, powers, duties, structure, obligations and other matters pertaining to the Litigation Trustee shall be governed by the Litigation Trust Agreement, the Combined Disclosure Statement and Plan and this Confirmation Order. The terms of the Litigation Trust Agreement are consistent with the Combined Disclosure Statement and Plan and this Confirmation Order, fair, reasonable and in the best interest of the Debtors, their Estates, creditors, and other parties in interest. The Litigation Trust Agreement is approved, subject to any amendments permitted under the Combined Disclosure Statement and Plan, the Litigation Trust Agreement, and this Confirmation Order. The terms of the Litigation Trust, the selection and appointment of the Litigation Trustee, and the members of the Litigation Trust Board and the terms of the Litigation Trustee's and the Litigation Trust Board's compensation are fair, equitable and reasonable and in the best interest of the Debtors, their Estates, creditors, and other parties in interest. Pursuant to the Combined Disclosure Statement and Plan, the Court shall retain jurisdiction over the Litigation Trust.

## Executory Contracts

15. The assumption of the Executory Contracts identified on the Assumption Schedule is approved.

16.     Except for any Executory Contract that (i) has already been assumed and assigned; (ii) as of the Effective Date is subject to a pending motion to assume or assume and assign such Executory Contract; (iii) is a contract, release, or other agreement or document entered into in connection with the Combined Disclosure Statement and Plan; (iv) is a D&O Policy or an insurance policy; or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement, each of the Debtors' remaining Executory Contracts shall be deemed rejected as of the Effective Date in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code and such rejections are approved.

17.     Each Executory Contract assumed pursuant to the Combined Disclosure Statement and Plan or by Order of this Court, and not assigned to a third party on or prior to the Effective Date, shall be assumed by the Wind-Down Estates, and any proceeds and/or receivables owed to the Wind-Down Estates under any Executory Contract shall be deemed a Litigation Trust Asset.

18.     Unless otherwise provided by a Court order, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts pursuant to the Combined Disclosure Statement and Plan or otherwise must be filed with the Court and served on the Litigation Trustee no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such Executory Contract; and (ii) notice of occurrence of the Effective Date.  All Allowed Claims arising from the rejection of the Debtors' Executory Contracts shall be classified as Class 4 General Unsecured Claims, except as otherwise provided by order of the Court.  Any Allowed Claims arising from the rejection of the Executory Contracts that are not timely filed pursuant to Section 12.2 of the Combined Disclosure Statement and Plan shall be forever disallowed and barred.

**Administrative Claims**

19.     Except as otherwise set forth in Section 6.1 of the Combined Disclosure Statement and Plan, requests for payment of Administrative Claims must be filed with the Court and served

on the Debtors, the Litigation Trustee, the Claims Agent, and the U.S. Trustee, so as to be received by the Administrative Claim Bar Date.  Such proof of Administrative Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Claim; (ii) the name of the holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) supporting documentation for the Administrative Claim.  **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND RELEASED**.

### Professional Fees Account and Fee Claims

20.    In accordance with Section 6.1 of the Combined Disclosure Statement and Plan, on the Effective Date, the Debtors shall be authorized to transfer custody of the Professional Fee Reserve Account to the Litigation Trust and the Debtors or the Litigation Trustee, as applicable, shall fund the Professional Fee Reserve Account with cash equal to the Professional Fee Reserve Amount.  Professionals Fee Claims shall be paid in Cash from funds held in the Professional Fee Reserve Account when such Claims are Allowed by a Final Order of the Court.  Neither the Debtors' nor the Litigation Trust's obligations to pay Professional Fee Claims shall be limited nor be deemed limited to funds held in the Professional Fee Reserve Account.

21.    All final applications for payment of Professional Fee Claims must be filed with this Court and served on the Debtors, counsel to the Debtors, counsel to the Committee, counsel to the Prepetition Lenders, the Litigation Trustee, counsel to the Prepetition Lenders, and the U.S. Trustee by the Professional Fee Claims Bar Date.  Each holder of an Allowed Professional Fee Claim shall be paid in Cash from the Professional Fee Reserve Account in an amount equal to such Allowed Professional Fee Claim as soon as reasonably practicable following the date upon which such Claim becomes Allowed, unless such holder shall agree to a different treatment of such

Claim.  Professionals shall only be required to file a final fee application and do not need to file an interim fee application.

22.     The funds in the Professional Fee Reserve Account shall be used solely for the payment of Allowed Professional Fee Claims in accordance with Section 6 of the Combined Disclosure Statement and Plan. Until payment in full of all Allowed Professional Fee Claims, funds held in the Professional Fee Reserve Account shall not be considered Litigation Trust Assets or otherwise property of the Litigation Trust, the Debtors, their Estates, or any other party.  Any funds remaining in the Professional Fee Reserve Account after all required payments have been made shall promptly be released from such escrow and shall be returned to the Prepetition Lenders without any further action or order of the Court.

### Release, Injunction, Exculpation and Related Provisions

23.     The release, injunction, exculpation, and related provisions set forth in Section 14 of the Combined Disclosure Statement and Plan are hereby approved and authorized in their entirety, and such provisions are effective and binding on all Entities as and to the extent provided for therein.  Notwithstanding any provision in the Combined Disclosure Statement and Plan, this Order or the Litigation Trust Agreement to the contrary, the rights of all parties are reserved with respect to MobileFuse's ability (if any) to raise any (a) counter-claim, cross-claim, or third-party claim against any person or entity and (b) argument or defense, including set-off and recoupment, in response to the MobileFuse Litigation.  For the avoidance of doubt, the rights of all parties are reserved with respect to the viability (if any) of such counter-claims, cross-claims, third-party claims, or defenses.

### Payment of Statutory Fees

24.     All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtors on the Effective Date.

After the Effective Date, any and all Quarterly Fees shall be paid when due and payable. The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Litigation Trustee and each of the Wind-Down Estates shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due. Each and every one of the Debtors, the Wind-Down Estates, and the Litigation Trustee shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code. The U.S. Trustee shall not be required to file any Administrative Claim in the case, and shall not be treated as providing any release under the Combined Disclosure Statement and Plan with respect to payment of the Quarterly Fees.

## United States Interests

25.  Notwithstanding any provision to the contrary in the Combined Disclosure Statement and Plan, the Plan Supplement, this Order or any implementing Combined Disclosure Statement and Plan documents (collectively, the "Documents"): Nothing in the Documents shall: (1) discharge, release, enjoin, impair or otherwise preclude (a) any liability to a Governmental Unit that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code (a "claim"), (b) any claim of a Governmental Unit arising after the Effective Date, or (c) any liability of any entity or person under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates or leases after the Effective Date; (2) release, nullify, preclude or enjoin the enforcement of any police or regulatory power; (3) modify the scope of Bankruptcy Code Section 505; (4) confer jurisdiction to the Bankruptcy Court with respect to the claims, liabilities and Causes of Action of the United States, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (5) release, enjoin, impair or discharge any non-Debtors from any claim,

liability, suit, right or Cause of Action of the United States; (6) affect any setoff or recoupment rights of the United States and such rights are preserved; (7) require the United States to file an administrative claim in order to receive payment for any liability described in Section 503(b)(1)(B) and (C) pursuant to Section 503(b)(1)(D) of the Bankruptcy Code; (8) constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under non-bankruptcy law; (9) be construed as a compromise or settlement of any liability, claim, Cause of Action or interest of the United States; (10) modify the scope of Section 502 of the Bankruptcy Code with respect to the claims of the United States; (11) cause the filing of any claim, including but not limited to amended claims, by the United States to be automatically disallowed and expunged; (12) exculpate the Debtors from any obligation to pay Allowed Administrative Claims in accordance with the Combined Disclosure Statement and Plan; or (13) enjoin or estop the United States from asserting against the Debtors claims, liabilities and obligations assumed by the Purchaser that the United States would otherwise be entitled to assert against the Debtors and the Debtors' estates under applicable law.

26.    Liens securing claims of the United States shall be retained until the claim, with interest, is paid in full. Administrative expense claims of the United States allowed pursuant to the Combined Disclosure Statement and Plan or the Bankruptcy Code shall be paid in accordance with section 1129(a)(9)(A) of the Bankruptcy Code and accrue interest and penalties as provided by non-bankruptcy law until paid in full. Priority Tax Claims of the United States allowed pursuant to the Combined Disclosure Statement and Plan or the Bankruptcy Code will be paid in accordance with section 1129(a)(9)(C) of the Bankruptcy Code. To the extent allowed Priority Tax Claims (including any penalties, interest, or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall accrue

interest commencing on the Effective Date at the rate set forth in Section 511 of the Bankruptcy Code. Moreover, nothing shall affect a release, injunction or otherwise preclude any claim whatsoever against any Debtor or any of the Debtors' Estates by or on behalf of the United States for any liability arising a) out of pre-petition or post-petition tax periods for which a return has not been filed or b) as a result of a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Further, nothing shall enjoin the United States from amending any claim against any Debtor or any of the Debtors' Estates with respect to any tax liability a) arising out of pre-petition or post-petition tax periods for which a tax return has not been filed or b) from a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Any liability arising a) out of pre-petition or post-petition tax periods for which a return has not been filed or b) as a result of a pending audit or audit which may be performed with respect to any pre-petition or post-petition tax period shall be paid in accordance with 1129(a)(9)(A) and (C) of the Bankruptcy Code. Without limiting the foregoing but for the avoidance of doubt, nothing contained in the Documents shall be deemed to bind the United States to any characterization of any transaction for tax purposes or to determine the tax liability of any person or entity, including, but not limited to, the Debtors and the Debtors' estates, nor shall the Documents be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Combined Disclosure Statement and Plan, nor shall anything in the Documents be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under Section 505 of the Bankruptcy Code.

