IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:                                              Chapter 11

                                                    Case No. 23-11962 (TMH)

*NEAR INTELLIGENCE, INC., et al.* [1],

                                                    Hearing Date: 06/20/2024

# NOTICE IN RESPONSE TO THE DEBTOR AND DEBTOR'S ESTATE OPPOSITION TO BRIAN NASH'S MOTION FOR RELIEF FROM STAY

TO:

**Counsel to Debtors Estate**
Pachulski Stang Ziehl & Jones LLP
ATTN:
Bradford J. Sandler
Beth E. Levine
Colin R. Robinson
919 North Market Street, 17th Floor P.O. Box 8705 Wilmington, DE 19899-8705

Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

**United States Trustee**
Office of the United States Trustee for the District of Delaware
844 King Street, Suite 2207, Lockbox 35,
Wilmington, Delaware 19801
Attn.: Benjamin Hackman, Esq.
Benjamin.a.hackman@usdoj.gov

---

[1],The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (7857), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A-4, Pasadena, CA 91124.

[1]

In response to the Debtors' opposition to the Motion for Brian Nash's for Relief From Stay (Docket No. 460).

1. It is imperative to recognize that in this circumstance, approving the Motion for Relief From Stay is in the interest of the broader welfare of society, and is necessary to uphold the greater good.

   Furthermore, approving the proposed Motion for Relief From Stay would affirm the court's commitment to fostering a climate of confidence in the legal system, that each person is viewed equally and fairly in the eye of the law, and that corporations are held to accountable for their bad deeds.  Approving the proposed Motion for Relief From Stay would demonstrate that the judiciary is cognizant of its role in promoting the common good and is willing to prioritize the broader interests of society over narrow legalistic considerations.

   Not approving the Motion for Relief From Stay only empowers the Debtor's Estate, the Debtors investors (Blue Torch) and the Debtors (Near) and Successors (Azira) executives, **[WHICH ARE ONE AND THE SAME]**  to support their nefarious roles, both before and after the approval of the reorganization plan.  This includes:

   1) Sharing individuals' personal identifiable information and their visits to reproduction health clinics in violation of HIPPA protections.

   2) Providing unhashed personal identifiable information with location details to defense contractors.  (admitted to by previous Near General Counsel and Chief Privacy Officer Jay Angelo)

    3) Deliberately collecting information regarding individuals who visited Jeffrey Epstein's "Pedophile Island" for the Debtors own purposes. (As admitted by Kathleen Wailes speaking on behalf of Azira)

2. The debtors are correct that Claim No. 23 does not address the whistleblower claim. That is a priority claim for which this court has jurisdiction.

3. For the New Jersey CEPA Action, no amount is specified, and parties in interest have no sense of Mr. Nash's true stake in the NJ Action until after the claim is liquidated or otherwise addressed.

4. This court does not have jurisdiction over the whistleblower action in New Jersey. Filing a claim in this court for the New Jersey Action would be providing consent to the jurisdiction of the bankruptcy court to adjudicate both cases. A filed proof of claim for the New Jersey Action in this court would create the necessary nexus for the bankruptcy court to exercise jurisdiction over both cases. See Langenkamp v. Culp, 498 U.S. 42, 44 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

5. Filing a proof of claim for the New Jersey Whistleblower Action in this honorable court would act as a waiver.

Filing a proof of claim would constitute a waiver of sovereign immunity, insofar as the state has, by filing a proof of claim, voluntarily invoked the jurisdiction of the federal courts and therefore submitted to the bankruptcy court's jurisdiction (see Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico (In re Arecibo Cmty. Health Care, Inc.), 270 F.3d 17, 26-27 (1st Cir. 2001) (citing College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999))).

The act of filing a proof of claim can similarly constitute a waiver of the right to challenge the bankruptcy court's authority to enter a final judgment in an action involving the debtor. For example, the right of a claimant to argue that the bankruptcy court lacks final constitutional authority over matters that would otherwise be non-core or Stern claims, which would be outside the bankruptcy court's authority to enter a final judgment.

6. Denying The Motion for Relief From Stay would be denying Mr. Nash's right to a trial by jury. See *In re Cruisephone, Inc.*, 278 B.R. 325,330 (Bankr. E.D.N.Y 2002)

7. The Debtors Chapter 11 proceedings have been confirmed. The Debtors' and Debtors Estate reference to Article 14.2 of the Plan is no longer relevant.

8. In response to Section A (15), Mr. Nash is not participating in a "race among creditors for preferential treatment" as the motion for Relief From Stay is not in regard to any claim in this honorable court.

9. The Debtors and Debtor's estate claim that no "cause" exists for the grant from relief for the automatic stay. The Debtor's estate cites the "*Rexene* Factors", and have failed to provide any evidence of:

    a. Any prejudice would be suffered from lifting the stay
    b. The balance of hardship would continue to be on Mr. Nash and not the debtor's estate. Unfortunately, the debtor's estate is only considering the monetary value of hardships. For 16 months, Mr. Nash has had the hardships, including but not limited to, mental anguish, damage to both personal and professional reputation.
    c. Mr. Nash has probable success on the merits of the New Jersey Action.

## CONCULSION

Approving the Motion for Relief From Stay is in the interest of public good and is imperative to uphold the values of social cohesion and public trust in the legal system. By doing so, the court can contribute to the cultivation and trust of the protection of American privacy rights, and thereby fulfilling its mandate to serve the greater good.

      WHEREFORE, the Movant respectfully requests that this Court enter an order (1) granting the Stay Relief Motion with prejudice and (2) granting such other and further relief as is just and proper.

Dated: June 18, 2024

Brian Nash

200 Crescent Parkway

Sea Girt, NJ 08750

bnash@nashionalmedia.com