# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEAR INTELLIGENCE, INC., *et al.*, | Case No. 23-11962 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 553** |

## ORDER AUTHORIZING DRIVETRAIN, LLC TO ACT AS FOREIGN REPRESENTATIVE AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Plan Administrator and Litigation Trustee for entry of an order (this "Order"), (a) authorizing, but not directing Drivetrain, LLC to act as foreign representative (a "Foreign Representative") on behalf of the Near Intelligence, Inc. and its debtor affiliates (collectively, the "Debtors") in any judicial or other proceedings in a foreign country (a "Foreign Proceeding"); and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., *et al.*, Litigation Trust, the Debtors' estates, creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A 4, Pasadena, CA 91124.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors' filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code constitutes a "foreign proceeding" as that term is used in Article II(a) of the Model Law on Cross-Border Insolvency adopted by the United Nations Commission on International Trade Law. These Chapter 11 Cases have been commenced by the filing of the Debtors' petitions for relief with this Court.

3. Drivetrain is authorized and empowered to (i) act as the "foreign representative" of the Debtors in any non-U.S. court as it deems necessary or beneficial (any such courts, "Additional Courts"), (ii) to seek recognition by any Additional Courts of these Chapter 11 Cases and of certain others made by this Court in these Chapter 11 Cases from time to time, (iii) to request that any Additional Courts lend assistance to this Court and (iv) to seek any other appropriate relief from any Additional Courts or any other court, tribunal, regulatory bodies, or administrative bodies having its jurisdiction as Drivetrain deems just and proper.

4. All Additional Courts are hereby respectfully requested (i) to grant representative status to Drivetrain in any Foreign Proceeding, (ii) to make such orders and to provide such assistance to Drivetrain as the Foreign Representative and an officer of this Court, as may be necessary or desirable to give effect to this Order and all applicable provisions of the Bankruptcy

Code, and (iii) to assist the Debtors' estates, Drivetrain in its capacity as the Foreign Representative, and its respective agents in carrying out the terms of this Order, any other order of this Court, and the provisions of the Bankruptcy Code, including, for the avoidance of doubt, the Plan.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      Drivetrain, LLC, in its capacity as Plan Administrator and Litigation Trustee, is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 21st, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**