### **SEC Matters**

27.     Notwithstanding any language to the contrary in the Combined Disclosure Statement and Plan and/or this Confirmation Order, no provision shall (i) preclude the United

States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum.

28.     Notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan or this Confirmation Order, nothing in the Combined Disclosure Statement and Plan or this Confirmation Order shall affect the obligations of the Debtors, the Litigation Trust, Litigation Trustee, and/or any transferee or custodian to maintain all books and records that are subject to any SEC subpoena, document preservation letter, or other investigative request wherever those records are located.

### Plan Settlement

29.     The evidence establishes that it is in the best interests of the Debtors' stakeholders to resolve the Committee Challenge Rights on the terms set forth in the Combined Disclosure Statement and Plan, including the Plan Settlement.  In addition, sound business justifications exist for the Debtors, the Committee, and the Prepetition Secured Parties to enter into the Plan Settlement.  Each component of the Plan Settlement is an integral, integrated, and inextricably linked part of the Combined Disclosure Statement and Plan that is not severable from the entirety of the Combined Disclosure Statement and Plan.  Accordingly, the parties have met their burden of proving that the Plan Settlement is fair, reasonable, and in the best interests of the Estates.

### Litigation Trust Beneficial Interests

30.     The Litigation Trust Interests to be issued to the Litigation Trust Beneficiaries under the Combined Disclosure Statement and Plan are being issued pursuant to section 1145 of the Bankruptcy Code and the offering, issuance, and distribution of the Litigation Trust Interests pursuant to the Combined Disclosure Statement and Plan and the Litigation Trust Agreement shall

be exempt pursuant to section 1145 of the Bankruptcy Code from, among other things, the registration and/or prospectus delivery requirements of section 5 of the Securities Act and any other applicable federal, state, local or other law requiring registration and/or delivery of prospectuses prior to the offering, issuance, distribution, or sale of securities.   The Litigation Trust Interests shall not be represented by units or certificates, or be transferable or assignable, except by will or intestate succession or as otherwise determined by the Litigation Trustee in accordance with all applicable securities law.

31.     Within five (5) business days after a Class 4 General Unsecured Claim becomes an Allowed Claim under the Combined Disclosure Statement and Plan, the Debtors or the Litigation Trustee, as applicable, shall cause a notice to be served on the Holder of such Allowed Class 4 General Unsecured Claim, in form reasonably acceptable to the Litigation Trustee and the Committee or the member of the Litigation Trust Board that is designated by the Committee, as applicable, informing such Holder of its right under the Combined Disclosure Statement and Plan to elect to receive Litigation Trust Interests on account of its Allowed General Unsecured Claim, and that not timely making such election will result in such Holder receiving, in full and final satisfaction of such Holder's Allowed General Unsecured Claim, such Holder's Pro Rata Share of the GUC Cash Pool in accordance with the Combined Disclosure Statement and Plan.  Such notice must provide no less than thirty (30) days for each Holder to make the election, which election may be made either via submission of an election form via U.S. Mail or by online submission through the Debtors' claims agent's website.

## Dissolution of the Committee

32.     On the Effective Date, the Committee shall dissolve and the members thereof and the professionals retained by the Committee shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases; provided, however, that after the Effective

Date, the Committee shall continue to exist and have standing and a right to be heard for the following limited purposes: (a) applications, and any relief related thereto, for payment of Professional Fee Claims or expense reimbursements for members of the Committee; and (b) any appeal pending as of the Effective Date or filed thereafter, the outcome of which could affect the treatment of prepetition creditors (including Holders of Allowed Priority Claims and 503(b)(9) Claims), including, but not limited to, any cases, controversies, suits or disputes arising in connection with the Consummation, interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan or the Confirmation Order.

## **Termination of Professionals**

33.     On the Effective Date, the engagement of each Professional retained by the Debtors shall be terminated without further order of the Court or act of the parties unless otherwise agreed to by the Debtors and such Professional; provided, however, that (a) such Professional shall be entitled to prosecute their respective Professional Fee Claims and represent their respective constituents with respect to applications for payment of such Professionals Fee Claims, and (b) nothing herein or in the Combined Disclosure Statement and Plan shall prevent the Litigation Trustee from retaining any such Professional on or after the Effective Date, which retention shall not require Court approval.

## **Binding Effect on all Parties**

34.     Subject to the occurrence of the Effective Date, the Combined Disclosure Statement and Plan and this Confirmation Order shall be binding and inure to the benefit of the Debtors, the Litigation Trustee, the Released Parties, all present and former holders of Claims and Interests, and their respective successors and assigns.  Except as expressly provided in the Combined Disclosure Statement and Plan, all agreements, instruments and other documents filed in

connection with the Combined Disclosure Statement and Plan shall be given full force and effect, and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement.

35.     Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Litigation Trustee, and their respective successors and assigns.

## Modifications

36.     Without the need for a further order or authorization of this Court, but subject to the express provisions of this Confirmation Order, the Debtors shall be authorized and empowered as may be necessary to make non-material modifications to the documents filed with the Court, including the various documents included in the Plan Supplement and the Combined Disclosure Statement and Plan, in each case, only in accordance with and subject to the terms of the Combined Disclosure Statement and Plan.   For the avoidance of doubt, the evidentiary record for the Combined Hearing is closed, and the evidentiary record shall not be amended, modified or supplemented.

## Notice of Entry of Confirmation Order and Effective Date

37.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form attached hereto as Exhibit B (the "Notice of Confirmation and Effective

Date") on the Effective Date, on all holders of Claims against or Interests in the Debtors and all other Persons on whom the Combined Hearing Notice was served. The form of the Notice of Confirmation and Effective Date is hereby approved in all respects. The Notice of Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, including, without limitation, any bar dates and deadlines established under the Combined Disclosure Statement and Plan and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date, or any such bar dates and deadlines need be given.

38.     Except as otherwise may be provided in the Combined Disclosure Statement and Plan, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties: (i) the Litigation Trustee, (ii) the U.S. Trustee (iii) any party known to be directly affected by the relief sought; and (iv) any party that requests notice after the Effective Date in accordance with Bankruptcy Rule 2002.

## Retention of Jurisdiction

39.     Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases, the Combined Disclosure Statement and Plan, and related documents, to the fullest extent permitted by applicable law, including, among other things, to take the actions specified in Section 15 of the Combined Disclosure Statement and Plan.

## References to Combined Disclosure Statement and Plan Provisions

40.     The failure to specifically include or to refer to any particular article, section, or provision of the Combined Disclosure Statement and Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or

provision, and such article, section, or provision shall have the same validity, binding effect, and enforceability as every other article, section, or provision of the Combined Disclosure Statement and Plan, it being the intent of this Court that the Combined Disclosure Statement and Plan (as and to the extent modified by this Confirmation Order) be confirmed in its entirety.

## Rules Governing Conflicts Between Documents

41.     In the event that any provision of the Combined Disclosure Statement and Plan is inconsistent with the provisions of the Plan Supplement and any other order in the Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan shall control and take precedence; *provided*, *however*, that this Confirmation Order shall control and take precedence in the event of any inconsistency between this Confirmation Order, any provision of the Combined Disclosure Statement and Plan, and any of the foregoing documents; *provided further, however*, in the event that there is any inconsistency between the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, the terms of the Combined Disclosure Statement and Plan shall control.

## Extension of Injunctions and Stays

42.     Unless otherwise provided in the Combined Disclosure Statement and Plan or in this Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (including any injunctions or stays contained in or arising from the Combined Disclosure Statement and Plan or this Confirmation Order), shall remain in full force and effect.

## Section 1146 Exemption

43.     Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Combined Disclosure Statement and Plan or the making or

delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Combined Disclosure Statement and Plan, or the re-vesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, or as contemplated by the Combined Disclosure Statement and Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax or any similar tax or fee.

## Headings

44.     Headings utilized herein are for convenience and reference only, and do not constitute a part of the Combined Disclosure Statement and Plan or this Confirmation Order for any other purpose.

## No Stay of Confirmation Order

45.     Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule to the contrary, to the extent applicable, there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

**Exhibit A**

**Combined Disclosure Statement and Plan**

## **Exhibit B**

**Notice of Confirmation and Effective Date**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. [●]**<br><br>__Administrative Claims Bar Date__:<br>[●], 2024 at 5:00 p.m. (ET)<br><br>__Professional Fee Claims Bar Date__:<br>[●], 2024<br><br>__Rejection Damages Bar Date__:<br>[●], 2024 |

**NOTICE OF (I) EFFECTIVE DATE OF THIRD AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (II) CERTAIN CLAIMS BAR DATES**

**PLEASE TAKE NOTICE THAT:**

**Entry of Confirmation Order**. On [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "__Bankruptcy Court__") entered the *Findings of Fact, Conclusions of Law, and Order Approving Adequacy of Disclosures on a Final Basis and Confirming the Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. [●]] (the "__Confirmation Order__"), pursuant to which the Bankruptcy Court approved and confirmed the *Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*Intelligence, Inc. and Its Affiliated Debtors*, dated February 27, 2024 [D.I. 304] (the "Combined Disclosure Statement and Plan").[2]

**Effective Date**.  The Effective Date, as defined in the Combined Disclosure Statement and Plan, occurred on **[●], 2024.**

**Administrative Claims Bar Date.** Holders of Administrative Claims, other than: (i) Professional Fee Claims, (ii) an Administrative Claim that has been Allowed (including pursuant to the Final DIP Order) on or before the Effective Date, (iii) a 503(b)(9) Claim; (iv) any Claim, to the extent not previously paid, for the reasonable and documented out-of-pocket fees, expenses, costs and other charges incurred by the DIP Lenders or Prepetition Lenders, the Debtors' payment of which is provided for in the Final DIP Order and this Combined Disclosure Statement and Plan, which Claim shall be Allowed on the Effective Date; (v) an Administrative Claim for an expense or liability incurred prior to the Effective Date in the ordinary course of business; (vi) an Administrative Claim on account of fees and expenses incurred on or after the Petition Date but before the Effective Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court; (vii) an Administrative Claim arising, in the ordinary course of business, out of the employment by one or more Debtors of an individual from and after the Petition Date but before the Effective Date, but only to the extent that such Administrative Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses; (viii) U.S. Trustee Fees; or (ix) an Intercompany Claim, shall file with the Bankruptcy Court and serve on the Debtors, the Litigation Trustee, the Claims Agent and the U.S. Trustee requests for payment, in writing, together with supporting documents, substantially complying with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, so as to actually be received on or before **5:00 p.m. (EST) on [●], 2024.**

As defined in the Combined Disclosure Statement and Plan, an "Administrative Claim" is any Claim for costs and expenses of administration of the Chapter 11 Cases allowed under sections 503(b), 507(a)(2), 507(b) or, if applicable, 1114(e)(2) of the Bankruptcy Code, including but not limited to: (a) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors (including, but not limited to, wages, salaries, commissions for services and payments for inventories, leased equipment and premises) and Claims by Governmental Units for taxes (including Claims related to taxes which accrued after the Petition Date, but excluding Claims related to taxes which accrued on or before the Petition Date); (b) Professional Fee Claims; (c) U.S. Trustee Fees; (d) any 503(b)(9) Claims; (e) Prepetition Loan Adequate Protection Claims; and (f) any Claims that have been designated "Administrative Claims" by Final Order of the Bankruptcy Court (including the Final DIP Order). **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND RELEASED.**

**Professional Fee Claims Bar Date.** All requests for compensation or payment of Professional Fee Claims incurred through and including the Effective Date must be filed with the

---

[2]    Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan or Confirmation Order, as applicable.

Bankruptcy Court and served in accordance with the procedures prescribed by the Combined Disclosure Statement and Plan, the Confirmation Order, the Bankruptcy Rules, and other rules and orders of the Bankruptcy Court on or before **[●], 2024**.  As defined by the Combined Disclosure Statement and Plan, a "Professional Fee Claim" is a Claim for all fees and expenses (including but not limited to, transaction fees and success fees) for services rendered by Professionals in connection with the Chapter 11 Cases from the Petition Date through and including the Effective Date. Objections to such Fee Claims, if any, must be filed and served no later than twenty (20) calendar days after the filing of such fee application or such other date as established by the Bankruptcy Court.

**Procedures Relating to Assumption and Rejection of Executory Contracts.**  Pursuant to Section 12 of the Combined Disclosure Statement and Plan, each Executory Contract not previously rejected, assumed, or assumed and assigned (including any Executory Contract assumed and assigned in connection with a Sale) shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract: (i) as of the Effective Date is subject to a pending motion to assume such Executory Contract; (ii) is a contract, release, or other agreement or document entered into in connection with the Combined Disclosure Statement and Plan; (iii) is a D&O Policy or an insurance policy; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

**Rejection Damages Claim Bar Date.**  Unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts pursuant to the Combined Disclosure Statement and Plan or otherwise, must be filed with Bankruptcy Court and served on the Litigation Trustee no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such Executory Contract and (ii) the occurrence of the Effective Date. **Any Claims arising from the rejection of an Executory Contract not filed with the Bankruptcy Court within such time will be forever barred from assertion, and shall not be enforceable against the Debtors, the Litigation Trust, the Debtors' Estates, or the property for any of the foregoing, and any Claim arising out of the rejection of the Executory Contract shall be deemed fully compromised, settled, and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Debtors' Executory Contracts shall be classified as Class 4 General Unsecured Claims, except as otherwise provided by order of the Bankruptcy Court.

**Class 4 General Unsecured Claims Election Option**.  The Combined Disclosure Statement and Plan provides that Holders of Allowed Class 4 General Unsecured Claims may elect to receive their Pro Rata Share of the Litigation Trust Proceeds on account of their Allowed Claims.  If no such election is made, each  Holder will receive, in full and final satisfaction of such Holder's Allowed General Unsecured Claim, such Holder's Pro Rata Share of the GUC Cash Pool. Within five (5) business days after a Class 4 General Unsecured Claim becomes an Allowed Claim under the Combined Disclosure Statement and Plan, the Debtors will serve a notice on each Holder of an Allowed Class 4 Claim with respect to such election option.  Each Holder of an Allowed Class 4 General Unsecured Claim must make the election within thirty (30) days of such notice, which election may be made either via submission of an election form via U.S. Mail or by online submission through the Debtors' claims agent's website.

**Copies of Plan Related Documents.** Copies of the Confirmation Order and the Combined Disclosure Statement and Plan, together with all pleadings and orders of the Bankruptcy Court in the above-captioned Chapter 11 Cases, are publicly available by accessing the Bankruptcy Court's website, http://www.deb.uscourts.gov, for a nominal charge (a PACER account is required), or by accessing Kroll's website, https://cases.ra.kroll.com/near/Home-DocketInfo, free of charge.

**Binding Effect of Combined Disclosure Statement and Plan and Confirmation Order.** The provisions of the Combined Disclosure Statement and Plan and the Confirmation Order shall be binding and inure to the benefit of the Debtors, the Litigation Trustee, the Released Parties, all present and former holders of Claims and Interests, and their respective successors and assigns. Except as expressly provided in the Combined Disclosure Statement and Plan, all agreements, instruments and other documents filed in connection with the Combined Disclosure Statement and Plan shall be given full force and effect, and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement. Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and the Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Litigation Trustee, and their respective successors and assigns.

Dated: March [•], 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered)<br><br>Ref. D.I. 243, 245, 304, 305 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER APPROVING ADEQUACY OF DISCLOSURES ON**
**A FINAL BASIS AND CONFIRMING THE MODIFIED THIRD AMENDED**
**COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF**
**LIQUIDATION OF NEAR INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS**
**PURSUANT TO**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon consideration of the *Modified Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors*, dated February 27March 8, 2024 [D.I. 304●], attached hereto as Exhibit A (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan"), proposed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); and this Court having approved the Combined Disclosure Statement and Plan on an interim basis, for solicitation purposes only, by order dated February 5, 2024 [D.I. 243] (the "Solicitation Procedures Order"); and the Debtors having filed the Plan Supplement on February 27, 2024 [D.I. 305] (as may be amended, modified, or supplemented, the "Plan Supplement"); and upon the affidavitsaffidavit of service

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

filed reflecting compliance with the notice and solicitation requirements of the Solicitation Procedures Order [D.I. [▲]311] (collectively, the "Notice AffidavitsAffidavit"); and upon the *Notice of (I) Approval of Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; and (II) The Hearing to Consider (A) Final Approval of the Combined Disclosure Statement and Plan as Containing Adequate Information and (B) Confirmation of the Combined Disclosure Statement and Plan* [D.I. 246] (the "Combined Hearing Notice"); and upon the *Declaration of Stanislav Kesler of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. [▲]317], filed with this Court on March [8], 2024 (the "Voting Declaration"); and upon the *Declaration of Jordan Fisher in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. [▲]319] (the "Fisher Declaration"), filed with this Court on March [8], 2024; and upon the *Memorandum of Law in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors* [D.I. [▲]318], filed with this Court on March [8], 2024 (the "Confirmation Memorandum"); and any objections to the Combined Disclosure Statement and Plan having been resolved and/or overruled by this Court pursuant to this Confirmation Order; and the hearing to consider Confirmation of the Combined Disclosure Statement and Plan and final approval of the disclosures contained therein having been held on March 12, 2024 (the "Combined Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Combined Hearing; and this Court having reviewed all

documents in connection with the Combined Hearing and having heard all parties desiring to be heard; and upon the record of the Chapter 11 Cases (as defined below); and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following:

<u>**Findings of Fact and Conclusions of Law**</u>

A.      **Findings of Fact and Conclusions of Law.**  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Combined Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      **Capitalized Terms.**  Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Combined Disclosure Statement and Plan, the Plan Supplement, and the Solicitation Procedures Order, as applicable.

C.      **Jurisdiction and Venue.**  This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent to entry of this Confirmation Order under the Local Rules and Article III of the United States Constitution. Venue of these proceedings and the Chapter 11 Cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    **Chapter 11 Petitions.**  On December 8, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  On December 22, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [D.I. 85] (the "Committee").  No party has requested the appointment of a trustee or examiner in the Chapter 11 Cases.

E.    **Judicial Notice.**  This Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of this Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the Chapter 11 Cases, including, without limitation, the Combined Hearing.

F.    **Adequacy of Disclosures in the Combined Disclosure Statement and Plan.** The Combined Disclosure Statement and Plan contains adequate and extensive material information regarding the Debtors and the Combined Disclosure Statement and Plan (and the transactions contemplated thereby) so that the parties entitled to vote on the Combined Disclosure Statement and Plan could make informed decisions regarding the Combined Disclosure Statement and Plan.  The Combined Disclosure Statement and Plan contains "adequate information" as that term is defined in section 1125(a) of the Bankruptcy Code and complies with any applicable additional requirements of the Bankruptcy Code and Bankruptcy Rules.

- 4 -

G. **Plan Supplement.** Prior to the Combined Hearing, the Debtors filed the Plan Supplement. The Plan Supplement complies with the terms of the Combined Disclosure Statement and Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is or shall be required. The Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with this Confirmation Order and/or the Combined Disclosure Statement and Plan.

H. **Mailing of Solicitation and Confirmation Materials.** As is evidenced by the Voting Declaration and the Notice ~~Affidavits~~Affidavit, the transmittal and service of the Combined Disclosure Statement and Plan, the Ballots, the Combined Hearing Notice, and the Opt-Out Election Form were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Disclosure Statement and Plan (including the deadline for filing and serving objections to final approval of the Combined Disclosure Statement and Plan as containing adequate information and Confirmation thereof) have been given due, proper, timely, and adequate notice thereof in accordance with the Solicitation Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice of the Combined Disclosure Statement and Plan and the Combined Hearing is required.

I. **Voting.** The procedures by which the Ballots for acceptance or rejection of the Combined Disclosure Statement and Plan were distributed and tabulated under the circumstances of the Chapter 11 Cases were fair, properly conducted, and complied with the Bankruptcy Code and the Bankruptcy Rules, applicable non-bankruptcy law and the Solicitation Procedures Order.

J.       **Bankruptcy Rule 3016.**   In accordance with Bankruptcy Rule 3016(a), the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the plan proponents.   In accordance with Bankruptcy Rule 3016(b), the Debtors appropriately filed the Combined Disclosure Statement and Plan with this Court.

K.       **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**   As set forth below, the Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

L.       **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).**   The classification of Claims and Interests under the Combined Disclosure Statement and Plan is proper under the Bankruptcy Code.   In addition to Administrative Claims, Professional Fee Claims, DIP Loan Claims, Priority Tax Claims, and ~~U.S. Trustee~~**Quarterly** Fees, which need not be classified, the Combined Disclosure Statement and Plan designates seven Classes of Claims and Interests.   The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class.   Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Disclosure Statement and Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.   Thus, the Combined Disclosure Statement and Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

M.       **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**   Section VII of the Combined Disclosure Statement and Plan specifies that Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are Unimpaired under the Combined Disclosure Statement and Plan.   Thus, section 1123(a)(2) of the Bankruptcy Code is satisfied.

N.   **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**
Section 7 of the Combined Disclosure Statement and Plan designates Class 3 (Prepetition Loan Claims), Class 4 (General Unsecured Claims), Class 5 (Existing Securities Law Claims), Class 6 (Interests), and Class 7A (Intercompany Claims) and Class 7B (Intercompany Interests) as Impaired and specifies the treatment of Claims and Interests in such Classes.  Thus, section 1123(a)(3) of the Bankruptcy Code is satisfied.

O.   **No Discrimination (11 U.S.C. § 1123(a)(4)).**   The Combined Disclosure Statement and Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

P.   **Implementation of the Combined Disclosure Statement and Plan (11 U.S.C. § 1123(a)(5)).**  The Combined Disclosure Statement and Plan, including the provisions governing the Litigation Trust, provides adequate and proper means for the Combined Disclosure Statement and Plan's implementation.  Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied.

Q.   **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**   The Combined Disclosure Statement and Plan does not provide for the issuance of non-voting securities, all Interests in the Debtors shall be cancelled and the Debtors' corporate entities shall be wound down.  Therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

R.   **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).**  Section 9 of the Combined Disclosure Statement and Plan provides that the Litigation Trust shall be administered by the Litigation Trustee and the Litigation Trust Board, in accordance with the Combined Disclosure Statement and Plan and the Litigation Trust Agreement.  The Litigation Trustee was

designated by the DIP Agent and Prepetition Agent, in consultation with the Committee and acceptable to the Debtors, and shall be appointed as the trustee to the Litigation Trust as of the Effective Date or as soon as reasonably practicable thereafter.  One member of the Litigation Trust Board was selected by the Committee, which member is reasonably acceptable to the DIP Agent and the Prepetition Agent, and two members of the Litigation Trust Board were selected by the DIP Agent and the Prepetition Agent in consultation with the Committee**; provided, that, the Litigation Trustee must obtain unanimous consent from the members of the Litigation Trust Board before pursuing (or refusing to pursue) any Claims objections and settlements with respect to General Unsecured Claims, which are not Prepetition Loan Claims, that are asserted or scheduled in the amount of $200,000 or higher. Prior to the Effective Date, the Debtors, the Committee, and the Prepetition Lenders shall use reasonable efforts to identify and agree upon Claims that the Litigation Trustee will seek to object to and/or settle**. The Litigation Trustee shall oversee the Litigation Trust and the implementation of the Combined Disclosure Statement and Plan, pursue and litigate the Litigation Trust Assets (including the Retained Causes of Action), and oversee and implement the wind-down of the Estates.  The Litigation Trustee shall be vested with the power to act for the Debtors in the same capacity as applicable to a board of directors and officers, subject to the provisions of the Combined Disclosure Statement and Plan and the Litigation Trust Agreement (and all articles of incorporation or amendments, by-laws, governing documents, and related documents, as applicable, are deemed amended pursuant to the Combined Disclosure Statement and Plan to permit and authorize the same).  From and after the Effective Date, the Litigation Trustee shall be deemed the sole officer, representative, and director of, and shall act for, each of the Debtors and their Estates.

S.    **Additional Combined Disclosure Statement and Plan Provisions (11 U.S.C. §**
**1123(b)).**  The Combined Disclosure Statement and Plan provisions are appropriate, in the best
interests of the Debtors and their Estates, and consistent with the applicable provisions of the
Bankruptcy Code and Bankruptcy Rules.

T.    **Executory Contracts (11 U.S.C. § 1123(b)(1), (b)(2)).**  The Debtors have
exercised reasonable business judgment in determining to either assume, assume and assign, or
reject each of the Debtors' remaining Executory Contracts as provided for in the Combined
Disclosure Statement and Plan, the Plan Supplement, and this Confirmation Order, and any such
determinations are justified and appropriate under the circumstances.

U.    **Compromises and Settlements Under and in Connection with the Combined**
**Disclosure Statement and Plan (11 U.S.C. § 1123(b)(3)(A)).**  All of the settlements and
compromises pursuant to and in connection with the Combined Disclosure Statement and Plan,
including the Plan Settlement, comply with the requirements of section 1123(b)(3) of the
Bankruptcy Code and Bankruptcy Rule 9019. ~~Accordingly, except as otherwise set forth~~ in
the Combined Disclosure Statement and Plan ~~or herein, in consideration for the distributions~~
~~and other benefits provided for~~ under the Combined Disclosure Statement and Plan, ~~including~~
~~the release, exculpation, and injunction provisions,~~ the Combined Disclosure Statement and
Plan ~~shall constitute a good faith compromise and settlement of all Claims and~~
~~controversies resolved pursuant to~~ the Combined Disclosure Statement and Plan, ~~including~~
~~the Committee Challenge Rights.~~

V.    **Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b)(3)(B))**.  Under
the facts and circumstances of the Chapter 11 Cases, the releases, exculpations, and injunctions
provided for in the Combined Disclosure Statement and Plan are, subject to the terms and

limitations set forth in the Combined Disclosure Statement and Plan: (i) within the jurisdiction of this Court under 28 U.S.C. § 1334, (ii) an appropriate exercise of the Debtors' business judgment, (iii) integral elements of the transactions incorporated into the Combined Disclosure Statement and Plan and inextricably bound with the other provisions of the Combined Disclosure Statement and Plan, (iv) in exchange for good and valuable consideration provided by the Released Parties, (v) in the best interests of the Debtors, the Estates, and all holders of Claims and Interests that are Releasing Parties, (vi) fair, equitable, and reasonable, (vii) given and made after due notice and an opportunity to object, opt-out, and be heard with respect thereto, (viii) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and other applicable law, and (ix) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties as and to the extent provided for in the Combined Disclosure Statement and Plan and this Confirmation Order. **For the avoidance of doubt, MobileFuse and any directors, officers, or employees of MobileFuse that are named as defendants in the MobileFuse Litigation shall not be deemed to be Releasing Parties.**

W.    **Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5)).**  In accordance with section 1123(b)(5) of the Bankruptcy Code, Section 7 of the Combined Disclosure Statement and Plan modifies or leaves unaffected, as the case may be, the rights of holders of Claims and Interests in each Class.

X.    **Combined Disclosure Statement and Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6)).**  In accordance with section 1123(b)(6) of the Bankruptcy Code, the Combined Disclosure Statement and Plan includes various additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

Y.      **Modifications to the Combined Disclosure Statement and Plan (11 U.S.C. §
1127(a)).**  The modifications to the solicitation version of the Combined Disclosure Statement
and Plan do not adversely change the treatment of any Class in a material manner.  Therefore, the
Combined Disclosure Statement and Plan does not require additional disclosure under sections
1125 or 1127(a) of the Bankruptcy Code or re-solicitation of votes under section 1126 of the
Bankruptcy Code, nor does it require that holders of Claims be afforded an opportunity to change
previously cast acceptances or rejections.  The Classes that accepted the solicitation version of
the Combined Disclosure Statement and Plan are deemed to have accepted the Combined
Disclosure Statement and Plan and additional notice under Bankruptcy Rule 3019(a) is not
required.

Z.      **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**
Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the
applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122,
1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation
Procedures Order governing notice, disclosure, and solicitation in connection with the Combined
Disclosure Statement and Plan, the Plan Supplement, and all other matters considered by this
Court in connection with the Chapter 11 Cases.

AA.     **Combined Disclosure Statement and Plan Proposed in Good Faith and Not
by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).**  The Debtors have proposed the
Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law,
thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Combined
Disclosure Statement and Plan has been proposed in good faith, this Court has examined the
totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Combined

Disclosure Statement and Plan itself, and the process leading to its formulation.  The Combined Disclosure Statement and Plan is the result of extensive arm's length negotiations among the Debtors, the Committee, the U.S. Trustee, the Prepetition Lenders, the DIP Lenders, the SEC (as defined below) and other key stakeholders.  The Combined Disclosure Statement and Plan promotes the objectives and purposes of the Bankruptcy Code.

BB.    **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**  The procedures set forth in the Combined Disclosure Statement and Plan for this Court's approval of the fees, costs, and expenses to be paid in connection with the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

CC.    **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**  In accordance with the Combined Disclosure Statement and Plan, the Debtors' corporate entities will be wound down and, pursuant to Section 9.4 of the Combined Disclosure Statement and Plan, upon the occurrence of the Effective Date, each of the Debtors' directors and officers shall be terminated automatically (except to the extent retained by the Litigation Trustee, subject to a separate agreement with the Litigation Trustee).  The identity of the Litigation Trustee has been disclosed as part of the Plan Supplement, and is consistent with the interests of holders of Claims and Interests and with public policy.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

DD.    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**  The "best interests" test is satisfied as to all Impaired Classes under the Combined Disclosure Statement and Plan, as each holder of a Claim or Interest in such Impaired Classes will receive or retain property of a value,

as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

EE.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**  Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are left unimpaired under the Combined Disclosure Statement and Plan. Class 3 (Prepetition Loan Claims) [and Class 4 (General Unsecured Claims)] ² have voted to accept the Combined Disclosure Statement and Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes. Class 5 (Existing Securities Law Claims), Class 6 (Interests), Class 7A (Intercompany Claims) and Class 7B (Intercompany Interests) are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied.  The Combined Disclosure Statement and Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

FF.    **Treatment of Administrative Claims, Professional Fee Claims, Priority Tax Claims, DIP Loan Claims and U.S. Trustee Claims (11 U.S.C. § 1129(a)(9)).**  The treatment of Administrative Claims, Professional Fee Claims, DIP Loan Claims, Priority Tax Claims, and U.S. Trustee Quarterly Fees pursuant to Sections 2 and 6 of the Combined Disclosure Statement and Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

---

² With respect to Debtor Near Intelligence LLC, Class 4 failed to submit any Ballots and is deemed to have accepted the Combined Disclosure Statement and Plan with respect to such Debtor.  See In re Accuride Corp., No. 09-13449 BLS, 2010 WL 5093173, at *6 (Bankr. D. Del. Feb. 18, 2010) ("Class 4A failed to submit any Ballots and is deemed to have accepted the Plan."); see also In re Ruti–Sweetwater, Inc., 836 F.2d 1263 (10th Cir.1988) (inaction by a non-voting single class creditor constitutes acceptance by the class); In re Adelphia Communs. Corp., 368 B.R. 140 (Bankr.S.D.N.Y.2007) (following Ruti–Sweetwater in holding that a non-voting class is deemed to have accepted the plan).

GG.    **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**  Class 3 (Prepetition Loan Claims) [and Class 4 (General Unsecured Claims)] are Impaired Classes of Claims that voted to accept the Combined Disclosure Statement and Plan with respect to each of the Debtors, determined without including any acceptance of the Combined Disclosure Statement and Plan by any insider.  Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied.

HH.    **Feasibility (11 U.S.C. § 1129(a)(11)).**  The evidence supporting the Combined Disclosure Statement and Plan proffered or adduced by the Debtors at, or prior to, or in declarations filed in connection with the Combined Hearing establish that the Debtors have the wherewithal to make all payments and otherwise comply with their financial commitments under the Combined Disclosure Statement and Plan.

II.    **Payment of Fees (11 U.S.C. § 1129(a)(12)).**  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Combined Disclosure Statement and Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

JJ.    **Miscellaneous Provisions (11 U.S.C. §§ 1129 (a)(6), 1129(a)(13)–(16)).** Sections 1129(a)(6), (a)(13)–(16) of the Bankruptcy Code are inapplicable to Confirmation, as the Debtors (i) will not have any businesses involving the establishment of rates (section 1126(a)(6)), (ii) are not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) (section 1129(a)(13)), (iii) have no domestic support obligations (section 1129(a)(14)), (iv) are not individuals (section 1129(a)(15)), and (v) are not nonprofit corporations (section 1129(a)(16)).

KK.    **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).**  The classification and treatment of Claims and Interests in Class 5 (Existing Securities Law Claims), Class 6 (Interests), Class 7A (Intercompany Claims) and Class 7B

(Intercompany Interests), which are deemed to have rejected the Combined Disclosure Statement and Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy Code.  There is no Class of Claims or Interests junior to the holders of Claims and Interests in Class 5, Class 6, Class 7A and Class 7B that will receive or retain property under the Combined Disclosure Statement and Plan on account of their Claims or Interests.  Accordingly, the Combined Disclosure Statement and Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Combined Disclosure Statement and Plan.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(b) of the Bankruptcy Code.

LL.    **Only One Plan (11 U.S.C. § 1129(c)).**  The Combined Disclosure Statement and Plan is the only chapter 11 plan currently proposed in the Chapter 11 Cases, and section 1129(c) of the Bankruptcy Code is therefore satisfied.

MM.    **Principal Purpose (11 U.S.C. § 1129(d)).**  The principal purpose of the Combined Disclosure Statement and Plan is neither the avoidance of taxes, nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to Confirmation on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

NN.    **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

OO.    **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtors and their officers, directors, employees, advisors, Professionals, and agents have acted in good faith within the

meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the release, injunction and exculpation provisions set forth in Section 14 of the Combined Disclosure Statement and Plan and in this Confirmation Order.

PP.    **Retention of Jurisdiction.**  This Court retains jurisdiction over the matters set forth in Section 15 of the Combined Disclosure Statement and Plan and/or section 1142 of the Bankruptcy Code.  **For the avoidance of doubt, the rights of all parties are reserved with respect to the jurisdiction of the Bankruptcy Court over the MobileFuse Litigation.**

**Based upon the foregoing findings, and upon the record made before this Court at the Combined Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

**Adequacy of Disclosures in the Combined Disclosure Statement and Plan**

1.    The Combined Disclosure Statement and Plan is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

**Confirmation of the Combined Disclosure Statement and Plan**

2.    The Combined Disclosure Statement and Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy

Code. All objections to Confirmation and the Combined Disclosure Statement and Plan not otherwise withdrawn, resolved, or otherwise disposed of are overruled and denied on the merits.

3.      The terms of the Combined Disclosure Statement and Plan are incorporated by reference into (except to the extent modified by this Confirmation Order), and are an integral part of, this Confirmation Order.  Each provision of the Combined Disclosure Statement and Plan, as modified by this Confirmation Order, is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Combined Disclosure Statement and Plan.  The terms of the Combined Disclosure Statement and Plan, as modified by any modifications made at the Combined Hearing, are incorporated by reference into and are an integral part of this Confirmation Order.  The failure specifically to describe, include, or refer to any particular article, section, or provision of the Combined Disclosure Statement and Plan, Plan Supplement, or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and the Combined Disclosure Statement and Plan, the Plan Supplement, and all related documents are approved and confirmed in their entirety as if set forth verbatim in this Confirmation Order.

## Conditions Precedent

4.      The Effective Date shall not occur unless the conditions precedent set forth in Section 13.1 of the Combined Disclosure Statement and Plan have been satisfied or waived in accordance with Section 13.3 of the Combined Disclosure Statement and Plan.

## Compromises and Settlements Under the Combined Disclosure Statement and Plan

5.      Pursuant to section 1123 of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Combined Disclosure Statement and Plan,

including the Plan Settlement, are approved in all respects, and constitute good faith compromises and settlements.

## Classification and Treatment

6.      The Combined Disclosure Statement and Plan's classification scheme is approved.  The classifications set forth on the Ballots (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Combined Disclosure Statement and Plan for distribution purposes, (c) may not be relied upon by any holder as representing the actual classification of such Claim under the Combined Disclosure Statement and Plan for distribution purposes, and (d) shall not be binding on the Debtors, and/or the Litigation Trustee, as applicable, except for the purpose of voting on the Combined Disclosure Statement and Plan.

### Authorization to Implement the Combined Disclosure Statement and Plan

7.      The Debtors and/or the Litigation Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate the Combined Disclosure Statement and Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith, prior to, on, and after the Effective Date, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date shareholders or board of directors of the Debtors.

8.      On or after the Effective Date, the officers of the Debtors or Litigation Trustee, as applicable, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Combined Disclosure Statement and Plan and to take all necessary actions required in connection therewith, in the name of and

on behalf of the Debtors, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date shareholders or board of directors of the Debtors.

9.        The Debtors or the Litigation Trustee (as applicable) are authorized to adjust, continue, settle, reinstate, discharge or eliminate all Allowed Intercompany Claims and Intercompany Interests, in each case to the extent the Debtors or the Litigation Trustee deem appropriate, with the prior consent of the Prepetition Agent.

10.        The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Litigation Trustee, the Debtors, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Combined Disclosure Statement and Plan or this Confirmation Order.

## **Enforceability of the Combined Disclosure Statement and Plan**

11.        Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code, the Combined Disclosure Statement and Plan and all related documents (including, but not limited to, the Litigation Trust Agreement) shall be, and hereby are, valid, binding and enforceable.

12.        On the Effective Date, the Debtors shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Litigation Trust all of their rights, title, claims, defenses, and interest in and to all of the Litigation Trust Assets free and clear of all liens, claims, and encumbrances, except to the extent otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order, in accordance with section 1141 of the Bankruptcy Code; and such transfer shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

**The Litigation Trust**

13.     **Litigation Trustee.**  On the Effective Date, the Litigation Trust, in accordance with the terms of the Litigation Trust Agreement and the Combined Disclosure Statement and Plan, shall be established for the benefit of the Litigation Trust Beneficiaries.  Pursuant to the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, all of the Litigation Trust Assets shall be deemed to have been vested in the Litigation Trust on the Effective Date, without the necessity of any further order of this Court.  The Litigation Trustee may use, acquire and dispose of property in accordance with the terms of the Litigation Trust Agreement and the Combined Disclosure Statement and Plan and shall have the exclusive right, authority, and standing to initiate, file, prosecute, abandon, compromise, settle, withdraw, litigate to judgment or release any Claims and Causes of Action that are Litigation Trust Assets or to take, or to refrain from taking, any other action which the Litigation Trustee, in consultation with the Litigation Trust Board as required under the Litigation Trust Agreement, which the Litigation Trustee deems necessary or desirable, in each case in accordance with the wind-down budget reflected in the Current DIP Budget (as defined in the Final DIP Order), and without supervision of or approval by the Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Combined Disclosure Statement and Plan, the Litigation Trust Agreement or this Confirmation Order.  The Litigation Trustee shall be the representative of the Estate as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code with respect to the rights, powers, authority, and responsibilities specified in the Combined Disclosure Statement and Plan, this Confirmation Order and the Litigation Trust Agreement and except as provided in the Combined Disclosure Statement and Plan, the Litigation Trust Agreement or this Confirmation Order, the Litigation Trustee shall be the

Debtors' successor in interest with respect to the Litigation Trust Assets and all actions, claims, defenses, rights, or interests constituting Litigation Trust Assets are preserved and retained and may be enforced by the Litigation Trustee as the representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

14.    **Litigation Trust Agreement.**  The formation, rights, powers, duties, structure, obligations and other matters pertaining to the Litigation Trustee shall be governed by the Litigation Trust Agreement, the Combined Disclosure Statement and Plan and this Confirmation Order.   The terms of the Litigation Trust Agreement are consistent with the Combined Disclosure Statement and Plan and this Confirmation Order, fair, reasonable and in the best interest of the Debtors, their Estates, creditors, and other parties in interest.  The Litigation Trust Agreement is approved, subject to any amendments permitted under the Combined Disclosure Statement and Plan, the Litigation Trust Agreement, and this Confirmation Order.  The terms of the Litigation Trust, the selection and appointment of the Litigation Trustee, and the members of the Litigation Trust Board and the terms of the Litigation Trustee's and the Litigation Trust Board's compensation are fair, equitable and reasonable and in the best interest of the Debtors, their Estates, creditors, and other parties in interest.   Pursuant to the Combined Disclosure Statement and Plan, the Court shall retain jurisdiction over the Litigation Trust.

## Executory Contracts

15.    The assumption of the Executory Contracts identified on the Assumption Schedule is approved.

16.    Except for any Executory Contract that (i) has already been assumed and assigned; (ii) as of the Effective Date is subject to a pending motion to assume or assume and assign such Executory Contract; (iii) is a contract, release, or other agreement or document

entered into in connection with the Combined Disclosure Statement and Plan; (iv) is a D&O Policy or an insurance policy; or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement, each of the Debtors' remaining Executory Contracts shall be deemed rejected as of the Effective Date in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code and such rejections are approved.

17.      Each Executory Contract assumed pursuant to the Combined Disclosure Statement and Plan or by Order of this Court, and not assigned to a third party on or prior to the Effective Date, shall be assumed by the Wind-Down Estates, and any proceeds and/or receivables owed to the Wind-Down Estates under any Executory Contract shall be deemed a Litigation Trust Asset.

18.      Unless otherwise provided by a Court order, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts pursuant to the Combined Disclosure Statement and Plan or otherwise must be filed with the Court and served on the Litigation Trustee no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such Executory Contract; and (ii) notice of occurrence of the Effective Date.  All Allowed Claims arising from the rejection of the Debtors' Executory Contracts shall be classified as Class 4 General Unsecured Claims, except as otherwise provided by order of the Court.  Any Allowed Claims arising from the rejection of the Executory Contracts that are not timely filed pursuant to Section 12.2 of the Combined Disclosure Statement and Plan shall be forever disallowed and barred.

## Administrative Claims

19.      Except as otherwise set forth in Section 6.1 of the Combined Disclosure Statement and Plan, requests for payment of Administrative Claims must be filed with the Court

and served on the Debtors, the Litigation Trustee, the Claims Agent, and the U.S. Trustee, so as to be received by the Administrative Claim Bar Date.  Such proof of Administrative Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Claim; (ii) the name of the holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) supporting documentation for the Administrative Claim.  **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND RELEASED**.

### Professional Fees Account and Fee Claims

20.     In accordance with Section 6.1 of the Combined Disclosure Statement and Plan, on the Effective Date, the Debtors shall be authorized to transfer custody of the Professional Fee Reserve Account to the Litigation Trust and the Debtors or the Litigation Trustee, as applicable, shall fund the Professional Fee Reserve Account with cash equal to the Professional Fee Reserve Amount.  Professionals Fee Claims shall be paid in Cash from funds held in the Professional Fee Reserve Account when such Claims are Allowed by a Final Order of the Court.  Neither the Debtors' nor the Litigation Trust's obligations to pay Professional Fee Claims shall be limited nor be deemed limited to funds held in the Professional Fee Reserve Account.

21.     All final applications for payment of Professional Fee Claims must be filed with this Court and served on the Debtors, counsel to the Debtors, counsel to the Committee, counsel to the Prepetition Lenders, the Litigation Trustee, counsel to the Prepetition Lenders, and the U.S. Trustee by the Professional Fee Claims Bar Date.  Each holder of an Allowed Professional Fee Claim shall be paid in Cash from the Professional Fee Reserve Account in an amount equal to such Allowed Professional Fee Claim as soon as reasonably practicable following the date

upon which such Claim becomes Allowed, unless such holder shall agree to a different treatment of such Claim.  Professionals shall only be required to file a final fee application and do not need to file an interim fee application.

22.    The funds in the Professional Fee Reserve Account shall be used solely for the payment of Allowed Professional Fee Claims in accordance with Section 6 of the Combined Disclosure Statement and Plan. Until payment in full of all Allowed Professional Fee Claims, funds held in the Professional Fee Reserve Account shall not be considered Litigation Trust Assets or otherwise property of the Litigation Trust, the Debtors, their Estates, or any other party. Any funds remaining in the Professional Fee Reserve Account after all required payments have been made shall promptly be released from such escrow and shall be returned to the Prepetition Lenders without any further action or order of the Court.

### Release, Injunction, Exculpation and Related Provisions

23.    The release, injunction, exculpation, and related provisions set forth in Section 14 of the Combined Disclosure Statement and Plan are hereby approved and authorized in their entirety, and such provisions are effective and binding on all Entities as and to the extent provided for therein.  **Notwithstanding any provision in the Combined Disclosure Statement and Plan, this Order or the Litigation Trust Agreement to the contrary, the rights of all parties are reserved with respect to MobileFuse's ability (if any) to raise any (a) counter-claim, cross-claim, or third-party claim against any person or entity and (b) argument or defense, including set-off and recoupment, in response to the MobileFuse Litigation.  For the avoidance of doubt, the rights of all parties are reserved with respect to the viability (if any) of such counter-claims, cross-claims, third-party claims, or defenses.**

**Payment of Statutory Fees**

24.     All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code ("Quarterly Fees") prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, any and all Quarterly Fees shall be paid when due and payable.  The Debtors shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR.  After the Effective Date, the Litigation Trustee and each of the Wind-Down Estates shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due.  Each and every one of the Debtors, the Wind-Down Estates, and the Litigation Trustee shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.  The U.S. Trustee shall not be required to file any Administrative Claim in the case, and shall not be treated as providing any release under the Combined Disclosure Statement and Plan with respect to payment of the Quarterly Fees.

**United States Interests**

25. Nothing in this Order, the Combined Disclosure Statement and Plan, the Plan Supplement, or any other implementing or supplementing Combined Disclosure Statement and Plan documents (collectively, the foregoing are referred to as the "Plan Documents") discharges, releases, precludes, or enjoins: (i) any liability to the United States that is not a Claim; (ii) any Claim of the United States arising on or after the Effective Date; or (iii) any liability to a Governmental Unit on the part of any non-Debtor.  Nor shall anything in the Plan Documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the first sentence of this paragraph and nothing in the Plan Documents divests any tribunal of any jurisdiction it may have under police or

~~regulatory law to interpret the Plan Documents or to adjudicate any defense asserted under~~

~~the Plan Documents.~~

25.     **Notwithstanding any provision to the contrary** in the Combined Disclosure

Statement and Plan**, the Plan Supplement, this Order or any implementing Combined**

**Disclosure Statement and Plan documents (collectively, the "Documents"):** Nothing in the

Documents shall: (1) discharge, release, enjoin, impair or otherwise preclude (a) any liability to

a Governmental Unit that is not a "claim" within the meaning of section 101(5) of the

Bankruptcy Code (a "claim"), (b) any claim of a Governmental Unit arising after the Effective

Date, or (c) any liability of any entity or person under police or regulatory statutes or

regulations to any Governmental Unit as the owner, lessor, lessee or operator of property or

rights to property that such entity owns, operates or leases after the Effective Date; (2) release,

nullify, preclude or enjoin the enforcement of any police or regulatory power; (3) modify the

scope of Bankruptcy Code Section 505; (4) confer jurisdiction to the Bankruptcy Court with

respect to the claims, liabilities and Causes of Action of the United States, except to the extent

set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (5)

release, enjoin, impair or discharge any non-Debtors from any claim, liability, suit, right or

Cause of Action of the United States; (6) affect any setoff or recoupment rights of the United

States and such rights are preserved; (7) require the United States to file an administrative

claim in order to receive payment for any liability described in Section 503(b)(1)(B) and (C)

pursuant to Section 503(b)(1)(D) of the Bankruptcy Code; (8) constitute an approval or consent

by the United States without compliance with all applicable legal requirements and approvals

under non-bankruptcy law; (9) be construed as a compromise or settlement of any liability,

claim, Cause of Action or interest of the United States; (10) modify the scope of Section 502 of the Bankruptcy Code with respect to the claims of the United States; (11) cause the filing of any claim, including but not limited to amended claims, by the United States to be automatically disallowed and expunged; (12) exculpate the Debtors from any obligation to pay Allowed Administrative Claims in accordance with the Combined Disclosure Statement and Plan; or (13) enjoin or estop the United States from asserting against the Debtors claims, liabilities and obligations assumed by the Purchaser that the United States would otherwise be entitled to assert against the Debtors and the Debtors' estates under applicable law.

26.     **Liens securing claims of the United States shall be retained until the claim, with interest, is paid in full. Administrative expense claims of the United States allowed pursuant to the Combined Disclosure Statement and Plan or the Bankruptcy Code shall be paid in accordance with section 1129(a)(9)(A) of the Bankruptcy Code and accrue interest and penalties as provided by non-bankruptcy law until paid in full. Priority Tax Claims of the United States allowed pursuant to the Combined Disclosure Statement and Plan or the Bankruptcy Code will be paid in accordance with section 1129(a)(9)(C) of the Bankruptcy Code. To the extent allowed Priority Tax Claims (including any penalties, interest, or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate set forth in Section 511 of the Bankruptcy Code. Moreover, nothing shall affect a release, injunction or otherwise preclude any claim whatsoever against any Debtor or any of the Debtors' Estates by or on behalf of the United States for any liability arising a) out of pre-petition or post-petition tax periods for which a return**

**has not been filed or b) as a result of a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Further, nothing shall enjoin the United States from amending any claim against any Debtor or any of the Debtors' Estates with respect to any tax liability a) arising out of pre-petition or post-petition tax periods for which a tax return has not been filed or b) from a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period. Any liability arising a) out of pre-petition or post-petition tax periods for which a return has not been filed or b) as a result of a pending audit or audit which may be performed with respect to any pre-petition or post-petition tax period shall be paid in accordance with 1129(a)(9)(A) and (C) of the Bankruptcy Code. Without limiting the foregoing but for the avoidance of doubt, nothing contained in the Documents shall be deemed to bind the United States to any characterization of any transaction for tax purposes or to determine the tax liability of any person or entity, including, but not limited to, the Debtors and the Debtors' estates, nor shall the Documents be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Combined Disclosure Statement and Plan, nor shall anything in the Documents be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under Section 505 of the Bankruptcy Code.**

### SEC Matters

**27.** ~~26.~~ Notwithstanding any language to the contrary in the Combined Disclosure Statement and Plan and/or this Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any

claims, causes of action, proceeding or investigations against any non-debtor person or non-debtor entity in any forum.

**28.** ~~27.~~ Notwithstanding anything to the contrary in the Combined Disclosure Statement and Plan or this Confirmation Order, nothing in the Combined Disclosure Statement and Plan or this Confirmation Order shall affect the obligations of the Debtors, the Litigation Trust, Litigation Trustee, and/or any transferee or custodian to maintain all books and records that are subject to any SEC subpoena, document preservation letter, or other investigative request wherever those records are located.

## Plan Settlement

**29.** ~~28.~~ The evidence establishes that it is in the best interests of the Debtors' stakeholders to resolve the Committee Challenge Rights on the terms set forth in the Combined Disclosure Statement and Plan, including the Plan Settlement.  In addition, sound business justifications exist for the Debtors, the Committee, and the Prepetition Secured Parties to enter into the Plan Settlement.  Each component of the Plan Settlement is an integral, integrated, and inextricably linked part of the Combined Disclosure Statement and Plan that is not severable from the entirety of the Combined Disclosure Statement and Plan.  Accordingly, the parties have met their burden of proving that the Plan Settlement is fair, reasonable, and in the best interests of the Estates.

## Litigation Trust Beneficial Interests

**30.** ~~29.~~ The Litigation Trust Interests to be issued to the Litigation Trust Beneficiaries under the Combined Disclosure Statement and Plan are being issued pursuant to section 1145 of the Bankruptcy Code and the offering, issuance, and distribution of the Litigation Trust Interests pursuant to the Combined Disclosure Statement and Plan and the Litigation Trust Agreement

shall be exempt pursuant to section 1145 of the Bankruptcy Code from, among other things, the registration and/or prospectus delivery requirements of section 5 of the Securities Act and any other applicable federal, state, local or other law requiring registration and/or delivery of prospectuses prior to the offering, issuance, distribution, or sale of securities. The Litigation Trust Interests shall not be represented by units or certificates, or be transferable or assignable, except by will or intestate succession or as otherwise determined by the Litigation Trustee in accordance with all applicable securities law.

31.    Within five (5) business days after a Class 4 General Unsecured Claim becomes an Allowed Claim under the Combined Disclosure Statement and Plan, the Debtors or the Litigation Trustee, as applicable, shall cause a notice to be served on the Holder of such Allowed Class 4 General Unsecured Claim, in form reasonably acceptable to the Litigation Trustee and the Committee or the member of the Litigation Trust Board that is designated by the Committee, as applicable, informing such Holder of its right under the Combined Disclosure Statement and Plan to elect to receive Litigation Trust Interests on account of its Allowed General Unsecured Claim, and that not timely making such election will result in such Holder receiving, in full and final satisfaction of such Holder's Allowed General Unsecured Claim, such Holder's Pro Rata Share of the GUC Cash Pool in accordance with the Combined Disclosure Statement and Plan. Such notice must provide no less than thirty (30) days for each Holder to make the election, which election may be made either via submission of an election form via U.S. Mail or by online submission through the Debtors' claims agent's website.

**Dissolution of the Committee**

**32.**   ~~30.~~ On the Effective Date, the Committee shall dissolve and the members thereof and the professionals retained by the Committee shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases; provided, however, that after the Effective Date, the Committee shall continue to exist and have standing and a right to be heard for the following limited purposes: (a) applications, and any relief related thereto, for payment of Professional Fee Claims or expense reimbursements for members of the Committee; and (b) any appeal pending as of the Effective Date or filed thereafter, the outcome of which could affect the treatment of prepetition creditors (including Holders of Allowed Priority Claims and 503(b)(9) Claims), including, but not limited to, any cases, controversies, suits or disputes arising in connection with the Consummation, interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan or the Confirmation Order.

**Termination of Professionals**

**33.**   ~~31.~~ On the Effective Date, the engagement of each Professional retained by the Debtors shall be terminated without further order of the Court or act of the parties unless otherwise agreed to by the Debtors and such Professional; provided, however, that (a) such Professional shall be entitled to prosecute their respective Professional Fee Claims and represent their respective constituents with respect to applications for payment of such Professionals Fee Claims, and (b) nothing herein or in the Combined Disclosure Statement and Plan shall prevent the Litigation Trustee from retaining any such Professional on or after the Effective Date, which retention shall not require Court approval.

**Binding Effect on all Parties**

34.    ~~32.~~ Subject to the occurrence of the Effective Date, the Combined Disclosure Statement and Plan and this Confirmation Order shall be binding and inure to the benefit of the Debtors, the Litigation Trustee, the Released Parties, all present and former holders of Claims and Interests, and their respective successors and assigns.  Except as expressly provided in the Combined Disclosure Statement and Plan, all agreements, instruments and other documents filed in connection with the Combined Disclosure Statement and Plan shall be given full force and effect, and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement.

35.    ~~33.~~ Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Litigation Trustee, and their respective successors and assigns.

**Modifications**

**36.**    ~~34.~~ Without the need for a further order or authorization of this Court, but subject to the express provisions of this Confirmation Order, the Debtors shall be authorized and empowered as may be necessary to make non-material modifications to the documents filed with the Court, including the various documents included in the Plan Supplement and the Combined Disclosure Statement and Plan, in each case, only in accordance with and subject to the terms of the Combined Disclosure Statement and Plan.  For the avoidance of doubt, the evidentiary record for the Combined Hearing is closed, and the evidentiary record shall not be amended, modified or supplemented.

**Notice of Entry of Confirmation Order and Effective Date**

**37.**    ~~35.~~ Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Notice of Confirmation and Effective Date</u>") on the Effective Date, on all holders of Claims against or Interests in the Debtors and all other Persons on whom the Combined Hearing Notice was served.  The form of the Notice of Confirmation and Effective Date is hereby approved in all respects.  The Notice of Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, including, without limitation, any bar dates and deadlines established under the Combined Disclosure Statement and Plan and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date, or any such bar dates and deadlines need be given.

**38.**   ~~36.~~ Except as otherwise may be provided in the Combined Disclosure Statement and Plan, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties: (i) the Litigation Trustee, (ii) the U.S. Trustee (iii) any party known to be directly affected by the relief sought; and (iv) any party that requests notice after the Effective Date in accordance with Bankruptcy Rule 2002.

## Retention of Jurisdiction

**39.**   ~~37.~~ Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases, the Combined Disclosure Statement and Plan, and related documents, to the fullest extent permitted by applicable law, including, among other things, to take the actions specified in Section 15 of the Combined Disclosure Statement and Plan.

## References to Combined Disclosure Statement and Plan Provisions

**40.**   ~~38.~~ The failure to specifically include or to refer to any particular article, section, or provision of the Combined Disclosure Statement and Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and such article, section, or provision shall have the same validity, binding effect, and enforceability as every other article, section, or provision of the Combined Disclosure Statement and Plan, it being the intent of this Court that the Combined Disclosure Statement and Plan (as and to the extent modified by this Confirmation Order) be confirmed in its entirety.

## Rules Governing Conflicts Between Documents

**41.**   ~~39.~~ In the event that any provision of the Combined Disclosure Statement and Plan is inconsistent with the provisions of the Plan Supplement and any other order in the

- 34 -

Chapter 11 Cases, or any other agreement to be executed by any Person pursuant to the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan shall control and take precedence; *provided*, *however*, that this Confirmation Order shall control and take precedence in the event of any inconsistency between this Confirmation Order, any provision of the Combined Disclosure Statement and Plan, and any of the foregoing documents; *provided further, however*, in the event that there is any inconsistency between the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, the terms of the ~~Litigation Trust Agreement~~**Combined Disclosure Statement and Plan** shall control.

### Extension of Injunctions and Stays

**42.** ~~40.~~ Unless otherwise provided in the Combined Disclosure Statement and Plan or in this Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (including any injunctions or stays contained in or arising from the Combined Disclosure Statement and Plan or this Confirmation Order), shall remain in full force and effect.

### Section 1146 Exemption

**43.** ~~41.~~ Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Combined Disclosure Statement and Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Combined Disclosure Statement and Plan, or the re-vesting, transfer or sale of any real or personal property of the Debtors pursuant to, in implementation of, or as contemplated by the Combined Disclosure Statement and Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax or any similar tax or fee.

**Headings**

44.    42. Headings utilized herein are for convenience and reference only, and do not constitute a part of the Combined Disclosure Statement and Plan or this Confirmation Order for any other purpose.

**No Stay of Confirmation Order**

45.    43. Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule to the contrary, to the extent applicable, there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

## **Exhibit A**

**Combined Disclosure Statement and Plan**

**Exhibit B**

**Notice of Confirmation and Effective Date**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. [•]**<br><br>**Administrative Claims Bar Date:**<br>**[•], 2024 at 5:00 p.m. (ET)**<br><br>**Professional Fee Claims Bar Date:**<br>**[•], 2024**<br><br>**Rejection Damages Bar Date:**<br>**[•], 2024** |

**NOTICE OF (I) EFFECTIVE DATE OF THIRD AMENDED COMBINED
DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF NEAR
INTELLIGENCE, INC. AND ITS AFFILIATED DEBTORS PURSUANT TO CHAPTER
11 OF THE BANKRUPTCY CODE AND (II) CERTAIN CLAIMS BAR DATES**

**PLEASE TAKE NOTICE THAT:**

**Entry of Confirmation Order**. On [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order Approving Adequacy of Disclosures on a Final Basis and Confirming the Third Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. [•]] (the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *Third Amended Combined Disclosure Statement and Chapter 11 Plan of*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

*Liquidation of Near Intelligence, Inc. and Its Affiliated Debtors*, dated February 27, 2024 [D.I. 304] (the "Combined Disclosure Statement and Plan").[2]

**Effective Date**. The Effective Date, as defined in the Combined Disclosure Statement and Plan, occurred on **[●], 2024**.

**Administrative Claims Bar Date.** Holders of Administrative Claims, other than: (i) Professional Fee Claims, (ii) an Administrative Claim that has been Allowed (including pursuant to the Final DIP Order) on or before the Effective Date, (iii) a 503(b)(9) Claim; (iv) any Claim, to the extent not previously paid, for the reasonable and documented out-of-pocket fees, expenses, costs and other charges incurred by the DIP Lenders or Prepetition Lenders, the Debtors' payment of which is provided for in the Final DIP Order and this Combined Disclosure Statement and Plan, which Claim shall be Allowed on the Effective Date; (v) an Administrative Claim for an expense or liability incurred prior to the Effective Date in the ordinary course of business; (vi) an Administrative Claim on account of fees and expenses incurred on or after the Petition Date but before the Effective Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court; (vii) an Administrative Claim arising, in the ordinary course of business, out of the employment by one or more Debtors of an individual from and after the Petition Date but before the Effective Date, but only to the extent that such Administrative Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses; (viii) U.S. Trustee Fees; or (ix) an Intercompany Claim, shall file with the Bankruptcy Court and serve on the Debtors, the Litigation Trustee, the Claims Agent and the U.S. Trustee requests for payment, in writing, together with supporting documents, substantially complying with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, so as to actually be received on or before **5:00 p.m. (EST) on [●], 2024**.

As defined in the Combined Disclosure Statement and Plan, an "Administrative Claim" is any Claim for costs and expenses of administration of the Chapter 11 Cases allowed under sections 503(b), 507(a)(2), 507(b) or, if applicable, 1114(e)(2) of the Bankruptcy Code, including but not limited to: (a) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors (including, but not limited to, wages, salaries, commissions for services and payments for inventories, leased equipment and premises) and Claims by Governmental Units for taxes (including Claims related to taxes which accrued after the Petition Date, but excluding Claims related to taxes which accrued on or before the Petition Date); (b) Professional Fee Claims; (c) U.S. Trustee Fees; (d) any 503(b)(9) Claims; (e) Prepetition Loan Adequate Protection Claims; and (f) any Claims that have been designated "Administrative Claims" by Final Order of the Bankruptcy Court (including the Final DIP Order). **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND RELEASED.**

**Professional Fee Claims Bar Date.** All requests for compensation or payment of Professional Fee Claims incurred through and including the Effective Date must be filed with the

---

[2]  Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan or Confirmation Order, as applicable.

Bankruptcy Court and served in accordance with the procedures prescribed by the Combined Disclosure Statement and Plan, the Confirmation Order, the Bankruptcy Rules, and other rules and orders of the Bankruptcy Court on or before [•], 2024.  As defined by the Combined Disclosure Statement and Plan, a "Professional Fee Claim" is a Claim for all fees and expenses (including but not limited to, transaction fees and success fees) for services rendered by Professionals in connection with the Chapter 11 Cases from the Petition Date through and including the Effective Date. Objections to such Fee Claims, if any, must be filed and served no later than twenty (20) calendar days after the filing of such fee application or such other date as established by the Bankruptcy Court.

**Procedures Relating to Assumption and Rejection of Executory Contracts.**  Pursuant to Section 12 of the Combined Disclosure Statement and Plan, each Executory Contract not previously rejected, assumed, or assumed and assigned (including any Executory Contract assumed and assigned in connection with a Sale) shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract: (i) as of the Effective Date is subject to a pending motion to assume such Executory Contract; (ii) is a contract, release, or other agreement or document entered into in connection with the Combined Disclosure Statement and Plan; (iii) is a D&O Policy or an insurance policy; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

**Rejection Damages Claim Bar Date.** Unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts pursuant to the Combined Disclosure Statement and Plan or otherwise, must be filed with Bankruptcy Court and served on the Litigation Trustee no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such Executory Contract and (ii) the occurrence of the Effective Date. **Any Claims arising from the rejection of an Executory Contract not filed with the Bankruptcy Court within such time will be forever barred from assertion, and shall not be enforceable against the Debtors, the Litigation Trust, the Debtors' Estates, or the property for any of the foregoing, and any Claim arising out of the rejection of the Executory Contract shall be deemed fully compromised, settled, and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Debtors' Executory Contracts shall be classified as Class 4 General Unsecured Claims, except as otherwise provided by order of the Bankruptcy Court.

**Class 4 General Unsecured Claims Election Option.  The Combined Disclosure Statement and Plan provides that Holders of Allowed Class 4 General Unsecured Claims may elect to receive their Pro Rata Share of the Litigation Trust Proceeds on account of their Allowed Claims.  If no such election is made, each  Holder will receive, in full and final satisfaction of such Holder's Allowed General Unsecured Claim, such Holder's Pro Rata Share of the GUC Cash Pool.  Within five (5) business days after a Class 4 General Unsecured Claim becomes an Allowed Claim under the Combined Disclosure Statement and Plan, the Debtors will serve a notice on each Holder of an Allowed Class 4 Claim with respect to such election option.  Each Holder of an Allowed Class 4 General Unsecured Claim must make the election within thirty (30) days of such notice, which election may be**

**made either via submission of an election form via U.S. Mail or by online submission through the Debtors' claims agent's website.**

**Copies of Plan Related Documents.** Copies of the Confirmation Order and the Combined Disclosure Statement and Plan, together with all pleadings and orders of the Bankruptcy Court in the above-captioned Chapter 11 Cases, are publicly available by accessing the Bankruptcy Court's website, http://www.deb.uscourts.gov, for a nominal charge (a PACER account is required), or by accessing Kroll's website, https://cases.ra.kroll.com/near/Home-DocketInfo, free of charge.

**Binding Effect of Combined Disclosure Statement and Plan and Confirmation Order.** The provisions of the Combined Disclosure Statement and Plan and the Confirmation Order shall be binding and inure to the benefit of the Debtors, the Litigation Trustee, the Released Parties, all present and former holders of Claims and Interests, and their respective successors and assigns. Except as expressly provided in the Combined Disclosure Statement and Plan, all agreements, instruments and other documents filed in connection with the Combined Disclosure Statement and Plan shall be given full force and effect, and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement. Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and the Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Litigation Trustee, and their respective successors and assigns.

Dated: March [•], 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*
Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shane M. Reil (No. 6195)
Carol E. Cox (No. 6936)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
sreil@ycst.com
ccox@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Joseph R. Brandt (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
jbrandt@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*